## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| AF HOLDINGS, LLC, | ) | Civil Action No. 1:12-cv-12105-JLT |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ANSWER, INCLUDING** |
| | ) | **AFFIRMATIVE DEFENSES** |
| SANDIPAN CHOWDHURY | ) | **AND COUNTERCLAIMS** |
| | ) | |
| Defendant. | ) | **DEMAND FOR JURY TRIAL** |
| _____ | ) | |

Defendant and counterclaimant Sandipan Chowdhury ("Defendant"), by and through his undersigned counsel, hereby answers the Complaint of plaintiff AF Holdings, Inc. ("Plaintiff").

### NATURE OF THE CASE

1.      Defendant admits that Plaintiff's Complaint purports to set forth an action for copyright infringement under the United States Copyright Act, contributory infringement, civil conspiracy and negligence, and seeks relief. Defendant denies the remaining allegations in paragraph 1, and specifically denies that Plaintiff is entitled to any relief.

### THE PARTIES

2.      Defendant denies that Plaintiff holds rights sufficient to confer standing to bring this action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and therefore denies those allegations.

3.      Defendant admits that Plaintiff's Complaint purports to set forth an action for infringement of copyright in a work entitled "Sexual Obsession." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies those allegations.

4.      Defendant admits that he is over the age of 18 and resides in this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore denies those allegations.

### JURISDICTION AND VENUE

5.      Defendant admits that the Court has jurisdiction over the subject matter of this action. Defendant denies the remaining allegations in Paragraph 5.

6.      Defendant admits that he resides in Massachusetts and that the Court has personal jurisdiction over this action. Defendant denies the remaining allegations in Paragraph 6.

7.      Defendant admits that venue is properly founded in this District. Defendant denies the remaining allegations in Paragraph 7.

## BACKGROUND

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies those allegations.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies those allegations.

10.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies those allegations.

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies those allegations.

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies those allegations.

13.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies those allegations.

14.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies those allegations.

15.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies those allegations.

16.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies those allegations.

17.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies those allegations.

## ALLEGATIONS COMMON TO ALL COUNTS

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant admits that Exhibit A to the Complaint purports to be a record of copyright registration and that Exhibit B purports to be an assignment agreement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies those allegations.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies those allegations.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies those allegations.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies those allegations.

24.     Defendant denies the allegations in the first sentence of Paragraph 24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore denies those allegations.

## COUNT I – COPYRIGHT INFRINGEMENT – REPRODUCTION
### (17 U.S.C. § 106(1))

25.     In response to the allegations in Paragraph 25, Defendant incorporates herein his above responses.

26.     The allegations in Paragraph 26 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant admits the allegations in the second sentence of Paragraph 28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and therefore denies those allegations.

29.     Defendant denies the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

31.     Defendant denies the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

33.     The allegations in Paragraph 33 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

34.     The allegations in Paragraph 34 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

35.     The allegations in Paragraph 35 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

## COUNT II – COPYRIGHT INFRINGEMENT – DISTRIBUTION
### (17 U.S.C. § 106(3))

36.     In response to the allegations in Paragraph 36, Defendant incorporates herein his above responses.

37.     The allegations in Paragraph 37 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

38.     Defendant denies the allegations in the first sentence of Paragraph 38. The remaining allegations constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies those allegations.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and therefore denies those allegations.

40.     The allegations in Paragraph 40 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

41.     Defendant denies the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

43.     The allegations in Paragraph 43 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

44.     The allegations in Paragraph 44 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

## COUNT III – CONTRIBUTORY INFRINGEMENT

45.     In response to the allegations in Paragraph 45, Defendant incorporates herein his above responses.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies those allegations.

47.     Defendant denies the allegations in Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies any role in the acts alleged in Paragraph 49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and therefore denies those allegations.

50.     Defendant denies the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

52.     Defendant denies the allegations in Paragraph 52.

## COUNT IV – CIVIL CONSPIRACY

53.     In response to the allegations in Paragraph 53, Defendant incorporates herein his above responses.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant denies the allegations in the first sentence of Paragraph 55. The remaining allegations constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies those allegations.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies those allegations.

57.     Defendant denies the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies any role in the acts alleged in Paragraph 58, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies those allegations.

## COUNT V – NEGLIGENCE

59.     In response to the allegations in Paragraph 59, Defendant incorporates herein his above responses.

60.     The allegations in Paragraph 60 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

61.     The allegation in Paragraph 61 that Defendant proximately caused financial harm to Plaintiff constitutes a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, and therefore denies those allegations.

62.     The allegations in Paragraph 62 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

63.     The allegations in Paragraph 63 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

64.     The allegations in Paragraph 64 that Defendant "should have known" about an unknown third party's alleged use of his Internet connection, and that not monitoring the activities of the unknown third party demonstrates negligence, constitute conclusions of law as to which no response is required. To the extent that a response is deemed necessary, Defendant denies those allegations, along with each other allegation in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant denies the allegations in Paragraph 66.

67.     The allegation in Paragraph 67 that Defendant "should have known of [] the unidentified third party's infringing actions" constitutes a conclusion of law as to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegation, along with each other allegation in Paragraph 67.

68.     The allegations in Paragraph 68 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

69.     The allegations in Paragraph 67 that some unspecified degree of "reasonable care" is required of an Internet user to secure access to an Internet connection, or to monitor an "unidentified third-party individual's use," constitute conclusions of law as to which no response is required. To the extent that a response is deemed necessary, Defendant denies those allegations, along with each other allegation in Paragraph 69.

70.     The allegations in Paragraph 70 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

## JURY DEMAND

71.     Defendant requests a jury trial on all issues.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief it seeks in its prayer for relief and request for judgment.

## AFFIRMATIVE DEFENSES

Defendant Sandipan Chowdhury ("Defendant") asserts the following defenses without undertaking or otherwise shifting any applicable burden of proof. Defendant reserves the right to supplement or amend this answer, including by asserting additional defenses, as warranted by facts revealed through investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

72.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

73.     Plaintiff is not a party to the purported copyright assignment and therefore lacks standing to bring a claim against Defendant.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

74.     Plaintiff lacks a valid copyright assignment.

### FOURTH AFFIRMATIVE DEFENSE
### (No Infringement)

75.     Defendant has not engaged in or contributed to any infringement of the copyright alleged.

### FIFTH AFFIRMATIVE DEFENSE
### (No Conspiracy)

76.     Defendant has not participated in any conspiracy to infringe the copyright alleged.

### SIXTH AFFIRMATIVE DEFENSE
### (No Negligence)

77.     Defendant has not negligently or recklessly allowed a third-party to commit acts of copyright infringement, contributory infringement, or civil conspiracy through his Internet connection.

78.     There is no recognized cause of action for negligently allowing a third party to commit acts of copyright infringement through an Internet connection.

### SEVENTH AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

79.     Plaintiff's claims are barred by the doctrine of misuse of copyright.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

80.     Plaintiff has failed to join indispensable parties and notify the court of related matters.

### NINTH AFFIRMATIVE DEFENSE
### (Statutory Relief Not Available)

81.     Plaintiff is barred from seeking statutory damages, costs and/or attorneys' fees under 17 U.S.C. § 504 because the alleged infringement, if any, commenced prior to Plaintiff's ownership of a registered copyright.

### TENTH AFFIRMATIVE DEFENSE

**(Requested Relief Repealed)**

82.     Plaintiff's request for relief pursuant to 17 U.S.C. § 509 is barred by its November 13, 1997 repeal.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Copyright Preemption)**

83.     Plaintiff's claim of negligence is preempted by 17 U.S.C. § 301(a).

84.     Plaintiff's claim of civil conspiracy is preempted by 17 U.S.C. § 301(a).

**TWELFTH AFFIRMATIVE DEFENSE**
**(Invalidity or Unenforceability of Copyright)**

85.     Plaintiff's claims are barred to the extent they claim copyright in works that are immoral, illegal or libelous.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Innocent Intent)**

86.     Defendant was not aware and had no reason to believe that any of his acts constituted an infringement of copyright.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

87.     Any infringement by Defendant was innocent and not willful.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Acquiescence)**

88.     Plaintiff's claims are barred by the doctrine of acquiescence.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

89.     Plaintiff's claims are barred by the doctrine of estoppel. Without admitting any infringement, Defendant alleges that, though Plaintiff knew the facts of any alleged file-sharing by Defendant and/or others using Defendant's Internet connection, Plaintiff acted in such manner that Defendant and/or third parties were entitled to, and did, believe that the continued availability of the copyrighted work on BitTorrent was intended by Plaintiff, and any actions to download were induced by, and done in reliance on, Plaintiff's conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

90.     Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff is not entitled to equitable relief, as it is guilty of conduct directly related to the merits of the controversy between the parties, sufficient to affect the equitable relations between the parties. Defendant has been personally injured by Plaintiff's said conduct, which continued at least through the time of filing of this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Volitional Act)

91.     Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

92.     To the extent Plaintiff suffered any damages attributable to Defendant, which Defendant expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

## TWENTIENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

93.     Plaintiff is barred from bringing its direct infringement claim as Plaintiff previously litigated this identical claim.

94.     Plaintiff is barred from raising issues previously adjudicated.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Injunctive Relief Not Warranted)

95.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Intervening Causes)

96.     Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsover, Defendant alleges that the injuries complained of and the damages sought by Plaintiff in this Complaint and each separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Invalidity of Assignment)

97.     An assignor can transfer the ownership interest in an accrued past copyright infringement, but the assignee only has standing to sue if the interest in the past infringement is *expressly* included in the assignment and the assignee also owns the actual copyrights. Plaintiff received its copyright assignment after Defendant's alleged infringement, and the assignment makes no express provision for past infringements.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff AF Holdings, Inc. ("Plaintiff"), Defendant/ Counterclaimant Sandipan Chowdhury ("Defendant") asserts as follows:

## THE PARTIES

1.     Defendant/Counterclaimant Sandipan Chowdhury ("Defendant") is an individual residing at 479 Moody Street, Waltham, Massachusetts.

2.     Plaintiff/Counterclaim Defendant AF Holdings LLC is, upon available information, a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis.[1]

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. The counterclaims are so related to the claims asserted by Plaintiff in this action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

4.     This Court has personal jurisdiction over Plaintiff. Plaintiff availed itself of this Court's jurisdiction by bringing this action in this District.

5.     Venue in this District is proper over the counterclaims pursuant to 28 U.S.C. § 1391.

---

[1]  The Federation of Saint Kitts and Nevis, conveniently, has very strict laws prohibiting disclosure of corporate information). "Managers and final beneficiaries are not registered anywhere, this way they have total anonymity." http://www.offshorebankshop.com/en/11-saint-kitts-and-nevis-offshore-companyform-tax-haven-limited-liability.html

## GENERAL BACKGROUND FOR ALL COUNTERCLAIMS

6.      Plaintiff first litigated this claim in an action it filed against 1,140 individuals, including Defendant, on June 7, 2011 in the United States District Court for the District of Columbia. *AF Holdings, LLC v. Does 1-1,140*, 11-cv-01274-RBW (the "original action"). That action was one of a slew of John Doe lawsuits filed by Plaintiff in various in United States District Courts, against a total of 3,092 individuals to date, in which Plaintiff alleges infringement of the copyright in a pornographic video entitled "Sexual Obsession." Three of Plaintiff's additional cases are currently pending in this judicial district.[2]

7.      Plaintiff is represented by Prenda Law, Inc. (f/k/a Steele Hansemeier PLLC).[3] Each of Plaintiff's 200+ actions have been premised upon substantially identical, cookie-cutter complaints, and have involved *ex parte* applications by which Plaintiff seeks leave of court to issue subpoenas to Internet Service Providers, prior to a Rule 26(f) conference, to obtain information identifying alleged infringers. In support of its applications for early discovery, Plaintiff has offered a declaration from one Peter Hansemeier,[4] who purports to be a computer expert. Generally speaking, the pleadings in all Plaintiff's cases, including in this District, track paragraph by paragraph, word for word. The only real difference between the cases is the IP addresses identified in the complaints.

8.      Defendant, claiming his innocence and not wanting to be associated with infringing a pornographic film, filed a motion in the original action to quash the subpoena by which Plaintiff sought Defendant's personally identifying information. Defendant's motion was denied, and Plaintiff obtained said information.

---

[2] *AF Holdings, LLC v. Foster,* 12-cv-30164 (D. Mass. filed Sept. 27, 2012); *AF Holdings, LLC v. St. Louis*, 12-cv-11797, (D. Mass. filed Sept. 27, 2012); and *AF Holdings, LLC v. Grenier*, 12-cv-11843 (D. Mass. filed Oct. 3, 2012). Plaintiff's counsel, Prenda Law, consistently neglects to file Notices of Related cases when filing its multiple actions, even though many of the cases involve the same plaintiffs and copyrights as one another, such as these.

[3] John Steele was the founding partner of Steele Hansemeier, PLLC, which was the predecessor to Prenda Law, Inc. According to Mr. Steele, he sold his client book to Prenda Law, and depending on who is asking him, he now variously describes himself as both "of counsel," to Prenda Law, or "not an attorney with any law firm." (Ex. A, pp. 11:25–12:7).

[4] On information and belief, Peter Hansemeier is the brother of John Steele's law partner Paul Hansemeier. Peter Hansemeier routinely provided (under the alias Media Copyright Group) the same kind of 'technical expert' services for Steele Hansemeier, PLLC that he now provides (under the alias 6881 Forensics) for Prenda Law, Inc.

8.      Plaintiff later voluntarily dismissed all 1,140 individuals in the original action on February 2, 2012.

9.      On November 13, 2012, Plaintiff filed suit against the Defendant in this court, making him one of only 68 of those alleged infringers whom Plaintiff has named as a defendant, much less attempted to serve with process or litigate its claims.

10.     As to its standing to sue, Plaintiff asserts that it is "the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video." Compl. ¶ 18. This statement is at odds with itself; one cannot have an exclusive copyright limited to a specific media or mode of reproduction and distribution.

11.     Plaintiff provides further contrary information to its standing in the Complaint. Plaintiff includes with the Complaint the "Certificate of Registration" from the United States Copyright Office for "Sexual Obsession," which lists that the author and copyright claimant as Heartbreaker Films in California. ECF No. 1-2. However, the assignee signing the agreement is AF Films, LLC, which is not a party to this case. As other courts have noted:

> Plaintiff's Financial Disclosure Statement, required to be filed with the court at first appearance pursuant to Local Rule 7.1, … "certifies that there are no parents, trusts, subsidiaries and/or affiliates of said party."
>
> Plaintiff has submitted no allegation or evidence which shows any link between AF Holdings, LLC and AF Films, LLC.

*AF Holdings, LLC v. Does 1-77*, 11-cv-00383-RBS-TEM, ECF No. 6 (E.D. Va. June 14, 2011). See also *id.*, ECF No. 9 (E.D. Va. June 18, 2011); *AF Holdings, LLC v. Does 1-96*, 11-cv-03335-JSC, ECF No. 26 (N.D. Cal. Nov. 4, 2011).

12.     On or around December 1, 2012, credible evidence of a deeply troubling connection between Plaintiff and its counsel began to appear. Plaintiff and its counsel appear to be engaged in widespread fraud.

13.     Plaintiff has, in this and other actions, identified Alan Cooper as its sole principal. As discussed in a recent filing in one of Plaintiff's cases pending in federal court in Minnesota, an as-yet unexplained connection has recently come to light with respect to this Alan Cooper. There *is* a man named Alan Cooper who lives in Minnesota and who, according to his newly-retained attorney,

> had for several years acted as a caretaker for a Minnesota property owned by an attorney by the name of John Steele. When visiting his property, Steele had on numerous occasions bragged to my client about a plan involving massive copyright litigation in multiple jurisdictions. He also specifically instructed my client to contact him if anyone asked about various corporations, that Cooper was to call him. When Cooper confronted Steele about that, Steele told him not to worry about it.

*AF Holdings, LLC  v. Doe*, 12-cv-02687-RHK-JJG, ECF No. 11 (D. Minn. Nov. 29, 2012). See also

Ex. B hereto (Affidavit of Alan Cooper).[5]

14.     Plaintiff and its counsel have refused to clarify whether there really is another Alan

Cooper who is the true principal.[6] All of these facts regarding Alan Cooper and the status of AF

Holdings are highly relevant to the Plaintiff's pending claims against the Defendant.

15.     In short, it appears that Plaintiff does not have standing to bring claims against the

Defendant; Plaintiff may not even exist; and Plaintiff's counsel may truly be the real parties in

interest in this case.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

16.     Defendant incorporates by reference all foregoing allegations made in his affirmative

defenses and counterclaims as if fully set forth herein.

17.     There is an actual and justiciable controversy between the parties regarding the

alleged direct copyright infringement.

18.     Defendant has not infringed Plaintiff's alleged copyright in "Sexual Obsession."

Plaintiff cannot knowingly claim otherwise.

19.     Internet service providers assign numerical Internet Protocol ("IP") addresses to,

among other things, the routers used by Internet subscribers to access the network.

20.     An IP address does not identify the computer connecting to the router assigned that

the IP address. Nor does it identify the person using that computer.

---

[5] Nor is this the first time Plaintiff's counsel has been accused of using a dummy corporation to file suit. Nicholas Ranallo, Who are MCGIP (and Why are They Suing for Other People's Movies?), (Sept. 25, 2011); available at http://torrentfreak.com/who-are-mcgip-and-why-are-they-suing-for-other-people's-movies-110925/.

[6] Alan Cooper is also, purportedly, the sole proprietor of Ingenuity 13, LLC—another of Prenda Law's clients. See, *Ingenuity 13, LLC v. John Doe*, 12-cv-08333-ODW-JC, ECF No. 32 (C.D. Cal. Dec. 26, 2012) (order granting discovery as to identity of Alan Cooper after Plaintiff and its counsel refused to clarify the issue).

21.     Plaintiff's allegation that a given IP address was used for infringing acts is not sufficient to support a claim of infringement against the Internet subscriber whose router was assigned that IP address.

22.     Defendant is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that he has not infringed the copyright work.

## SECOND COUNTERCLAIM
### Abuse of Process

23.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

24.     Plaintiff made knowing misrepresentations in its summons filed against Defendant. Plaintiff pleaded claims for copyright infringement despite knowing that it lacked standing to bring any such claims. Plaintiff pleaded claims for statutory remedies despite knowing that those claims were barred.

25.     In filing its complaint, Plaintiff sought to use and did use lawfully issued process for an ulterior or illegitimate purpose.

26.     Plaintiff filed its original complaint against 1,140 individuals, including Defendant, on June 7, 2011 in the United States District Court for the District of Columbia. Plaintiff filed its dismissal of the original action against all 1,140 individuals on February 2, 2012.

27.     On November 13, 2012, Defendant was named as an alleged infringer in this action.

28.     In the intervening months, Plaintiff mailed Defendant several letters urging settlement, which directed him to the website of Plaintiff's counsel Prenda Law, where the complaint against him was posted. This structure enabled Plaintiff to employ the complaint for an ulterior purpose: not to initiate the process of litigation, but to forestall it, while enabling Plaintiff's attempted extortion of the Defendant.

29.     Plaintiff confirmed that Defendant's counsel would accept service in early October 2012, and sent him a formal request to waive process on December 12, 2012.

30.     Plaintiff willfully abused, misused and/or misapplied the process for an end other than that which it was designed to accomplish.

31.     Plaintiff intentionally failed to disclose and concealed pertinent and material information regarding Plaintiff's knowledge of the falsity of certain claims, its lack of standing, and the ulterior or illegitimate purpose for which the complaints and summons were employed.

32.     Specifically, Plaintiff failed to disclose and concealed pertinent and material information that includes but is not limited to the following:

a)      Plaintiff was not a party to the assignment, and had no standing to bring any claims;

b)      Plaintiff instituted the original action without any genuine intent to proceed against any defendant therein, but rather as a vehicle to obtain discovery of the identity and contact information of Defendant and others;

c)      upon receiving that information, Plaintiff mailed to Defendant letters threatening to pursue statutory damages and attorney's fees under the Copyright Act, without disclosing that those remedies were categorically prohibited by the date of the alleged infringement;

d)      Plaintiff's letters threatening to pursue Defendant for copyright infringement did not disclose that any such claim is categorically prohibited by the terms of Plaintiff's copyright assignment;

e)      Plaintiff sought to improperly coerce Defendant into settling under extortionate threats of financially burdensome lawsuits and fraudulent threats of remedies that are prohibited as a matter of law; and

f)      Plaintiff did not seriously consider in good faith litigating claims against Defendant, but rather intended the claims to hang as a sword over Defendant's head, to foster unwarranted payments to settle claims not supportable as a matter of law.

33.     Plaintiff's complaints and service of process facilitated these ulterior purposes.

34.     As a direct and proximate result of the Plaintiff's conduct, Defendant was forced to expend a significant amount of time and money in defending against these frivolous claims, and thereby suffered injuries, damages, or losses in an amount to be determined at trial.

### THIRD COUNTERCLAIM
### Copyright Misuse

35.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

36.     Plaintiff engaged in abusive and/or improper conduct in exploiting or enforcing its purported copyright assignment beyond any legitimate rights it may have.

37.     Specifically, when it brought claims against the Defendant it had no standing to bring and that threatened penalties that exaggerated and misstated the law, Plaintiff misled and defrauded the Defendant into paying to retain counsel and defending the claims.

38.     The purported assignment is between assignor Heartbreak Films, et al and assignee AF Films, LLC. AF Films, LLC is not a party to this case.

39.     Plaintiff AF Holdings, LLC has not explained this discrepancy when afforded the opportunity in other courts.

40.     Plaintiff threatened Defendant with statutory damages of up to $150,000 and attorney's fees, though its remedy would be limited to actual damages in any case where Plaintiff were able to prove their claims, due to Plaintiff's delay in bringing suit.

41.     An assignor can transfer the ownership interest in an accrued past infringement, but the assignee only has standing to sue if the interest in the past infringement is *expressly* included in the assignment and the assignee also owns the actual copyrights.

42.     Defendant's alleged infringement (dated May 26, 2011) occurred prior to Plaintiff's assignment (dated June 12, 2011).

43.     Plaintiff's copyright assignment makes no express provision assigning claims for past infringements.

44.     Plaintiff attempted to extend the effect or operation of that assignment beyond the scope of the statutory right by saddling Defendant with a financially burdensome lawsuit, raising claims barred by the terms of the assignment and the clear provisions of the Copyright Act.

45.     Even if Plaintiff had a valid assignment that would support an action against Defendant, it attempted to extend the effect or operation of that assignment beyond the scope of the statutory right by improperly coercing Defendant with threats of statutory damages awards, attorney's fees, and financially burdensome lawsuits, regardless of the merits and its belated claim's bar on the extraordinary forms of relief that Plaintiff nonetheless deceptively claimed.

46.     Plaintiff's bald attempt at using its copyright assignment to expand its scope by deception and avail itself of unwarranted remedies constitutes copyright misuse.

47.     As a direct and proximate result of the Plaintiff's extortion threats and false representations, and Defendant's reliance on those threats and false representations, Defendant suffered injuries, damages, or losses in an amount to be determined at trial.

48.     Defendant is entitled to declaratory relief that Plaintiff's copyright assignment is invalid and barring Plaintiff from advancing any claims or claims for statutory remedies unless and until it obtains a corrected and proper assignment.

## FOURTH COUNTERCLAIM
### Violation of Massachusetts General Laws, Chapter 93A, § 1, *et seq.*

49.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

50.     At all relevant times, Plaintiff knowingly and intentionally engaged in unfair or deceptive conduct within the meaning of Chapter 93A. Plaintiff filed suit in United States District Court for the District of Massachusetts despite the knowledge that its copyright assignment (a requirement before filing claims for statutory damages or attorney's fees) had been fraudulently obtained; that it was not a party to the assignment; that certain remedies it claimed—again, statutory damages and attorney's fees—were barred by the terms of the assignment; and that Plaintiff did not intend to fully litigate most, if not all, claims.

51.     Plaintiff filed suit with the ulterior motive of forcing a settlement from the Defendant. Plaintiff then used the overtly sexual nature of the complaint as leverage against the Defendant.

52.     Plaintiff's unfair, unlawful, and deceptive practices occurred in the course of Plaintiff's settlement fraud and the challenged practices directly caused actual damages and injury to the Defendant. Defendant's injuries occurred in Massachusetts.

53.     Plaintiff's misrepresentations and deceptive acts had a tendency to or were capable of deceiving Defendant—which they did. Defendant relied on Plaintiff's misrepresentations and deceptive acts, which acts are uncured.

54.     Plaintiff's unfair and/or deceptive practices caused Defendant to suffer an ascertainable loss of money; and the loss arose from Plaintiff's concealment from and failure to disclose to Defendant the true facts regarding the scope of Plaintiff's copyright assignment and/or its lack of intent to fully litigate its claims—all done with the intent to file suit in order to facilitate purported settlements of improper claims.

55.     By reason of the foregoing, Defendant is entitled to treble damages, punitive damages, injunctive relief, attorney fees and costs as provided by Chapter 93A.

56.     Defendant also seek permanent injunctive relief as a result of the Plaintiff's ongoing violations of Chapter 93A, including an order directing Plaintiff to provide Defendant with all material facts relating to Plaintiff's incorporation and copyright assignment, including any and settlements received.

57.     The provision of such information will afford Defendant and the public the opportunity to make informed decisions regarding their rights and prevent Plaintiff from further perpetrating the fraud.

58.     A monetary award will fail to provide full relief to the Defendant. Money damages will not compensate Defendant for his current lack of pertinent information. Such information, and the ability to disseminate it, is in Plaintiff's exclusive control. Absent a court order, Defendant and the public will be unable to obtain the information necessary to make informed decisions regarding their rights.

59.     No thirty-day demand letter was required in this matter per § 9(3) of Chapter 93A, because the Plaintiff does not maintain a place of business or keep assets in the Commonwealth and/or because this action is asserted by way of counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Sandipan Chowdhury respectfully requests that this Court issue judgment as follows:

A.     That AF Holdings, Inc. take nothing by the Complaint and that the same be dismissed with prejudice;

B.     That Plaintiff has misused its copyright and that it should be invalidated;

C.     Declaring that Defendant/Counterclaimant is not liable for directly or indirectly infringing Plaintiff's copyright, conspiring to do so, or negligently allowing the same;

D.     Declaring that Plaintiff's copyright is unenforceable and invalid;

E.     Awarding Defendant/Counterclaimant his costs and reasonable attorneys' fees incurred this action;

F.     Awarding Defendant/Counterclaimant all damages that he has sustained as a consequence of Counterclaim Defendant's acts complained of herein; and

G.     Granting such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaimant Sandipan Chowdhury hereby demands a trial by jury on all counterclaims asserted in this Answer so triable.

Dated: January 4, 2013

Respectfully,

_____

Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

Jason E. Sweet