UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AF HOLDINGS, LLC,<br><br>　　　　　　Plaintiff,<br>　　v.<br>SANDIPAN CHOWDHURY,<br><br>　　　　　　Defendant. | Civil Action No. 1:12-cv-12105-JLT |

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S COUNTERCLAIMS**

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Plaintiff AF Holdings, LLC respectfully moves to strike, as legally deficient and improper, Defendant's numerous immaterial, impertinent, and scandalous remarks regarding Plaintiff and Plaintiff's counsel. These remarks do not provide relevant background information for Defendant's counterclaims, but instead are simply invectives designed to push the Court off the path of objectivity. As a result, they have no place in pleadings before the Court and should be stricken.

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 12(f), a party may move the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A person within the courts' jurisdiction should not be subjected to scandalous or defamatory material submitted under the guise of a properly pleaded court document." *In re Gitto Global Corp.*, 422 F. 3d 1, 12 (1st Cir. 2005) (quoting *In re Phar-Mor, Inc.*, 191 B.R. 675, 678-79 (Bankr. N.D. Ohio 1995).

Defendant made numerous immaterial, impertinent, and scandalous remarks regarding Plaintiff and Plaintiff's counsel. For example, Defendant discussed the number of individuals Plaintiff has sought to hold liable for infringement of its copyrighted work and the number of actions Plaintiff filed to protect its copyrighted work. (ECF No. 7 at 12) ("That action was one of a slew of John Doe lawsuits filed by Plaintiff in various in United States District Courts, against a total of 3,092 individuals to date."); (*id.*) ("Each of Plaintiff's 200+ actions . . ."). While these numbers highlight the epidemic level of infringement Plaintiff is attempting to remedy, they have no relevance to Plaintiff's claims or Defendant's counterclaims in *this* case. As a result, it should be stricken from the pleading.

Movant further attacks the language in Plaintiff's pleadings. (*Id.*) ("Generally speaking, the pleadings in all Plaintiff's cases, including in this District, track paragraph by paragraph, word for word."). This has nothing to do with the validity of Plaintiff's claims in *this* case. As a result, it should be stricken from the pleading.

Movant also makes immaterial and impertinent remarks regarding Peter Hansmeier. (ECF No. 7 at 12 n.4) ("On information and belief, Peter Hansemeier is the brother of John Steele's law partner Paul Hansemeier. Peter Hansemeier routinely provided (under the alias Media Copyright Group) the same kind of 'technical expert' services for Steele Hansemeier, PLLC that he now provides (under the alias 6881 Forensics) for Prenda Law, Inc."). Peter Hansmeier has not submitted any declaration in this case or otherwise made an appearance. Any discussion regarding Peter Hansmeier has no relevance to Plaintiff's claims or Defendant's counterclaims. As a result, it should be stricken from the pleading.

Finally, Defendant perpetuates a conspiracy theory regarding Alan Cooper. (ECF No. 7 at 13-14.) As Plaintiff has explained in numerous pleading in other cases, this conspiracy theory is

completely unfounded. Defendant even goes so far as to claim that "Plaintiff and its counsel appear to be engaged in widespread fraud." (*Id.* at 13.) The only evidence Defendant provides regarding a "fraud" is the fact that multiple people with name "Alan Cooper" exist. (*See generally id.*) Defendant chose not to do any actual research into this false conspiracy, but instead decided to perpetuate it in an ill-conceived attempt to avoid liability without having to actually address Plaintiff's allegation. Because these false allegations are immaterial, impertinent, and scandalous, the Court should strike them from the pleading.

Defendant made numerous immaterial, impertinent, and scandalous remarks regarding Plaintiff and Plaintiff's counsel. Courts have stricken such remarks when they have no proper place in the pleadings. *Alvardo-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988) ("No matter the origin of these repugnant words replete with tragic historical connotations, they are superfluous descriptions and not substantive elements of the cause of action. As such, they have no place in pleadings before the court.") The Court should do the same and strike Defendant's immaterial, impertinent, and scandalous remarks.

## CONCLUSION

The Court should strike Defendant's numerous immaterial, impertinent, and scandalous remarks from his pleading. Defendant's statements regarding the number of cases it has filed, the number of individuals it has pursued, how it constructs its pleadings, and Peter Hansmeier are not relevant to this action and are, therefore, immaterial and impertinent. Defendant's statements regarding Alan Cooper are entirely false and are made in a transparent attempt to unfairly prejudice Plaintiff. Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, the Court should strike these statements.

        Respectfully submitted,

        AF Holdings, LLC,

DATED: January 18, 2013

        By:    /s/ Daniel G. Ruggiero

        Daniel G. Ruggiero, Esq. (SBN 666131)
        P.O. Box 258
        Raynham, MA 02767
        Telephone: (339) 237-0343
        Fax: (339) 707-2808
        Email: daniel.ruggiero.esq@gmail.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 23, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Daniel G. Ruggiero