UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AF HOLDINGS, LLC, <br>       Plaintiff, <br>   v. <br> SANDIPAN CHOWDHURY, <br>       Defendant. | Civil Action No. 1:12-cv-12105-JLT |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff AF Holdings, LLC respectfully requests the Court dismiss each of Defendant's counterclaims for failure to state a claim upon which relief may be granted. In support of its motion, Plaintiff states as follows:

**FACTUAL BACKGROUND**

On November 13, 2012 Plaintiff filed its complaint against Defendant Sandipan Chowdhury with claims of copyright infringement, contributory infringement, civil conspiracy, and negligence. (ECF No. 1.) Plaintiff attached to the complaint a printout demonstrating that a valid copyright existed for the video "Sexual Obsession." (ECF No. 1-1.) Plaintiff also attached to the complaint a copy of the assignment agreement between Heartbreaker Films and AF Holding, LLC transferring the rights and interest in the copyrighted video to Plaintiff. (ECF No. 1-2.)

On January 4, 2013 Defendant filed an answer to Plaintiff's complaint. (ECF No. 7.) Defendant also brought four counterclaims against Plaintiff. (*Id.* at 12-20.) First, Defendant

claims that he is "entitled to declaratory judgment pursuant to 28 U.S.C. § 2201 that he has not infringed the copyright work." (*Id.* at 14-15.) Second, Defendant brought a claim for abuse of process against Plaintiff. (*Id.* at 15-17.) Third, Defendant brought a claim for copyright misuse against Plaintiff. (*Id.* at 17-18.) Finally, Defendant claims that "Plaintiff knowingly and intentionally engaged in unfair or deceptive conduct within the meaning of Chapter 93A" of the Massachusetts General Laws. (*Id.* at 18-20.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12 permits a party to move to dismiss a complaint or counterclaims if the allegations, even if true, fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the counterclaims must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ARGUMENT

Each of Defendant's counterclaims fail to state a claim upon which relief can be granted. Pursuant to Federal Rule of Civil Procedure 12 the Court should dismiss each of Defendant's counterclaims. Plaintiff addresses each counterclaim in more detail below.

### I. DEFENDANT'S DECLARATORY JUDGMENT OF NON-INFRINGEMENT CLAIM MUST BE DISMISSED AS A MATTER OF LAW

Defendant's first counterclaim is an allegation of declaratory judgment of non-infringement. (ECF No. 7 at 14-15.) Because Plaintiff has established a prima facie case for copyright infringement, Defendant is not entitled to declaratory judgment as a matter of law. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel.*

*Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has met both of these elements. In regards to the first element, in its complaint Plaintiff alleged that "Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video." (ECF No. 1 ¶ 18.) Plaintiff further alleged that "[t]he Video is currently registered in the United States Copyright Office (Copyright No. PA0001725120)," and that "Plaintiff received the rights to this Video pursuant to an assignment agreement." (*Id.* ¶ 19.) A copy of the certificate of registration and a copy of the assignment agreement were attached to complaint as Exhibits A and B respectively. (*See* ECF Nos. 1-1 and 1-2.)

Further, in judicial proceedings, a "certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c) (1977). Plaintiff's certificate of registration meets this requirement and establishes prima facie evidence of a valid copyright. (ECF No. 1-2.) Defendant is not entitled to declaratory judgment as a matter of law.

## II. DEFENDANT'S ABUSE OF PROCESS CLAIM MUST BE DISMISSED AS A MATTER OF LAW

Defendant's second counterclaim is an allegation of abuse of process. (ECF No. 7 at 15-17.) Defendant argues that "Plaintiff made knowing misrepresentations in its summons filed against Defendant. Plaintiff pleaded claims for copyright infringement despite knowing that it lacked standing to bring any such claims. Plaintiff pleaded claims for statutory remedies despite knowing that those claims were barred." (*Id.* at 15.)  The elements of the tort of abuse of process are: (1) that process is used (2) for an ulterior or illegitimate purpose, (3) resulting in damage. *Refuse & Env. Systems v. Indus. Serv. of America*, 932 F.2d 37, 41 (1st Cir. 1991).

Defendant fails to plead the second element as described above.  Plaintiff has a stated a legitimate purpose for its action against Defendant—to hold him liable for the infringement of its

copyrighted work. (ECF No. 1.) Defendant claims Plaintiff sent him a demand letter seeking to settle this matter or it would file a lawsuit against him. (ECF No. 7 at 16.) A demand letter is common and legitimate means to prevent unnecessary costs of time and money for everyone involved in a matter such as this. In fact, demand letters prior to suit are *encouraged* by most courts who view resolution without litigation a favorable—not an illegitimate—option. A settlement letter has a legitimate purpose as a matter of law and logic. It could only be an abuse of process if it was an empty threat made to get the Defendant to settle without any intent to hold him liable for his actions. The filing of this lawsuit against the Defendant clearly indicates otherwise, and Defendant's abuse of process claim must be dismissed as a matter of law.

### III. DEFENDANT'S COPYRIGHT MISUSE CLAIM MUST BE DISMISSED AS A MATTER OF LAW

Defendant's third counterclaim is an allegation of copyright misuse. (ECF No. 7 at 17-18.) Defendant argues that Plaintiff does not have a valid copyright to bring its claim because "[t]he purported assignment is between assignor Heartbreak Films, et al and assignee AF Films, LLC. AF Films, LLC is not a party to this case." (*Id.* at 17.) The first paragraph in the assignment agreement expressly states that it is between assignor Heartbreak Films, et al and assignee AF Holdings, LLC, the Plaintiff in this matter. (ECF No. 1-2 at 2.) Defendant may be referring to the signature at the bottom of the assignment agreement by Alan Cooper on behalf of "AF Films, LLC." (*Id.* at 4.) The references to the company "AF Films, LLC" instead of "AF Holdings, LLC" is simply a result of a scrivener's error, and does not defeat the fact that the agreement it between assignor Heartbreak Films, *et al* and assignee AF Holdings, LLC as indicated in the actual agreement. (*Id.* at 2.) While this scrivener's error may invalidate the assignee's signature, the law requires *only the assignment be signed by the assignors*. AF

*Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1:

> The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. (Dkt. No. 27.) While the assignment is signed by a representative of the assignors, it is not signed by a representative of the assignee, AF Holdings, LLC. Instead, it is signed by a representative of AF Films, LLC. (*Id.*) As the law requires only that the assignment be signed by the assignor and not the assignee, *see* 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990), this inconsistency does not prevent a prima facie showing of copyright ownership.

Because the assignor Heartbreaker Films has signed the assignment agreement, the agreement is valid as to AF Holdings, LLC and, therefore, Plaintiff has a valid interest in the copyrighted work at issue in this case.

Further, the claim fails at the outset because there is no such thing as a cause of action for copyright misuse. Rather, "copyright misuse" is an equitable defense to a copyright action that precludes recovery by a plaintiff that has used its copyright in a manner violative of the public policy embodied in the grant of copyright. Numerous courts have rejected efforts to raise "copyright misuse" as a cause of action giving rise to money damages or other forms of relief. *See, e.g.*, *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 342 F.3d 191, 203-4 (3rd Cir. 2003) (declining to apply copyright misuse doctrine to licensing agreements at issue); *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005) (copyright misuse not an independent claim when there has been no allegation of copyright infringement); *Ticketmaster, L.L.C. v. RMG Technologies*, 536 F. Supp. 2d at 1191, 1198-99 (C.D. Cal. 2008) (holding that copyright misuse is only an affirmative defense to a claim for copyright infringement, and does not support an independent claim for damages); *Online Policy Group v. Diebold, Inc.*, 337F. Supp. 2d 1195, 1198 n.4 (N.D. Cal. 2004) ("Plaintiffs cite no legal authority, and the Court

is aware of none, that allows an affirmative claim for damages for copyright misuse."); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213, 1225 (C.D. Cal. 2003) (noting that, as even defendant conceded, "copyright misuse cannot found a claim for damages," and subsequently dismissing defendant's counterclaim for declaratory relief as to copyright misuse), *aff'd*, 380 F.3d 1154, cert. granted, 543 U.S. 1032 (2004). As a result, Defendant's copyright misuse claim must be dismissed.

### IV. DEFENDANT'S CHAPTER 93A CLAIM MUST BE DISMISSED AS A MATTER OF LAW

Defendant's final counterclaim is an allegation of violation of Massachusetts General Laws, Chapter 93A, § 1, et seq. (ECF No. 7 at 18-20.) Defendant argues that "Plaintiff knowingly and intentionally engaged in unfair or deceptive conduct within the meaning of Chapter 93A" because it brought this claim "despite the knowledge that its copyright assignment . . . had been fraudulently obtained." (*Id.* at 18.) As explained above, however, the assignment agreement is *valid as a matter of law*. The first paragraph in the assignment agreement expressly states that it is between assignor Heartbreak Films, et al and assignee AF Holdings, LLC, the Plaintiff in this matter. (ECF No. 1-2 at 2.) And the scrivener's error does not defeat the valid signature of assignor, the key requirement for a valid assignment. *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990); *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1; *see also* 17 U.S.C. § 204. Defendant final counterclaim must be dismissed as a matter of law.

### CONCLUSION

Each of Defendant's counterclaims fail to state a claim upon which relief can be granted. Pursuant to Federal Rule of Civil Procedure 12 the Court should dismiss each of Defendant's counterclaims.

                        Respectfully submitted,

                        AF Holdings, LLC,

DATED: January 25, 2013

                        By:    /s/ Daniel G. Ruggiero

                        Daniel G. Ruggiero, Esq. (SBN 666131)
                        P.O. Box 258
                        Raynham, MA 02767
                        Telephone: (339) 237-0343
                        Fax: (339) 707-2808
                        Email: daniel.ruggiero.esq@gmail.com
                        *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 28, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Daniel G. Ruggiero