UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF HOLDINGS, LLC, | Civil Action No. 1:12-cv-12105-JLT |
| Plaintiff/Counterdefendant, | |
| v. | |
| SANDIPAN CHOWDHURY, | |
| Defendant/Counterplaintiff. | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' COUNTERCLAIMS**

Defendant/Counterplaintiff Sandipan Chowdhury ("Chowdhury") respectfully submits this opposition to Plaintiff/Counterdefendant AF Holdings, LLC's ("AFH") motion to strike portions of Chowdhury's counterclaims (ECF No. 8). AFH's motion offers no viable basis to avoid any of Chowdhury's pleading, and must be denied.

**I. LEGAL STANDARD**

A motion to strike "may be employed … only to obtain relief from 'redundant, immaterial, impertinent, or scandalous matter.'" *Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir. 1985) (quoting Fed. R. Civ. P. 12(f)). "[S]uch motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." *Id.*

> [M]otions pursuant to Fed. R. Civ. P. 12(f) are viewed by federal courts with healthy skepticism. Motions to strike are often considered to be dilatory, irksome or simply a device to accomplish unessential cosmetic surgery to the pleadings. For those reasons, even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party.

*United States Sec. & Exch. Comm'n v. Northern*, 400 F. Supp. 2d 362, 367 (D. Mass. 2005) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381 (3d ed. 2004) ("Wright & Miller")).

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy.

Wright & Miller § 1382 (quoted with approval by *United States v. Sampson*, 820 F. Supp. 2d 202, 241 (D. Mass. 2011)).

"[A] court's discretionary power to strike a portion of a pleading pursuant to Rule 12(f) is to be exercised cautiously." *Cordero v. Dickhaut*, No. 11-cv-10098, 2011 U.S. Dist. LEXIS 152180, *6 (D. Mass. Oct. 27, 2011). "'Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.'" *Hayes v. McGee*, No. 10-cv-40095, 2011 U.S. Dist. LEXIS 1485, *5 (quoting Wright & Miller § 1380).

"The moving party … bears the burden on a motion to strike." *Berke v. Presstek, Inc.*, 188 F.R.D. 179, 180 (D.N.H. 1998). "Pleadings will not be stricken absent clear immateriality or prejudice to the moving party." *Id.* "[T]o succeed on a motion to strike under Rule 12(f), the [movant] must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant.'" *Id.* (quoting *Wine Mkts Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998)). A motion to strike "should be granted only when it is beyond cavil that the defendant could not prevail..." *Bose Corp. v. Lightspeed Aviation, Inc.*, 691 F. Supp. 2d 275, 278 (D. Mass. 2010) (citations omitted).

## II. ARGUMENT

Chowdhury's counterclaims are properly pleaded. AFH's motion is not, and offers no valid reason to strike anything raised in the counterclaims.

### A. AFH's Motion is Not Properly Pleaded.

"Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party." *United States Sec. & Exch. Comm'n v. Northern*, 400 F. Supp. 2d at 367. AFH claims that Chowdhury's statements regarding Alan Cooper may "unfairly prejudice Plaintiff." (ECF No. 8 p. 3.) But AFH makes no showing that such prejudice would result, or even contend that any of Chowdhury's other statements will cause prejudice. Failure to show prejudice dooms the motion.

AFH's motion also does not comply with Local Rule 7.1(a)(2). AFH did not confer with Chowdhury or his counsel prior to filing the motion.

**B. None of AFH's Objections have Merit.**

Chowdhury pleaded counterclaims for abuse of process, copyright misuse, Chapter 93A violation and for a declaratory judgment of non-infringement. The motion to strike does not address the body of the counterclaims but rather certain passages from their prefatory background section concerning: 1) the volume of litigation AFH has generated; 2) the consistency of AFH's litigation methods; 3) AFH's supposed technical expert Peter Hansmeier; and 4) AFH's supposed owner/CEO Alan Cooper. Chowdhury's unobjectionable factual allegations may not be stricken on any of the grounds AFH raises.

**1. The Scope of AFH's Litigation Dragnet is Material and Pertinent.**

AFH opposes as irrelevant any mention of how many lawsuits it has filed and how many individuals it has sued. Measured by those filings, AFH is one of the nation's most active copyright litigants, rivaled only by a handful of other pornographers, many of whom are also represented by AFH's law firm Prenda Law. But these lawsuits are massively front-loaded, and terminated as a matter of course at the discovery stage, once AFH's routine motion for pre-hearing discovery is either rebuffed or yields information about alleged infringers sufficient to make contact and demand settlements.[1] In its hundreds of lawsuits against thousands of defendants, AFH has never submitted any evidence to a court to prove its allegations beyond that required to pursue pre-hearing discovery. These telling facts implicate the validity of AFH's claims, and make the scope of Plaintiff's litigation operation material and pertinent to Chowdhury's counterclaims for a judgment of non-infringement, and for abuse of process, misuse of copyright, and violation of Chapter 93A.

**2. The Methods of AFH's Litigation Dragnet are Material and Pertinent.**

AFH objects to Chowdhury's discussion of AFH's cookie-cutter complaints: "Movant further attacks the language in Plaintiff's [sic] pleadings." (ECF No. 8 p. 2.) AFH's monolithic approach to thousands of defendants is directly material and pertinent to the objective weakness of its claims against any individual defendant, including Chowdhury.

---

[1] Prenda's plaintiff pornographers pursue pretextual payouts. *See, e.g., Hard Drive Prods., Inc. v. John Doe*, 283 F.R.D. 409, 410-11 (N.D. Ill. 2012); *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, No. 12-mc-00150, 2012 U.S. Dist. LEXIS 88369, *23-25 (D.D.C. June 25, 2012); *Abrahams v. Hard Drive Prods.*, No. 12-cv-01006, 2012 U.S. Dist. LEXIS 75025 (N.D. Cal. May 30, 2012); *Hard Drive Prods., Inc. v. Does 1-90*, No. 11-cv-03825, 2012 U.S. Dist. LEXIS 45509, *8-11 & 16 (N.D. Cal. Mar. 30, 2012); and cases cited therein.

### 3. AFH's Supposed Technical Expert is Material and Pertinent.

AFH contends that "Movant [sic] also makes immaterial and impertinent remarks regarding Peter Hansmeier. … Any discussion regarding Peter Hansmeier has no relevance to Plaintiff's claims or Defendant's counterclaims." (ECF No. 8 p. 2.) Mr. Hansmeier filed a declaration in the original action underlying this case. Decl. of Peter Hansmeier in Support of Mot. for Leave to Take Discovery Prior to Rule 26(f) Conference, *AF Holdings, LLC v. Does 1-1,140*, No. 11-cv-01274 (D.D.C. July 25, 2011). In the declaration, Mr. Hansmeier claimed to have observed infringing activity by each of the 1,140 defendants, including Chowdhury. *Id*. ¶¶ 13-15 & 18-20. Plaintiff obtained Chowdhury's personally identifying information, based on Mr. Hansmeier's declaration. Order, *id.* (D.D.C. Sept. 8, 2011); see also Order, *id.* (D.D.C. filed Jan. 30, 2012) (noting Plaintiff's contention that it knew the defendants only by the IP addresses assigned by their ISPs at the time of the alleged infringement).

AFH cannot plausibly deny that Mr. Hansmeier is germane to its case in chief. The sole basis AFH has cited to link Chowdhury to any of its claims is Mr. Hansmeier's alleged direct observation of alleged infringing acts. His purported "technical expert" services are directly material to the issue of whether AFH can accurately identify any online infringers based on the IP addresses of certain Internet subscribers.

### 4. AFH's Supposed Principal Alan Cooper is Material and Pertinent.

AFH contends that it is "immaterial, impertinent, and scandalous" to allege that AFH and its counsel has fraudulently held out an Alan Cooper as AFH's purported principal. (ECF No. 8 p. 3.) Mr. Cooper purportedly signed the copyright assignment agreement by which AFH claims rights to the copyrighted work at issue in this action. (ECF No. 1-2.) As a result, Mr. Cooper's role in AFH is material and pertinent to whether AFH has standing to bring its copyright infringement claim, and to Chowdhury's counterclaims of abuse of process, copyright misuse, and Chapter 93A violations, which repeatedly raise the standing issue. (*See, e.g.,* ECF No. 7 p. 14 ¶ 15; p. 16 ¶ 32(a); p. 17 ¶¶ 36-37; p. 18 ¶ 50 & p. 19 ¶ 54).

AFH argues that "this conspiracy theory is completely unfounded" and moves to strike on the ground of falsity. (ECF No. 8 pp. 2-3.) AFH may deny Chowdhury's factual allegations in its answer, but denial is no basis for a motion to strike.  "[F]alsity is not a grounds for striking ... under Rule 12 [(f)]." *Boyd v. United States*, 861 F.2d 106, 109 (5th Cir. 1988). A motion to strike under Rule 12(f) on the ground "that some of the allegations are 'patently untrue' … is not a proper 12(f) ground, and

verges on impertinence itself." *Kinee v. Abraham Lincoln Fed. Sav. & Loan Ass'n*, 365 F. Supp. 975, 982 (E.D. Pa. 1973). "Generally … a statement's mere falsity does not justify striking it from a pleading; it must also fit within one of the categories of objectionable matter enumerated by Rule 12(f)." *Archdiocese of San Salvador v. FM Int'l, LLC*, No. 05-cv-237, 2006 D.N.H. 106, *13 (D.N.H. Sept. 7, 2006) (*citing inter alia* Wright & Miller § 1382); see also *R&J Tool, Inc. v. Manchester Tool Co.*, 2001 D.N.H. 9 (D.N.H. 2001) (denying motion to strike based on theory that plaintiff made "baseless" and "false and sham" claims; "while Manchester's theory might (if proved) serve as a viable defense to RJT's claim, standing alone it is insufficient to entitle Manchester to the relief it seeks" under Rule 12(f)); *Barton v. Auto. Ins. Co. of Hartford*, 63 F.2d 631, 633 (1st Cir. 1933) (defendant moved to strike answer "on the ground that the answer was untrue. No action was taken by the District Court on this motion; it may be because the truth of it was a matter to be determined by the evidence."); *Gilbert v. Eli Lilly & Co.*, 56 F.R.D. 116, 121 (D.P.R. 1972) ("if there are either questions of fact or disputed questions of law, the motion must be denied") (internal quotation omitted).

Moreover, Chowdhury's allegations are far from a mere "theory." As Chowdhury detailed, Mr. Cooper is the former caretaker for John Steele, an attorney at AFH's law firm Prenda Law, and Mr. Cooper has disavowed his supposed role in or knowledge of AFH. (*See,* ECF No. 7 ¶ 13; ECF No. 7-2.) By coincidence, on the same day that AFH filed its motion to strike, Mr. Cooper filed a complaint of his own, accusing Steele, Prenda Law and AFH of identity theft and civil conspiracy, seeking among other relief a declaration that he never acted or signed documents on behalf of AFH and has never been an officer or director of AFH. Compl., *Cooper v. Steele* (Minn. Dist. Ct., Hennepin Cty. Jan. 23, 2013).

**5. Chowdhury's Counterclaims may Not be Stricken as Scandalous.**

AFH further contends that Chowdhury's allegations concerning Alan Cooper are "scandalous." (ECF No. 8 p. 3.) AFH does not offer grounds to strike on that basis.

"'Scandalous matter is that which improperly casts a derogatory light on someone.'" *In re Gitto Global Corp.*, No. 05-10334, 2005 U.S. Dist. LEXIS 7918, *29 n. 9 (D. Mass. May 5, 2005) (quoting Wright & Miller § 1382; *aff'd*, 422 F.3d 1 (1st Cir. 2005). "'But there are several limitations on the court's willingness to strike scandalous allegations. For example, it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or

events that are relevant to the action.'" *Id.* (quoting Wright & Miller § 1382). Statements that are relevant to a *bona fide* legal claim should not be stricken as scandalous. *In re Gitto Global Corp.*, 422 F.3d at 13 (applying 11 U.S.C. § 107(b) and noting its similarity to Rule 12(f); citing with approval *In re Commodore Corp.*, 70 B.R. 743 (Bankr. N.D. Ind. 1987)). "Allegations are not properly stricken from a complaint merely because they sound scandalous. Only if such statements are both scandalous and irrelevant to the lawsuit or included for improper purposes are they properly stricken —not if they are relevant to the cause of action." *Islam v. Option One Mortg. Corp.*, 432 F. Supp. 2d 181, 199 n. 17 (D. Mass. 2006) (citing Wright & Miller § 1382) (declining to strike, under Rule 12 (f), allegations that were "at least relevant" to plaintiff's claims).

Chowdhury's counterclaims are at least relevant to Chowdhury's counterclaims of abuse of process, copyright misuse, and Chapter 93A violations, and therefore may not be stricken as scandalous. AFH prefers not to face Chowdhury's allegations, but its motion offers no reason why it should not be held accountable for its own misrepresentations concerning Mr. Cooper.

### III. CONCLUSION

For the foregoing reasons, Defendant/Counterplaintiff Sandipan Chowdhury respectfully requests that Plaintiff/Counterdefendant AFH Holdings, LLC's motion to strike portions of Chowdhury's counterclaims be denied in its entirety.

Dated: January 29, 2013  Respectfully,

_____
Jason E. Sweet (BBO# 668596)
Email: jsweet@boothsweet.com
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Sandipan Chowdhury*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 29, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

_____
Jason E. Sweet