UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF HOLDINGS, LLC, | Civil Action No. 1:12-cv-12105-JLT |
| Plaintiff/Counterdefendant, | |
| v. | |
| SANDIPAN CHOWDHURY, | |
| Defendant/Counterplaintiff. | |

# DEFENDANT'S MOTON
## REQUIRING PLAINTIFF TO POST BOND FOR COSTS

Defendant/Counterplaintiff Sandipan Chowdhury ("Chowdhury") respectfully submits this motion requiring Plaintiff/Counterdefendant AF Holdings, LLC's ("AFH") to post bond for costs.

1. A trial court enjoys wide discretion in administering procedural matters, including the question of security costs and bonds. *Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 143 (1st Cir. 1976) ("Even in the absence of a standing local rule, a federal district court has the inherent power to require security for costs when warranted by the circumstances of the case.")

2. It is undisputed that Plaintiff is a foreign corporation. The Plaintiff specifically identifies itself as a "limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis." ECF No. 1 ¶2.

3. By virtue of its objectively weak case and its incorporation not merely in a state other than Massachusetts, but in a foreign country, Plaintiff should be required to submit a non-resident bond. *El Dia, Inc. v. P.R. Dep't of Consumer Affairs*, 413 F.3d 110, 114-115 (1st Cir. 2005).

4. Keeping in line with the Local Rules of the other District Courts of this Circuit, a bond should be required of the Plaintiff to secure the costs, expenses and attorneys fees which may be awarded and the action may be stayed until such time as the aforementioned bond is posted.

5. The purpose of the bond is to ensure that a prevailing party will be able to collect a judicial award of costs, expenses, and attorneys' fees from a non-resident litigant, who probably has no assets within the forum and/or few ties to the same. *Id.*

6. Based on the aforementioned Local Rules and applicable jurisprudence, the Defendant respectfully request the imposition of a bond for costs in an amount of $60,000 or such amount to be determined by this Court so as to guarantee the fees and expenses to be incurred in the defense of this action.

**WHEREFORE**, it is respectfully requested that an order requiring Plaintiff to post a bond, in an amount in an amount of $60,000 or such amount to be determined by the Court, be entered.

Dated: January 30, 2013

Respectfully,

_____
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

### CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Jason E. Sweet

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Jason Sweet, hereby certify that on January 29, 2013, I spoke with counsel for Plaintiff AF Holdings, LLC in a good faith attempt to resolve or narrow the issues raised in this motion, but was unable to do so.

/s/ Jason E. Sweet