**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AF HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff/Counterdefendant, | ) |
| | ) |
| v. | ) Civil Action No. 1:12-cv-12105-JLT |
| | ) |
| SANDIPAN CHOWDHURY, | ) |
| | ) |
| Defendant/Counterplaintiff. | ) |
| | ) |

### DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Defendant/Counterplaintiff Sandipan Chowdhury ("Chowdhury") respectfully submits this opposition to Plaintiff/Counterdefendant AF Holdings, LLC's ("AFH") motion to dismiss Chowdhury's counterclaims. For the reasons given below, AFH's motion must be denied.

## I. FACTUAL BACKGROUND

AFH alleges that thousands of Internet users have infringed the copyright in a pornographic video entitled "Sexual Obsession." (ECF No. 7 ¶ 6.)[1] The copyright was registered on March 25, 2011 to its original claimant, Heartbreaker Films. (ECF No. 1-1.)

AFH alleges that Chowdhury used IP address 24.34.93.195 to infringe the copyright in "Sexual Obsession" by downloading, reproducing, and distributing the video. (ECF No. 1 ¶¶ 22 & 29.) AFH alleges that its investigators detected that download on May 26, 2011. (*Id.* ¶ 23.)

On June 7, 2011, AFH first filed suit against Chowdhury as one of 1,140 John Doe Defendants identified by their IP addresses. *AF Holdings, LLC v. Does 1-1,140*, No. 11-cv-01274 (D.D.C. filed June 7, 2011). (ECF No. 7 ¶ 6.) Chowdhury claimed his innocence and filed a motion to quash the subpoena by which AFH sought his personally identifying information. (*Id.* ¶ 8.) The motion was denied and AFH obtained information identifying Chowdhury as the Internet subscriber associated with the IP address 24.34.93.15 by his Internet Service Provider. (*Id.* ¶ 8.) AFH voluntarily dismissed all 1,140 defendants from that action on February 2, 2012. (*Id.* (second ¶ 8).) AFH mailed Chowdhury a settlement demand letter dated February 2, 2012, offering to settle its claim against him for $3,400 if paid within two weeks. (ECF No. 7 ¶ 28; ECF No. 12-1.)

---

[1] For convenience, all citations herein to this Answer, Including Affirmative Defenses and Counterclaims (ECF No. 7) will refer by paragraph numbers to its Counterclaims (pp. 11-20 therein) or Prayer for Relief (p. 20 therein).

AFH alleges that it was assigned the copyright pursuant to an assignment agreement (ECF No. 1 ¶ 19.) The assignment agreement is dated effective June 12, 2011. (ECF No. 1-2 p. 1.) It bears a signature for Raymond Rogers, on behalf of assignors Heartbreaker Films, Heartbreaker Productions, Inc., Raymond Rogers, and XSC Digital Corp.; and bears a signature for Alan Cooper, on behalf of assignee AF Films, LLC. (ECF No. 1-2 p. 3.) Alan Cooper disclaimed his association with AFH by an affidavit dated December 3, 2012. (ECF No. 7 ¶ 13; ECF No. 7-2.)

AFH initiated this action on November 13, 2012, though the Complaint is dated September 25, 2012. (ECF No. 1.) AFH's Complaint in this action asserts counts of copyright infringement through reproduction and distribution, contributory infringement, civil conspiracy, and negligence. (*Id.*) AFH confirmed that Defendant's counsel would accept service of process in October 2012 and sent the undersigned a formal request to waive process on December 12, 2012. (ECF No. 7 ¶ 29.) Chowdhury filed his Answer, Including Affirmative Defenses and Counterclaims on January 4, 2013. (ECF No. 7.) He pleaded four counterclaims, seeking a declaratory judgment of non-infringement, and alleging abuse of process, copyright misuse, and violation of Chapter 93A by AFH. (*Id.* pp. 11-20.)

AFH filed a motion to strike selected portions of the counterclaims on January 23, 2013. (ECF No. 8.) Chowdhury filed an opposition to that motion on January 29, 2013. (ECF No. 10.) AFH moved to dismiss all of AFH's counterclaims on January 28, 2013. (ECF No. 9.) On January 30, 2013, Chowdhury filed a motion to require AFH to post a bond for his costs. (ECF No. 11.)

## II. LEGAL STANDARD

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Vernet v. Serrano-Torres*, 566 F.3d 254, 258 (1st Cir. 2009) (quoting *Ruiz v. Bally Total Fitness Holding Corp.*, 469 F. 3d 1, 5 (1st Cir. 2007)). "While a defendant may seek dismissal under Rule 12(b)(6) for failing to state a claim upon which relief can be granted, a complaint actually only requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Krasnor v. Spaulding Law Office*, 675 F. Supp. 2d 208, 209 (D. Mass. 2009) (quoting Fed. R. Civ. P. 8(a)(2)). "According to the Supreme Court, this means that a plaintiff must allege enough facts so that the claim is 'plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). That is, "the factual content pled should 'allow[] the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.'" *Id.* at 209-10 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "At bottom, a complaint will survive a Rule 12(b)(6) dismissal if 'the facts, evaluated in [the required] plaintiff-friendly manner, contain enough meat to support a reasonable expectation that an actionable claim may exist.'" *Id.* at 210 (quoting *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F. 3d 48, 51 (1st Cir. 2008)).

### III. ARGUMENT

Chowdhury properly pleaded four counterclaims, seeking a declaratory judgment of non-infringement and alleging abuse of process, copyright misuse, and violation of Chapter 93A by AFH. (See ECF No. 7 pp. 11-20.) AFH's motion offers no valid reason to dismiss any counterclaim.

**AFH Offers No Basis to Dismiss Chowdhury's Counterclaim for a Declaratory Judgment of Non-Infringement.**

The parties are a plaintiff without standing and a defendant without fault. Chowdhury's counterclaim for a judgment of non-infringement addresses the latter issue, sufficiently alleging his actual innocence and AFH's inability to properly identify alleged infringers. (ECF No. 7 ¶¶ 8 & 18-22.) AFH moves to dismiss by discussing only the former issue, regarding its putative copyright ownership as an assignee. The assignment's shortcomings would also support a finding that AFH cannot hold him liable, as pleaded in the copyright misuse counterclaim, but they are not within the non-infringement counterclaim as pleaded.

AFH claims that Chowdhury's counterclaim may not prevail as a matter of law "[b]ecause Plaintiff has established a prima facie case for copyright infringement." (ECF No. 9 p. 2.) That is simply false. "To establish a prima facie case for copyright infringement, a claimant in a copyright suit must prove by the preponderance of the evidence that he is owner of a valid copyright, and that defendants" infringed the copyright. *Gener-Villar v. Adcom Group, Inc.*, 560 F. Supp. 2d 112, 124 (D.P.R. 2008) (citations omitted). AFH has done neither.

First, AFH has not proven ownership. If the copyrighted work "is not proprietary to plaintiff, then an essential ingredient is lacking from plaintiff's prima facie case." *CMM Cable Rep, Inc. v. Ocean Coast Props., Inc.*, 97 F.3d 1504, 1515 (1st Cir. 1996) (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright §13.03[B][2], at 13-67 (1995)). "[W]here the plaintiffs are assignees of previously registered copyrights, the court requires additional evidence beyond the registration statements to find that the plaintiffs are the proprietors." *Broad. Music, Inc. v.*

*Rockingham Venture, Inc.*, 909 F. 3d 38, 43 (D.N.H. 1995) (citations omitted); *see generally Latin Am. Music Co., Inc. v. Media Power Grp., Inc.*, No. 11-cv-2108, 2013 U.S. App. LEXIS 980, *4 (1st Cir. Jan. 15, 2013) (affirming district court determination that plaintiff had not "met its prima facie burden of establishing ownership of valid copyrights in the songs by producing certificates of registration and 'chain of title' evidence of ownership"). At this early stage of the proceedings, AFH's claim to have made out a prima facie case is premature. AFH has submitted a copy of a copyright registration certificate, which at best "constitutes prima facie evidence of copyrightability." *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1990) (internal quotation omitted). AFH's dubious claim to own that copyright is not evidenced prima facie by the assignment agreement. See *id.* ("presumption of [the registration's] validity may be rebutted") (citations omitted); *Broad. Music. Inc.*, 909 F.3d at 43.

More to the point, AFH has only alleged that Chowdhury infringed the copyright; it has not *proven* the matter, and cannot. See *Lotus Dev. Corp.*, 49 F.3d at 813 ("copyright infringement generally turns on whether the defendant has copied protected expression as a factual matter"); *AF Holdings LLC v. Rogers*, No. 12-cv-1519, 2013 U.S. Dist. LEXIS 11929, *6 (S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement."); Order Granting Def.'s Mot. to Require Undertaking, *AF Holdings LLC v. Navasca*, No. 12-cv-02396, 2013 U.S. Dist. LEXIS 15617, *7 (N.D. Cal. Feb. 5, 2013) (after filing suit and naming defendant, AFH argued that further discovery was "necessary to figure out who the true infringer is"). Chowdhury denied infringing. In the face of that denial, AFH has submitted nothing to justify its decision to name him as a defendant. AFH's assertion that it "established" infringement by Chowdhury by merely pleading the claim does not make it so. Its claim that *someone* infringed is insufficient to make Chowdhury liable, or to show that no relief may be granted to him on his counterclaim. AFH's motion to dismiss the counterclaim must be denied.

**AFH Offers No Basis to Dismiss Chowdhury's Counterclaim for Abuse of Process.**

AFH erroneously contends that Chowdhury failed to plead one element of the abuse of process counterclaim: "ulterior or illegitimate purpose." (ECF No. 9 p. 3.) AFH claims that it "has stated a legitimate purpose for its action against Defendant—to hold him liable for the infringement of its copyrighted work." (*Id.* pp. 3-4.) Merely asserting a plausible, legitimate aim for bringing suit

does not preclude a finding that process was also used for ulterior ends. "To suffer an abuse of process is to suffer the consequences of legal actions which *while having an adequate basis in law and fact* are nonetheless manipulated by the defendant in order to secure a collateral advantage not within the scope of the law." *Britton v. Maloney*, 981 F. Supp. 25, 55 (D. Mass. 1977) (citing Harper, James & Gray, The Law of Torts §§ 4.1, 4.9) (emphasis added).

The counterclaim includes repeated references to AFH's true aims: "not to initiate the process of litigation, but to forestall it, while enabling Plaintiff's attempted extortion." (ECF No. 7 ¶ 28; *see also id.* ¶ 32.) The "'usual case of abuse of process is one of some form of extortion...'" *Powers v. Leno*, 24 Mass. App. Ct. 381, 384 (Mass. App. Ct. 1987) (quoting Restatement (Second) of Torts § 682 cmt. b (1977). "[A]buse of process has been described as a 'form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money.'" *Vittands v. Sudduth*, 49 Mass. App. Ct. 401, 406 (Mass. App. Ct. 2000) (quoting *Cohen v. Hurley*, 20 Mass. App. Ct. 439, 442 (Mass. App. Ct. 1985) (quoting Prosser & Keeton, Torts § 121, at 898 (5th ed. 1984))).

Chowdhury further pleaded that AFH lacks standing, but nevertheless mailed several letters demanding that Chaudhury pay to settle its invalid claim. "That the person commencing the litigation knew or had reason to know that his claim was groundless is relevant ... as tending to show that the process was used for an ulterior purpose." *Fishman v. Brooks*, 393 Mass. 643, 652 (Mass. 1986) (citations omitted). "[F]or a copyright owner to use an infringement suit to obtain property protection ... that copyright law clearly does not confer, hoping to force a settlement or even achieve an outright victory over an opponent that may lack the resources or the legal sophistication to resist effectively, is an abuse of process." *Assessment Technologies of WI, LLC v. WIREdata, Inc*., 350 F.3d 640, 647 (7th Cir. 2003).

AFH argues that settlement letters in general serve legitimate ends. (ECF No. 9 p. 4.) This is irrelevant to the issue of whether AFH's use of process *in this case* was wholly legitimate. The thrust of an abuse of process claim is the plaintiff's misuse of process itself, but improper settlement demands can substantiate the claim. See generally *McCarthy v. Slade Assocs*., 24 Mass. L. Rep. 603, 2008 Mass. Super. LEXIS 333 (Mass. Super. Ct. Aug. 21, 2008) (denying motion to dismiss counterclaim for abuse of process supported in part by demand letter).

To conclude its argument that it did not commit abuse of process, AFH states "[t]he filing of this lawsuit against the Defendant clearly indicates otherwise." (ECF No. 9 p. 4.) AFH presumes what Chowdhury intends to disprove. The motion to dismiss the counterclaim must be denied.

**AFH Offers No Basis to Dismiss Chowdhury's Counterclaim for Copyright Misuse.**

Chowdhury sufficiently pleaded actions by AFH that constitute copyright misuse. "The doctrine of misuse prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly." *Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 350 F.3d 640, 647 (7th Cir. 2003); *accord A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001). As alleged in the counterclaim, AF Holdings has no right as an assignee to bring this action, where non-party AF Films is the assignee (ECF No. 7 ¶¶ 38-39), the assignment conveyed no right to sue over pre-assignment acts (*id.* ¶¶ 41-43), AFH may not be a real party in interest with capacity to sue (*id.* ¶¶ 12-15), and AFH also asserts copyright remedies to which it has no legal claim (*id.* ¶¶ 37 & 45). In short, Chowdhury pleaded that AFH used the copyright to sue him over "the use of material over which [AFH] itself had no rights. That is a misuse of both the judicial process and the copyright laws." *qad, inc. v. ALN Assocs., Inc.*, 770 F. Supp. 1261, 1267 (N.D. Ill. 1991).

AFH seeks shelter from a single Northern District of California order finding that AFH had rights as an assignee because "the assignment is signed by a representative of the assignors." Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335, slip op. at p. 5 n.1 (N.D. Cal. filed Nov. 22, 2011). One Court's agreement with AFH is not a fact alleged in either the complaint or counterclaims, and so is not properly raised in a motion to dismiss. Even if it were, that order does not prove the assignment's validity. Prior attempts by AFH to assert ownership of the same copyright have foundered on the shoals of the same assignment agreement.[2] See, e.g., Order, *AF Holdings LLC v. John Does 1-77*, 11-cv-383, slip op. at p. 1 (E.D. Va. July 18, 2011) ("the assignee signing the agreement is AF Films, L.L.C., which is not a party to this case") (emphasis in original). As

---

[2] Other shortcomings appear on the assignment's face. The copyright registration identifies only Heartbreaker Films as the copyright holder. (ECF No. 1-1.) The other three purported assignors' names do not appear in the copyright registration, and AFH has submitted no other document showing how they obtained assignable interests in the copyright. It further appears that only one purported assignor, Raymond Rogers, signed the document, purporting to assign the copyright on behalf of himself, Heartbreaker Films, and two other named assignors. (ECF No. 1-2 p. 3.) AFH has not provided any evidence or explanation of Mr. Rogers' authority to assign the rights of Heartbreaker Films or the other two non-signing assignors. These unexplained clouds on AFH's purported title also prevent dismissal.

Chowdhury sufficiently alleged, an assignment to AF Films gives plaintiff AF Holdings no rights. (See ECF No. 7 ¶¶ 11 & 38-39.)

In addition, the order from which AFH seeks shelter never reached the issue of AFH's lack of standing to raise claims for causes of action that accrued before the purported assignment, an issue that also prevents dismissal of the copyright misuse counterclaim. The assignment did not expressly convey any right to sue on past, accrued infringements, so such rights remain with non-party Heartbreak Films. "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the [registration] requirements of section 411, to institute an action for any infringement of that particular right committed *while he or she is the owner of it.*" 17 U.S.C. § 501(b) (emphasis added). So for a copyright owner to have standing to sue, "the infringement must be 'committed while he or she is the owner...'" *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (quoting 17 U.S.C. § 501(b)); see also 3-12 Nimmer on Copyright § 12.02[B]. This rule applies to all copyright owners, including assignees, as AFH claims to be. "[I]t is the assignor, not the assignee, who has standing to sue for infringing acts which occurred prior to the assignment of copyright." *Skor-Mor Prods., Inc. v. Sears Roebuck & Co.*, No. 81 Civ 1286, 1982 U.S. Dist. LEXIS 12655, *7-8 (S.D.N.Y. May 14, 1982) (citing Nimmer, supra). A copyright assignee may bring claims on acts of infringement that precede the assignment only if the assignor expressly granted the right to sue on accrued claims. "An assignment of copyright does not convey existing causes of action for infringement unless expressly included." *Id.* at *8. "[A] copyright owner can assign its copyright but, if the accrued causes of action are not expressly included in the assignment, the assignee will not be able to prosecute them." *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991). *Accord Kriger v. Macfadden Publs.*, 43 F. Supp. 170, 172 (S.D.N.Y. 1941) (same rule under pre-1978 Copyright Act). "[T]he case law clearly states that a transfer of interest for accrued damages must be stated in no uncertain terms. It follows that the transfer of interest to past infringements did not pass from [assignor] to [plaintiff assignee] in the first assignment despite the alleged intent to transfer any and all accrued damages." *Infodek, Inc. v. Meredith-Webb Printing Co., Inc.*, 830 F. Supp. 614, 620 (N.D. Ga. 1993) (citing *Prather v. Neva Paperbacks*, 410 F.2d 698 (5th Cir. 1969)). "If Plaintiff [assignee] did not have the right to sue for accrued infringements at the time she filed this action, she lacks standing to maintain this action." *Lorentz v. Sunshine Health Prods.*, No. 09-61529, 2010 U.S. Dist. LEXIS 101019, *25 (S.D. Fla. Aug. 27, 2010). At the very

least, questions of fact as to who holds the assignment, and what rights have been assigned, prevent dismissal.

Dismissal would also be improper in light of the Alan Cooper issue raised in the counterclaim and attached declaration but entirely ignored in AFH's motion. As the Northern District of California recently found, in a case discussing the same purported assignment,

> [B]ased on the evidence of record, there are serious questions as to whether AFH has standing to sue for infringement because of the "Alan Cooper" issue. Notably, in spite of a declaration from an Alan Cooper suggesting that AFH or persons or entities affiliated with AFH have fraudulently used his identity, AFH has made no effort to provide any evidence to counter the declaration. AFH could have, but did not, present a declaration from its own Alan Cooper or a declaration from its manager and/or CEO. As the Court stated at the hearing, even if there was a sufficient transfer for purposes of the Copyright Act, which focuses on proper authorization by the copyright transferor, not the transferee, that is a separate issue from (1) whether AFH has Article III standing in this Court to assert infringement based on claimed ownership of the copyright at issue and (2) whether AFH is a real party in interest with capacity and authority to sue. *See* Fed. R. Civ. P. 17. The "Alan Cooper" issue raises serious questions that remain unanswered.

Order Granting Def.'s Mot. to Require Undertaking, *AF Holdings LLC v. Navasca*, No. 12-cv-02396, 2013 U.S. Dist. LEXIS 15617, *4-5 (N.D. Cal. Feb. 5, 2013).

AFH's motion to dismiss fails to engage, or even mention, most of the factual allegations supporting the copyright misuse claim, and fails to distinguish any of them.

AFH contends that "there is no such thing as a cause of action for copyright misuse. Rather 'copyright misuse' is an equitable defense to a copyright action..." (ECF No. 9 p. 5.) Copyright misuse is typically raised as an affirmative defense by an alleged infringer, but courts commonly

allow it in an independent claim, whether as a freestanding cause of action,[3] a counterclaim to infringement claims,[4] or in a declaratory action when an infringement claim is impending.[5]

Admittedly, some courts have only permitted copyright misuse as an affirmative defense. "There is no consensus on whether copyright misuse can be brought as an independent claim (as opposed to as an affirmative defense) and district courts come down on both sides of the issue." *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1033 (N.D. Cal. 2011). "[T]he courts that have addressed this issue are divided on the matter." *Shirokov v. Dunlap, Grubb & Weaver PLLC*, No. 10-12043, 2012 U.S. Dist. LEXIS 42787, *99 (D. Mass. Mar. 1, 2012) (citing *Amaretto*). In *Shirokov*, this Court dismissed a claim for declaratory judgment of copyright misuse, where the claimant had not been named as a copyright infringement defendant. As the Court noted, "[s]ome courts have found that copyright misuse may not be affirmatively asserted … because pleading an affirmative defense as an independent claim seeks an illegitimate litigation advantage." *Id.* (citations omitted). But a copyright defendant who raises misuse as a *counterclaim*, such as Chowdhury, seeks no such improper advantage.[6] It is therefore inapposite for AFH to argue that "copyright misuse [is] not an independent claim when there has been no allegation of copyright infringement." (ECF No. 9 p. 5 (citing holding of *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005).) Courts have justly denied resort to copyright misuse when "there was no

---

[3] See, e.g., *Elec. Data Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 802 F. Supp. 1463, 1465-66 (N.D. Tex. 1992) (declining to dismiss independent copyright misuse claim); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1033-34 & n.7 (N.D. Cal. 2011) (same, finding the claim both "viable" and "proper") (collecting cases).

[4] See, e.g., *Apple Inc. v. Psystar Corp.*, No. C 08-03251, 2009 U.S. Dist. LEXIS 14370 (N.D. Cal. Feb. 6, 2009) (declining to dismiss copyright misuse counterclaim for declaratory relief); *Grumman Sys. Support Corp. v. Data Gen. Corp.*, 125 F.R.D. 160 (N.D. Cal. 1988) (finding copyright misuse to be a compulsory counterclaim to a prior copyright infringement claim); *Broad. Music, Inc. v. Moor-Law, Inc.*, 484 F. Supp. 357, 365 (D. Del. 1980) (denying summary judgment motion against copyright misuse counterclaim).

[5] See, e.g., *Oldecaste Precast, Inc. v. Granite Precasting & Concrete, Inc.*, No. C10-322, 2011 U.S. Dist. LEXIS 20977, *29 (W.D. Wash. Mar. 2, 2011) ("Defendant is permitted to allege a counterclaim of copyright misuse in order to obtain a declaratory judgment that the copyright at issue cannot be enforced against them."); *Midwest Tape, LLC v. Recorded Books, LLC*, 2010 U.S. Dist. LEXIS 29718, *2-3 (N.D. Ohio Mar. 26, 2010) ("because the Complaint seeks declaratory judgment, the plaintiff may assert copyright misuse as an affirmative claim"). Indeed, though the Ninth Circuit stated that "misuse is a defense to copyright infringement" when it first applied the doctrine, it did so while holding that the plaintiff had established copyright misuse in an affirmative claim for declaratory judgment. *Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516, 520-21 (9th Cir. 1997).

[6] Likewise, in *Shloss v. Sweeney*, 515 F. Supp. 2d 1068 (N.D. Cal. 2007), the Court allowed an independent copyright misuse claim, finding the defendant's objection that the claim sought an improper "litigation advantage" was moot where the plaintiff (like Chowdhury) also sought a declaratory judgment of non-infringement, over which the Court had subject matter jurisdiction. *Id.* at 1078 n. 6.

viable claim of copyright infringement against which to raise such a defense." *Int'l Motor Contest Ass'n, Inc. v. Staley*, 434 F. Supp. 2d 650, 665 (N.D. Ia. 2006) (citations omitted). But AFH's copyright cause of action placed its misuse squarely at issue. The First Circuit has implied that copyright misuse sometimes may be *more* appropriate as a counterclaim than as an affirmative defense. See *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1170 n. 43 (1st Cir. 1994) ("while [defendant] may be free to raise antitrust *counterclaims*, it would not necessarily be entitled to raise a *defense* of copyright misuse predicated on antitrust violations") (emphasis in original).

The First Circuit has not yet expressly accepted the doctrine of copyright misuse. *Soc'y of the Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 65 (1st Cir. 2012); *Shirokov*, 2012 U.S. Dist. LEXIS 42787, *98 (citing *Garcia-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 21 n. 7 (1st Cir. 2005)). But see *Banco Popular de P.R. v. Asociacion de Compositores y Editores de Musica Latinoamericana*, 678 F.3d 102 (1st Cir. 2012) (affirming judgment on copyright misuse defense submitted to jury). This places it in the minority; the doctrine is well established in most of the other Circuits.[7] But the First Circuit has not rejected the doctrine either, and there is no reason to doubt that it would apply the doctrine in the proper case. "A 'copyright misuse' defense is not without legal support." *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1169 (1st Cir. 1994) (citing as "carefully reasoned" *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 976 (4th Cir. 1990)). Most Districts within the First Circuit have applied the copyright misuse doctrine. For example, in *Vogue Ring Creations, Inc. v. Hardman*, 410 F. Supp. 609 (D.R.I. 1976), a finding of copyright misuse was supported by the copyright owner's inequitable conduct in misrepresenting penalties for infringement, including as to the alleged infringer's liability for attorney's fees and statutory damages—facts also alleged in Chowdhury's counterclaim. *See also* Opinion & Order, *Banco Popular de Puerto Rico, Inc. v. Latin Am. Music Co., Inc.*, No. 01-cv-1142, slip op. at 2

---

[7] See *Columbia Broad. Sys. Inc. v. Am. Soc'y of Composers, Authors & Publishers*, 607 F.2d 543, 545 (2d Cir. 1979); *Video Pipeline, Inc. v .Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 206 (3d Cir. 2003); *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970 (4th Cir. 1990); *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 601 (5th Cir. 1996); *Qad, Inc. v. ALN Assoc., Inc.*, 974 F.2d 834 (7th Cir. 1992); *Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150 (9th Cir. 2011); *Nat'l Cable Television Ass'n, Inc. v. Broad. Music. Inc.*, 772 F. Supp. 614, 652 (D.D.C. 1991); *Chamberlain Grp., Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1202 (Fed. Cir. 2004). See also *Atari Games Corp. v. Nintendo of Am., Inc.*, 975 F.2d 832, 846 (Fed. Cir. 1992) ("Although it has yet to apply the copyright misuse defense, the United States Supreme Court has given at least tacit approval of the defense.") (citing *United States v. Loew's, Inc.*, 371 U.S. 38 (1962)). Though the First, Sixth, Eighth, Tenth and Eleventh Circuits have yet to recognize and apply the doctrine, "none expressly reject[] such a defense as a matter of law." *Int'l Motor Contest Ass'n*, 434 F. Supp. 2d at 664.

(D.P.R. Aug. 18, 2010) ("copyright misuse [was] considered by the jury when reaching its final verdict"); *aff'd*, 678 F.3d 102 (1st Cir. 2012); *Broad. Music, Inc. v. Hampton Beach Casino Ballroom*, Civ. No. 94-248-B, 1995 U.S. Dist. LEXIS 13103, *15 (D.N.H. Aug. 30, 1995) (assuming without deciding that the First Circuit would recognize the defense).

AFH cites to *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191 (3d Cir. 2003), in which the Third Circuit recognized the doctrine, but declined to apply it to a video retailer's First Amendment challenge to a motion to enjoin its use of the copyright holder's video clips in online promotional trailers. Those distinct facts give *Video Pipeline* no bearing here.

AFH also cites three cases[8] in which District Courts in California "have rejected efforts to raise 'copyright misuse' as a cause of action giving rise to money damages." (ECF No. 9 p. 5.) This argument is puzzling and misplaced, as Chowdhury seeks not money damages but declaratory relief from AFH's copyright misuse.[9] (ECF No. 7 ¶ 48 & p. 20 ¶¶ B & D.) In each of those cases, the copyright misuse counterclaim was either withdrawn or, in the interests of judicial economy, dismissed where the defendant had also raised it as an affirmative defense; but as recognized in one of the cases AFH cited, "[t]here may be cases in which asserting such a[n independent] cause of action for copyright misuse would be proper." *Ticketmaster LLC v. RMG Techs., Inc.*, 536 F. Supp. 2d 1191, 1199 (C.D. Cal. 2008) (citing *Open Source Yoga Unity v. Choudhury*,[10] No. 03-3182, 2005 U.S. Dist. LEXIS 10440 (N.D. Cal. Apr. 1, 2005)). *See also Shirokov*, 2012 U.S. Dist. LEXIS 42787, *99 ("Other courts have recognized copyright misuse as a claim ... [where] defendants may have reasons for seeking a declaration of their rights aside from the infringement claim they are defending.") (citation omitted).

---

[8] *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 269 F.2d 1213, 1226-27 (C.D. Cal. 2003) ("copyright misuse cannot found a claim for damages"); *Ticketmaster LLC v. RMG Techs., Inc.*, 536 F. Supp. 2d 1191, 1198 (C.D. Cal. 2008) ("'copyright misuse' is an affirmative defense to a claim for copyright infringement and does not support an independent claim for damages"); *Online Policy Grp. v. Diebold*, 337 F. Supp. 2d 1195, 1198 n. 4 (N.D. Cal. 2004) ("Plaintiffs cite no legal authority, and the Court is aware of none, that allows an affirmative claim for damages for copyright misuse.").

[9] It is also puzzling why AFH cites only misuse cases outside the First Circuit, and why it cites cases for the proposition, not at issue in this case, that a non-defendant may not bring an affirmative claim for copyright misuse. The explanation for these puzzles may be that the final paragraph of AFH's copyright misuse argument is a lightly edited copy of a paragraph argued in an unrelated case. *Compare* ECF No. 9 pp. 5-6 *with* Def.'s Opening Brief in Support of their Mot. to Dismiss Compl. Pursuant to Rule 12(B)(6), *Redbox Automated Retail, LLC v. Universal Home Studio Entm't, LLC*, No. 08-cv-00766, pp. 13-14 (D. Del. filed Dec. 5, 2008). AFH may have found the motion online, where it is available at http://www.scribd.com/doc/18745590/USHE-Motion-to-Dismiss-Redbox-Suit.

[10] No relation to defendant.

In this case, Chowdhury has sufficient reason to raise copyright misuse not only as a defense but as an independent claim. Otherwise, AFH may make it impossible for Chowdhury to remedy the misuse by voluntarily dismissing its copyright claim and rendering the defense moot, as is its wont. AFH is engaged in a flurry of slash-and-burn mass litigation. Since its purported assignment in June 2011, AFH has filed suit against thousands of defendants, opening 200 cases in 2012 alone. It appears to do so solely to reap settlement payments or default judgments; AFH has never proceeded to trial against an active defendant on its dubious claims. (See ECF No. 7 ¶ 9 (noting AFH has only named 68 alleged infringers as defendants) & ¶ 54 (discussing AFH's "intent to file suit in order to facilitate purported settlements of improper claims").) Instead, it seeks to prolong cases to extend its window of opportunity for settlements, while seeking to avoiding reaching the merits. *See, e.g., AF Holdings LLC v. Doe*, 12-cv-02394, 2013 U.S. Dist. LEXIS 5431 (N.D. Cal. Jan. 11, 2013) (ordering AFH to show cause to avoid Rule 4(m) dismissal 246 days after complaint was filed); *AF Holdings LLC v. Doe*, No. 12-cv-02048, 2012 U.S. Dist. LEXIS 159259, *4 (N.D. Cal. Nov. 6, 2012) (dismissing under Rule 4(m)) (expressing concern that motion to amend complaint was "sought in bad faith"; timing and generality of motion "are suggestive of an attempt to simply keep the only identified defendant 'on the hook'"); *AF Holdings LLC v. Doe*, No. 12-cv-2049, 2013 U.S. Dist. LEXIS 2222 (N.D. Cal. Jan. 7, 2013) (after prior case dismissed without prejudice, AFH filed second suit against defendant and made further settlement demands). Allowing Chowdhury to maintain his counterclaim is likely the only way to resolve AFH's claims with finality and prevent it from continuing to strike.

In short, AFH does not provide sufficient support for dismissal, but its improper acts in this case and others give ample reason to let the counterclaim stand. The motion must be denied.

**AFH Offers No Basis to Dismiss Chowdhury's Counterclaim under Chapter 93A.**

AFH's motion to dismiss the counterclaim under Chapter 93A is also insufficient. Cherry-picking allegations to oppose, AFH structures its entire argument against a partial excerpt of a single paragraph from the counterclaim, which alleged that AFH knew that its copyright assignment had been fraudulently obtained. (ECF No. 7 ¶ 50.) AFH's motion seeks to reduce the entire counterclaim to a dispute over the assignment agreement's validity, and to further reduce that dispute to a question of whether the assignment purports to transfer copyright to AFH. (ECF No. 9 p. 6.) It does purport to do so, but that does not make the assignment to AFH "*valid as a matter of law.*" (*Id.* (emphasis in

original).) For the reasons given above in discussing copyright misuse, AFH has not sufficiently demonstrated that validity. Nor has AFH shown that "the scope of Plaintiff's copyright assignment" (ECF No. 7 ¶ 54) includes accrued infringements, despite the absence of an express provision. And "even if there was a sufficient transfer for purposes of the Copyright Act," AFH has not addressed the "separate issue[s of] (1) whether AFH has Article III standing in this Court to assert infringement based on claimed ownership of the copyright at issue and (2) whether AFH is a real party in interest with capacity and authority to sue." Order Granting Def.'s Mot. to Require Undertaking, *AF Holdings LLC v. Navasca*, No. 12-cv-02396, 2013 U.S. Dist. LEXIS 15617, *5 (N.D. Cal. Feb. 5, 2013). AFH's motion does not even pretend that, if it lacked such standing, capacity, or authority, its acts would constitute something less than unfair or deceptive acts or practices under Chapter 93A. The motion does not warrant dismissal and must be denied.

## IV. CONCLUSION

For all the above reasons, Sandipan Chowdhury respectfully requests that the Court deny AFH Holdings LLC's motion to dismiss in its entirety, and award attorney's fees and expenses to Plaintiff, and such other further relief that the Court deems just and proper.


Dated: February 6, 2013                    Respectfully,

                                           _____
                                           Jason E. Sweet (BBO# 668596)
                                           Email: jsweet@boothsweet.com
                                           BOOTH SWEET LLP
                                           32R Essex Street
                                           Cambridge, MA 02139
                                           Tel.: (617) 250-8602
                                           Fax: (617) 250-8883


## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

                                           /s/ Jason E. Sweet