UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF HOLDINGS, LLC, <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> SANDIPAN CHOWDHURY, <br><br> Defendant/Counterplaintiff. | Civil Action No. 1:12-cv-12105-JLT |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF AN ORDER FILED IN A RELATED PROCEEDING**

Pursuant to Federal Rule of Evidence 201, Defendant/Counterplaintiff Sandipan Chowdhury ("Defendant") respectfully requests that the Court take judicial notice of the Order Issuing Sanctions, filed in a related matter involving Plaintiff AF Holdings, LLC ("Plaintiff"). *Ingenuity 13, LLC v. John Doe*, No. 12-cv-08333 (C.D. Cal. May 6, 2013) ("Order"). The Order, a true and accurate copy of which is attached hereto as Exhibit A, provides further support for Defendant's counterclaims (ECF No. 7) and his pending motion to for bond (ECF No. 12).

**I. LEGAL STANDARD**

Under Federal Rule of Evidence 201(b)(2), the Court is entitled to take judicial notice of facts that are not subject to reasonable dispute in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Court may take judicial notice, whether requested or not, at any stage of the proceeding. Fed. R. Evid. 201(c); (f). Judicial notice is mandatory when properly requested by a party who supplies the Court with the necessary information. Fed. R. Evid. 201(d). "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990). "[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

## II. ARGUMENT

The Order is a public record filed in federal court in California. Its existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" Fed. R. Evid. 201(b)(2). As such, its existence is properly the subject of judicial notice.

As Defendant has noted, Plaintiff brought its initial action in the U.S. District Court for the District of Columbia against 1,140 unnamed John Does to obtain, through discovery, information identifying Defendant and other alleged co-conspirators. (ECF No. 7, ¶6). As Defendant has noted, Plaintiff brought its D.C. and Massachusetts actions in "an attempt to leverage embarrassing accusations into [a] 'settlement[].'" (ECF No. 12 p. 12). Defendant further alleged that Plaintiff and its counsel, Prenda Law, appeared to be engaged in widespread fraud. (ECF No. 7, ¶¶12-14). On May 6, 2013, those allegations were proven true.

> Steele, Hansmeier, and Duffy ("Principals") are attorneys with shattered law practices. Seeking easy money, they conspired to operate this enterprise and formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy.

*Ingenuity 13,* at ¶ 1.

These findings of fact are directly pertinent to the matters at hand. Defendant has actively defended himself from Plaintiff's attempts to obtain settlement from him. If those attempts were tainted by collusion and fraud, they were vexatious, and further warrant the relief requested in Defendant's counterclaims and pending motion for bond.

## III. CONCLUSION

WHEREFORE, Defendant Chowdhury respectfully requests that the Court take judicial notice of the Exhibit attached hereto, and grant Defendant such other and further relief to which he is entitled.

Dated: May 8, 2013                    Respectfully,

/s/ Jason E. Sweet

Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

## CERTIFICATE OF SERVICE

I hereby certify that on this May 8, 2013, I electronically filed the foregoing Defendant's Request for Judicial Notice of an Order Filed in a Related Proceeding, by using the Court's ECF system, thereby causing a true copy thereof to be served upon counsel of record for Plaintiff as identified on the Notice of Electronic Filing.

/s/  Jason E. Sweet