UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF HOLDINGS, LLC, | Civil Action No. 1:12-cv-12105-JLT |
| Plaintiff, | |
| v. | |
| SANDIPAN CHOWDHURY, | |
| Defendant. | |

MOTION TO WITHDRAW AS COUNSEL OF RECORD
WITHOUT SUBSTITUTION FOR PLAINTIFF

NOW COMES the undersigned counsel, pursuant to Rule 83.5.2(c) of the Local Rules of the United States District Court for the District of Massachusetts, counsel for AF Holdings in this matter hereby request this Honorable Court to allow the undersigned to withdrawal as counsel of record for Plaintiff. In support thereof, the undersigned states the following:

1. There are several things that have come to light regarding Plaintiff and its related owners, officers and lawyers since counsel agreed to file and represent Plaintiff in this case.

2. For the sake of brevity, it is requested this Court read the Decision and Order of Hon. Otis D. Wright, II from the Central District of California (*Ingenuity 13 LLC v. John Doe*, 2:12-CV-8333-ODW(JCx)(attached hereto as Exhibit A) and the Order Granting Defendant's Motion for Attorney's Fees by Hon. Edward H. Chen (*AF Holdings LLC v. Joe Navasca*, C-12-2396-EMC) (attached hereto as Exhibit B).

3. The undersigned had absolutely no prior knowledge of any of the findings of Judge Wright and the additional findings of Judge Chen.

4. Once I became aware of the "on goings" of AF Holdings and the others mentioned in his decision, I reached out to speak with someone about it. I received a phone call from someone who claimed to be Mark Lutz. It is my understanding that Mr. Lutz is the owner of Plaintiff, but to be honest, I have no idea what to believe.

5. Without waiving any privileges, I obtained consent to dismiss all of the AF Holdings lawsuits that I have previously filed. In addition, there were two active cases (including this one) that included counterclaims against AF Holdings. I specifically requested and received permission to dismiss Plaintiff's claims against the Defendants with the explanation that it would still not close the files out because of the pending counterclaims. I further made Mr. Lutz aware that he needed to find substitute counsel as I would be withdrawing from the case should they not do so (in compliance with the Local Rules).

6. In a follow-up conversation I had with Paul Duffy, counsel for Prenda Law, I also informed him that I would be withdrawing from these cases and substitute counsel would be needed.

7. With regards to this case, Prenda/AF Holdings, receives copies of all court filings automatically through the ECF system. They have always known the existence of the pending motions and status of the cases.

## ARGUMENT

This Honorable Court should grant the Motion to Withdraw of Appearance as Counsel. Pursuant to Rule 83.5.2(c),

> An attorney may withdraw from a case by serving notice of his withdrawal on his client and all other parties and filing the notice, provided that (1) such notice is preceded or accompanied by notice of the appearance of other counsel; (2) there are no motions

>pending before the court; (3) no trial date has been set; and (4) no hearings or conferences are scheduled, and no reports, oral or written, are due. Unless these conditions are met, an attorney (including one whose services have been terminated by his client) may withdraw from a case only by leave of court.

Counsel has provided Plaintiff with more than an opportunity to find substitute counsel. Unfortunately, and to no surprise, Plaintiff has not notified me they have found replacement counsel. I am not aware of any trial dates or reports that are due. As such, the undersigned has been left with no alternative but to seek leave of court. Accordingly, in accord with the Local Rule, Defendants' counsel may only withdraw with leave of court, an issue left to its sound discretion. See *Andrews v. Bechtel PowerCorp.*, 780 F.2d 124, 135 (1st Cir. 1985) (attorney's motion to permissively withdraw "is a matter addressed to the discretion of the trial court").

In addition, under the circumstances here, I believe the Rules of Professional Conduct are highly relevant here. It states, in relevant part that:

>(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
>***(1) the representation will result in violation of the rules of professional conduct or other law;***
>
>(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
>
>(3) the lawyer is discharged.
>
>(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
>***(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;***
>
>***(2) the client has used the lawyer's services to perpetrate a crime or fraud;***

*(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;*

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

Massachusetts Rules of Professional Conduct R. 1.16 (emphasis added).

Based on the findings of Judge Wright and Chen, it is clear that continued representation of Plaintiff in this matter puts counsel and a compromised risk.  Counsel for Plaintiff has strong ethical concerns and beliefs regarding his ability to continue to represent AF Holdings and the respective members of their "enterprise" as defined by 18 U.S.C. § 1961–1968.  This certainly would satisfy several the bases for withdrawal under Rule 1.16.

Moreover, counsel still has an obligation to comply with F.R.C.P. Rule 11.  It is impossible for the undersigned to file pleadings on behalf of the Defendant where there is no reasonable basis to conclude that anything that Plaintiff tells counsel is truthful.  With the amount of information

WHEREFORE, the undersigned respectfully requests that he be relieved as counsel for Plaintiff and that Plaintiff be given thirty (30) days to find substitute counsel.

                                    Respectfully submitted,

                                    AF Holdings, LLC,

DATED: September 25, 2012        By:   /s/ Daniel G. Ruggiero
                                                    Daniel G. Ruggiero, Esq.
                                                    *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

A copy of this motion will be served upon Plaintiff at his last known address of:

Paul Duffy, counsel for Prenda Law
2 N. La Salle St., 13th Floor
Chicago, IL 60602

AF Holdings, LLC
c/o Mark Lutz
910 West Avenue # 1014
Miami Beach, FL 33139

Booth Sweet, LLP (via email through ECF)
32 Essex St
Cambridge, MA 02139


DATED: September 25, 2012        By:    /s/ Daniel G. Ruggiero
                                        Daniel G. Ruggiero, Esq.