## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| AF HOLDINGS, LLC, | ) | |
|  | ) | |
|      Plaintiff/Counter-Defendant, | ) | |
| v. | ) | Civil Action No. 1:12-cv-12105-JLT |
|  | ) | |
| SANDIPAN CHOWDHURY, | ) | |
|  | ) | SEPTEMBER 13, 2013 |
|      Defendant/Counter-Plaintiff. | ) | |
| _____ | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED.R.CIV.P. 55

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Defendant/Counterplaintiff Sandipan Chowdhury ("Defendant") seeks entry of a default judgment on its counterclaims against Counterdefendant AF Holdings, LLC ("Plaintiff")[1].

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

**A. Plaintiff's Fraud on the Court.**

Plaintiff's counsel, Prenda Law, Inc.,[2] is a law firm whose principals, John Steele, Paul Duffy and Paul Hansmeier, have developed a lucrative practice monetizing copyright infringement allegations of pornographic films.

> Prenda's methods exhibit a dark understanding of copyright law and the Internet, as detailed in hundreds of court documents and by the few defendants brave enough to fight back. Typically, Prenda starts by filing preliminary lawsuits against John Does identified only by their IP address, the number assigned to every computer with an Internet connection. Then it asks judges to compel Internet service providers (ISPs) such as Comcast and AT&T to surrender the names of those customers. Next, Prenda says it will sue those people unless they pay to settle the claims. When it does name someone in a suit, Prenda usually posts his name—defendants are almost always men —on its website, along with a link to the lawsuit. If a spouse or potential employer Googles the defendant, they'll learn he's been accused of stealing salacious movies such as *Sexual Obsession*.

Claire Suddath, *Prenda Law, the Porn Copyright Trolls*, Bloomberg Businessweek (May 30, 2013).[3]

_____

[1] As noted herein and in ECF No. 15-1, AF Holdings has been found to be an alias of Prenda Law, Inc. and its principals — John Steele, Paul Duffy and Paul Hansmeier — collectively referred to herein as "Plaintiff".

[2] ECF No. 15-1. *See also*, ECF No. 22-2.

[3] Available at: http://www.businessweek.com/articles/2013-05-30/prenda-law-the-porn-copyright-trolls.

### 1.   Opposing Counsel's Undisclosed Interest in and Control of the Litigation.

Prenda Law and its clients, including Plaintiff, use the Media Copyright Group, LLC ("MCG")[4] to "monitor [] and document[] Internet-based piracy of our clients' copyrighted creative works." Peter Hansmeier, MCG's sole employee and declarant, is also the brother of Prenda Law's Paul Hansmeier. John Steele has publicly stated "he and a partner [presumptively, Paul Hansmeier] spent about $250,000 to develop software that tracks illegal BitTorrent sharing from an office in Minneapolis."[5] If we are to take John Steele at his word, then Prenda Law also owns and operates the company responsible for identifying infringements.[6]

### 2.   A Stolen Identity Makes for a Straw Plaintiff.

Plaintiff alleges that it was assigned the copyright to *Sexual Obsession* pursuant to an assignment agreement. ECF No. 1 ¶ 19. The assignment agreement is dated effective June 12, 2011. ECF No. 1-2 p. 1. It bears a signature for Raymond Rogers, on behalf of assignors; and bears a signature for Alan Cooper, on behalf of assignee AF Films, LLC. ECF No. 1-2 p. 3. Yet, the only Alan Cooper to ever come forward disclaimed any association with Plaintiff.

> At the center of this issue is the identity of a person named Alan Cooper and the validity of the underlying copyright assignments. If it is true that Alan Cooper's identity was misappropriated and the underlying copyright assignments were improperly executed using his identity, then Plaintiff faces a few problems.
>
> First, with an invalid assignment, Plaintiff has no standing in these cases. Second, by bringing these cases, Plaintiff's conduct can be considered vexatious, as these cases were filed for a facially improper purpose. And third, the Court will not idle while Plaintiff defrauds this institution.

*Ingenuity 13 LLC v. John Doe*, No. 12-cv-08333-ODW, ECF No. 48 (C.D. Cal. Feb. 27, 2013). See also, *AF Holdings LLC v. John Doe*, No. 12-cv-01449-JNE, ECF No. 33 (D. Minn. June 20, 2013); *AF Holdings LLC v. Joe Navasca*, No. 12-cv-02396, ECF No. 76 (N.D. Cal April 23, 2013); *AF Holdings LLC v. Harris*, No. 12-cv-02144-GMS, ECF No. 51 (D. Az. May 17, 2013).

---

[4] MCG also operates as 6881 Forensics, a Minnesota corporation, but no such company is registered in Minnesota. Compare Declaration of Peter Hansmeier filed in *AF Holdings LLC v. Does 1-1,140*, No. 11-cv-01274, ECF No. 3-1 (D.D.C. 2011) with that filed in *AF Holdings LLC v. John Doe*, No. 12-cv-02393-CRB, ECF No. 7-1 (N.D. Cal. 2012).

[5] Steve Schmadeke, *Chicago lawyer leads fight against porn piracy*, Chicago Tribune (November 15, 2010). Available at: http://articles.chicagotribune.com/2010-11-15/news/ct-met-porn-attorney-20101115_1_face-lawsuitanti-piracy-campaign-copyright-violators.

[6] At no point that counsel is aware of, has this interest in or control over the litigation been disclosed to a court.

Plaintiff further claims to be a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis. ECF No. 1 ¶ 2. In reality, it is an alias of Prenda Law.

> [John] Steele, [Paul] Hansmeier, and [Paul] Duffy ("Principals") are attorneys with shattered law practices. Seeking easy money, they conspired to operate this enterprise and formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy.
>
> The Principals stole the identity of Alan Cooper (of 2170 Highway 47 North, Isle, MN 56342). The Principals fraudulently signed the copyright assignment for "Popular Demand" using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings. Alan Cooper is not an officer of AF Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele. There is no other person named Alan Cooper related to AF Holdings or Ingenuity 13.

ECF No. 15-1, p.3.

At the show-cause hearing before Judge Wright, John Steele, Paul Hansmeier, and Paul Duffy all invoked their Fifth Amendment privilege against self-incrimination and refused to answer any questions. *Id.* See also, *Alan Cooper v. John Steele, Prenda Law, Inc., AF Holdings, LLC and Ingenuity13, LLC*, No. 27-cv-13-3463 (4th Dist., Hennepin Cty., Minn. 2013) (wherein Plaintiff failed to answer the complaint and plaintiff moved for default).

**3.   A Manufactured Cause of Action.**

Adding to that, evidence indicating that Prenda Law not only fabricated the Plaintiff, but the cause of action as well, was filed in a related matter. *First Time Videos v. Oppold*, No. 12-cv-01493-CEH-KRS, ECF No. 37-11 (M.D. Fla. 2013). A user identified as "sharkmp4" distributed AF Holdings' films, including *Sexual Obsession*, via BitTorrent from several IP addresses. *Id.* at ¶¶ 21-26. These same IP address were used to log into John Steele's GoDaddy account, highlighting how someone at Prenda Law has full access and control over AF Holdings' works.[7]

Prenda Law represents an entire in-house copyright trolling monopoly—not designed to promote works for distribution and sale, but to allege infringement and reap profits from the threat of litigation. *AF Holdings v. Does 1-135*, No. 11-cv-0336-LHK, ECF No. 43-1 pp. 4-6 (N.D. Cal. Feb. 23, 2012).

---

[7] Even if Defendant had infringed Plaintiff's work, an "implied license" would shield him from liability because the Plaintiff has implicitly consented to the distribution of its copyrighted work. *John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.*, 322 F. 3d 26, 40 (1st Cir. 2003); see also *MacLean Assoc., Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 Fed. 769, 778-79 (3d Cir. 1991).

**B.  Factual & Procedural Background of the Instant Suit.**

On June 13, 2011, AF Holdings filed suit against 1,140 Does, including Defendant, in the

District Court for the District of Columbia, wherein it falsely claimed jurisdiction was proper

because,

> "each Defendant may be found in this District and/or a substantial part of the acts of
> infringement complained of herein occurred in this District."

*AF Holdings v. Does 1-1,140*, No. 11-cv-01274-RBW, ECF No. 1 ¶ 5 (D.D.C. June 13, 2011) ("D.C.

action"). At the time it filed its complaint in D.C. against Defendant, Plaintiff knew the court there

did not have jurisdiction over him. In fact, Plaintiff had repeatedly demonstrated it is able to

determine the proper jurisdiction based solely on the IP addresses it collects.

> "Plaintiff used geo-location technology to trace the IP address of John Doe to a point
> of origin within the State of []. Geo-location is a method for ascertaining the likely
> geographic region associated with a given IP address at a given date and time."

*AF Holdings v. Davis*, No. 12-cv-22149-JEM, ECF No. 11 ¶ 6 (S.D. Fla. Oct. 29, 2012).[8]  In part,

Plaintiff's goal was to confront Defendant with the financial and logistical burdens of defending in a

remote foreign jurisdiction to coerce settlement.

On February 2, 2012, Plaintiff voluntarily dismissed all 1,140 individuals.[9]  That action was

one of 208 John Doe lawsuits filed by Plaintiff in various in United States District Courts. In each,

Plaintiff alleges infringement of the copyright in a pornographic video entitled *Sexual Obsession*

against a total of 3,092 individuals.[10]

Plaintiff instituted the current action on November 13, 2012, premised upon the same facts as

the D.C. action and alleging copyright infringement, civil conspiracy and negligence against

Defendant. Defendant was named despite Plaintiff's prior admission that at this stage of the litigation

---

[8]  See also, *AF Holdings v. Jacobs*, No. 12-cv-04240, ECF No. 14 ¶ 6 (N.D. Ill. Nov. 12, 2012); *AF Holdings v. Hatfield*, No. 12-cv-02049-PJH, ECF No. 14 ¶ 10 (N.D. Cal. June 14, 2012); *AF Holdings v. Does 1-97*, No. 11-cv-3067, 2011 U.S. Dist. LEXIS 126225 (N.D. Cal. 2011) (finding no conspiracy because Plaintiff failed to show any of the Doe defendants exchanged any piece of the seed file with one another).

[9]  Once pressed by the D.C. court to identify those Doe Defendants it had jurisdiction over, Plaintiff chose instead to dismiss the action in its entirety. Among AFH's actions against 68 named individuals, *none* are residents of D.C.

[10]  *Agence France Presse v. Morel*, No. 10-cv-02730, 2013 U.S. Dist. LEXIS 73401, *6-9 (S.D.N.Y. May 21, 2013) (addressing the question whether an infringer (or group of joint infringers) could be held liable for multiple statutory damages awards based on the infringement of a single copyrighted work if that party was jointly liable with a number of other infringers who were not, themselves, jointly liable with one another.); *McClatchey v. Associated Press*, No. 05-cv-145, 2007 U.S. Dist. LEXIS 40416, *9 (W.D. Pa. June 4, 2007)

it does not know if the defendant is the same individual as the subscriber. Order, *id.* (D.D.C. Sept. 8, 2011); see also Order, *id.* (D.D.C. Jan. 30, 2012)[11]

Defendant waived service which was filed with his Answer and Counterclaims on January 4, 2013. ECF No. 7.

On January 30, 2013, Defendant filed a motion to require Plaintiff to post a bond of $60,000.00 in order that he be able to recover damages, attorney's fees, and costs should he prevail on his counterclaims. ECF No. 11.

On March 11, 2013, in a related matter ("California action") involving AF Holdings and its counsel, a hearing was held on an Order to Show Cause. *Ingenuity 13, LLC v. John Doe*, No. 12-cv-8333-ODW, ECF No. 48 (N.D. Cal. 2013). In the immediate days thereafter, Plaintiff initiated voluntary dismissal of numerous copyright infringement actions it had initiated in federal courts throughout the country. See, e.g., *AF Holdings v. Navasca*, No. 12-cv-02396, ECF No. 76 (N.D. Cal. 2013); *AF Holdings LLC v. John Doe*, No. 12-cv-01449-JNE, ECF No. 33, fn. 3 (D. Minn. June 20, 2013). Subsequently, Prenda Law was sanctioned, in part, for the creation of a fictitious plaintiff—namely, AF Holdings, on May 6, 2013.[12]

Defendant filed a copy of this Order with the Court on May 8, 2013. ECF No. 15-1.

On June 17, 2013, this Court held a hearing on, inter alia, Defendant's motion to post bond. Plaintiff opted not to appear and instead, emailed this Court stating no opposition to Defendant's motion. ECF No. 20. As a result of the foregoing, this Court issued an order on June 19, 2013 requiring Plaintiff to post a bond of $60,000.00. ECF No. 20.

On July 10, 2013, Defendant moved for an entry of default, citing Plaintiff's failure to answer for his outstanding counterclaims and failure to post bond. ECF No. 21.

Citing a host of ethical concerns, local counsel for Plaintiff filed a motion to withdraw on August 14, 2013. ECF No. 22. This motion was allowed on August 20, 2013. ECF No. 23.

---

[11] See also, *Hatfield*, at ECF Nos. 1 & 14 n.1 (Apr. 24, 2012 & June 14, 2012, respectively); *Botson*, at ECF No. 1 n. 1 (N.D. Cal. Apr. 24, 2012).

[12] In all, Prenda has been ordered to pay $81,319.72 in sanctions in *Ingenuity13 v. Doe*, No. 12-cv-08333-ODW, ECF No. 130 (C.D. Cal. May 6, 2013); $9,425 in *AF Holdings LLC v. Trinh*, No. 12-cv-02393, ECF No. 45 (N.D. Cal. Feb. 25, 2013); and $22,531 in *AF Holdings LLC v. Navasca*, No. 12-cv-02396-EMC, ECF No. 100 (N.D. Cal. July 22, 2013) where US District Judge Edward Chen is also considering a motion for sanctions. Together with the Merkel fine *of* $63,367.02 (*Guava v. Merkel*, No. 27-cv-12-20976 (4th Dist., Hennepin Cty., MN Aug. 30, 2013)), the grand total of Prenda-related fines—which Prenda has refused to pay—is $176,642.74.

On August 29, 2013 this Court allowed Defendant's motion for entry of default (ECF No. 25) which was noticed by the Clerk on September 3, 2013. ECF No. 26.

On September 13, 2013, Defendant sent Plaintiff's "national counsel" copies of this motion and memorandum. Exhibit A.

Plaintiff will also have sent, via certified mail, filed copies to Mark Lutz of AF Holdings, at his listed address.

## II. DAMAGES

Defendant's Chapter 93A claim is based on allegations that Plaintiff was engaged in a scheme to defraud him and used the instant lawsuit to add a veneer of legitimacy to their claims. Answer, ECF No. 7, ¶¶ 12-15. In addition, Defendant alleges that Plaintiff was not only a knowing participator in the alleged scheme, but in fact designed it. *Id.*

The Answer and subsequent filings sufficiently documents such behavior by Plaintiff. Plaintiff's firm and its attorneys far surpassed mere representation of AF Holdings; rather, it created AF Holdings as a shell company to engage in a settlement model designed to avoid litigating claims, legitimate or otherwise. Indeed, the First Circuit has held that conduct in the context of litigation may form the basis for a Chapter 93A claim. *St. Paul Fire and Marine Ins. Co. v. Ellis & Ellis*, 262 F.3d 53, 56 (1st Cir. 2001). Bringing a lawsuit, in spite of evidence showing that a claim is frivolous, can support a claim for unfair and deceptive practices under Chapter 93A. *Tsagaroulis v. Fed. Home Loan, Mortg. Corp.*, No. 99-11349- JGD, 2001 U.S. Dist. LEXIS 18235 (D. Mass. Oct. 23, 2001); *e.g., Refuse & Envtl. Sys., Inc. v. Indus. Servs. of America, Inc.* 932 F.2d 37, 43 (1st Cir. 1991) ("bringing [a] lawsuit in spite of the evidence" can be a 93A violation). *See, Quaker State Oil Ref. Corp. v. Garrity Oil Co.,* 884 F.2d 1510, 1513-14 (1st Cir. 1989) (a party may bring a claim under c. 93A against another party which willfully filed a baseless lawsuit). In this case, Defendant has plausibly alleged that Plaintiff filed a fraudulent suit with the ulterior motive of forcing a "settlement" from him, not litigating the merits. *Northeast Data Sys., Inc. v. McDonnell Douglas Computer Sys. Co.*, 986 F.2d 607, 611 (1st Cir. 1993).

The proper measure of damages which Defendant suffered were foreseeable by the Plaintiff and are casually connected to their unfair and deceptive acts. *Haddad v. Gonzalez*, 410 Mass 855 (1991); *Multi Technology, Inc. v. Mitchell Management Systems, Inc.*, 25 Mass. App. Ct. 333 (1988).

The total base amount of damages claimed by Defendant is $21,393.60 which Defendant respectfully requests to be trebled, with costs and attorney's fees awarded pursuant to G.L. c. 93A.

**WHEREFORE**, Defendant respectfully requests that this Court enter a Default Judgment against Plaintiff and its known aliases, in accordance with this Court's default granted on August 29, 2013 and thus grant Defendant the relief discussed above and further bolstered in the attached supporting Affidavit, attached hereto as Exhibit B.

Dated: September 13, 2013                    Respectfully,

/s/ Jason Sweet
Jason E. Sweet (BBO# 668596)
Email: jsweet@boothsweet.com
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Sandipan Chowdhury*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Jason Sweet
Jason E. Sweet