# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____ )
                              )
AF HOLDINGS, LLC,             )       Civil Action No. 1:12-cv-12105-JLT
                              )
      Plaintiff/Counterdefendant,   )
v.                            )
                              )
SANDIPAN CHOWDHURY,           )
                              )
      Defendant/Counterplaintiff.  )
_____ )

### DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF AN ORDER FILED IN A RELATED PROCEEDING AND IN SUPPORT OF DEFENDANT'S MOTION FOR DEFAULT JUDGEMENT

Pursuant to Federal Rule of Evidence 201, Defendant/Counterplaintiff Sandipan Chowdhury ("Defendant") respectfully requests that the Court take judicial notice of the Order Issuing Sanctions, filed in a related matter involving Plaintiff AF Holdings, LLC ("Plaintiff"). *AF Holdings, LLC v. Joe Navasca*, No. 12-cv-02396, ECF No. 116 (N.D. Cal. Sept. 16, 2013) ("Order"). The Order, a true and accurate copy of which is attached hereto as Exhibit A, provides further support for Defendant's motion for default judgement (ECF No. 28) against Plaintiff AF Holdings.

### I. LEGAL STANDARD

Under Federal Rule of Evidence 201(b)(2), the Court is entitled to take judicial notice of facts that are not subject to reasonable dispute in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Court may take judicial notice, whether requested or not, at any stage of the proceeding. Fed. R. Evid. 201(c); (f). Judicial notice is mandatory when properly requested by a party who supplies the Court with the necessary information. Fed. R. Evid. 201(d). "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990). "[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

## II. ARGUMENT

The Order is a public record filed in federal court in California. Its existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" Fed. R. Evid. 201(b)(2). As such, its existence is properly the subject of judicial notice.

As Defendant has noted, Plaintiff brought its initial action in the U.S. District Court for the District of Columbia against 1,140 unnamed John Does to obtain, through discovery, information identifying Defendant and other alleged co-conspirators. (ECF No. 7, ¶6). As Defendant has noted, Plaintiff brought its D.C. and Massachusetts actions in "an attempt to leverage embarrassing accusations into [a] 'settlement[].'" (ECF No. 12 p. 12). Defendant further alleged that Plaintiff and its counsel, Prenda Law, appeared to be engaged in widespread fraud. (ECF No. 7, ¶¶12-14). On May 6, 2013, those allegations were proven true.

> Steele, Hansmeier, and Duffy ("Principals") are attorneys with shattered law practices. Seeking easy money, they conspired to operate this enterprise and formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy.

ECF No. 15-1, at ¶ 1. The *Navasca* court adopted Judge Wright's findings of fact in full and held that Prenda Law's Principals may be personally liable for the attorneys' fees and costs. See, Exhibit A.

These findings of fact are directly pertinent to the matters at hand. Defendant has actively defended himself from Plaintiff's attempts to obtain settlement from him. Those attempts were tainted by collusion and fraud, they were vexatious, and further warrant the relief requested in Defendant's counterclaims and pending motion for default.

### III. CONCLUSION

**WHEREFORE**, Defendant Chowdhury respectfully requests that the Court take judicial notice of the Exhibit attached hereto, and grant Defendant such other and further relief to which he is entitled.

Dated: September 23, 2013                    Respectfully,


                                             /s/ Jason E. Sweet
                                             _____

                                             Jason E. Sweet (BBO# 668596)
                                             Email: jsweet@boothsweet.com
                                             BOOTH SWEET LLP
                                             32R Essex Street
                                             Cambridge, MA 02139
                                             Tel.: (617) 250-8602
                                             Fax: (617) 250-8883

                                             *Counsel for Sandipan Chowdhury*


## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.



                                             /s/ Jason E. Sweet
                                             _____

                                             Jason E. Sweet