**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

2013 NOV 12 P 2:17

AF HOLDINGS, LLC,

Plaintiff,

v.

SANDIPAN CHOWDHURY,

Defendant.

Civil Action No. 1:12-cv-12105-JLT

**DECLARATION OF PAUL DUFFY IN SUPPORT OF HIS MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT**

Pursuant to Fed. R. Civ. P. 60(b), non-party Paul Duffy respectfully asks that the Court vacate the Default Judgment as void. The Default Judgment is void because Duffy was never designated as a party to the action or served with process. Further, the Court erred as a matter of law in entering judgment for the amount that counter-Plaintiff Sandipan Chowdhury demanded, absent evidence that it was an appropriate measure of damages. Finally, the Default Judgment should be vacated under Rule 60(b)(3).

## I. FACTS

AF Holdings filed this case on November 13, 2012, against Defendant Sandipan Chowdhury, asserting claims of copyright infringement, contributory infringement and negligence. (ECF No. 1.) Defendant answered and counterclaimed against Plaintiff. (ECF No.7.) After Plaintiff's motion to dismiss (ECF No. 9) was denied (ECF No. 20), Plaintiff failed to answer Defendant's counterclaims. On July 10, 2013, Defendant moved for an entry of default against AF Holdings (ECF No. 21) and that request was granted. (ECF No. 26.) On September

13, 2013, Defendant filed a motion for a default judgment against AF Holdings. (ECF No. 29.) That motion was granted shortly thereafter. (ECF No. 31.) On October 17, 2013, Defendant filed a motion that was titled, "Motion For Final Approval Of Form Of Default Judgment." (ECF No. 32.) In this motion, Defendant sought expansive findings and an entry of judgment against several individuals and a business entity, none of whom were parties to the action, had been served with process or had a default entered against them by the clerk. This request was granted five days later (ECF No. 33) and final judgment issued.

Duffy has never been designated as a party to this action, never served with process and has not otherwise received copies of any paper filed in this matter, with the narrow exception that he received a copy via first-class U.S. mail of the default judgment motion in which Chowdhury sought relief against AF Holdings exclusively. (ECF No. 28.) He has never received a prior or subsequent paper, including, importantly, the motion which sought to have judgment entered against him. He objects to this Court's exercise of personal jurisdiction and has never waived service of process.

## II. ARGUMENT

The Court must set aside the Default Judgment because it is void as a matter of law and dismissal is non-discretionary under Rule 60(b)(4). Default judgments are not available against persons who have not been designated as parties and who were never served with process. Proper service of process, for example, is an absolute prerequisite to the exercise of personal jurisdiction, and any judgment entered in the absence of personal jurisdiction is void. The Default Judgment also must be vacated inasmuch as it improperly awards Chowdhury a recovery not sought in the *ad damnum* clause of the Complaint, that is not a "sum certain" within the meaning of Rule 55(b), and that is not even recoverable under the statute giving rise to

Chowdhury's counterclaims. At a minimum, applicable First Circuit authority required the Court to hold a hearing to establish damages, in the absence of which the Default Judgment must be vacated. The Default Judgment also must be vacated under Rule 60(b)(3) in view of Chowdhury's fraud, misrepresentations and misconduct.

**A. The Default Judgment Is Void As Entered Against A Nonparty And For Lack Of Service.**

1. A Default Judgment Entered Against A Nonparty Who Is Not In Default Is Void.

"It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party…." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940). "A Judgment rendered in such circumstances is not entitled to the full faith and credit which the Constitution and statute of the United States prescribe, and judicial action enforcing it against the person or property of the absent party is not that due process which the Fifth and Fourteenth Amendments require." *Id.* at 40-41.

Fed. R. Civ. P. 55(a) reads:

> When a *party* against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the *party's* default.

(emphasis added).

The docket reflects that the only parties to this action are AF Holdings, LLC and Sandipan Chowdhury. The only person whom the clerk entered default against was AF Holdings LLC. Yet, contrary to Supreme Court precedent and the plain language of Rule 55, Chowdhury sought a default judgment against not only AF Holdings, but five non-parties, including Duffy.[1] A default

[1] Chowdhury attempted to justify his attempt by labeling the five non-parties as AF Holdings' "aliases" in his final proposed order to the Court. Yet, Chowdhury cannot obtain judgment—and in particular a default judgment—against persons whom he himself has not named and served as

judgment entered against a non-party is void; as such, the judgment as to the non-parties, including Duffy, must be vacated. *Hansberry*, 311 U.S. at 40. Unlike other Rule 60(b) grounds, a motion under Rule 60(b)(4) leaves no room for discretion: if the judgment is void, the Court must vacate it. *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988). *See also* 11 Wright, Miller & Kane, *Federal Practice & Procedure* § 2862 (2d ed.) ("Either a judgment is void or it is valid [and] … when that question is resolved, the court must act accordingly.").

2. A Judgment Based On Defective Service Of Process Is Void.

Fed. R. Civ. P. 60(b)(4) requires a void judgment to be set aside:

> The governing principles are that a default judgment issued without jurisdiction over a defendant is void, that it remains vulnerable to being vacated at any time, and that such jurisdiction depends on the proper service of process or the waiver of any defect.

*M & K Welding, Inc. v. Leasing Partners, LLC*, 386 F.3d 361, 364 (1st Cir. 2004). *See also Shank/Balfour Beatty v. IBEW Local 99*, 497 F.3d 83, 94 (1st Cir. 2007) ("When judgment is entered against an entity never properly served as a party to the case, the judgment is 'void' within the meaning of Rule 60(b)(4).")

Proper service of process is a prerequisite to the exercise of personal jurisdiction:

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. … [T]here must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There must also be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (quotation omitted). *See also Jardines Bacata, Ltd. v. Diaz-Marquez*, 878 F.2d 1555, 1559 (1st Cir. 1989) ("the district

---

defendants. A non-party, after all, cannot possibly be in default with respect to a pleading that he or she has no standing to respond to.

court acquires jurisdiction over a defendant only by service of process…."); *Williams v. Jones*, 11 F.3d 247, 254-55 n.11 (1st Cir. 1993) (vacating judgment and remanding for service of process).

Proper service is also a prerequisite to entry of default judgment. *See, e.g., Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) (ruling that before entering default judgment, a district court must address the threshold issue of whether it has personal jurisdiction over the parties). After all, a party has no duty to plead until properly served. Once service is challenged, it is the plaintiff's burden to prove proper service. *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). Actual knowledge of the lawsuit is insufficient. *Omni Capital*, 484 U.S. at 104; *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 24 (1st Cir. 1992).

Here, Chowdhury provides no evidence or indication that he served any of the non-parties with his papers for default judgment. Duffy received a copy of Chowdhury's motion for default judgment against AF Holdings via first-class U.S. mail (ECF No. 28), but that is all he received. *See* Duffy affidavit. He also received what Defendant's counsel suggested was draft of the proposed motion by e-mail; however, Duffy has specifically informed Defendant's counsel that he does not consent to service by e-mail, and informed him of that in response to the message from Defendant's counsel. Duffy was thus not served with Chowdhury's memorandum of law, proposed order or any prior or subsequent filings. On its face, Chowdhury's motion for default judgment did not seek default against Duffy, but against AF Holdings. Duffy had no standing to object to the motion. Further, a courtesy copy of a motion is no substitute for proper service of process under Federal Rule of Civil Procedure 4. There is literally no evidence in the

record that proper service was accomplished on any of the non-parties. Absent proper service, the court may not exercise jurisdiction, and any judgment is void.

**B. The Default Judgment Is Void As It Violates Fed. R. Civ. P. 54(c)**

Under Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Where a complaint does not demand a certain form of relief, a default judgment that includes the relief "differs in kind from" the relief requested, and also causes the judgment to exceed the amount demanded. As such, it violates Rule 54(c), and is "null and void." 10 Wright, Miller, & Kane, *Federal Practice and Procedure ("Federal Practice)*, § 2663 (2d ed.); *Silge v. Merz*, 510 F.3d 157, 159 (2d Cir. 2007); *Akula v. Airbee Wireless, Inc.*, 2009 WL 1248118, at *1 (E.D. Va. Mar. 3, 2009).

In relevant part, Defendant's prayer for relief includes demands for his costs and reasonable attorneys' fees and for an unspecified damages award. His prayer for relief does not include a request for judgment against Duffy or any of the other non-parties, for "interest as provided by law" or for a trebling of his attorneys' fees. (*Compare* ECF No. 7 at 20 *with* ECF No. 34.) Each of these inconsistencies independently renders the Default Judgment "null and void."

**C. The Court Should Vacate The Default Judgment Under Rule 60(b)(1) Because The Court Erred In Awarding Damages In The Amount Of $64,180.80**

1. The Complaint Did Not Demand A "Sum Certain" And The Court Was Required To Hold A Hearing To Establish Damages.

A default judgment establishes liability only, *KPS & Assocs, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003), and Chowdhury may not avoid his burden to prove that he suffered quantifiable damages and the specific amount. *Schmitt v. Seward*, 2010 WL 3001188, at *1 (D. Mass. July 28, 2010) (default judgment damages must be proved "to a reasonable certainty") (citing *Allens Mfg. Co. v. Napco, Inc.*, 3 F.3d 502, 505 (1st Cir. 1993)).

Under Rule 55(b)(2), the court "may conduct hearings or make referrals" to determine the proper amount of damages. The Rule on its face does not *require* the court to conduct hearings; however, a failure to do so typically is an abuse of discretion. *KPS*, 318 F.3d at 19. Only in "limited situations" may a court determine damages without an evidentiary inquiry, such as when a "sum certain" is demanded, there is a liquidated damages clause, or damages are fixed by operation of law. *Id.* at 20. Otherwise, a court may dispense with hearings only rarely, such as where the record already reflects sufficient evidence to support the amount demanded. *Id.* None of these circumstances are present here.

Duffy respectfully submits that, in entering a default judgment based on Chowdhury's submissions and without conducting an evidentiary hearing on both the existence and the amount of the purported damages, the Court abused its discretion. There is no evidentiary—or even logical—support for the conclusion that $21,393.60—trebled to 64,180.80—is the proper measure of damages in this case. Chowdhury provided no evidence of damages at all, let alone precisely $21,293.60 worth of damages; Chowdhury did not even attempt to justify his request to treble those damages. A court, of course, may not treble damages absent specific findings that a multiplier is justified, and that a particular multiplier is warranted. *KPS*, 318 F.3d 17-18; *see also Multi Tech. v. Mitchell Mgmt. Sys.*, 25 Mass. App. 333, 336 (1988).

Further, there are several patent defects with Defendant's damages calculation. First, the Final Judgment states that the Defendant's "damages" are, in reality, the attorneys' fees he incurred throughout the pendency of this litigation. (*See* ECF No. 34.) Yet, on its face, the Massachusetts Consumer Protection Act distinguishes between actual damages and attorneys' fees—and only the former may be doubled or trebled. *See* G.L.c. 93A § 11 ("A person may assert a claim … for money damages only. Said damages may include double or treble damages,

attorneys' fees and costs."). Thus, Defendants' request to treble his attorneys' fees was improper. None of the cases cited in Defendant's memorandum of law in support of his motion for default judgment justifies Defendant's request to treble his attorneys' fees. (*See* ECF No. 29) Nor does the Final Judgment contain sufficient findings to support a doubling or trebling of Defendant's attorneys' fees.

Second, according to Defendant's attorney's affidavit, the total amount of attorneys' fees that the Defendant "incurred" during the pendency of the litigation was $21,393,60. (ECF No. 29-2) Yet, as Defendant's attorney's affidavit makes clear, Defendant's counsel engaged in substantial activities that were unrelated to Defendant's Section 93A counterclaim. (*Id.*) Only those attorneys fees associated with successful 93A claims are even potentially recoverable. *See Jet Line Services, Inc. v. American Employers Ins.*, 537 Mass. 706, 709 (1989) (reducing award of attorneys' fees under G.L.C. 93A, § 11 by amounts extraneous to successful 93A claims.) Defendant's entitlement to attorneys' fees under Section 93A is limited to the time actually spent with respect to those claims. The Final Judgment makes no finding that would support the proposition that the entirety of the fees Defendant incurred are recoverable.

2. The Court May Correct Its Mistake Of Law Under Rule 60(b)(1)

Rule 60(b)(1) allows relief from a judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." The First Circuit has held that, in the context of *non*-default judgments, Rule 60(b)(1) may not be used to correct a court's mistake of law. *Silk v. Sandoval*, 435 F.2d 1266, 1267-68 (1st Cir. 1971). Other Courts of Appeal have held otherwise. *E.g., United Airlines, Inc. v. Brien*, 488 F.3d 158, 175 (2d Cir. 2009). More recently, however, the First Circuit has suggested that, in the case of default judgment awards, a court may correct its error under Rule 60(b)(1).

> If *Silk* is correct about the limited scope of Rule 60(b) and so are the courts that say that Rule 59(e) may not be used to challenge a default judgment, then a party in default would never be able, by motion in the district court, to bring to that court's attention an error of law in the default judgment. Of course, the party could appeal the judgment to the court of appeals, but it would be odd and inefficient to preclude the party in default from first seeking relief based on error of law from the district court. ... That particular problem would be exacerbated if, as happened here, the defaulted party also failed to appear at the hearing on the amount of the default judgment. In such circumstances, the defaulting party could never get a hearing before the district court on its argument that the amount embodied in the default judgment is based on an error of law. That might make sense as a strong medicine to encourage parties not to default, but it also could lead to uncorrected basic legal errors.

*Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 189 (1st Cir. 2004).

Duffy respectfully submits that, under *KPS*, the First Circuit will conclude that the failure to hold an evidentiary hearing was an abuse of discretion and will vacate and remand for a proper determination. As the *Venegas-Hernandez* court observed, this would be inefficient and would deprive the Court of its ability to correct legal errors. If the Court does not vacate the Default Judgment as being void, Duffy asks that it vacate under Rule 60(b)(1) and hold Chowdhury to his burden of proving both the existence and the amount of his alleged damages.

### D. The Default Judgment Should Be Vacated Under Rule 60(b)(3) On The Basis Of Chowdhury's Fraud, Misrepresentations And Misconduct

Finally, Chowdhury obtained his default judgment against Duffy and the other non-parties through extraordinarily inappropriate tactics that rise to the level of fraud, misrepresentation, or, at a minimum, misconduct. Chowdhury's counterclaims were asserted against AF Holdings, and no one else. (ECF No. 7.) His request to the Clerk of Court for entry of default was made with respect to AF Holdings alone. (ECF No. 21.) His motion for default judgment was made against AF Holdings, and not the non-parties. (ECF No. 32.)

Yet, after his motion for default judgment was granted against AF Holdings, Chowdhury filed a document titled, "Motion for Final Approval of Form of Default Judgment." (ECF No. 32.) With that motion—which should have constituted a ministerial act that fairly summarized the prior holdings in this matter—Chowdhury greatly altered the form and scope of the default judgment. Specifically, among other things, it added five judgment debtors who were not parties to the case, were not in default, and who were not subject to the Court's jurisdiction. Further, the document was *not* served on Duffy, or to Duffy's knowledge, any other non-party. In other words, Chowdhury, or more accurately his counsel, defrauded the Court by submitting a proposed order that differed materially than what he was entitled to vis-à-vis his motion for default judgment. He further defrauded the non-parties by seeking relief against AF Holdings throughout the entire action, only to at the last minute insert new names into the judgment without notice or an opportunity to be heard. Such actions are extraordinarily inappropriate and warrant vacating the default judgment.

For the Court's reference, this is not the first time that Chowdhury's attorneys have engaged in similar misconduct. Six months ago, in a separate case, Chowdhury's attorneys filed a motion for attorneys' fees that named Duffy as a respondent. There, as here, Chowdhury's attorneys did not serve the motion on Duffy and Duffy was never on notice of it. The motion was granted late last week and Duffy has already moved the court to vacate its order on the grounds that Chowdhury's attorneys failed to serve their motion. This Court should take steps to deter Chowdhury's attorneys from engaging in similar future misconduct.

**CONCLUSION**

For the foregoing reasons, Duffy requests the Court vacate the Default Judgment.

November 7, 2013

Respectfully submitted,
PAUL A. DUFFY

By: /s/

Paul Duffy, Esq.
Duffy Law Group
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
Telephone: (312) 952-6136
Dated: November 7, 2013