Brett L. Gibbs, Esq. (SBN 251000)
28 Altamont Avenue
Mill Valley, CA 94941
415-381-3104
brett.gibbs@gmail.com

*In Propria Persona*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> JOHN DOE, <br><br> *Defendant*. | CASE NO. 2:12-CV-08333-ODW (JCx) <br><br> Judge: Hon. Otis D. Wright, II <br> Magistrate Judge: Hon. Jacqueline Chooljian <br><br> **DECLARATION OF BRETT L. GIBBS SUPPORTING MOTION FOR INDICATIVE RULING** <br><br> Date: November 18, 2013 <br> Time: 1:30 p.m. <br> Ct. Room: 11 – Spring St. Floor |

I, Brett L. Gibbs, declare as follows:

1. I am an attorney at law, licensed to practice in California, and admitted in the United States District Court in the Central District of California. My address is 28 Altamont Avenue, Mill Valley, CA, 94941.

2. Attached as Exhibit A is a true and correct copy of a document entitled "Release and Settlement Agreement," sent to me via email on May 16, 2013 from the email address "lutzy199@gmail.com."

3. Attached as Exhibit B is a true and correct copy of a document entitled "Indemnity Agreement," sent to me via email on May 16, 2013 from the email address "lutzy199@gmail.com."

4. Attached as Exhibit C is a true and correct copy of a document entitled, in part, "Ongoing Obligations," sent to me via email on May 22, 2013 from the email address "pduffy@pduffygroup.com."

5. Attached as Exhibit D are true and correct copies of a emails sent to me on February 7, 2013 and April 12, 2012 from the email address "johnlsteele@gmail.com."

6. Attached as Exhibit E is a true and correct copy of a document entitled, in part, "Prenda Law Profit and Loss Detail," which was deposited into a "Dropbox" account on my computer in early 2013.

7. Attached as Exhibit F is a true and correct copy of a document entitled, in part, "Prenda Law Balance Sheet Detail," which was deposited into a "Dropbox" account on my computer in early 2013.

8. Attached as Exhibit G, are true and correct .pdf copies of Google Street View images of the home located at 635 South Vanderwall Avenue, West Covina, California 91790.

9. I received a phone call from Paul Hansmeier ("Hansmeier") in March, 2011 asking if I would be interested in working for a law firm called Steele Hansmeier PLLC.

10. Hansmeier had been my assigned roommate during my first year at the University of Minnesota Law School (2004-2005). Before that phone call from Hansmeier, however, I had not spoken with him since transferring to the University of California, Hastings College of Law in 2005.

11. In March of 2013, I was nearing the end of 20 months of debilitating surgeries, radiation and chemotherapy treatments for brain cancer. I had been unable to work in the legal field since my diagnosis had forced me to leave my job with a small Oakland law firm. When Hansmeier contacted me, I was still not ready to return to a full-time position.

12. I accepted Hansmeier's offer to work at Steele Hansmeier, handling all litigation in California. There was an explicit understanding that I would only work as many hours per week as I and my doctors thought advisable.

13. I worked for Steele Hansmeier PLLC and its successor, Prenda Law, Inc., from late March 2011 until late February 2013. Until mid-2012, I worked entirely out of my home.

14. I have testified in several courts, through declarations and in person, regarding the operations of Steele Hansmeier PLLC and Prenda Law, Inc., and my

3

knowledge of the activities and roles of John Steele, Paul Hansmeier and Paul Duffy in those companies. In all instances, I have testified truthfully.

15. During the period that I worked for Steele Hansmeier PLLC and Prenda Law, Inc., I talked with John Steele and/or Paul Hansmeier weekly, sometimes daily, and sometimes several times per day. I have telephone billing records of hundreds of hours of calls with these individuals during this period.

16. After the May 6 Order was filed, Paul Hansmeier telephoned me in an attempt to persuade me to work in concert with the Principals on the appeal.

17. When Mark Lutz and John Steele filed bar complaints against me, Mark Lutz (or someone on his behalf) forwarded a copy of his complaint to Dan Browning, a reporter at the Minneapolis *Star Tribune,* from the email address admin@livewireholdings.com, signed: "Regards, Mark."

18. Approximately one month before I left Prenda Law, Paul Hansmeier told me, in a telephone conversation, that he and John Steele each owned 50% of a side-business called Under the Bridge Consulting. I did not understand the implications of this statement until seeing payments to Under the Bridge Consulting in the accounting documents attached as Exhibits E and F.

19. After reviewing Exhibits E and F, I have concluded that Prenda Law had other bank accounts besides the one operating account which is detailed in those Exhibits.

20. I believe that I was intentionally misled by John Steele and Paul Hansmeier in many ways. I unknowingly filed documents containing the forged signature of Alan Cooper. I testified that I complied with this Court's October 19, 2012 Order vacating early discovery because of false statements to me by Paul Hansmeier. I was completely unaware that they were seeding films on The Pirate Bay, misusing the identity of Alan Cooper, pretending that Plaintiffs which they owned were independent clients in which they had no financial interest, and engaging in a range of deceptive and fraudulent activities.

21. Prior to the August 28, 2013 hearing in the *Navasca* case, I had not seen or known of the "Engagement Letter" which Duffy questioned me about at that hearing. I believe that it was created after the fact to misrepresent my supposed role and downplay the day-to-day involvement of Steele, Hansmeier, and Duffy.

22. I apologize to this Court for mischaracterizing the property at 635 South Vanderwall Avenue in West Covina as "a very large estate." I did not intend to mislead this Court by using this erroneous subjective characterization. I hope that this Court understands that what it first perceived as a lie was an inadvertent mistake that was not intended to deceive.

23. I did not knowingly ignore any Court order in this case. I did not ever testify or act in bad faith before this Court.

24. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct based on my own personal knowledge, except for those matters stated on information and belief, and those matters I believe to be true. If called upon to testify, I can and will competently testify as set forth above.

**DATED: October 17, 2013.**

By:    /s/ Brett L. Gibbs
        BRETT L. GIBBS