# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF HOLDINGS, LLC, | Civil Action No. 1:12-cv-12105-JLT |
| Plaintiff/Counterdefendant, | |
| v. | |
| SANDIPAN CHOWDHURY, | |
| Defendant/Counterplaintiff. | |

## [PROPOSED] ORDER

Having considered Defendant/Counterplaintiff Sandipan Chowdhury's ("Chowdhury") motion to find the Plaintiff/Counterdefendant AF Holdings, LLC and its aliases Prenda Law, Inc., John Steele, Paul Hansmeier, Paul Duffy, and Mark Lutz (collectively, "the Prenda parties") in contempt of this Court; and having found that the Prenda parties have not complied with the terms of the Judgment (ECF No. 34) "So Ordered" by this Court and entered on October 22, 2013, it is hereby;

I. **ORDERED, ADJUDGED AND DECREED** that the Prenda parties are in civil contempt of Court by reason of their failure to timely satisfy the terms of the Judgment entered by this Honorable Court on October 22, 2013; and

II. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Prenda parties may only purge themselves of contempt by:

1. paying to Chowdhury within five (5) days of this Order being "So Ordered," $64,180.80 in damages due under the terms of the Judgment;
   a. If the Prenda parties do not comply within the five day period, the Court hereby imposes a penalty of $1,000 per day, per person or entity, until the Judgment is paid or a bond for the same amount is posted.
2. paying to Chowdhury within five (5) days of this Order being "So Ordered," an additional $23,000 to satisfy Chowdhury's attorney's fees and costs incurred in 1) bringing this action to enforce the Judgment, and 2) in responding to Steele and Hansmeier's motions to set aside the Judgment; and

3. posting an additional bond in the amount of $100,000 to cover costs on appeal, which includes attorney's fees since the underlying case is a copyright case. *Int'l Floor Crafts, Inc. v. Dziemit*, 420 Fed. App'x. 6, 17 (1st Cir. Mass. 2011). Failure to post the bond within 14 days shall result in the imposition of additional sanctions.

4. Any bond posted with the Court is subject to the following conditions, each of which shall be deemed a part of the bond itself:

   a. The bond shall be payable to and enforceable by "Booth Sweet LLP."
   b. The bond is made joint and several and may be executed upon if any of the parties to the bond fails to reverse the monetary portion of the Judgment on appeal as to him or it. In other words, if the fee award survives as against any party, the bond may be executed upon even if other parties prevail on appeal.
   c. The Prenda parties, as well as the surety, are estopped from arguing in any Court other than this one that execution on the bond should be stayed, avoided or otherwise forestalled. This expressly includes an attempt to circumvent execution of the bond through bankruptcy proceedings. The only valid reason to prohibit executing on the instant bond (as amended) should be if all of the Prenda parties prevail on the monetary portion of all of their appeals, as determined by this Court.
   d. The surety and the Prenda parties relying upon the bond for security shall execute and acknowledgment recognizing the validity of these conditions. Any party who fails to execute and file such an acknowledgment on the docket within seven (7) days shall be deemed in violation of this Court's order.

5. Failure to abide by the terms of this Order will result in the incarceration of the Prenda parties until complied with.

**IT IS SO ORDERED.**

DATED:

                                                          _____
                                                          HON. JOSEPH L. TAURO
                                                          United States District Judge