UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AF HOLDINGS, LLC,<br><br>       Plaintiff/Counterdefendant,<br>v.<br><br>SANDIPAN CHOWDHURY,<br><br>       Defendant/Counterplaintiff. | Civil Action No. 1:12-cv-12105-JLT |

**MEMORANDUM IN SUPPORT OF DEFENDANT/COUNTERPLAINTIFF'S MOTION FOR A FINDING OF CONTEMPT AND AN ORDER OF SANCTIONS**

> If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls the "judicial power of the United States" would be a mere mockery.
>
> —*Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 450 (1911).

## I. INTRODUCTION

Counterplaintiff Sandipan Chowdhury ("Chowdhury"), in support of his motion for a finding of civil contempt of its September 30, 2013 order, entered as final judgment on October 22, 2013 (the "Judgment") jointly and severally against Plaintiff/Counterdefendant AF Holdings, LLC ("Counterdefendant" or "AFH"), and its aliases Prenda Law, Inc. ("Prenda"), John Steele ("Steele"), Paul Duffy ("Duffy"), and Paul Hansmeier ("Hansmeier"), and Mark Lutz (collectively, "the Prenda parties") for their failure to timely satisfy the Judgment, states as follows.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

The Court's familiarity with the underlying facts and protracted procedural history of this case is presumed. Nonetheless, some reiteration is warranted.

1. On January 30, 2013, Chowdhury moved for an order requiring AFH to post a $60,000 bond to guarantee his ability to recover damages, attorney's fees, and costs should he prevail on his counterclaims. ECF No. 11.

2. The Prenda parties made no objection to the request, and the Court granted the bond motion on June 19, 2013. ECF No. 20. More than 187 days later and the Prenda parties still have not posted bond as ordered.

3. When AFH failed to timely answer the counterclaims, Chowdhury requested notice of default on July 10, 2013. ECF No. 21.

4. On August 29, 2013, the Court allowed Chowdhury's motion, ECF No. 25, and notice of default was entered by the Clerk, ECF No. 26.

5. On September 13, 2013, Chowdhury moved for default judgment on his counterclaims. ECF No. 28.

6. None of the Prenda parties filed an opposition to the motion for default judgment. The Court entered an endorsed order allowing the motion without opposition on September 30, 2013. ECF No. 31.

7. On October 17, 2013, Chowdhury moved for approval of the final judgment in a form dismissing AFH's claims with prejudice and granting the relief sought in Chowdhury's counterclaims, with his attorney's fees and costs trebled pursuant to Chapter 93A. ECF No. 32.

8. On October 22, 2013, the Court issued a final judgment wherein the Prenda parties were held jointly and severally liable. ECF Nos. 33 & 34. More than 60 days later, this Judgment remains unsatisfied.

9. Steele moved to set aside the default judgment on November 6, 2013. ECF Nos. 36 & 37. Hansmeier did the same on November 7, 2013. ECF Nos. 38 & 39. Duffy did the same through a declaration, rather than a motion, on November 12, 2013. ECF No. 41.

10. On December 3, 2013, the Court issued its order denying the Prenda parties' motions to set aside the default judgment. ECF No. 43.

11. On December 16, 2013, Hansmeier, Steele, and Duffy gave notice of an appeal. ECF No. 45.

12. No one has moved to stay the judgment against the Prenda parties. The judgment has not been satisfied.

### III. LEGAL STANDARD

Courts enjoy a broad inherent contempt power[1] to ensure compliance with court orders and judgments. *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 831 (1994); *see also Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 451 (1911) ("the courts of the United States 'shall have power to punish by fine or imprisonment contempts of their authority …' including 'disobedience … by any party to any lawful order … of the said courts.'"). An act or omission in

---

[1] Contempt of a federal court consists in 1) misbehavior by any person in the court's presence or so near thereto as to obstruct the administration of justice; or 2) misbehavior of any of its officers in their official transaction; or 3) disobedience or resistance to a court's lawful writ, process, order, rule, decree or command. 18 U.S.C. § 401. Although 18 U.S.C. § 401 is a criminal statute, and, by its terms, gives federal courts the "power to punish," many courts have relied upon the statute as authority for civil contempt as well. *See, e.g., SEC v. Pinez*, 52 F. Supp. 2d 205, 209 (D. Mass. 1999).

violation of an order of a court may subject a party either to criminal or civil contempt, or both. *United States v. United Mine Workers,* 330 U.S. 258 (1947).

> The traditional justification for the relative breadth of the contempt power has been necessity: Courts independently must be vested with "power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates. …" Courts thus have embraced an inherent contempt authority … as a power "necessary to the exercise of all others."

*Bagwell,* 512 U.S. at 831 (internal citations omitted).

The contempt power is a potent one. *Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967); *Islamic Inv. Co. of the Gulf (Bah.) Ltd. v. Harper*, 545 F.3d 21, 25 (1st Cir. 2008). Because of its potency, the First Circuit has emphasized prudential principles to be considered when a court deploys sanctions for contempt. *Islamic Inv. Co.*, 545 F.3d at 25; *Project B.A.S.I.C. v. Kemp,* 947 F.2d 11, 16 (1st Cir. 1991); *Angiodynamics, Inc. v. Biolitec AG*, No. 09-cv-30181, 2013 U.S. Dist. LEXIS 52228, *7-8 (D. Mass. Apr. 11, 2013).

The elements of civil contempt are well-established.

> To prove civil contempt, a movant must show that (1) the alleged contemnor had notice of the order, (2) "the order was clear and unambiguous," (3) the alleged contemnor "had the ability to comply with the order," and (4) the alleged contemnor violated the order. *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005) (internal quotation marks omitted). As noted, the movant must make this demonstration with clear and convincing evidence. *See, e.g., Islamic Inv. Co. of the Gulf (Bah.) Ltd. v. Harper*, 545 F.3d 21, 25 (1st Cir. 2008); *Saccoccia*, 433 F.3d at 27.

*Hawkins v. Dep't of Health & Human Servs. for New Hampshire, Comm'r*, 665 F.3d 25, 31 (1st Cir. 2012) (footnote omitted).

Nevertheless, the violation need not be willful to trigger contempt sanctions, nor must the plaintiff prove that the defendant violated the court's order in bad faith. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949); *Goya Foods, Inc. v. Wallack Mgmt. Co.,* 290 F.3d 63, 76 (1st Cir. 2002) ("*Wallack Mgmt. I*") ("The law is firmly established in this circuit that good faith is not a defense to civil contempt."); *Star Financial Services, Inc. v. AASTAR Mortg. Corp.,* 89 F.3d 5, 13 (1st Cir. 1996) ("good faith, or the absence of willfulness, does not relieve a party from civil contempt in the face of a clear order"). As the Supreme Court stated in *McComb*:

> The absence of willfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance … Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act … An act does not cease to be a violation of a law

3

and of a decree merely because it may have been done innocently. The force and vitality of judicial decrees derive from more robust sanctions. And the grant or withholding of remedial relief is not wholly discretionary with the judge. … The private or public rights that the decree sought to protect are an important measure of the remedy.

*McComb,* 336 U.S. at 191.

Upon a finding of civil contempt, the Court has broad discretion in fashioning the appropriate coercive remedy. *See Goya Foods, Inc. v. Wallack Mgmt. Co.,* 344 F.3d 16, 21 (1st Cir. 2003) ("*Wallack Mgmt. II*"). Civil contempt can be "imposed to compel compliance with a court order or to compensate a party harmed by non-compliance." *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005); *United Mine Workers,* 330 U.S. at 303. *See also Bagwell,* 512 U.S. at 827 (sanctions that may be imposed in a civil contempt proceeding are those "designed to compel future compliance with a court order, [which] are considered to be coercive and avoidable through obedience").

### IV. ARGUMENT

**A. THE PRENDA PARTIES ARE IN CONTEMPT OF THE COURT'S ORDER.**

**1. The Prenda Parties Did Not Obtain a Stay of Judgment Pending Their Appeal.**

"[A] contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948). "[U]ntil [the District Court's] decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished." *Howat v. Kansas*, 258 U.S. 181, 190 (1922). "The earlier order may not be impeached, avoided or attacked in the later proceedings and no relief can be sought against its command." *Id*. at 74; *United States v. Allee*, 888 F.2d 208, 211 (1st Cir. Mass. 1989).

The fact that the Prenda parties' appeal[2] from the Court's December Order denying their motions to set aside the default judgment (ECF No. 43) is now pending before the First Circuit does not deprive this Court of jurisdiction to proceed in civil contempt. "'Where, as here, the district court is attempting to supervise its judgment and enforce its order through civil contempt proceedings,

---

[2] As of this date, the filing fee for the appeal in this matter remains unpaid. Similarly, the fees remain unpaid in their appeal of *Lightspeed Media v. Smith, AT&T, Comcast, et al,* No. 12-cv-00889-GPM-SCW (S.D. Ill. 2012). An appeal for a dilatory purpose would not be unheard of for the Prenda parties. *See, e.g., AF Holdings LLC v. Trinh*, No. 12-cv-02393, ECF No. 69 (N.D. Cal. July 11, 2013) (wherein the Ninth Circuit dismissed the Prenda parties' appeal for failure to pay the docketing/filing fees in the case); *see also id*., ECF No. 70 (Dec. 6, 2013) (notice of satisfaction of the Judgment against plaintiff AF Holdings, LLC for attorney's fees and costs).

pendency of appeal does not deprive it of jurisdiction for these purposes.'" *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (quoting from *Island Creek Coal Sales Co. v. City of Gainesville*, 764 F.2d 437, 440 (6th Cir. 1985), *cert. denied*, 474 U.S. 948 (1985). *See also Marcello v. DeSano*, No. 05-cv-004, 2006 U.S. Dist. LEXIS 18825, *30 (D.R.I. Mar. 23, 2006) ("The district court maintains jurisdiction as to matters not involved in the appeal.") (citation omitted). Though the Prenda parties have noticed an appeal, they are contesting only the Court's decision denying their motions to set aside the judgment (ECF No. 45), and not the Judgment itself (ECF No. 34).

> We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975).

Nor have the Prenda parties sought a stay of the Court's Judgment. When an appellant does not obtain a stay pending appeal, "[t]he district court … maintain[s] jurisdiction to supervise its [order] … and properly entertain[s] the motion for contempt." *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1146 (5th Cir. 1982). *See also Maggio*, 333 U.S. at 70 ("when … an enforcement order is unappealed from, a contempt proceeding begins with acceptance of the validity of the prior enforcement order."); *Monarch Life Ins. Co. v. Ropes & Gray*, 65 F.3d 973, 983 n.12 (1st Cir. 1995).

### 2. The Prenda Parties' "Nonparty" Status Offers no Shield from Contempt.

The fact that the appellants were not named parties to Chowdhury's counterclaims does not inoculate them against charges of civil contempt. Nonparties may be liable for civil contempt notwithstanding their nonparty status. *See Microsystems Software, Inc. v. Scandinavia Online AB,* 226 F.3d 35, 43 (1st Cir. 2000); *G. & C. Merriam Co. v. Webster Dictionary Co.,* 639 F.2d 29, 34-35 (1st Cir. 1980). The critical datum is whether the nonparty "was in active concert or participation with the party specifically enjoined." *Microsystems Software,* 226 F.3d at 43. To satisfy that criterion, "the nonparty must be legally identified with that defendant, or, at least, deemed to have aided and abetted that defendant in the enjoined conduct." *Id. See, e.g., Wallack Mgmt. I*, 290 F.3d at 75; *Gemco Latinoamerica, Inc. v. Seiko Time Corp.,* 61 F.3d 94, 98 (1st Cir. 1995); *BA Properties, Inc. v. Gold,* 895 F.2d 30, 33 (1st Cir. 1990); *Reich v. United States,* 239 F.2d 134, 137 (1st Cir. 1956) ("It has been settled law for a long time that one who knowingly aids, abets, assists, or acts in active

concert with a person who has been enjoined in violating an injunction subjects himself to civil … proceedings for contempt.").

## B. ADJUDICATION OF CONTEMPT IS APPROPRIATE WHEN PARTIES FAIL TO OBEY THE COURT'S ORDERS.

### 1. The Prenda Parties' Refusal to Comply with the Judgment Shows Actual Contempt for this Court and the Judicial Process.

On June 17, 2013, this Court held a hearing in part on AFH's motions to strike the counterclaims in part and to dismiss them entirely. The Prenda parties chose neither to appear nor otherwise participate. *See* ECF No. 17.

On June 19, 2013, the Court issued its order requiring AFH to post a $60,000 bond to guarantee Chowdhury's ability to recover damages, attorney's fees, and costs should he prevail on his counterclaims. ECF No. 20. Again, the Prenda parties made a unilateral decision, defying the Court's Order and refusing to post bond.

When the Prenda parties failed to timely answer the counterclaims, Chowdhury requested and was eventually granted a default judgment against the Prenda parties. The Court's October 22, 2013 Judgment directed the Prenda parties to pay Chowdhury a sum certain. There was no appeal from it; and by its terms, the Prenda parties are jointly and severally liable for the full amount of damages.

The Prenda parties' record of continuing and persistent acts of contempt indicate that the Judgment was wholly warranted in this case. If there were extenuating circumstances, the Prenda parties' could have petitioned the Court for a modification, clarification or construction of the order. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945); *Goya Foods, Inc. v. Ulpiano Unanue-Casal*, 141 F. Supp. 2d 207, 222 (D.P.R. 2007); *Star Fin. Servs.*, 89 F.3d at 13 ("The wording of the order was clear and unambiguous and … if there were any doubts, clarification or modification from the court should have been sought."); *Infusaid Corp. v. Intermedics Infusaid, Inc.*, 756 F.2d 1, 2 (1st Cir. 1985) ("When in doubt about the lawfulness of a proposed course of action, [a party or nonparty] can ask the district court for guidance."). But the Prenda parties' failed to do so. They undertook to make their own determination of what the Judgment meant, and "in making their private determination of the law, acted at their peril." *United Mine Workers*, 330 U.S. at 293. *See also, Angiodynamics*, 2013 U.S. Dist. LEXIS 52228, *12-18; *Wallack Mgmt. I*, 290 F.3d at 75-76; *Infusaid,* 756 F.2d at 2 ("those who know of the decree, yet act unilaterally, assume the risk of mistaken judgments").

6

2. **The Prenda Parties Had Notice of the Judgment.**

The First Circuit has summarized the principles governing proof of civil contempt as follows:

> "Those who would suffer penalties for disobedience must be aware not merely of an order's existence, but also of the fact that the order is directed at them. … We think it is beyond serious question that, as a necessary prelude to a finding of contempt, the putative contemnor should have reasonably definite advance notice that a court order applies to it."

*Ellis v. Dunn*, 324 B.R. 175, 179 (D. Mass. 2005) (citation omitted).

The Prenda parties showed their obvious awareness of the Judgment by moving for reconsideration of it (ECF Nos. 36, 38 & 41); discussing the Judgment in filings in other courts by Steele in *AF Holdings, LLC v. Olivas,* No. 12-cv-01401-JBA, ECF No. 39 p. 4 (D. Conn. filed Nov. 12, 2013) and by Hansmeier in *Lightspeed Media v. Smith,* No. 12-cv-00889-GPM-SCW, ECF No. 86 p. 6 n. 2 (S.D. Ill. filed Nov. 10, 2013); and by appealing the Court's refusal to vacate the Judgment to the First Circuit (ECF No. 45).

3. **The Order Unambiguously Held the Prenda Parties Jointly and Severally Liable for the Judgment.**

For the Prenda parties to be held in contempt, the Judgment must be clear and unambiguous. *Project B.A.S.I.C.,* 947 F.2d at 16. The test is whether the putative contemnor is "able to ascertain from the four corners of the order precisely what acts are [required]." *Gilday v. Dubois,* 124 F.3d 277, 282 (1st Cir. 1997) (citation omitted). Focusing the test within the four corners of a document limits the inquiry to an examination of that document's text. *See, e.g.*, *United States v. Anderson,* 921 F.2d 335, 337-38 (1st Cir. 1990). Thus, the "clear and unambiguous" standard applies to the *language* of the relevant court order, not to its effectiveness. *See Star Fin. Servs.*, 89 F.3d at 13 (concentrating on the "unequivocal language" of the relevant order). This is as it should be.

It is difficult to imagine how the Judgment could have been worded in a clearer, more unambiguous way. The Judgment plainly holds the Prenda parties jointly and severally liable for "having failed to post bond, plead or otherwise defend in this action and its default having been entered." This language leaves no room for doubt as to what the Court intended.

4. **The Above Facts Are Established by the Prenda Parties' Failure to Comply, and Thus Meet the Clear and Convincing Standard.**

Civil contempt must be established by clear and convincing evidence. *See Gemco Latinoamerica*, 61 F.3d at 98; *Wallack Mgmt. I*, 290 F.3d at 77; *Project B.A.S.I.C.*, 947 F.2d at 16.

The Prenda parties cannot seriously question the conclusion that this standard has been met. Throughout the proceedings, Chowdhury has repeatedly introduced substantive documentary evidence establishing what the Prenda parties knew, when they knew it, and the nature of the various inactions that they took. The the Prenda parties failed to contradict this evidence. The record, therefore, discloses no genuine issue of material fact as to the Prenda parties' roles.[3] The Prenda parties have "violated a clear and unambiguous order that left no reasonable doubt as to what behavior was expected and who was expected to behave in the indicated fashion." *Islamic Inv. Co.,* 545 F.3d at 25.

5. **To Avoid Contempt, Counterdefendant must Show an Inability to Comply.**

Since civil contempt is coercive, "present inability to comply with the order in question" is an affirmative defense; however, the burden of production lies with the Prenda parties. *United States v. Rylander*, 460 U.S. 752, 757 (1983); *United States v. Puerto Rico*, 642 F.3d 103, 108 n.8 (D.P.R. 2011). This burden is not light; courts have required defendants to prove impossibility "plainly and unmistakably," and "categorically and in detail." *NLRB v. Flores*, No. 07-cv-2003, 2012 U.S. App. LEXIS 26981, *23-24 (1st Cir. Aug. 6, 2012) (internal citations omitted).

The Prenda parties however, have made no such plea of insolvency. As Chowdhury has explained, the Prenda parties have ample financial means to post a bond. *See* ECF No. 12 pp.16-17 (Steele interview with *Forbes* stating he had made "[m]ore than a few million" dollars in settlements); ECF No. 42 pp. 13-14, 42-13 & 42-14 (financial records demonstrating the Prenda parties' substantial assets). The Prenda parties' failure to comply with the order entering judgment is based not on inability, but unwillingness.

D. **THE COURT SHOULD IMPOSE STRICT SANCTIONS TO FORCE THE PRENDA PARTIES INTO COMPLIANCE.**

"Unlike criminal contempt, which has a punitive function, civil contempt is imposed, either to coerce compliance with a court order or to compensate a party harmed by non-compliance." *United States v. Puerto Rico*, 642 F.3d 103, 108 (1st Cir. 2011). Both grounds support a finding of contempt here. Chowdhury is being denied the compensatory relief ordered by the Court, requiring further action to "induce the purging of contemptuous conduct …" *Id*.

---

[3] Given this void, even an evidentiary hearing on the issue of contempt would be a further waste of time. *See Morales-Feliciano v. Parole Bd.,* 887 F.2d 1, 6-7 (1st Cir. 1989) (explaining that a party has a right to an evidentiary hearing in a civil contempt proceeding only if, and to the extent that, genuine issues of material fact exist).

The Court is faced with the very difficult issue of determining which sanctions to impose on the Prenda parties for their blatant violations of the Court's Judgment. Here, this task is particularly difficult because the Prenda parties have shown a complete disregard for court orders.

This deliberate contempt is aggravated by the following factors:

a. The Prenda parties forced this Court, the First Circuit, and Chowdhury to expend great effort and resources in responding to the claims against him and in a series of meritless attacks on the Judgment, only for the Prenda parties to refuse to comply with the Judgment in the end anyway.

b. The Prenda parties misled this Court and other courts, and Chowdhury and other defendants, by concocting a non-existent plaintiff to shield the Prenda parties from potential liability, and to give meritless litigation an appearance of legitimacy.

c. The Prenda parties consist of several attorneys and their paralegal, officers of the court, well aware of the significance of their misdeeds and their calculated ignorance of this Court's orders, which they deride as not pertaining to them.

Therefore, the Court should impose the following sanctions.

**1. The Prenda Parties Should Pay the Judgment in Full and Compensate Chowdhury for His Additional Attorneys Fees and Costs.**

Make-whole relief is a commonplace sanction for civil contempt. So too are normal embellishments such as attorneys' fees and costs. *G. & C. Merriam,* 639 F.2d at 41; *Wallack Mgmt. I*, 290 F.3d at 78 ("a commonplace sanction for civil contempt. … [is] attorneys' fees and costs"). The Court should compensate Chowdhury by ordering the Prenda parties to pay the attorney's fees and costs Chowdhury has incurred in bringing the present motion and in responding to the Prenda parties' motions to set aside the Judgment, with which they evidently had no intention of ever complying.

In the alternative, the Court should order the Prenda parties to post a bond covering those attorney's costs and fees in full, along with an amount sufficient to cover Chowdhury's costs and fees related to the appeal. Once the appeal is fully adjudicated, the bond would be accordingly disbursed to Chowdhury or remitted to the Prenda parties.

**2. The Prenda Parties Should Pay a Penalty of $1,000 per day, per person or entity, until the Judgment is paid or a bond for the same amount is posted.**

A coercive fine is an appropriate civil contempt sanction if it is done to induce "the purging of contemptuous conduct." *In re Kave,* 760 F.2d 343, 351 (1st Cir. 1985). Sanctions are coercive if they are conditional and can be lifted if the contemptuous conduct is cured. *Id.* "[F]ines imposed

pursuant to a civil-contempt order are remedial, designed primarily to coerce an offending party into prompt compliance with a judicial mandate." *United States v. Kouri-Perez*, 187 F.3d 1, 7 n.2 (1st Cir. 1999). "The payment of such civil fines … [is] a common technique used by courts not only to force obedience, but also to remedy the harm caused." *United States v. Marquardo*, 149 F.3d 36, 40 (1st Cir. 1998).

> Courts cannot function if litigants may, with impunity, disobey lawful orders. It has long been the rule that federal courts possess plenary authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

*HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc.*, 847 F.2d 908, 916 (1st Cir. 1988) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

> Severe sanctions are especially warranted where, as here, the Prenda parties'
>
> arguments had been fully heard. [They] had occupied the court's time months on end. [Their] position was meticulously considered. … Moreover, [their] recalcitrance jeopardized the court's ability to grant effective relief and substantially prejudiced appellee.

*Id.* at 918 n.14.

The Prenda parties have been ordered to pay such sanctions before. In a related case—cited by Counterdefendant's own former counsel in explaining why he could no longer in good conscience continue to represent AFH (*see* ECF No. 22 & Exhibit A thereto)—the court ordered Steele, Hansmeier, Duffy, AFH, and Prenda, among others, when they failed to properly seek a stay of the attorney's fees order against them, to pay "$1,000 per day, per person or entity, until this attorney's-fee award is paid or a bond for the same amount is posted." ECF No. 164 p. 2, *Ingenuity 13 LLC v. John Doe*, No. 12-cv-08333-ODW-JC (C.D. Cal. entered May 21, 2013). In this case, an order for such a penalty is even more appropriate; the Prenda parties are the subjects of not a sanctions order but the Judgment itself, yet they have not even moved to stay it. If entered, the sanctions would be conditional and subject to reconsideration when and if the Prenda parties ever begin to comply with this Court's orders.

### 3. Imprisonment is an Appropriate Civil Contempt Sanction.

"[O]nce the subject of an order willfully refuses to meet the court's order, criminal contempt has been committed independently of whether this conduct receives the additional attention of the court [through civil contempt]." *United States v. Marquardo*, 149 F.3d 36, 40 (1st Cir. 1998); *NBA Properties, Inc. v. Gold,* 895 F.2d 30, 34 (1st Cir. 1990) ("To violate a federal court decree …

exposes a party not only to liability for civil contempt, but to criminal contempt liability that a court may ordinarily impose without providing the party an opportunity to challenge the validity of the decree itself."). Sanctions are "considered to be coercive and avoidable through obedience." *Bagwell*, 512 U.S. at 827. Imprisonment for a fixed term … is coercive when the contemnor is given the option of earlier release if he complies. In these circumstances, the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket. *Id.,* at 828 (internal citation and quotation marks omitted). *See also Price v. Wall*, Nos. 04-cv-38 and 12-cv-24, 2013 U.S. Dist. LEXIS 138523, *13-14 (D.R.I. Sept. 25, 2013); *United States v. Rylander,* 460 U.S. 752, 757 (1983) ("A contemnor may purge himself of a contempt order, and obtain release from jail at any time, by complying with the contempt order or by adducing evidence of his present inability to comply with the contempt order.").

The Prenda parties, having been provided notice, have willfully refused to comply with two orders by this Court: (1) the order requiring bond to be posted (ECF No. 20); and (2) the final judgment (ECF No. 34). There is no doubt from the record that these actions were taken willfully.

## V. CONCLUSION

Instead of showing respect for the Court's orders, the Prenda parties have continued to undermine the Court and the proper administration of judgment. The Prenda parties' evasive intent is clear. The Court cannot allow this behavior to continue. The Prenda parties' serial violations and conduct lead to the conclusion that they will continue to violate Court orders unless they are severely sanctioned.

Dated: December 24, 2013   Respectfully Submitted,

/s/ Jason Sweet
Jason E. Sweet (BBO# 668596)
jsweet@boothsweet.com
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Sandipan Chowdhury*