UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AF HOLDINGS, LLC,

    Plaintiff,

v.

SANDIPAN CHOWDHURY,

    Defendant.

Civil Action No. 1:12-cv-12105-JLT

## JOHN STEELE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT/COUNTERPLAINTIFF'S MOTION FOR A FINDING OF CONTEMPT AND AN ORDER FOR SANCTIONS

Defendant Sandipan Chowdhury's Motion For A Finding of Contempt And An Order For Sanctions should be denied for at least three reasons: (1) it improperly attempts to bypass legitimate judgment enforcement procedures; (2) Chowdhury has not established that the Court possesses personal jurisdiction over Steele; and (3) Chowdhury has otherwise failed to satisfy the elements of civil contempt.

### I. Background

AF Holdings, LLC filed this case on November 13, 2012, against Chowdhury, asserting claims of copyright infringement, contributory infringement and negligence. (ECF No. 1.) Steele was not a party to the complaint, and had no knowledge of its filing. Chowdhury answered and counterclaimed against AF Holdings, but did not assert counterclaims against Steele, or anyone else for that matter. (ECF No.7.) After AF Holdings' motion to dismiss (ECF No. 9) was denied (ECF No. 20), AF Holdings apparently failed to answer Defendant's counterclaims. Steele has no knowledge of the circumstances surrounding AF Holdings failure to answer the counterclaims as Steele is not a party to the case, has no relationship to any of the parties, has never spoken to

any party or their attorneys about this case, and is relying solely on previous pleadings that have been filed in this case. On July 10, 2013, Chowdhury moved for an entry of default solely against AF Holdings (ECF No. 21) and that request was granted. (ECF No. 26.) On September 13, 2013, Chowdhury filed a motion for a default judgment solely against AF Holdings. (ECF No. 29.) That motion was granted shortly thereafter. (ECF No. 31.) On October 17, 2013, Chowdhury filed a motion that was titled, "Motion For Final Approval Of Form Of Default Judgment." (ECF No. 32.) In that motion, Chowdhury sought an entry of judgment against several individuals, including Steele. None of the additional people that Chowdhury added at the last minute in his Motion for Final Judgment were parties to the action, had been served with process or were in default. This request was granted five days later (ECF No. 33) and final judgment issued.

## II. Discussion

### a. Chowdhury's Motion For Contempt Is An Improper Attempt To Bypass Legitimate Judgment Enforcement Procedures

Federal Rule of Civil Procedure 69 makes clear that a money judgment—such as the default judgment obtained by Chowdhury—is enforceable according to the procedures of the state where the court is located. Fed. R. Civ. P. 69. Chowdhury's efforts do not comply with the procedures established by Massachusetts law.

Under Massachusetts law, a judgment creditor may initiate supplemental proceedings to enforce a judgment. *See* Mass. Gen. L. 224 § 14. A properly initiated supplemental proceeding requires personal service of process and other due process protections. *See id.* In a properly initiated supplemental proceeding, the court's civil contempt power cannot be invoked unless an evidentiary hearing is held and the judgment creditor proves by clear and convincing evidence that the judgment debtor has the current ability to pay the judgment, in whole or partial

2

payments. *In re Birchall*, 454 Mass. 837, 838 (2009). Finally, a judgment obtained in Massachusetts must be enforced in the domicile states of the judgment debtors and/or their property. *See Budish v. Daniel*, 417 Mass. 574, 577-78 (Mass. 1994) ("An action to enforce a Federal judgment can be pursued successfully only in a State in which the property or other assets are located or where the person against whom the judgment has been entered can be located.").

In this action, Chowdhury has obtained a judgment, but he has not taken any proper steps to enforce it. For example, he has not: (1) properly initiated supplemental proceedings against judgment debtors that are found in Massachusetts; or (2) initiated supplemental proceedings in other states against non-Massachusetts judgment debtors. Instead, and in direct violation of the Federal Rules of Civil Procedure and the laws of Massachusetts, Chowdhury is attempting to invoke the Court's contempt power to enforce the judgment, without having first complied with the due process mandates established by Massachusetts law.

### b. The Court Lacks Personal Jurisdiction Over The Non-Parties

An independent reason for the Court to deny Chowdhury's motion is that the Court lacks jurisdiction over the non-parties. In his memorandum, Chowdhury concedes the personal jurisdiction issue by labeling Steele, Paul Duffy and Paul Hansmeier as, "nonparties" to this litigation. "It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940). "A Judgment rendered in such circumstances is not entitled to the full faith and credit which the Constitution and statute of the United States prescribe, and judicial action enforcing it against the person or property of the absent party is not that due process which the Fifth and Fourteenth Amendments require." *Id.* at 40-41. Chowdhury asks the Court to take "judicial

action" by enforcing the judgment through its contempt power. Yet, Chowdhury himself concedes that Steele and others were never parties to this action and were never served with process. Thus, any judicial action taken by this Court to enforce the default judgment against any non-party would run afoul of the mandates of Due Process.

### c. Chowdhury Has Otherwise Failed To Establish The Elements Of Civil Contempt

The elements of civil contempt include: (1) notice of the order; (2) a clear and unambiguous order; (3) ability to comply with an order; and (4) violation of the order. *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005). A movant for civil contempt bears the burden of proving these elements by clear and convincing evidence. *Hawkins v. Dep't. of Health and Human Servs.*, 665 F.3d 25, 31 (1st Cir. 2012). These elements have not been satisfied here.

The first two elements are unsatisfied: a money judgment, without more, is normally not a court order capable of giving rise to civil contempt. In each of the cases cited to by Chowdhury, a person was held in contempt for violating, for example, a consent decree, an injunction, a subpoena or other process. Thus, Chowdhury has not identified a "clear and unambiguous order" that Steele—or any other judgment debtor—is on notice of creating an affirmative obligation to do—or refrain from doing—anything. Steele would also point out that unlike in this matter, the judgment debtor had knowledge of the proceedings and the possible risk of sanctions. Here, it is simply a fact that no document exists to show Steele was ever served with anything in this case. Steele would also mention to this Court that counsel for Chowdhury has a history of filing sanction motions against non-party Steele without notifying him in other states.

The third element, ability to comply, is equally unsubstantiated. Chowdhury relies on two items. First, he cites to a Forbes blog post (which is inadmissible on the grounds of hearsay and

4

relevance). Yet, the Forbes blog post doesn't say anything specifically about any of the judgment debtor's financial statuses and is otherwise dated and based on rank speculation. Steele never made any statements about the amount of income he received from his legal work. Surely a reporter's speculation as to Steele's income does not rise to the threshold required by *Hawkins*.

Second, Chowdhury points to a set of documents that purport to be the partial financial records of a law firm called Prenda Law that Mr. Steele has never had any ownership or control of. In any event, these records, which appear to be a ledger created by someone at Prenda Law, would be inadmissible on the grounds of hearsay, lack of authentication, and relevance. The financial records are incomplete, not authenticated, are not the personal financial records of Steele and appear to be very dated. Chowdhury has presented no reliable information that would give the Court a basis for concluding anything about the present financial condition of any judgment debtor. The entire purpose of supplemental proceedings, after all, is to develop the evidentiary record on this issue. Here, the record is entirely barren.

Finally, Chowdhury has not presented any evidence that the judgment remains unsatisfied. Chowdhury went so far as to obtain a default judgment against one party and five non-parties. At this time, he may have satisfied the judgment from any one of the non-parties, and he fails to present any competent evidence (i.e. an affidavit or declaration) demonstrating that the judgment is unsatisfied. Since Steele has no relationship with his former client AF Holdings—the only party who is a judgment debtor—he has no way of knowing what judgments have been satisfied, or even what is the current status of this case.

Thus, even if the default judgment were not a money judgment, which it is not, Chowdhury has fallen well short of his burden of proof with respect to the elements of contempt.

## CONCLUSION

For the foregoing reasons, non party Steele requests the Court vacate the Default Judgment as it relates to him. In the alternative, this Court should at least stay any *action* against Steele until Chowdhury has at least proven that Steele has some relationship whatsoever with either of the parties in this matter.

January 1, 2014

Respectfully Submitted,

*Pro se*
1111 Lincoln Road Suite 400
Miami Beach, Florida 33139

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 1, 2014, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ John Steele