UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2014 JAN -6 P 2: 09
U.S. DISTRICT COURT
MASS.

)
)
AF HOLDINGS, LLC,            ) Civil Action No. 1:12-cv-12105-JLT
                             )
            Plaintiff,       )
    v.                       )
                             )
SANDIPAN CHOWDHURY,          )
                             )
            Defendant.       )
                             )

### PAUL HANSMEIER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT/COUNTERPLAINTIFF'S MOTION FOR A FINDING OF CONTEMPT AND AN ORDER FOR SANCTIONS

Defendant Sandipan Chowdhury's Motion For A Finding of Contempt And An Order For Sanctions should be denied for at least three reasons: (1) it improperly attempts to bypass legitimate judgment enforcement procedures; (2) Chowdhury has not established that the Court possesses personal jurisdiction over Hansmeier; and (3) Chowdhury has otherwise failed to satisfy the elements of civil contempt.

**I.   Background**

AF Holdings, LLC filed this case on November 13, 2012, against Chowdhury, asserting claims of copyright infringement, contributory infringement and negligence. (ECF No. 1.) Chowdhury answered and counterclaimed against AF Holdings, but did not assert counterclaims against any other person. (ECF No.7.) After AF Holdings' motion to dismiss (ECF No. 9) was denied (ECF No. 20), AF Holdings apparently failed to answer Defendant's counterclaims. On July 10, 2013, Chowdhury moved for an entry of default against AF Holdings (ECF No. 21) and that request was granted. (ECF No. 26.) On September 13, 2013, Chowdhury filed a motion for a default judgment against AF Holdings. (ECF No. 29.) That motion was granted shortly

thereafter. (ECF No. 31.) On October 17, 2013, Chowdhury filed a motion that was titled, "Motion For Final Approval Of Form Of Default Judgment." (ECF No. 32.) In that motion, Chowdhury sought an entry of judgment against several individuals and business entities, none of whom were parties to the action, had been served with process or were in default. This request was granted five days later (ECF No. 33) and final judgment issued.

## II. Discussion

### a. Chowdhury's Motion For Contempt Is An Improper Attempt To Bypass Legitimate Judgment Enforcement Procedures

Federal Rule of Civil Procedure 69 makes clear that a money judgment—such as the default judgment obtained by Chowdhury—is enforceable according to the procedures of the state where the court is located. Fed. R. Civ. P. 69. Chowdhury's efforts do not comply with the procedures established by Massachusetts law.

Under Massachusetts law, a judgment creditor may initiate supplemental proceedings to enforce a judgment. *See* Mass. Gen. L. 224 § 14. A properly initiated supplemental proceeding requires personal service of process and other due process protections. *See id.* In a properly initiated supplemental proceeding, the court's civil contempt power cannot be invoked unless an evidentiary hearing is held and the judgment creditor proves by clear and convincing evidence that the judgment debtor has the current ability to pay the judgment, in whole or partial payments. *In re Birchall*, 454 Mass. 837, 838 (2009). Finally, a judgment obtained in Massachusetts must be enforced in the domicile states of the judgment debtors and/or their property. *See Budish v. Daniel*, 417 Mass. 574, 577-78 (Mass. 1994) ("An action to enforce a Federal judgment can be pursued successfully only in a State in which the property or other assets are located or where the person against whom the judgment has been entered can be located.").

2

In this action, Chowdhury has obtained a judgment, but he has not taken any proper steps to enforce it. For example, he has not: (1) properly initiated supplemental proceedings against judgment debtors that are found in Massachusetts; or (2) initiated supplemental proceedings in other states against non-Massachusetts judgment debtors. Instead, and in direct violation of the Federal Rules of Civil Procedure and the laws of Massachusetts, Chowdhury is attempting to invoke the Court's contempt power to enforce the judgment, without having first complied with the due process mandates established by Massachusetts law.

### b.  The Court Lacks Personal Jurisdiction Over The Non-Parties

An independent reason for the Court to deny Chowdhury's motion is that the Court lacks jurisdiction over the non-parties. In his memorandum, Chowdhury concedes the personal jurisdiction issue by labeling Hansmeier, Paul Duffy and John Steele as, "nonparties" to this litigation. "It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940). "A Judgment rendered in such circumstances is not entitled to the full faith and credit which the Constitution and statute of the United States prescribe, and judicial action enforcing it against the person or property of the absent party is not that due process which the Fifth and Fourteenth Amendments require." *Id.* at 40-41. Chowdhury asks the Court to take "judicial action" by enforcing the judgment through its contempt power. Yet, Chowdhury himself concedes that Hansmeier and others were never parties to this action and were never served with process. Thus, any judicial action taken by this Court to enforce the default judgment against any non-party would run afoul of the mandates of Due Process.

### c. Chowdhury Has Otherwise Failed To Establish The Elements Of Civil Contempt

The elements of civil contempt include: (1) notice of the order; (2) a clear and unambiguous order; (3) ability to comply with an order; and (4) violation of the order. *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005). A movant for civil contempt bears the burden of proving these elements by clear and convincing evidence. *Hawkins v. Dep't. of Health and Human Servs.*, 665 F.3d 25, 31 (1st Cir. 2012). These elements have not been satisfied here.

The first two elements are unsatisfied: a money judgment, without more, is normally not a court order capable of giving rise to civil contempt. In each of the cases cited to by Chowdhury, a person was held in contempt for violating, for example, a consent decree, an injunction, a subpoena or other process. Thus, Chowdhury has not identified a "clear and unambiguous order" that Hansmeier—or any other judgment debtor—is on notice of creating an affirmative obligation to do—or refrain from doing—anything.

The third element, ability to comply, is equally unsubstantiated. By citation to a Forbes blog post (which is inadmissible on the grounds of hearsay and relevance) and a set of documents that purport to be the partial financial records of a law firm (which are inadmissible on the grounds of hearsay, lack of authentication, and relevance), Chowdhury appears to be suggesting that the judgment debtors have the present ability to satisfy the judgment. Yet, the Forbes blog post doesn't say anything specifically about any of the judgment debtor's financial statuses and is otherwise dated and based on rank speculation. The financial records are incomplete, not authenticated, are not the personal financial records of Hansmeier and are also very dated. Chowdhury has presented no reliable information that would give the Court a basis for concluding anything about the present financial condition of any judgment debtor. The entire

4

purpose of supplemental proceedings, after all, is to develop the evidentiary record on this issue. Here, the record is entirely barren.

Finally, Chowdhury has not presented any evidence that the judgment remains unsatisfied. Chowdhury went so far as to obtain a default judgment against one party and five non-parties. At this time, he may have satisfied the judgment from any one of the non-parties, and he fails to present any competent evidence (i.e. an affidavit or declaration) demonstrating that the judgment is unsatisfied.

Thus, even if the default judgment were not a money judgment, which it is not, Chowdhury has fallen well short of his burden of proof with respect to the elements of contempt.

## CONCLUSION

For the foregoing reasons, Hansmeier requests the Court vacate the Default Judgment.

December 31, 2013

Respectfully Submitted,

/s/ Paul Hansmeier
Paul Hansmeier
Class Justice PLLC
100 5th St. S. Ste. 1900
Minneapolis, MN 55402
612-234-5744
mail@classjustice.org
*Pro se*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 31, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Paul Hansmeier