UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AF HOLDINGS, LLC,<br><br>　　　Plaintiff/Counterdefendant,<br>v.<br><br>SANDIPAN CHOWDHURY,<br><br>　　　Defendant/Counterplaintiff. | Civil Action No. 1:12-cv-12105-JLT |

**MOTION FOR CONFERRING THE CIVIL CLERK WITH THE AUTHORITY TO ISSUE CERTIFICATION OF JUDGMENT FOR REGISTRATION IN OTHER DISTRICTS**

　　To register a judgment of this Court in another jurisdiction, a certification of judgment for registration in another jurisdiction, issued by this Court is required. Pursuant to internal operating procedures for the District of Massachusetts, however, the clerk does not have the authority to issue a certification of judgment if any motion or appeal is pending that may alter or vacate the judgment.

## I. RELEVANT FACTS & PROCEDURAL HISTORY

　　The relevant timeline and filings for purposes of allowing certification is as follows:

1. An order requiring the out of state Plaintiff to post bond in the amount of $60,000 was entered by the Court on June 19, 2013. [ECF No. 20] To date, neither Plaintiff nor its aliases have complied with this order.

2. Judgment in this matter was entered against the Plaintiff and its aliases on October 22, 2013 [ECF No. 34] in the amount of $64,180.80.

3. Plaintiff and its aliases' motion to vacate the order was denied on December 3, 2013. [ECF No. 43]

4. Several of Plaintiff's aliases noticed appeal on December 17, 2013. [ECF No. 45]; *AF Holdings LLC v. Chowdhury*, No. 13-2535 (1st Cir. 2013).

1

## II. ARGUMENT

To date, no stay of the judgment has been filed with or granted by the Court pending the appeal. *Fed. R. Civ. P. 62(d)* provides in relevant part that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond … The stay takes effect when the court approves the bond." See also *Fed. R. App. P. 7* ("the district court may require an appellant to file a bond or provide other security … to ensure payment of costs on appeal"); *Fed. R. App. P. 8(a)(1)* (party must first seek a stay or approval of a supersedeas bond in the district court).

> We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975). See also *Llorens Pharm., Inc. v. Novis PR, Inc.*, 2010 U.S. Dist. LEXIS 11093 (D.P.R. Feb. 8, 2010) (a court order must be obeyed until it is vacated or amended)

Failing to obtain a stay permits the prevailing party to treat the judgment of the district court as final, notwithstanding that an appeal is pending, i.e., the judgment is executable. *Atl. Research Mktg. Sys. v. G.G.&G., L.L.C.*, 167 F. Supp. 2d 458, 475 (D. Mass. 2001) (jurisdiction is retained "to enter such further Orders as may be necessary for the carrying out of this Judgment," or enforcing compliance with its terms, or punishing violation of its terms); *Marcello v. DeSano*, No. 05-cv-004, 2006 U.S. Dist. LEXIS 18825, *30 (D.R.I. Mar. 23, 2006) ("The district court maintains jurisdiction as to matters not involved in the appeal."). *MacMann v. Titus*, 819 F.2d 8, 9 (1st Cir. 1987) (an appeal from a judgment does not automatically suspend operation of the judgment until the determination of the appeal); *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (district court may enforce order in absence of stay pending appeal).[1]

**WHEREBY**, Defendant Sandipan Chowdhury respectfully requests that this Court grant the Clerk authority to certify the judgment for registration in other jurisdictions.

---

[1] *Hovey v. McDonald*, 109 U.S. 150, 159-160 (1883) (appeal does not operate as stay where judgement is for specific sum of money); *see C.H. Sanders, Co. v. BHAP Housing Dev. Fund Co.*, 750 F. Supp. 67, 69 (E.D.N.Y.), *aff'd in part, rev'd in part,* 903 F.2d 114 (2d Cir. 1990) (filing appeal does not provide "automatic stay" of enforcement of judgment).

Dated: January 31, 2014                                  Respectfully,

/s/ Jason E. Sweet_____

Jason E. Sweet (BBO# 668596)
Email: jsweet@boothsweet.com
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Sandipan Chowdhury*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 31, 2014, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Jason E. Sweet
_____

Jason E. Sweet