UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AF HOLDINGS, LLC, <br><br> Plaintiff, <br> v. <br><br> SANDIPAN CHOWDHURY, <br><br> Defendant. | Civil Action No. 1:12-cv-12105-JLT |

**NON-PARTY PAUL HANSMEIER'S OPPOSITION TO DEFENDANT SANDIPAN CHOWDHURY'S MOTION FOR CONFERRING THE CIVIL CLERK WITH THE AUTHORITY TO ISSUE CERTIFICATION OF JUDGMENT FOR**

Defendant Sandipan Chowdhury's "Motion For Conferring The Civil Clerk With The Authority To Issue Certification Of Judgment For Registration In Other Districts" ("Certification Motion") (Dkt. 58) is premature. The Court recently denied Chowdhury's motion for contempt without prejudice to "being re-raised at the conclusion of the appeal of this matter." (Dkt. 50). The Court should also deny Chowdhury's Certification Motion on these terms.

28 U.S.C. § 1963 prevents certification and registration of federal judgments in other districts until the "judgment has become final by appeal…." 28 U.S.C. § 1963. As Chowdhury readily concedes in his Certification Motion, this matter is currently under appeal. The Certification Motion is premature so long as the appeal is pending.

Chowdhury provides the Court with no reason to depart from the general rule. None of the cases cited to by Chowdhury even mention 28 U.S.C. § 1963. *Maness v. Meyers*, for example, stands for the well-established—but inapplicable—proposition that parties must comply with court orders even when those orders are under appeal. 419 U.S. 449, 458-59 (1975). In *Macmann v. Titus*, the First Circuit devoted a single sentence to noting that judgments may be

enforced absent a stay order under Fed. R. Civ. P. 62. 819 F.2d 8, 9 (1st Cir. 1982). While true, this proposition is only superficially relevant to the Certification Motion. The case Chowdhury relies on most heavily, *Atl. Research Mktg. Sys. v. G.G.&G., L.L.C.*, 167 F.Supp.2d 458, 475 (D. Mass. 2001), not only fails to discuss 28 U.S.C. § 1963, but involved a case that *was not even on appeal*.

Compounding Chowhudry's failure to cite to any relevant legal authority is his failure to cite to any facts. Chowdhury has submitted no affidavits or declarations from which the Court could conclude that the instant circumstances present the exceptional case in which departing from 28 U.S.C. § 1963 is possible. Nor could he. Chowdhury chose to pursue relief against multiple nonresident non-parties in this district. The circumstances here are a direct result of the actions Chowdhury took. He cannot possibly describe this as an exceptional case. Nor has he.

## CONCLUSION

The Court should deny Chowdhury's motion without prejudice with leave to re-raise it after the conclusion of the appeal.

Respectfully submitted,

DATED: February 2, 2014

By: /s/ Paul Hansmeier

Paul Hansmeier
Class Justice PLLC
100 5th Ave. S. Ste. 1900
Minneapolis, MN 55402
612-234-5744
mail@classjustice.org
*Pro se*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 2, 2014, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Paul Hansmeier