UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AF HOLDINGS, LLC,<br><br>    Plaintiff,<br>v.<br><br>SANDIPAN CHOWDHURY,<br><br>    Defendant. | Civil Action No. 1:12-cv-12105-JLT |

Movants Paul Hansmeier, Paul Duffy and John Steele ("Movants") respectfully move the Court to quash subpoenas issued by Defendant Sandipan Chowdhury in this case and for a protective order. In support of their motion, Movants state as follows:

*First,* Chowdhury's subpoenas are absurdly overbroad in that they seek information about eighteen different persons and entities—twelve of which are not even judgment debtors in this action. *See* Hansmeier Declaration, Exhibit A.[1] Thus, counsel is using the subpoena power of this Court as a fishing expedition to harass third-parties who have nothing to do with this case. This is the very essence of discovery misconduct.

*Second,* Chowdhury's subpoenas are facially defective. Under the recently-amended Federal Rule of Civil Procedure 45, a court *must* quash *any* subpoena that purports to compel compliance beyond the geographic limits specified in Rule 45(c). *See* Fed R. Civ. P. 45(d)(3)(A)(ii) (emphasis added). *See also* Fed. R. Civ. P. 45 Advisory Committee Notes on

---

[1] Seeking financial records for Mark Lutz, Paul Duffy, John Steele, Paul Hansmeier, AF Holdings LLC, Ingenuity13 LLC, VPR, Inc., MCGIP, LLC, Prenda Law, Inc., Steele Hansmeier PLLC, Anti-Piracy Law Group LLC, Duffy Law Group LLC, LW Systems LLC, Alpha Law Firm LLC, Class Action Justice Institute LLC, Class Justice PLLC, Media Copyright Group, 6881 Forensics LLC.

Rules—2013 Amendment (same). Yet, each of Chowdhury's subpoenas compels compliance in Cambridge, Massachusetts, which is well outside the 100-mile limitation imposed under Rule 45(c)(2)(A) with respect to each of the fourteen subpoenas issued by Chowdhury.

*Third*, Chowdhury's subpoenas were untimely. Although dated January 16, 2014, Chowdhury's subpoenas were mailed to Movants for receipt on January 27, 2014, and were scheduled for compliance by January 30, 2014. Thus, Chowhudry's counsel is engaging in gamesmanship in an effort to deny Movants an effective ability to challenge the plainly overbroad subpoenas.

## CONCLUSION

For the reasons set forth above, Movants respectfully request that the Court quash the subpoenas attached as Exhibit B to the attached Hansmeier declaration. The subpoenas are overbroad, are facially defective and were untimely issued.

/s/ Paul Duffy (with consent)
Paul Duffy
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
312-952-6136

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

/s/ John Steele (with consent)
John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
786-571-8131

2