## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____  )

AF HOLDINGS, LLC,                           )          Civil Action No. 1:12-cv-12105-JLT

                                            )

        Plaintiff,                      )

v.                                          )

                                            )

SANDIPAN CHOWDHURY,                         )

                                            )

        Defendant.                      )

_____  )

### DEFENDANT CHOWDHURY'S OPPOSITION TO JOHN STEELE'S MOTION TO STAY JUDGMENT

John Steele ("Steele"), who is appealing this Court's money judgment of attorneys' fees and costs pursuant to Chapter 93A, now asks this Court to stay execution of the judgment pending resolution of the appeal. Defendant Sandipan Chowdhury ("Chowdhury") opposes this motion for three reasons: (1) the motion applies the wrong legal standard; (2) the motion is untimely; and (3) the motion was submitted to delay the enforcement of a valid judgment.

### I. FACTUAL BACKGROUND

The Court's familiarity with the underlying facts and protracted procedural history of this case is presumed. Nonetheless, some reiteration is warranted.

1.  On January 30, 2013, Chowdhury moved for an order requiring AF Holdings ("AFH") to post a $60,000 bond to guarantee his ability to recover damages, attorney's fees, and costs should he prevail on his counterclaims. ECF No. 11.

2.  The Prenda parties made no objection to the request, and the Court granted the bond motion on June 19, 2013. ECF No. 20. More than a year later and the Prenda parties still have not posted bond as ordered.

3.  On May 8, 2013, Chowdhury presented for judicial notice the findings of fact in *Ingenuity 13, LLC v. John Doe*, No. 12-cv-08333 (C.D. Cal. May 6, 2013) that AFH was an alias of the Prenda parties, including Steele.

4.  When AFH failed to timely answer the counterclaims, Chowdhury requested notice of default on July 10, 2013. ECF No. 21.

5.  On August 29, 2013, the Court allowed Chowdhury's motion, ECF No. 25, and notice of default was entered by the Clerk, ECF No. 26.

6.  On September 13, 2013, Chowdhury moved for default judgment on his counterclaims. ECF No. 28.

7. None of the Prenda parties filed an opposition to the motion for default judgment. The Court entered an endorsed order allowing the motion without opposition on September 30, 2013. ECF No. 31.

8. On October 17, 2013, Chowdhury moved for approval of the final judgment in a form dismissing AFH's claims with prejudice and granting the relief sought in Chowdhury's counterclaims, with his attorney's fees and costs trebled pursuant to Chapter 93A. ECF No. 32.

9. On October 22, 2013, the Court issued a final judgment wherein the Prenda parties were held jointly and severally liable. ECF Nos. 33 & 34. More than 60 days later, this Judgment remains unsatisfied.

10. Steele moved to set aside the default judgment on November 6, 2013. ECF Nos. 36 & 37. Hansmeier did the same on November 7, 2013. ECF Nos. 38 & 39. Duffy did the same through a declaration, rather than a motion, on November 12, 2013. ECF No. 41.

11. On December 3, 2013, the Court issued its order denying the Prenda parties' motions to set aside the default judgment. ECF No. 43.

12. On December 16, 2013, Hansmeier, Steele, and Duffy gave notice of an appeal. ECF No. 45.

13. On December 16, 2013, Chowdhury moved for contempt for failure to satisfy the judgment. ECF No. 50. The motion was denied on January 9, 2014. ECF No. 55.

14. On February 3, 2014, Steele alone moved to stay the judgment. ECF No. 60.

## II. LEGAL STANDARD

### A. Motion to Stay Improperly Seeks to Apply the Standard for Suspending, Modifying or Granting Injunctions Pending Appeal to Staying a Money Judgment.

Stays of *injunctive orders* under Fed. R. Civ. P. 62(c) are evaluated under the traditional four-part standard applied to injunctions. *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16-17 (1st Cir. 2002) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).[1]

However, what Steele seeks to stay pending his appeal is not an injunctive order, but a *money judgment*. The applicability of what standard to apply to stays of money judgments is a distinction previously noted by this Court and others. *Cf. Perez & Cia., Inc. v. United States*, 578 F. Supp. 1318, 1320 (D.P.R. 1984); *Sierra Club v. Franklin County Power of Ill., LLC,* No. 05-cv-4095-JPG, 2010 U.S. Dist. LEXIS 3928, *2-3 (S.D. Ill. January 19, 2010) ("With respect to non-injunctive judgments, Rule 62(d) states, in pertinent part, 'if an appeal is taken, the appellant may obtain a stay by supersedeas bond … The bond may be given upon or after filing the notice of appeal or after

---

[1] In deciding whether to stay an injunction pending appeal, the Court considers factors similar to those it considered when initially granting the injunction: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.*

obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.'").

As such, Fed. R. Civ. P. 62(d) is the appropriate standard to be applied to the Motion. The elements cited by Steele therefore, have no bearing on the matter at hand.

Fed. R. Civ. P. 62(d) allows an appellant to obtain a stay of a monetary judgment against it by posting a supersedeas bond. Under the Local Rule, "a supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus ten (10%) percent of the amount to cover interest and any award of damages for delay plus Five Hundred and no/100 ($ 500.00) Dollars to cover costs, unless the court directs otherwise." Local Rule 62.2. *Cipes v. Mikasa, Inc.*, 404 F. Supp. 2d 367, 369 (D. Mass. 2005) ("Based on a plain reading of Fed. R. Civ. P. 62(d) and related First Circuit cases, the posting of a supersedeas bond in the amount specified by Local Rule 62.2 results in an automatic stay of the execution of a money judgment."). See also *Acevedo-Garcia,* 296 F.3d at 17; *Ford v. Bender*, 903 F. Supp. 2d 90, 106 (D. Mass. 2012).

The bond requirement is intended to protect the interest of the creditor's right under judgment during the pendency of the appeal. *Rivera Perez v. Massachusetts General Hospital*, 193 F.R.D. 43, 44 (D.P.R. 2000); *Perez Rodriguez v. Rey Hernandez*, 304 F. Supp. 2d 227, 228 (D.P.R. 2004). The nature and the amount of the bond is entrusted to the discretion of the trial court. *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987). However, the stay only takes effect once the court approves the bond. *Id.*

## III. ARGUMENT

### A.  The Motion to Stay is Untimely.

To the extent that Steele seeks a stay while his appeal is pending, it is incumbent upon him to post a supersedeas bond as provided in Fed. R. Civ. P. 62(d). "There is no basis, in the circumstances of this case, for the Court, in its discretion, to deviate from the ordinary and usual procedure in this regard." *Elias Bros. Restaurants v. Acorn Enters.*, 931 F. Supp. 930, 939 (D. Mass. 1996).

An appealing party is entitled to a stay of enforcement as a matter of right under Rule 62(d) if a supersedeas bond is given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. Fed. R. Civ. P. 62(d). See also *Trustmark Ins. Co. v. Gallucci*, 193 F.3d 558, 558 (1st Cir. 1999) (adopting *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 617 (7th Cir. 1992) ("Rule 62(d) *requires* a bond as a condition of the stay of a money judgment during an appeal.")); *Alphas Co. v. Dan Tudor & Sons Sales, Inc.*, 679 F.3d 35, 38 n.2 (1st Cir. 2012) ("in order to stay the

district court's judgment during an appeal … a party must file a supersedeas bond in the district court."). Here, Steele filed notice of appeal on December 16, 2013, but sought a stay almost two months afterwards without posting the required bond and seeking to apply the wrong legal standard. As such, the Motion is both inadequate and untimely. *Lightspeed Media v. Smith*, No. 12-cv-00889 (S.D. Ill. Nov. 27, 2013), ECF No. 123 (similar procedural facts).

> [N]o attempt has ever been made to present the Court with a supersedeas bond after the costs were awarded to the defendant, an action clearly mandated by Rule 62(d) in order to justify a stay of execution while the appeal is pending. The plaintiffs have utterly failed to comply with the rules which set out a time frame and procedure to be followed in order to obtain a stay of execution. To revoke the execution in the circumstances of this case would in effect grant a stay for reasons that are not supported either by the Federal Rules of Civil Procedure or any case law.

*Hochen v. Bobst Group, Inc.*, 2000 U.S. Dist. LEXIS 21765, 5 (D. Mass. Oct. 25, 2000)

## B. If the Stay is Allowed it should be Contingent Upon Posting a Bond to Protect Chowdhury from the Risk of a Later Uncollectible Judgment.

Even if the Motion were adequately briefed, the only questions likely to arise are those pertaining to the amount of the bond [2] or the sufficiency of the surety. The burden is on the party requesting a stay to demonstrate that a bond should not be required. *Acevedo-Garcia,* 296 F.3d at 17; *Ford*, 903 F.Supp.2d at 106.[3]

> A court faced with a request that the amount of the bond be reduced or that the bond requirement be eliminated altogether need not accept unsupported assertions that posting a supersedeas bond for the full amount will engender severe financial hardship. Rather, "the burden is on the party seeking a waiver [of the bond requirement] to demonstrate that the judgment is not at a risk," Wright & Miller, supra, at 720-722, and, in determining whether a party has met its burden, "it is appropriate for the court to require 'adequate documentation' to support" its request.

*Amica Mut. Ins. Co. v. Whois Privacy Prot. Serv.*, No. 11-cv-0070, 2013 U.S. Dist. LEXIS 109688, *5 (D.R.I. Aug. 2, 2013) (quoting *Ford*, 903 F.Supp.2d at 106). Steele's Motion however, presents no evidence allowing the Court to determine whether his financial condition would prevent him from securing supersedeas bond in full.

---

[2] After the appeal process is completed, should the supersedeas bond be inadequate to cover the ultimate liability of the appealing party, the full judgment obligation of the losing party remains intact. *See Burghart v. Frisch's Restaurants, Inc.*, 865 F.2d 1162, 1163 (10th Cir. 1989) (posting of bond in amount less than full judgment does not reduce judgment obligation of losing party).

[3] The Court has discretion to excuse the posting of a bond if "(1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the bond would put the defendant's other creditors in undue jeopardy." *Acevedo-Garcia*, 296 F.3d at 17. However, in his Motion, Steele did not ask the Court to waive the bond requirement, and raising the issue for the first time in a reply brief is too late. *Wills v. Brown University*, 184 F.3d 20, 27 (1st Cir. 1999) (arguments in support of a motion that are raised for the first time in a reply brief are waived).

If anything, Steele's Motion only serves as a harbinger to a future in which execution of the judgment after appeal is met with further resistance. Steele continues to ignore the Court's January 30, 2013 order requiring a $60,000 bond to be posted. ECF No. 11. Prior to filing this opposition, Chowdhury was compelled to file a motion for contempt because the judgment has yet to be satisfied. Likewise, Steele has filed a meritless motion to quash post-judgment discovery subpoenas in an effort to further delay collection efforts.   A party who desires a stay must move promptly as the filing of the bond does not have a retroactive effect. *MacMann v. Titus*, 819 F.2d 8, 9 (1st Cir. 1987) (an appeal from a judgment does not automatically suspend operation of the judgment until the determination of the appeal); *Alphas Co. v. Dan Tudor & Sons Sales, Inc.*, No. 10-cv-10831, 2013 U.S. Dist. LEXIS 77595, *5 (D. Mass. May 16, 2013) (identifying a Rule 62(d) supersedeas bond as a "prerequisite to obtaining a stay of proceedings to enforce a [money] judgment"); *Hovey v. McDonald*, 109 U.S. 150, 159-160 (1883) (appeal does not operate as stay where judgement is for specific sum of money). Thus, any enforcement action or execution had on the judgment before the stay becomes effective is not automatically set aside or rendered void even after the stay becomes effective. *Id*.

Steele's behavior has transformed the issue of judgment collection into exactly the kind of "second major litigation" that is disfavored by the Supreme Court. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). A supersedeas bond is therefore required to protect Chowdhury from the risk of a later uncollectible judgment and to compensate him for the undue delay. *Exxon Corp. v. Esso Worker's Union, Inc.*, 963 F. Supp. 58, 60 (D. Mass. 1997); *J. Perez & Cia., Inc. v. United States*, 578 F. Supp. 1318 (D.P.R. 1984). See also *Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982)*,* 696 F.2d at 526 ("The posting of a bond … assures a prevailing [party] that sheer passage of time will not render the judgment uncollectible and that he will be compensated … for the delay in receiving his money."); *Sheldon v. Munford, Inc.*, 128 F.R.D. 663, 665 (N.D. Ind. Nov. 16, 1989) ("The purpose of a supersedeas bond is to permit the plaintiff to collect its judgment after appeal without the necessity of proceedings supplemental or a protracted search for assets.").

Further calling into doubt Chowdhury's collection efforts is Steele's uncertain financial future. As noted by the *Lightspeed* court, he has been referred to "state and federal bars, the United States Attorney in at least two districts, one state Attorney General and the Internal Revenue Service." *Lightspeed Media v. Anthony Smith*, *et al,* No. 12-cv-00889 (S.D. Ill. Nov. 27, 2013), ECF

No. 100, p. 10. Of particular concern are the numerous sanctions imposed upon Steele and his associates by other courts:

1. *Sunlust Pictures, LLC v. Nguyen*, No. 12-cv-01685 (M.D. Fla. Nov. 27, 2012) ECF No. 28 (ordering sanctions to be briefed against Steele, Duffy and Prenda for misrepresentations to the court; amount sought was roughly $12,300; matter settled out of court);

2. *LW Systems v. Hubbard*, No. 13-L-15 (St. Clair County, Ill. 20th Jud. Cir. Nov. 13, 2013) (holding Steele and Duffy jointly and severally liable for Charter Communication's costs of $1,292.80);

3. *Guava LLC v. Merkel*, No. 27-cv-12-20976 (Hennepin County, Minn. 4th Jud. Dist. Aug. 7, 2013) (ordering Paul Hansmeier/Alpha Law to pay $63,367.02 in attorney fees and costs);

4. *AF Holdings, LLC v. Trinh*, No. 12-cv-02393-CRB (N.D. Cal. Dec. 6, 2013) ECF Nos. 58 & 70 (awarding $9,425 in attorney's fees and costs; judgment was satisfied);

5. *AF Holings, LLC v. Navasca*, No. 12-cv-02396-EMC (N.D. Cal. Oct. 16, 2013) ECF No. 120 (awarding $22,531 in attorney's fees and costs; judgment was satisfied);

6. *AF Holdings, LLC v. John Doe(s)*, No. 12-cv-1445-JNE-FLN (D. Minn. Nov. 6, 2013), ECF No. 67 (ordering AF Holdings and Prenda Law to repay settlement money and all attorney fees and costs incurred by defendants);

7. *Ingenuity 13 LLC v. John Doe*, No. 12-cv-8333-ODW (C.D. Cal. May 6, 2013) ECF No. 130 (jointly and severally liable for defendant's attorney fees and costs in the amount of $81,319.72);

8. *Lightspeed Media v. Anthony Smith, et al*, No. 12-cv-00889 (S.D. Ill. Nov. 27, 2013), ECF No. 100 (jointly and severally liable for defendant's costs and fees of $261,025.11); and

9. *Prenda Law, Inc. v. Godfread, et al*, No. 13-cv-04341 (N.D. Ill. Feb. 3, 2014) ECF No. 60 (sanctioning Prenda Law ($26,452.50 pending approval) for misrepresenting an order made by another Court).

Including the award of $64,180.80 levied in this matter, Steele and his associates have been fined no less than $541,893.95—of which $497,637.95 remains outstanding.

It is not at all clear how these circumstances will ultimately impact Steele's freedom, assets or income in the future. However, it is clear that Chowdhury should not be among those punished for Steele's actions. With the security of a 62(d) bond, the Court and Chowdhury need not concern themselves with such conduct in the future.

**C. The Supersedeas Bond must be Offered with Sufficient Surety in an Amount Adequate to Protect Chowdhury's Interests.**

A supersedeas bond posted to stay a judgment awarding money or property should be in an amount sufficient to indemnify the appellee not only for costs, damages, and interest, but also for the value of the judgment itself. *Acevedo-Garcia,* 296 F.3d at 17; *Int'l Floor Crafts, Inc. v. Dziemit*, 420 Fed. Appx. 6, 18-19  (1st Cir. Mass. 2011); *In re Pharm. Indus. Average Wholesale Price Litig.*, No.

01-cv-12257, 2012 U.S. Dist. LEXIS 901, *46-50 (D. Mass. Jan. 4, 2012) (citing *Sckolnick*, 820 F.2d at 15). This practice is consistent with the rationale for requiring the bond, which is to protect the interests of the judgment creditor who is being stayed from execution pending the outcome of the appeal.

Here, the security of a bond—in full—is even more important given the behavior of Steele throughout this litigation. As such, Chowdhury respectfully requests that this Court require Steele to post bond of the amount awarded by this Court, one year of interest, and $500 in costs. Local Rule 62.2; *Cipes*, 404 F. Supp. 2d at 369.

Additionally, an appropriate bond should also account for additional fees and expenses that Chowdhury incurs in prosecuting the fee issue. To date, Chowdhury has had to file for contempt (ECF No. 50); move for an order allowing the domestication of the judgment (ECF No. 58), and reply to its opposition (ECF No. 61); respond to a meritless motion to quash (ECF No. 62); and respond to an otherwise inarticulate motion to stay (ECF No. 60). Chowdhury therefore respectfully requests that the amount of the bond be increased by $60,000 as an estimate of the additional time spent to litigate this issue.[4]

Lastly, Appellate Rule 7 authorizes a district court to require an appellant to file a bond to cover costs incurred on appeal. Fed. R. App. P. 7. Because Steele seeks a stay of enforcement of the final judgment pending disposition of the appeal under Appellate Rule 8, Chowdhury requests the Court further fix one bond for *both* costs and supersedeas. As such, Chowdhury respectfully requests that the amount of the bond be increased by and additional $100,000 as an estimate of the costs incurred upon appeal.

---

[4] See e.g. *Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co.*, 81 F. Supp. 2d 331, 334 (D.P.R. 2000) (noting that award of fees need not match actual attorney's fees incurred, but should be determined based on extent of obstinate conduct).

## IV. CONCLUSION

Time and again, Mr. Steele and the Prenda parties have proven themselves the monstrous embodiment of unprecedented and resounding noise. Mr. Chowdhury now asks that they simply put their money where their mouths are.

**WHEREFORE,** Chowdhury respectfully requests that 1) the Motion be denied; or 2) if allowed, a bond be posted in the amount of:

1. $224,180.80;

2. plus one year of interest; and

3. $500 in costs.


Dated: February 18, 2014

Respectfully submitted,


By: /s/ *Jason E. Sweet*

Jason E. Sweet
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Attorney for Defendant Sandipan Chowdhury*