## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| AF HOLDINGS, LLC, | ) | Civil Action No. 1:12-cv-12105-JLT |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SANDIPAN CHOWDHURY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT CHOWDHURY'S REPLY TO PAUL HANSMEIER'S
### OPPOSITION TO CERTIFICATION OF THE JUDGMENT

This Court found AF Holdings, LLC to be an alias of its counsel, Prenda Law, Inc., its principals, attorneys John L. Steele ("Steele"), Paul A. Duffy ("Duffy") and Paul R. Hansmeier ("Hansmeier"), and its paralegal, Mark Lutz (collectively, "the Prenda parties"). In doing so, the Court held the Prenda parties jointly and for Defendant Chowdhury's ("Chowdhury") costs and attorneys' fees, trebled pursuant to M.G.L. c. 93(A) §9, in the amount of $64,180.80. ECF No. 34. The automatic stay of proceedings to enforce that judgment expired on November 6, 2013 pursuant to Fed. R. Civ. P. 62(a). The Prenda parties filed a Notice of Appeal on December 16, 2013, (ECF No. 45), but filed no supersedeas bond to obtain a stay of judgment enforcement proceedings pursuant to Fed. R. Civ. P. 62(d).[1]

The undersigned counsel certifies that to the best of his knowledge, information, and belief, the Prenda parties have no assets within the District of Massachusetts. This assertion is premised 1) upon the pleadings (*see, e.g.,* ECF No. 60 ("Steele … has never owned real estate in Massachusetts, and has never had any business dealings of any sort in Massachusetts."); ECF No. 61 ("Chowdhury chose to pursue relief against multiple *nonresident* non-parties in this district."); based upon the addresses provided by the Prenda parties—identifying themselves as residents of Florida, Illinois and Minnesota; 3) prior pleadings filed in other courts by the Prenda parties; and 4) a records search of the Prenda parties' assets.

_____

[1] Though Steele moved for a stay (ECF No. 60), to which Chowdhury objected to as being untimely; applying the wrong legal standard; and void for lack of a bond (ECF No. 63), the stay only takes effect once the court approves the bond. *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987).

## I. ARGUMENT

Chowdhury, as holder of a judgment in his favor, is entitled to security for its claim pursuant to Fed. R. Civ. P. 62, notwithstanding the pendency of an appeal.

> [T]he Federal Rules contemplate that, absent a stay, a victorious plaintiff may execute on the judgment even while an appeal of that judgment is pending.

*U.S. v. One Star Class Sloop Sailboat*, 546 F.3d 26, 36, n. 5 (1st Cir. 2008) (quoting from *Acevedo-Garcia v. Vera-Monroig*, 368 F.3d 49, 58 (1st Cir. 2004)), *See also Trustmark Insurance Co. v. Gallucci*, 193 F.3d 558, 559 (1st Cir. 1999).

Chowdhury's motion for certification of the judgment did not discuss 28 U.S.C. § 1963 because it does not apply. Hansmeier's reiteration of the statue is parsed in favor of his argument. ECF No. 61 ("28 U.S.C. § 1963 prevents certification and registration of federal judgments in other districts until the "judgment has become final by appeal. …"). A further reading of the statute provides for the registration of the judgments of district courts under certain circumstances:

> A judgment in an action for the recovery for money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district … when the judgment has become final by appeal or expiration of the time for appeal or *when ordered by the Court that entered the judgment for good cause shown*.

28 U.S.C. § 1963 (*emphasis* added).

> The legislative history of the 1988 Amendment to Section 1963 also states, in part:

> If the property of the judgment debtor is located in, or is removed to, another jurisdiction pending appeal, the judgment creditor cannot obtain a lien in the foreign jurisdiction until after the appeal process is completed and thus may be effectively unable to enforce the judgment if assets have been dissipated. …

> Although these circumstances do not often occur, the Judicial Conference concluded that a judgment debtor should not be permitted to hide assets in a foreign jurisdiction and that the District Court entering the judgment should be given discretion to permit registration in a foreign jurisdiction pending appeal, but only upon showing of good cause.

H.R. Rep. 100-889, 67, 1988 U.S.C.C.A.N. 5982, 6028.

According to the commentary to the 1988 amendment of section 1963 the definition of "good cause"

> would include a showing that the defendant plans to remove property from the other district, but that may require more evidence than it is fair to exact of a plaintiff (judgment-creditor) who has, after all, already prevailed at trial level on the merits of his claim. The court should have leeway under this new provision to permit the

> regulation on a lesser showing—a mere showing that the defendant has substantial property in the other district *and insufficient [property] in the rendering district to satisfy the judgment.*

Siegel, *Commentary on 1988 Revision,* 28 U.S.C. § 1963 (West Supp. 1992) (emphasis supplied); see also Siegel, *Practice Commentary: Mere Taking of Appeal No Longer Automatic Bar to Registration,* 28 U.S.C. § 1963 (West Supp. 1992).

Likewise, Courts generally have held that, for a finding of "good cause," it is sufficient under § 1963 for the movant to show "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Cianbro Corp. v. George H. Dean, Inc*., 749 F. Supp. 2d 1 (D. Me. 2010). See also *Columbia Pictures Indus., Inc., v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197-98 (9th Cir. 2001); *Chicago Downs Assoc., Inc. v. Chase*, 944 F.2d 366, 372 (7th Cir. 1991); *Hofmann v. O'Brien*, No. 06-cv-3447, 2009 U.S. Dist. LEXIS 89694, *8-9 (D. Md. Sept. 28, 2009); *Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F.Supp. 2d 49, 51-52 (D.D.C. 2006); *Great Am. Ins. Co. v. Stephen*s, No. 04-cv-3642, 2006 U.S. Dist. LEXIS 56470, *6-11 (E.D. Pa. Aug. 11, 2006); *Woodward & Dickerson v. Kahn*, No. 89-cv-6733, 1993 U.S. Dist. LEXIS 4188, *1-2 (S.D.N.Y. April 2, 1993); *Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 68 (D.N.J. 1989); *Fasolino Foods Co. v. Banca Nazionale del Lavoro,* No. 90-cv-334, 1991 U.S. Dist. LEXIS 7833, *2-5 (S.D.N.Y. 1991); *Johns v. Rozet,* 143 F.R.D. 11, 12 (D.D.C. 1992).

In the instant case, Chowdhury can gain no security for his judgment within the District of Massachusetts because the Prenda parties have no assets in Massachusetts to satisfy the judgment, and have continuously refused to post bond. ECF Nos. 20 & 60. However, the Prenda parties, by their own admissions, do have substantial assets in Florida, Minnesota and Illinois. Thus, good cause[2] is demonstrated here as the Prenda parties lack assets in this district but hold assets in other districts. This construction furthers Congress' underlying purpose in amending the statute to prevent judgment debtors like the Prenda parties from frustrating the rights of judgment creditors.

_____

[2] Moreover, the Court found that the Prenda parties created a fictitious plaintiff to bring their claims. ECF Nos. 34 & 43. Viewed in this light, and the record as a whole, Chowdhury has certainly met its burden of showing good cause.

## II. CONCLUSION

**WHEREFORE,** Chowdhury respectfully requests that this Court authorize the Clerk to certify the judgment dated October 23, 2013 for registration in the Districts of Florida, Minnesota and Illinois for further proceedings; and for an award of attorney's fees incurred by Chowdhury in connection with bringing the initial motion and in the preparation of this response to Hansmeier's opposition.

Dated: February 17, 2014

<div style="margin-left:50%">

Respectfully submitted,

By: /s/ *Jason E. Sweet*

Jason E. Sweet
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Attorney for Defendant Sandipan Chowdhury*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2014, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ *Jason E. Sweet*
Jason E. Sweet