## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ———————————————— | ) |  |
| AF HOLDINGS, LLC, | ) | Civil Action No. 1:12-cv-12105-JLT |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) |  |
|  | ) |  |
| SANDIPAN CHOWDHURY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| ———————————————— | ) |  |

### DEFENDANT CHOWDHURY'S OPPOSITION TO JOHN STEELE, PAUL HANSMEIER AND PAUL DUFFY'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER

Defendant Sandipan Chowdhury ("Chowdhury") respectfully submits this response in opposition to the Motion to Quash and for a Protective Order (ECF No. 62; "Motion") submitted by John Steele, Paul Hansmeier and Paul Duffy (collectively, "the Movants"). On October 23, 2013, this Court found AF Holdings, LLC to be an alias of its counsel, Prenda Law, Inc., its principals, attorneys John Steele ("Steele"), Paul Duffy ("Duffy") and Paul Hansmeier ("Hansmeier"), and its paralegal, Mark Lutz (collectively, "the Prenda parties"). In doing so, the Court held the Prenda parties jointly and for Defendant Chowdhury's ("Chowdhury") costs and attorneys' fees, trebled pursuant to M.G.L. c. 93(A) §9, in the amount of $64,180.80. ECF No. 34.

On January 16, 2014, more than a month after Movants failed to comply, Chowdhury's counsel served subpoenas on several financial institutions seeking financial records about Movants and affiliated non-parties. See ECF No. 62-1. Movants raise procedural objections to the subpoenas, which they argue: 1) are overbroad; 2) improperly compel compliance outside the 100-mile limitation imposed under Rule 45; and 3) are untimely. None of those objections have merit, and the Motion should be denied.

### I. LEGAL STANDARD

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (*citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

Federal Rule of Civil Procedure 45(a) permits the issuance of subpoenas to produce documents and other tangible things in a person's possession, custody or control. *See* Fed. R. Civ. P. 45(a). On timely motion, a court must quash or modify a subpoena that:

    (i)       fails to allow a reasonable time to comply;
    (ii)      requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii)     requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv)     subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

In pertinent part, Rule 45(c) provides that "[a] subpoena may command … production of documents … or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2), (A). Yet "[a] person commanded to produce documents … or tangible things … need not appear in person at the place of production … unless also commanded to appear for a deposition, hearing, or trial." Fed. R. Civ. P. 45(d)(2)(A).

The party seeking to quash a subpoena under Rule 45(c)(3)(A) bears the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden. *In re New Eng. Compounding Pharm., Inc.*, No. 13-cv-2419, 2013 U.S. Dist. LEXIS 161652, *32-33 (D. Mass. Nov. 13, 2013); *accord Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012) (Movants John Steele and Paul Duffy for plaintiff Pacific Century International, Ltd.). As with other discovery issues, deciding whether to grant a motion to quash lies within the sound discretion of the district court. *Demers v. Lamontagne*, No. 98-cv-10762, 1999 U.S. Dist. LEXIS 17500, *5 (D. Mass. May 5, 1999) (*citing United States v. Concemi*, 957 F.2d 942, 949 (1st Cir. 1992)).

## II. ARGUMENT

### A.  Movants are not the respondents to the subpoenas and lack standing to quash.

As an initial matter, it is questionable whether Movants even have standing to raise any objection to the subpoenas, which were not served on Movants but on third-party financial institutions. Movants, after all, are not the respondents to the subpoenas in question, and therefore they cannot resort to the principles which govern subpoena enforcement proceedings generally to oppose the subpoenas. *Sterling Merch., Inc. v. Nestle, S.A.*, 470 F. Supp. 2d 77, 81 (D.P.R. 2006) ("a person other than that against whom the subpoena was issued, lacks standing to move to quash the subpoena"); *United States Bank Nat'l Ass'n v. James*, 264 F.R.D. 17, 18-19 (D. Me. 2010) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to

claims of privilege relating to the documents being sought."); *Liberty Media Holdings v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 450 (D. Mass. 2011) (citation omitted) (holding that procedural objections to subpoenas issued to third-parties must be raised by the third-parties themselves, rather than the Movants).[1]

"As a general rule, 'a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests.'" *Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153, 159-160 (D. Mass. 2013). However, the exception for claims of privilege do not apply here as the Movants have not asserted (nor could they viably assert) any claim of privilege relating to the requested financial records.[2] *United States Bank Nat'l Ass'n*, 264 F.R.D. at 19 (bank customers cannot seek to quash subpoenas issued to bank for its bank records) (citing *United States v. Miller*, 425 U.S. 435, 442-43 (1976)).

As such, the Movants lack standing to raise objections to the subpoenas.

**B. Movants' objection to the subpoenas as "untimely" is vague, unsupported and insufficient.**

The subpoenas at issue provided fourteen days to respond. Movants argue that such a response period is "untimely." Although Rule 45 does not define "reasonable time," this Court has found fourteen days from the date of service to be presumptively reasonable. *In re New Eng.*, 2013 U.S. Dist. LEXIS 161652, *34 (collecting cases); *see also* Fed. R. Civ. P. 45(c)(3)(A)(i) (providing that a court must quash a subpoena that fails to allow a reasonable time to comply). Even if the time to comply were unreasonable, it would fall upon the various financial institutions to make this argument—not the Movants. As of the date of this memorandum, none of the financial institutions have moved to quash the subpoenas on the ground of "untimeliness," or any other ground.

To the extent the Movants intended "untimely" as meaning that they themselves were provided an inadequate opportunity to object to the subpoenas, this argument also fails. Though Movants provide no citations for their assertion, the presumption herein is Movants are arguing that absent a valid and enforceable judgment against them and the undersigned counsel's collection efforts in this and related matters, Movants never anticipated that their financial records would be subpoenaed. Regardless, Movants cannot avoid the reach of a subpoena by arguing that they were not

---

[1] *Accord Mgcip, LLC v. Doe*, No. 10-cv-6677, 2011 U.S. Dist. LEXIS 61879, *5 (N.D. Ill. June 9, 2011) (Movant John Steele for Plaintiff MCGIP, LLC).

[2] For these same reasons, Movants plea for a protective order likewise fails. *See, e.g., In re Prats Vega*, No. 09-br-08785, 2010 Bankr. LEXIS 2870, *4-8 (D.P.R. Aug. 17, 2010).

provided prior notice. *See, e.g., In re New Eng.*, 2013 U.S. Dist. LEXIS 161652, *28 (collecting cases); *United States Bank Nat'l Ass'n*, 264 F.R.D. at 19 (bank customers cannot seek to quash subpoenas issued to bank for its bank records). More so, the Movants were provided ample opportunity to object by their respective banks, as it is generally the policy of financial institutions to notify their customers prior to releasing any information. Indeed, had the Movants not been provided time to object they could not have filed the motion to quash, and counsel's desk would be cluttered with financial statements. But that is not the case.

Given that the Movants have not and can not shown any prejudice to them, and production has not yet occurred, the motion to quash the subpoenas on this ground should be denied.

## C.  Movants' objection to the subpoenas as "overbroad" is unsupported and insufficient.

Movants object that the subpoenas are "overbroad." Motion p. 1. "Overly broad" is not among Rule 45's list of enumerated reasons for quashing a subpoena. More so, the scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules. *See Baker v. Liggett Group, Inc.,* 132 F.R.D. 123, 125 (D. Mass. 1990); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (because "discovery itself is designed to help define and clarify the issues," the limits set forth in Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."); Fed. R. Civ. P. 45 advisory committee note to the 1991 amendment.

Under Rule 26(b)(2), the Court must weigh the burden or expense of proposed discovery and its likely benefit by taking into account "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b). To the extent not covered by the aforementioned factors, the Court should also consider:

> (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

Fed.R.Civ.P. 26 Advisory Committee's note, to 2006 Amendment.

The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. *In re New Eng.*, 2013 U.S. Dist. LEXIS 161652, *32. To meet this burden, the objecting party must specifically detail the reasons why each request is irrelevant. *In re Stone & Webster, Inc. Sec. Litig.*, No. 00-cv-10874, 2006 U.S. Dist. LEXIS 71288, *9 (D. Mass. Sept. 29, 2006). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 7 (1st Cir. 1986). Movants make no effort to explain how the subpoenas could be "overly broad." Chowdhury's subpoenas seek financial records of Movants and their known associates, businesses, business aliases, shell companies, and other related corporate entities. ECF No. 12-3. As the *Ingenuity 13* court noted in its order sanctioning the Movants last year, "the Principals also obfuscate other facts, especially those concerning their operations, relationships, and financial interests. The Principals' web of disinformation is so vast that the Principals cannot keep track—their explanations of their operations, relationships, and financial interests constantly vary. This makes it difficult for the Court to make a concrete determination." ECF No. 15-1 p. 8. the *Ingenuity 13* court adopted as its finding a chart detailing a web of non-parties intimately tied to the Movants. *Id.* pp. 8-9. The subpoenas target financial records for those closely related non-parties.[3]

Where Movants have failed to pay as ordered, such as here (ECF Nos. 20, 34 & 43), discovery about the potential hiding places for their enterprises' improperly obtained revenues is directly pertinent to resolving their unpaid debts to Chowdhury.[4] Given the scope and breadth of Movants' wrongful acts, and their vast web of shell companies, the discovery sought would help cut

[3] The sanctioned attorneys are the "de facto owners and officers" of the offshore shell companies AF Holdings LLC and Ingenuity13 LLC. *Id.* ¶ 2. The docket in this case identifies the sanctioned attorneys with Alpha Law Firm LLC, Steele Hansmeier PLLC, and Prenda Law, Inc.. Duffy has identified himself with Anti-Piracy Law Group (ECF No. 92-5) and Duffy Law Group. *See LW Systems LLC v. Hubbard*, No. 13-L-15 (St. Clair County, IL) (Steele and Duffy were both sanctioned in this matter). Steele and Hansmeier operate LiveWire Holdings, LLC (a/k/a LW Systems, LLC). ECF No. 92-3 ¶ 6. Prenda Law's paralegal Mark Lutz has been identified the CEO of AF Holdings, Ingenuity 13 and LiveWire. Id. at ¶¶ 7-9. Lutz identified himself as a corporate representative for hire for Prenda clients. ECF No. 61-4 pp. 16-17. Media Copyright Group, LLC ("MCG") is used by Prenda to monitor and document Internet-based piracy of copyrighted creative works. MCG also operates as 6881 Forensics, LLC. ECF No. 92-4. Paul and Peter Hansmeier have often submitted declarations to courts on behalf of MCG identifying alleged infringers' IP addresses. MCGIP, LLC was a client of Prenda. MCGIP was, in part, claiming the rights of another Prenda client, VPR, Inc. MCG, MCGIP, Steele Hansmeier PLLC, Alpha Law and Class Action Justice Institute LLC (a/k/a Class Justice) all share the same registered office.

[4] For these same concerns, the *Lightspeed* court has ordered the Movants to "submit asset statements from a certified public accountant to support their financial resources." *Lightspeed Media v. Smith, et al*, No. 12-cv-00889 (S.D. Ill. Feb. 13, 2014), ECF No. 123 p. 2. The discovery sought here will help ensure Movants disclosures' completeness and accuracy, which cannot otherwise be presumed.

short Movants' financial shell game, a benefit that outweighs any burden or overbreadth the Movants may conceive. Notably, the Motion does not even contend that the subpoenas would burden *anyone*: not the Movants themselves, and not the third-party financial institutions subject to the subpoenas. The subpoenas are properly targeted at relevant information subject to discovery.

### D. The "100-mile limitation" in Rule 45(c) does not apply to the subpoenas.

Movants object that the subpoenas request production beyond the 100-mile limit set out in Rule 45(c). Motion p. 2. Movants misread or misconstrue the Rule. The sole geographical limits specified in Rule 45(c) apply only to subpoenas that "command a person to attend a trial, hearing, or deposition." *See* Fed. R. Civ. P. 45(c)(1)(A) (permitting such subpoenas "only as" specified therein). The subpoenas at issue seek production by non-parties, not personal attendance. *See* ECF No. 62-1 pp. 8-21. Rule 45(c)(2), which governs subpoenas for the production of documents, provides not a limitation but a permissive guide; unlike Rule 45(c)(1), it does not mandate that subpoenas for documents may be made "only as follows." *Compare* Fed. R. Civ. P. 45(c)(1) (dictating that subpoenas for personal appearances be made "only as follows" and setting forth geographic limits) *with* Fed. R. Civ. P. 45(c)(2)(A) (stating that a subpoena for document discovery "may command" production within 100 miles of the producing person's place of residence, employment, or regular place of business). Rule 45 does not prohibit production outside those bounds where the producing party is not subject to undue burden. Instead, the Rule recognizes that complying with a subpoena for only documents or tangible things does not require any person to travel more than 100 miles. *See* Fed. R. Civ. P. 45(d)(2)(A) ("A person commanded to produce documents … or tangible things … need not appear in person at the place of production … unless also commanded to appear for a deposition, hearing, or trial.").

> Counsel's argument that the subpoena is invalid because it requires [production of] documents at a location 'well over the 100 mile limit set forth in Rule 45(c)(3)(A) (ii)' also is flawed; the 100 mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents 'need not appear in person at the place of production or inspection.' *See* Fed. R. Civ. P. 45(c)(2)(A).

*Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009); *accord United States Bank Nat'l Ass'n*, 264 F.R.D. at 19-20 ("a majority of the courts that have dealt directly with the 100-mile issue have held that such a subpoena should be enforced") (collecting cases); *Liberty Media Holdings*, 821 F. Supp. 2d at 450. See also *Estate of Esther Kleiman v. Palestinian Auth.*, 293 F.R.D. 235, 240 (D.D.C. 2013) (collecting cases); *Appleton Papers Inc. v. George Whiting Paper Co.*, No.

08-cv-16, 2009 U.S. Dist. LEXIS 71322, *8-9 (E.D. Wisc. July 31, 2009); *Kremen v. Cohen*, No. 02-cv-1145, 2012 U.S. Dist. LEXIS 66483, *3-4 (S.D. Cal. May 11, 2012); *Zech Farms Trucking, Inc. v. Abengoa Bioenergy of Neb., L.L.C.*, No. 11-cv-51, 2012 U.S. Dist. LEXIS 61951, *3 (D. Neb. May 3, 2012).

These case law precedents distinguishing the 100-mile limit from the rules for document subpoenas were decided under Rule 45 before the amendments effective December 1, 2013, which added a new Rule 45(c). *See* Fed. R. Civ. P. 45 Advisory Committee Notes on Rules–2013 Amendment ("Subdivision (c) is new. It collects the various provisions on where compliance can be required and simplifies them."). However, the amended Rule makes that distinction even clearer: "Unlike the prior rule, place of service is not critical to place of compliance." *Id.* Indeed, the amended Rule is designed to facilitate production that can "be transmitted by electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of the parties to make such arrangements." *Id.* If followed, Movants' suggestion that a subpoena may not request that a non-party produce documents by transmitting them to a point more than 100 miles away would frustrate the common-sense terms and purposes of the Rule. Accordingly, the subpoenas at issue do not violate the geographical limits of Rule 45(c), because they do not require any person to travel more than 100 miles to comply.

### III. CONCLUSION

The frivolous Motion is only the latest in the Movants' long series of dilatory tactics. After objectively considering all of the surrounding circumstances, including Movants multiple efforts to avoid compliance with and enforcement of the orders against them, it is reasonable to infer that Movants filed their Motion for an improper purpose, namely as a dilatory tactic.

The motion to quash has no basis and must be denied. As a further sanction for the conduct discussed here, Chowdhury requests that the Court order Movants to fully compensate Chowdhury for those attorney's fees incurred in investigating, researching and contesting Movants' meritless Motion.

**WHEREFORE**, Defendant Sandipan Chowdhury respectfully requests that the Court deny the Motion to Quash and for a Protective Order and order the Movants to compensate Chowdhury for attorneys' fees incurred as a result of the Motion.

Dated: February 18, 2014

Respectfully submitted,


By: /s/ *Jason E. Sweet*

Jason E. Sweet
Daniel G. Booth
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Attorneys for Defendant Sandipan Chowdhury*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2014, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Jason E. Sweet