**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

)
)
AF HOLDINGS, LLC,                           )          Civil Action No. 1:12-cv-12105-JLT
)
      Plaintiff,                            )
)
      v.                                  )
)
SANDIPAN CHOWDHURY,                         )          **PAUL HANSMEIER'S OPPOSITION**
)          **TO SANDIPAN CHOWDHURY'S**
      Defendant.                          )          **SECOND MOTION FOR A RULE 7**
)          **BOND**
)

**PRELIMINARY STATEMENT**

Briefing on the pending appeal closed over one month ago. Appellants cited

binding First Circuit and Supreme Court precedent that squarely rejects what

Chowdhury accomplished in this case, and Chowdhury failed to distinguish or rebut

the cases. Instead, Chowdhury attempted—for the very first time on appeal—to

raise issue preclusion and alter ego arguments, but even these arguments fell flat,

and not just because Chowdhury waived these arguments by failing to adequately

make them in the proceedings before this Court.

Now, in apparent recognition of his vulnerability on appeal, Chowdhury

comes before this Court in a "Hail Mary" attempt to avoid a decision on merits.

Specifically, he asks the Court to impose an arbitrary $30,000 Fed. R. App. P. 7

bond. If the $30,000 is not posted, Chowdhury's next obvious move will be to dismiss

the pending appeal. The purpose of an appeal bond is to provide the responding

party with security for its costs at the *outset* of an appeal. It is not, as Chowdhury appears to believe, a mechanism to "buy the pot" after appellate briefing has closed.

Chowdhury's motion is rendered even more cynical by the fact that he previously sought an appeal bond in this case. His request was properly denied. Yet, in his pending motion he does not mention this fact, and does not satisfy the rigorous standard applicable to requests for reconsideration of prior orders.

## STATEMENT OF FACTS

On October 22, 2013, this Court entered judgment against Plaintiff AF Holdings and five non-parties—none of which were named as parties to Chowdhury's counterclaims, served with process or alleged to have committed any wrongdoing. (Dkt. #33.) Three of these nonparties moved to vacate the judgment, the Court denied these motions and a notice of appeal was filed shortly thereafter. (Dkts. #36, 38, 41, 43 and 45.) The non-parties' appellate reply brief was filed on May 10, 2014 and the First Circuit is currently considering the merits of the appeal.

On December 24, 2013 Chowdhury filed a motion that in relevant part requested the Court order the appellants to post a $100,000 Fed. R. App. P. 7 bond. (Dkt. #51.) This Court denied the motion. (Dkt. #55.) On June 19, 2014 Chowdhury filed a second request for a Rule 7 bond. (Dkt. #69.) This time Chowdhury has reduced his request to $30,000, but his Motion does not identify any reason why reconsideration of the Court's prior order is warranted.

## ARGUMENT

This Court must reject Chowdhury's request for reconsideration for four independent reasons: (1) Chowdhury does not justify the Court's reconsideration of its prior order; (2) Chowdhury's motion is untimely; (3) Chowdhury fails to justify the amount of the appellate bond he seeks; and (4) the Court lacks personal jurisdiction over the undersigned.

I.    Chowdhury Does Not Justify The Court's Reconsideration Of Its Prior Order.

Despite devoting nearly three pages of his memorandum to a largely irrelevant factual background, Chowdhury conspicuously omits mention of the most relevant fact—namely, that he has already requested a Rule 7 bond, and that this request was denied. (*See* Dkt. #51, at 9) ("[T]he Court should order the Prenda parties to post a bond … sufficient to cover Chowdhury's costs and fees on appeal."); (*see also* Dkt. #50-1, at ¶3) (requesting a $100,000 Rule 7 bond and citing to *Int'l Floor Crafts, Inc. v. Dziemit*, 420 Fed. App'x. 6, 17 (1st Cir. Mass. 2011)); (*See* Dkt. #55) (order denying, *inter alia*, Chowdhury's request for a Rule 7 bond.)

Leaving aside the highly questionable ethics of Chowdhury's omission, the fact that Chowdhury is seeking reconsideration of the Court's prior order means that he must satisfy the rigorous standard applicable to such motions. "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). "To obtain relief, the movant must demonstrate either that newly discovered

evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Id.* (citing *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n. 2 (1st Cir. 2005).

Chowdhury comes nowhere close to meeting this rigorous standard for relief. Not only does he fail to mention the legal standard applicable to motions for reconsideration, he does not identify any "newly discovered evidence" or point to a single "manifest error of law" associated with the Court's denial of his original Rule 7 request. Instead, as with the plaintiff in *Palmer*, Chowdhury's motion "do[es] no more than reiterate the arguments [he] earlier had advanced...." *See id.* To the extent Chowdhury raises new arguments in his most-recent Rule 7 request, the Court must disregard those arguments since they could have been raised before. *Id.*

II.   Chowdhury's Motion is Untimely.

Chowdhury's motion suffers from another fatal defect: it is untimely. Chowdhury's motion is untimely because appellate briefing has closed. Chowdhury does not cite to, and Appellants are unaware of a single example of a Rule 7 bond being imposed *after* appellate briefing has been completed. To the contrary, every example of a Rule 7 bond in First Circuit case law relates to a cost bond that is sought at the outset of an appeal. *See, e.g.*, *See Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987) (motion for appellate bond brought shortly after filing of a notice of appeal).

An untimely Rule 7 bond motion is inappropriate for two reasons. First, it is unduly prejudicial to the appellants, who have already expended significant time

4

and resources in fully prosecuting their appeal. Unlike an appeal bond imposed at the outset of an appeal—which an appellant would be able to weigh in its decision whether to prosecute an appeal—an appeal bond imposed at the conclusion of the appeal threatens to deprive appellants of the significant resources already expended in prosecuting an appeal.

Second, the purpose of an appeal bond is to give a respondent security for its future, unexpended, costs on appeal. *See* Fed. R. App. P. 7. Yet, under the circumstances present here, Chowdhury has expended all of the costs he can reasonably expect to incur on appeal and there are no future costs to secure. To be sure, if the appeal were dismissed today, Chowdhury's costs on appeal would be no more secured than if the appeal were allowed to continue. Thus, Chowdhury would suffer no prejudice from a denial of his request for reconsideration.

Chowdhury's statement that he "can expect to incur significantly more [costs and fees] in the pending appeal," (Dkt. #69, at 9) borders on fraud. Appellate briefing is closed; none of the parties to the appeal requested oral argument. There is no realistic possibility that Chowdhury will incur "significantly more" costs and fees on appeal, as he contends.

III.    Chowdhury Fails to Substantiate The Amount Of The Bond He Seeks.

Even if Chowdhury had satisfied the rigorous elements for reconsideration, and even if his request was timely made, he has still failed to provide a sufficient basis to support the amount of bond he seeks. As described below, First Circuit case law recognizes two circumstances when attorneys' fees on appeal are properly

5

included in a Rule 7 bond: (1) when the judgment being appealed arises under a statute that defines attorneys' fees as costs; and (2) when an appeal is frivolous. Neither of these circumstances is present here.

A.    Chapter 93A Does Not Define Attorneys' Fees As Costs.

Under the circumstances of this case, Chowdhury is not entitled to security for his attorneys' fees on appeal. In *International Floor Crafts, Inc. v. Dziemit*, 420 Fed. App'x. 6 (1st Cir. 2011), the First Circuit ruled that the inclusion of attorneys fees in a Rule 7 bond is appropriate only when the statute underlying the judgment includes attorneys' fees as part of costs awardable. That is not the case here. First, the judgment in this case was entered pursuant to the Massachusetts Consumer Protection Act, Mass Gen. Laws ch. 93A ("Chapter 93A"), not the Copyright Act. The Copyright Act, for example, contains no provision allowing for the trebling of attorneys' fees, unlike the judgment entered in this case.

Chapter 93A does not define costs as including attorneys' fees. Instead, it defines attorneys' fees as a recoverable *damage*, rather than a cost, and expressly distinguishes between attorneys' fees and costs. *See* Chapter 93A, at §9(3A) ("Said damages may include ... attorneys' fees and costs.") (emphasis added). Thus, attorneys' fees are not properly included in a Rule 7 bond.

B.    Chowdhury Falls Well Short Of Establishing Frivolousness.

An independent basis for including attorneys' fees as part of a Rule 7 bond is a finding that an appeal is frivolous. *Sckonick*, 820 F.2d at 15. Chowdhury offers his view that the pending appeal is frivolous. The undersigned has attached the

6

appellate briefs submitted in this matter and believes that the briefing speaks for itself. In particular, the Court may draw its attention to the fact that Chowdhury left several of the appellants' identifications of error largely unchallenged. As for Chowdhury's reliance on the *Navasca* case, all this Court needs to know is that the ultimate holding of the Magistrate Judge in that case was that he could not order relief because *lack of proper service deprived the court of personal jurisdiction*— which, of course, is the core error asserted in the appeal. Thus, if preclusive effect is applied to the *Navasca* case, then Chowdhury's loss on appeal is all-but-certain.

## C.     Chowdhury's Substantiation Is Inadequate.

However, regardless of whether attorneys' fees are properly included as part of a Rule 7 bond in this case (and they are not), there is still the question of whether Chowdhury has sufficiently substantiated the amount of the bond he seeks. At this stage of the appeal, where briefing has been completed, Chowdhury knows what his incurred costs and fees are. Yet, he has failed to provide the Court with a sworn itemization of these fees and costs. Chowdhury's statement that "[I]t is only possible to give a rough estimate of the number of hours that can be expected in the instant litigation," (Dkt. #69, at 9) again borders on fraud. Chowdhury's appellate costs are certain, and he could easily tell the Court what they are. Part of conducting a lodestar analysis, as Chowdhury urges the Court to do, is reviewing a sworn itemization of costs and fees.

This is not a mere formality. In *Shirokov v. Dunlap, Grubb & Weaver PLLC*, No. 10-12043 (D. Mass. Mar. 27, 2014), the Honorable Judge George A. O'Toole

reviewed a fee itemization submitted by the same attorneys representing
Chowdhury in this case. *Id.* Judge O'Toole reduced the fees sought by these
attorneys by more than ninety percent. *Id.* The failure by Chowdhury's counsel to
submit an itemization of actual fees and costs appears to be an effort on their part
to avoid adversarial scrutiny of their itemizations. In any event, Chowdhury's
attorneys have come nowhere close to adequately substantiating their costs and
fees.

IV.    The Court Lacks Personal Jurisdiction Over The Undersigned.

As set forth above, there are several independent reasons for the Court to
deny Chowdhury's request for a Rule 7 bond. However, if the Court decides it must
reach the issue, it lacks personal jurisdiction over the undersigned to enter the
order sought by Chowdhury. Personal jurisdiction is established by proper service of
process or by the defendant's waiver of any defect in service of process. *Precision
Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23–25 (1st Cir. 1992);
*General Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20, 21 n.1 (1st Cir.
1991). It is uncontested that no service of process occurred in this matter. Notice of
filings is insufficient to establish personal jurisdiction. *Echevarria-Gonzalez v.
Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) ("[a]ctual notice and simply
naming the person in the caption of the complaint is insufficient to subject a
defendant to the jurisdiction of the district court"). Nor is it sufficient to conclude
that the undersigned has some sort of managerial role at AF Holdings (even though
such an assertion lacks any factual basis whatsoever). *See, e.g., M-R Logistics, LLC*

*v. Riverside Rail, LLC,* 537 F.Supp.2d 269, 279 (D. Mass. 2008) (stating "it is axiomatic that jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation" and listing factors to consider in deciding whether to extend jurisdiction to the officers).

Even the *AF Holdings LLC v. Navasca* case principally relied upon by Chowdhury for his bizarre estoppel argument held that personal jurisdiction was lacking. In that case, although the Magistrate Judge incorrectly ruled that the undersigned was precluded from arguing that he did not have a managerial role at AF Holdings, the Magistrate Judge correctly ruled that it lacked personal jurisdiction to enter orders against the undersigned *due to insufficiency in service.* The district judge properly sustained this holding over the objections of a party making similar arguments to Chowdhury here. Thus, regardless of Chowdhury's arguments, there is no basis for concluding that personal jurisdiction has ever been established in this case.

### CONCLUSION

The Court should deny Chowdhury's Second Motion For A Rule 7 Bond.

Respectfully Submitted,

June 30, 2014

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2014, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Paul Hansmeier _____ __ ____