UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AF HOLDINGS, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-12105-IT |
| | * | |
| SANDIPAN CHOWDHURY, | * | |
| | * | |
| Defendant. | * | |

ORDER

February 19, 2015

TALWANI, D.J.

Presently before this court is Defendant Sandipan Chowdhury's <u>Motion Requiring Appellants to Post an Appeal Bond for Costs Pursuant to Fed. R. App. P. 7</u> [#69]. For the reasons set forth herein, the motion is DENIED.

Prior to the 1979 amendment to Federal Rule of Appellate Procedure 7, an appellant was required to file a $250 bond for costs on appeal at the time of his notice of appeal. Fed. R. App. P. 7 advisory committee's note, 1979 Amendment. The rule change left "the question of the need for a bond for costs and its amount in the discretion of the court." <u>Id.</u> Although the amended rule no longer sets a time for when the bond should be posted, the purpose of the rule in providing security to ensure payment of costs of appeal suggests that a motion for a bond should generally be made at the outset of the appeal.

Here, in December 2013, Paul A. Duffy, Paul R. Hansmeier and John L. Steele ("Appellants") filed their notice of appeal in this case. Shortly thereafter, Defendant Chowdhury filed a motion for contempt against Appellants and others in which he sought an order of contempt against these parties for failure to timely satisfy the court's judgment, an order requiring these parties to pay a daily fine until the judgment is satisfied, and an award of

attorney's fees in connection with the motion. Def.'s Mot. [#50]. The Defendant's proposed order included the posting of a bond to cover costs on appeal. Def.'s Proposed Order 2 [#50-1]. Similarly, the Defendant's memorandum mentioned as an alternative remedy the posting of such a bond. Def.'s Mem. 9 [#51]. Such a request was timely, but was not included in the motion itself. See Def.'s Mot. [#50]. The court denied the motion for contempt without prejudice to being re-raised at the conclusion of the appeal of this matter, and without mention of the request for the posting of a bond. Order [#55].

Defendant took no further steps to raise the issue of a bond until June 2014 after the appellate briefing was complete. The pending motion sets forth no grounds for the six-month delay in seeking the bond or any changed circumstances requiring a bond where one might not have been needed before. Accordingly, Defendant's <u>Motion Requiring Appellants to Post an Appeal Bond for Costs Pursuant to Fed. R. App. P. 7</u> [#69] is DENIED as untimely.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge