UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF HOLDINGS, LLC, </br></br> Plaintiff/Counterdefendant, </br></br> v. </br></br> SANDIPAN CHOWDHURY, </br></br> Defendant/Counterplaintiff. | Civil Action No. 1:12-cv-12105-IT |

**MOTION FOR SERVICE BY ALTERNATE MEANS
AND FOR AN ORDER FINDING SERVICE COMPLETE ON JOHN STEELE**

Counterplaintiff Sandipan Chowdhury ("Chowdhury"), hereby moves for 1) an Order pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Arizona Rule of Civil Procedure 4.1(k)(2), permitting service via certified mail of the Motion to Substitute and its Exhibits upon John Steele ("Steele"); 2) an Order deeming service of the Motion to Substitute and its Exhibits complete in light of Steele's efforts to avoid service; and 3) an Order allowing as sufficient any and all certified mailings by Chowdhury upon Steele in this matter until such time that Steele registers for CM/ECF.

**FACTUAL AND PROCEDURAL HISTORY**

1. Counterdefendant AF Holdings LLC ("AF") filed suit alleging copyright infringement against Chowdhury on November 13, 2012. Doc. 1.

2. On September 16, 2013, the court in *AF Holdings LLC v. Navasca* ("*Navasca*") determined AF to be "an empty shell created by Steele and [Paul] Hansmeier." Doc. 30-1, at *34.

3. In reaching this determination, the *Navasca* court held as preclusive the findings in *Ingenuity 13 v. Doe* ("*Ingenuity 13*") regarding the relationship between AF, Steele and Paul Hansmeier ("Hansmeier"). Doc. 15-1. Both the *Ingenuity 13* and *Navasca* courts determined that as the real parties in interest, Steele and Hansmeier could be held personally liable for the acts of AF. Doc. 15-1, 30-1.

4. The Court entered an uncontested $64,180.80 default judgment against AF on September 30, 2013. Doc. 31.

5. The Court then re-entered the judgment as against attorneys Steele, Hansmeier and Paul Duffy ("Duffy")—collectively, "Principals"—jointly and severally with AF and their law firm Prenda Law ("Prenda") [Doc. 34], and denied their motions to vacate that judgment. Doc. 43. The Principals appealed, and the First Circuit vacated the re-entered judgment because the attorneys were not personally served or named as parties; even an indisputable alter-ego relationship with AF "that would permit both serving them and holding them liable on the judgment does not obviate the need to call them before the court before entering judgment." See Doc. 76, at 2.

6. On remand, Chowdhury moved to add or substitute Steele and Hansmeier as counterdefendants pursuant to Rule 25(c) so they may be held liable for damages they caused him through AF. Doc. 81.

7. Chowdhury's motion for substitution was denied without prejudice and with the instruction that any renewed motion to substitute must first be served upon Steele and Hansmeier in accordance with LR. D. Mass. 4.1 and Rule 4 of the Federal Rules of Civil Procedure, before the motion could be filed with the Court. Doc. 92.

8. However, the automatic stay [11 U.S.C. § 362] imposed by Hansmeier's bankruptcy prevented further attempts by Chowdhury to serve Steele and Hansmeier with a renewed motion to substitute. *In re Hansmeier*, No. 15-42460, ECF No. 191 (Minn. Bankr. 2013). Chowdhury was required to file monthly status reports with this Court. Doc. 99. On January 3, 2018, the Bankruptcy Court approved the waiver of discharge submitted by Hansmeier. *In re Hansmeier*, ECF No. 191 (Minn. Bankr. 2013). By virtue of Hansmeier's waiver, the automatic stay was terminated [11 U.S.C. § 362(c)(2)(C)] and Chowdhury was able to proceed with service of the renewed motion to substitute upon Steele and Hansmeier. Doc. 120.

9. On January 17, 2018, Steele requested, and was granted, "permission to relocate to Glendale, Arizona, to reside with his sister, Jayme Steele." *U.S. v. Hansmeier et al*, No. 16-cr-00334, ECF No. 78 (D. Minn. Jan. 17, 2018). *See* Exhibit A.

10. Chowdhury sent the renewed motion to substitute out for service at the publicly listed address for Jayme Steele [*see* Exhibit B] via ASAP Serve, LLC ("ASAP") on January 24, 2018.

11. On January 31, 2018, Chowdhury received a declaration of non-service from ASAP recounting the attempts at service upon Steele of the motion to substitute and its exhibits. *See* Exhibit C. ASAP's process made five attempts at service between January 24 and January 31, 2018 at

different times of the day. Each attempt was made without success. However, the entry for the first attempt stated:

> 01/24/201806: 16 PM 18871 N. 69TH AVE. , GLENDALE, AZ 85308 Spoke with a male at the door who refused name, described as caucasian male, 6'3", white hair, who stated defendant is unknown and abruptly closed door. Security camera at front door. A check with the Maricopa County Assessor reports the owner as Jayme C. Steele since July 2016. No vehicles outside of closed garage.

12. Based upon the description of the unidentified individual, Chowdhury caused several photos of Steele to be sent to ASAP, who in turn had its process server, Susan Mazzotti, review them. Ms. Mazzotti affirmatively identified Steele as the individual whom she spoke with. *See* Exhibit D.

## ARGUMENT

"Service of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). Steele has already demonstrated his awareness of this action, as he has represented himself throughout this matter and on appeal.

More to the point, Chowdhury believes any future attempts at service upon Steele by traditional means will be futile. The motion to substitute and its exhibits were forwarded to ASAP Service, LLC for service upon Steele at the address he identified to the court in *U.S. v. Hansmeier et al*, specifically 18871 N. 69th Ave., Glendale, AZ 85308. *See* Exhibits A and B. The efforts made by Susan Mazzotti of ASAP to accomplish service on Steele included multiple attempts to make in-person service at the residence. *See* Exhibit C. The specifics of these efforts and Steele's evasion of service are set forth in the Declaration of Susan Mazzotti. *See* Exhibit D. Steele has not updated his address with the Court, nor has he registered a current phone or email to communicate by and make arrangements for service.

Because of Steele's efforts to evade personal service in this matter, and his history of doing so in related proceedings[1], Chowdhury believes Steele will continue to evade personal service of process in this matter unless alternative means are provided for by this Court.

## CONCLUSION

For the reasons stated above, Chowdhury requests that:

---

[1] *See e.g., Ingenuity 13 v. Doe*, No. 12-cv-08333, Doc. 224 (C.D. Cal. July, 18, 2013) (finding lack of service was because "Steele entered his address incorrectly—not once, but four times."); *Lightspeed Media v. Smith et al*, No. 12-cv-00889, Doc. 165 (S.D. Ill. May 6, 2014) (denying receipt of service via certified mail).

1. Alternate service as authorized by Rule 4(e) of the Federal Rules of Civil Procedure and Arizona Rule of Civil Procedure 4.1(k)(2) be allowed to include mailing the motion to substitute and its exhibits by Certified Mail to Steele at his registered residential address at 18871 N. 69th Ave., Glendale, AZ 85308;

2. Because any attempt to serve Steele in person or by Certified Mail will be refused by him, service of the Motion to Substitute and its exhibits are deemed complete upon mailing [*see* Exhibit E]; and

3. Until such a time that Steele registers for CM/ECF notifications in this matter, any and all delivery via Certified Mail of filings by Chowdhury upon Steele shall be deemed sufficient for purposes of notice and due process and complete upon mailing.

/s/ Jason E. Sweet
Jason E. Sweet

Counsel for Sandipan Chowdhury

BOOTH SWEET LLP
Jason E. Sweet (BBO# 668596)
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2018, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. AF Holdings' counsel withdrew in 2013 without replacement, and mail sent to its last known address has been returned as undeliverable since 2013. Notice will be mailed to:

Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125

John L. Steele
18871 N. 69th Ave.
Glendale, AZ 85308

/s/ Jason Sweet