FILED
IN CLERKS OFFICE
2018 MAR -7 PM 12: 05
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETS

| | |
|---|---|
| AF HOLDINGS, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SANDIPAN CHOWDHURY,<br><br>*Defendant*. | Case No. 1:12-cv-12105-IT |

### NON-PARTY PAUL HANSMEIER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SANDIPAN CHOWHUDRY'S MOTION FOR SERVICE BY ALTERNATE MEANS AND FOR AN ORDER FINDING SERVICE COMPLETE ON JOHN STEELE

Non-party Paul Hansmeier ("Hansmeier") respectfully opposes Defendant Sandipan Chowdhury's Motion for Service By Alternate Means and for an Order Finding Service Complete on John Steele. [#122].

### BACKGROUND

Chowdhury has filed a motion for substitute service on non-party John Steele ("Steele"). Chowdhury's motion claims that relief is warranted because, according to Chowdhury, Steele is evading service. Some background puts Chowdhury's motion in its appropriate context.

This case was filed by AF Holdings, LLC on November 13, 2012 against Defendant Sandipan Chowhudry. [#1]. Chowdhury's answer included a counterclaim against AF Holdings. [#7]. Chowhudry's counterclaim was not asserted against any other person. [*Id.*]. AF Holding's counsel withdrew on August 20, 2013 [#23], and the Clerk of

Court entered default against AF Holdings on August 29, 2013. [#26]. Chowdhury moved for and obtained a default judgment against AF Holdings. [#28–34]. Without naming or serving any of the following with process, Chowdhury also fraudulently obtained a judgment against: (a) Prenda Law, Inc.; (b) Mark Lutz; (c) Paul Duffy; (d) Paul Hansmeier; and (e) John Steele. [#34]. The amount of the judgment was $64,180.80. [*Id.*].

Duffy, Hansmeier and Steele moved to vacate the default judgment on the grounds that it was void, as none of them were named as parties or served with process in this case. [#36–41]. The predecessor District Judge in this matter denied these motions to vacate. [#43]. On December 16, 2013, Duffy, Hansmeier and Steele took an appeal to the U.S. Court of Appeals for the First Circuit. [#45].

Hansmeier filed a petition for bankruptcy on July 13, 2015, in the U.S. Bankruptcy Court for the District of Minnesota. Chowdhury's counsel noticed an appearance in Hansmeier's bankruptcy. Pursuant to an order of the U.S. Bankruptcy Court for the District of Minnesota, Chowdhury's judgment was paid in full on December 15, 2015, from the proceeds of the sale of Hansmeier's home. [*See* Exhibit 1]. The judgment was fully satisfied as of that date.

The First Circuit vacated the default judgment against Duffy, Hansmeier and Steele on August 4, 2016. [#76]. The First Circuit's judgment stated that a judgment may not "be entered against those who are not made parties through proper service." [*Id.*].

On September 29, 2016, Chowdhury filed a Motion for Substitution of Parties and Entry of an Amended Judgment. [#81]. Chowdhury's motion sought to re-add Steele and

Hansmeier to the judgment against AF Holdings. Chowdhury's motion argued, "Unless [Steele and Hansmeier] are substituted or added as parties, *the judgment will not be satisfied*"—even though the judgment was fully satisfied at that time. [#82 at 9] (emphasis added). The Certificate of Service attached to Chowdhury's motion stated that "John Steele and Paul Hansmeier will be served copies of [his motion] pursuant to Rules 4 and 25 of the Federal Rules of Civil Procedure." [*Id.*]. Neither Steele nor Hansmeier were ever served with Chowdhury's motion. [#90, 91]. Rather, Steele and Hansmeier were alerted to the existence of Chowdhury's motion when the Clerk of Court mailed a paper copy of the Court's Notice of Hearing on Chowdhury's unserved motion. [*Id.*]. The Court denied Chowdhury's motion in an Order dated October 20, 2016, on the grounds that the motion was not served.

On January 27, 2017, the Court issued an order noting that more than ninety days had passed since the U.S. Court of Appeals for The First Circuit issued its mandate. [#92]. Accordingly, the Court ordered Chowdhury to file an amended judgment. [*Id.*]. Chowdhury did not do so; rather, Chowdhury filed a motion to extend his deadline to file an amended judgment "until three weeks after a decision" on his motion to stay, which was scheduled to be heard on March 8, 2017. [#98 at 3]. The Certificate of Service to Chowdhury's motion stated that "John Steele and Paul Hansmeier will be served copies of said documents pursuant to Rules 4 and 25 of the Federal Rules of Civil Procedure." [#98 at 4]. Chowdhury did not complete service on Hansmeier. There is no evidence in the record that Chowdhury completed service on Steele.

In its text entry dated February 3, 2017, the Court granted Chowdhury's request for an extension of time to complete service. The Court's order stated:

> The time for Defendant/Counterplaintiff Sandipan Chowdhury to serve a motion for substitution of parties is extended until three weeks after the United States Bankruptcy Court for the District of Minnesota rules on *the motion for relief from stay*, docket 191 in In re Hansmeier, No. 15-42460. Defendant/Counterplaintiff Sandipan Chowdhury shall file a status report on April 1, 2017, and on the first day of each month thereafter pending further order of this district court.

[#99] (emphasis added). The Court's order made clear that the Court was under the impression that Chowdhury had filed a motion for relief from the automatic stay. [*Id.*]. Chowdhury filed no such motion. Chowdhury took no action to correct the Court's understanding.

On March 8, 2017, the U.S. Bankruptcy Court for the District of Minnesota heard two motions filed by Chowdhury. The first motion was Chowdhury's motion seeking to stay the Chapter 7 Trustee's pending claim objections. That motion was orally withdrawn at the hearing. The second motion was a motion brought by Chowdhury and others requesting that the Bankruptcy Court find Hansmeier to be liable on Chowdhury's judgment against AF Holdings in this matter. The Bankruptcy Court denied that motion. Chowdhury failed to serve a motion for substitution of parties within three weeks of the withdrawal of his motion seeking to stay the Chapter 7 Trustee's claim objections.

In his April 3, 2017, status report, Chowdhury indicated that the "creditors are in the process of drafting a complaint. However, until adjudication of the adversary proceeding, the automatic stay pursuant to 11 U.S.C. § 362 remains in effect, preventing

- 4 -

service upon Hansmeier." [#105]. Chowdhury's statement was incorrect. Nothing prevented Chowdhury from filing a motion for relief from the automatic stay. Chowdhury's status report contained no mention of his withdrawn stay motion, which was the focus of the Court's February 3, 2017, text order—even though Chowdhury's prior filing mislead the Court into believing a motion for relief from the automatic stay was pending. [#99].

The Court filed an Order on April 5, 2017. The Court's Order made clear that its understanding of Hansmeier's bankruptcy proceedings was as follows:

> On April 3, 2017, Chowdhury filed a Status Report of the Defendant, stating that "[o]n March 8, 2017, the United States Bankruptcy Court for the District of Minnesota denied the motion [for relief from stay] and instructed the creditors that such relief had to be brought not as a motion, but as an adversary proceeding." Chowdhury represents that he and other creditors "are in the process of drafting a complaint," but that he is still prevented from serving the Motion for Substitution of Parties and Entry of Amended Judgment upon Paul Hansmeier until relief from the stay is obtained.

[#106] (modification in the original). In fact, Chowdhury never filed a motion for relief from the automatic stay in Hansmeier's bankruptcy proceeding. Instead, Chowdhury filed a motion to stay the Chapter 7 Trustee's unrelated claim objections. That motion was voluntarily withdrawn at the March 8, 2017 hearing. Chowdhury failed to notify this Court of that withdrawal. To be clear: the Bankruptcy Court never instructed that Chowdhury's motion to stay—or, for that matter, a motion for relief from the automatic stay—must be brought as an adversary proceeding instead of a motion. In its April 5, 2017, Order, this Court also stated, "Based on [Chowdhury's] representations":

- 5 -

> [T]his court will continue to stay Chowdhury's obligation to serve the Motion for Substitution of Parties and Entry of Amended Judgment. Chowdhury shall file a status report on May 1, 2017, to confirm whether a complaint instituting adversary proceedings has indeed been filed, and assuming such complaint has been filed, a further status report on the first day of each month thereafter pending further order of the court.

[#106].

Chowdhury never filed (or intended to file) a complaint instituting adversary proceedings regarding the automatic stay. Nevertheless, he lied to the Court and claimed he had. Chowdhury's May 2, 2017 status report indicated that "[t]he adversary proceeding and the underlying bankruptcy proceeding are still pending the [*sic*] United States Bankruptcy Proceeding for the District of Minnesota." [#112]. There was no adversary proceeding seeking relief from the automatic stay. On June 2, 2017, Chowdhury filed a status report once again indicating that, "[t]he adversary proceeding and the underlying bankruptcy proceeding are still pending the [*sic*] United States Bankruptcy Court for the District of Minnesota." [#114]. There was no adversary proceeding seeking relief from the automatic stay. Identical misrepresentations were made to the Court on July 7, 2017 [#115] and on September 7, 2017 [#117]. On October 24, 2017, the language in Chowdhury's status report changed. Now, Chowdhury's status report read, "[U]ntil adjudication the automatic stay pursuant to 11 U.S.C. § 362 remains in effect, preventing service upon Hansmeier." At the time this representation was made to this Court, Chowdhury had no documents on file with the Bankruptcy Court seeking to "adjudicate" the issue of relief from the automatic stay. On November 1, 2017, Chowdhury falsely stated, "Until adjudication of the objection and the adversary

- 6 -

proceeding, the automatic stay pursuant to 11 U.S.C. § 362 remains in effect, preventing service upon Hansmeier." [#118]. Again, at the time of this statement, Chowdhury had no "objection" or "adversary proceeding" seeking relief from the automatic stay. On December 7, 2017, Chowdhury filed another status report. Once again, Chowdhury falsely represented that, "[u]ntil the bankruptcy court approves the Chapter 7 Trustee's proposed settlement and resolution of the adversary proceeding, the automatic stay pursuant to 11 U.S.C. § 362 remains in effect, preventing service upon Hansmeier." [#119]. As before, there was no adversary proceeding seeking relief from the automatic stay. All of the foregoing status reports contained a certificate of service claiming service was made on Hansmeier. None of the foregoing status reports were served on Hansmeier. There is no evidence they were served on Steele. Chowdhury was on actual notice of Hansmeier's mailing address due to Hansmeier's obligation to keep an updated service address on file in his bankruptcy proceedings.

On July 5, 2017, Hansmeier sued Chowdhury's counsel and one of their clients, Paul Godfread, for knowingly submitting false claims in his bankruptcy case and for violating the automatic stay. The U.S. Bankruptcy Court for District of Minnesota granted Hansmeier's motion for summary judgment against Chowdhury's counsel and Mr. Godfread, holding that these individuals, "knowingly filed false claims" in Hansmeier's bankruptcy case—which, it should be noted, is a federal crime made all the more serious by the sheer magnitude of the false claims (in excess of $1 million). The Bankruptcy Court also found that Chowdhury's counsel's actions in this case constituted a knowing violation of the automatic stay. While considering Hansmeier's motion for

- 7 -

summary judgment, the Bankruptcy Court reviewed the docket of this case. The Bankruptcy Court was disturbed by Chowdhury's counsel representations to this Court regarding Chowdhury's purported effort to seek relief from the automatic stay. The Bankruptcy Court ordered:

> Within 14 days of entry of this Order, defendant Jason Sweet shall submit a letter to this Court informing the Court what adversary proceeding in the plaintiff's bankruptcy case he has referred to in status reports dated May 2, 2017, June 2, 2017, and July 7, 2017, and filed in the Massachusetts Case.

Sweet filed the letter. In his letter, Sweet admitted that there was no adversary proceeding seeking relief from the automatic stay.

In his September 7, 2017, status report submitted to this Court, Chowdhury's counsel falsely stated, "Paul Hansmeier has alleged in the Minnesota bankruptcy proceedings that our status reports have omitted key facts." [#116]. To the contrary, the U.S. Bankruptcy Court for the District of Minnesota raised these concerns *sua sponte*. Sweet continued his lie, "[I]t has not been identified what these facts are or how they would affect our Honor's compliance with the mandatory stay." [*Id*.]. To the contrary, the Bankruptcy Court's order sought information regarding what non-existent adversary proceeding was referenced in Chowdhury's status reports to the Court. Chowdhury's counsel claims he was "simply attempting to inform this Court that the stay was still in effect and that there are least two relevant proceedings enforcing application of the stay." That is also false. Chowdhury sought and obtained an extension of time to file an amended judgment based on his representations to this Court that he needed to file an adversary proceeding to seek relief from the automatic stay. Based on these

representations, the Court granted Chowdhury the relief he sought. Chowdhury proceeded to mislead the Court for over six months by pretending that this non-existent adversary proceeding was filed and remained pending.

To summarize: Chowdhury and his counsel have engaged in the following misconduct in this case:

- Fraudulently obtaining a judgment that was void because Chowdhury never served judgment debtors Duffy, Hansmeier, Steele, Prenda or Lutz with process;

- Filing a motion to re-add Hansmeier and Steele to the judgment without serving them (or anyone else) with the motion (despite having certified that the motion was served) and in violation of the automatic stay;

- Actively misleading the Court by stating, "the judgment will not be satisfied" if Steele and Hansmeier were not re-added to it even though the judgment was fully satisfied at the time of Chowdhury's misrepresentation;

- Actively misleading the Court about the pendency of a non-existent adversary proceeding in order to obtain an unwarranted extension of time to comply with the First Circuit's mandate; and

- Proceeding in this case in an effectively *ex parte* manner by failing to serve all or substantially all of the documents[1] that have been filed in this case—notwithstanding false certifications to the contrary.

This is not an exhaustive list of misconduct. For example, in an October 30, 2017, filing submitted on Chowdhury's behalf by Chowdhury's counsel, *Chowdhury* alleged, "Sandipan Chowdhury is an individual *believed* to reside in the state of Massachusetts."

---

[1] It should be noted that Chowdhury's counsel's conduct in this regard is by no means limited to this case. Chowdhury's counsel have attempted to improperly add Hansmeier to judgments in at least two other proceedings of which Hansmeier is aware. Both efforts were unsuccessful.

- 9 -

(emphasis added). It is incredible that Chowdhury (if he was even aware of the filing) would not know what state he lives in! [Exhibit 2].

The Chapter 7 Trustee in Hansmeier's bankruptcy case sued Chowdhury and his counsel to recover the proceeds Chowdhury improperly obtained on the judgment that was vacated by the First Circuit. Hansmeier, in turn, filed a lawsuit against the Chapter 7 Trustee seeking declaratory relief on the issue of whether the funds paid over to Chowdhury were actually property of the estate. The Chapter 7 Trustee and Hansmeier settled Hansmeier's adversary proceeding. As part of the settlement, Hansmeier has assumed the burden of obtaining a restitution judgment against Chowdhury and his counsel and enforcing any restitution judgment he might obtain. Hansmeier has scheduled a motion for summary judgment on the issue of restitution. The motion is set to be heard on March 7, 2018, before the U.S. Bankruptcy Court for the District of Minnesota. Chowdhury's counsel indicated that they "[did] not have the assets to for [them] to fly to [Minnesota]." Chowdhury's counsel will be appearing via telephone.

Litigants have been jailed for engaging in Chowdhury's counsel's conduct. *See, e.g., United States v. Seidling*, 737 F.3d 1155 (7th Cir. 2013) (affirming mail fraud conviction of litigant who actively failed to complete service).

## ARGUMENT

Ordinarily, Hansmeier would take no position on a motion regarding substitute service on Steele. This is certainly no ordinary case, however. Hansmeier's objective in presenting the foregoing facts is to alert the Court to threshold issues that should be considered before the Court reaches the merits of Chowdhury's motion.

I.   **Chowdhury's Motion For Substitute Service Was Not Served On Hansmeier.**

Chowdhury's motion for substitute service was not served on Hansmeier. Federal Rule of Civil Procedure 5(b)(2) lists possible methods of service. Chowdhury's motion was not served by any of these means. At most, Chowdhury's counsel e-mailed the undersigned on February 13, 2017, *i.e.* eight days after Chowdhury's motion was filed, and indicated that he would be "dropping [the motion] in the mail" the next day.[2] The undersigned has not consented to electronic service. *See* Fed. R. Civ. P. 5(b)(2)(E) (electronic service appropriate only if the recipient consented in writing). Moreover, nothing in the record indicates that Chowdhury served or even attempted to serve Lutz, Prenda or AF Holdings with his motion. This matter is hyper-illegally proceeding *ex parte* with respect to all of the individuals improperly added to Chowdhury's improper judgment (which is flawed on so many levels).

II.  **The Court Should Satisfy Itself As To Its Subject Matter Jurisdiction**

The Court should satisfy itself as to its subject matter jurisdiction. Chowdhury's motion boils down to his request that the Court exercise its inherent judgment enforcement authority to add Hansmeier and Steele to a judgment so that Chowdhury's judgment can be satisfied. [#82 at 9] ("Unless [Steele and Hansmeier] are substituted or

---

[2] Chowdhury's counsel's courtesy e-mail is an improvement over their historic lack of any notice whatsoever. Hansmeier, however, does not consent to electronic service. This is not a matter of elevating form over substance. Chowdhury's counsel's e-mail to Hansmeier are regularly algorithmically flagged by G-Mail (Google's e-mail service) as "spam,"—putting into serious question the ethics of Chowdhury's counsel's marketing practices—and thus Chowdhury's e-mails, while welcome, are not an adequate substitute for the method of service contemplated by the Federal Rules of Civil Procedure.

added as parties, *the judgment will not be satisfied.*"). (emphasis added). But, despite Chowdhury's misrepresentations to the contrary, Chowdhury's judgment has been fully satisfied. Based on this, it appears that Chowdhury's request is quite beyond the Court's Article III power because the Court cannot possibly grant any effective relief to a party whose judgment has been completely, totally and fully satisfied.

## CONCLUSION

The Court should deny Chowdhury's motion.

Dated: March 2, 2018

/s/ Paul R. Hansmeier
Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125
E-mail: prhansmeier@gmail.com
Phone: 651-399-1583
***Pro Se***