## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| PAUL HANSMEIER, | No. 15-42460 |
| Debtor. | |

| | |
|---|---|
| BOOTH SWEET LLP, and SANDIPAN CHOWDHURY, | Adv. No. 17-04125 |
| Plaintiffs | |
| v. | |
| RANDALL L. SEAVER, and MATTHEW D. SWANSON, Chapter 7 Trustees, | |
| Defendants. | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Booth Sweet LLP ("Booth Sweet") and Sandipan Chowdhury ("Chowdhury") (collectively "Plaintiffs"), file this Adversary Proceeding against the Defendants, Randall L. Seaver and Matthew D. Swanson (collectively "Trustee"), and allege as follows:

### PARTIES

1. Defendant, Randall L. Seaver ("Seaver"), in his capacity as the duly qualified and acting Chapter 7 panel trustee for the bankruptcy estate of Paul Hansmeier ("Estate"). Defendant has held a Chapter 7 Panel Trustee appointment from the United States Department of Justice, Office of the U.S. Trustee, since 1998.

2. Defendant, Matthew D. Swanson ("Swanson"), in his capacity as the duly qualified and acting Chapter 7 panel trustee for the bankruptcy estate of Paul Hansmeier ("Estate").

3. Plaintiff, Sandipan Chowdhury, is an individual believed to reside in the state of Massachusetts.

4. Plaintiff, Booth Sweet LLP, is a law firm organized under the laws of Massachusetts. The firm specializes in copyright litigation and represented Chowdhury at all times relevant to this action.

1



## JURISDICTION AND VENUE

5.  This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(a)(b)
    (1), (b)(2)(I) and 28 U.S.C. § 157 (a)(b)(2)(k).

6.  This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001, L.R. 7007-1, 11 U.S.C. § 362
    and 28 U.S.C. §§ 2201, 2202 of the Declaratory Judgment Act.

7.  Venue is proper in United States Bankruptcy Court for the District Court of Minnesota under 28
    U.S.C. § 1391(b) and (c).

8.  This adversary proceeding relates to *In re Hansmeier*, No. 15-bk-42460 (hereinafter
    "*Hansmeier*"), now pending before this Court and *Seaver v. Chowdhury*, No. 16-ap-04124
    (hereinafter "*Seaver*"), now pending on appeal before the District Court of Minnesota as No. 17-
    cv-0723 (hereinafter "*Seaver II*").

## UNDISPUTED FACTS

9.  On November 13, 2012, the Debtor, Paul Hansmeier ("Debtor"), filed suit against Chowdhury in
    the District Court of Massachusetts. *AF Holdings, LLC v. Chowdhury*, No. 12-cv-12105 (D.
    Mass. 2012) (hereinafter "*AF Holdings*").[1]

10. Chowdhury answered with counterclaims against the Debtor on January 4, 2013. *AF Holdings*,
    ECF No. 7.

11. The District Court of Massachusetts entered a default judgment on Chowdhury's counterclaims
    jointly and severally against AF Holdings, LLC, Prenda Law, the Debtor, John Steele and Paul
    Duffy on October 22, 2013. *AF Holdings*, ECF No. 33.

12. The Debtor noticed his appeal from the judgment against him on December 16, 2013. *AF
    Holdings*, ECF No. 45.

---

[1] On May 6, 2013, the Debtor, John Steele and Paul Duffy (collectively, "Principals") were found to be the real
parties in interest for claims brought by AF Holdings and Ingenuity 13. The Principals were held to be jointly and
severally liable for the acts of one another, Prenda Law, AF Holdings, and Ingenuity 13. *Ingenuity 13 LLC v. John
Doe*, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013).

2



13. The District Court of Massachusetts certified the judgment for registration in other districts, and on October 17, 2014, the *AF Holdings* judgment was registered as a lien on the Debtor's homestead in Minnesota.

14. On July 13, 2015, the Debtor filed a voluntary Chapter 13 Petition. *Hansmeier*, Doc. 1. The Debtor's original schedules listed his interest in the Real Property and identified the *AF Holdings* judgment as a disputed debt under appeal. *Id.*, pg. 17.

15. On September 16, 2015, the Debtor listed for sale his homestead, a property of the bankruptcy estate, without notifying the Chapter 13 Trustee, the U.S. Trustee, or the bankruptcy court. *Hansmeier*, Doc. 126, ¶ 24.

16. On September 22, 2015, the Debtor moved to avoid the lien imposed by the *AF Holdings* judgment. *Hansmeier*, Doc. 23. Plaintiffs opposed, but the Debtor later withdrew the motion on November 23, 2015 [*id.*, Doc. 46].

17. The Debtor entered into a purchase agreement to sell his homestead on November 9, 2015, again without notifying the Chapter 13 Trustee, the U.S. Trustee, or the bankruptcy court. *Hansmeier*, Doc. 31. Only after the Court was made aware of the sale did the Debtor move for approval on November 25, 2015. *Hansmeier*, Doc. 49.

18. On December 3, 2015, the Court, being properly apprised of the appeal and disputed debt entered an order approving the sale, providing that proceeds "shall be used at closing only to satisfy the underlying first mortgage on the property, judgment lien, realtor fees, and all other usual and customary closing costs such as deed recording fees paid to the county." *Hansmeier*, Doc. 59, ¶ 3.

19. That same day, the bankruptcy was converted to Chapter 7. *Hansmeier,* Doc. 60.

20. The Trustee was appointed on December 4, 2015. *Hansmeier*, Doc. 62.

21. On December 17, 2015, Plaintiffs received an email wherein they were informed the Trustee was interested in settling the *AF Holdings II* appeal for a nominal amount, as the Trustee did not greatly value the appeal.



22. Despite the experience of the Trustee and his knowledge of the appeal, the *AF Holdings* judgment lien was not challenged. Rather, the Trustee approved the terms of the sale, including the judgment payoff—without condition. See *Hansmeier*, Doc. 120, pg. 4 ("Judgment payoff to Best & Flanagan LLP Trust Account ref. Chowdhury"); *id.*, pg. 6 ("Randall Seaver Bankruptcy Trustee-READ and Approved"). The Trustee moved for, and was granted, approval of a settlement and payment. *Id.*, Docs. 120 & 132.

23. The Trustee did not record the settlement with the First Circuit, nor did the Trustee dismiss the *AF Holdings* appeal after settling the debt. *Seaver*, Doc. 1, ¶ 25 ("Despite satisfaction of the Chowdhury Judgment, the appeal of the Chowdhury Judgment continued[.]").

24. On August 4, 2016, the First Circuit vacated the judgment as to the Debtor, John Steele and Paul Duffy, and remanded the matter on a procedural issue—which the automatic stay prevents resolution thereof. *AF Holdings*, ECF No. 76. The judgment against AF Holdings and Prenda Law still stands. *Id.*

25. The Trustee has never sought relief from the automatic stay for the appeal in the First Circuit.[2]

26. The Trustee has 19 years experience as a Chapter 7 Panel Trustee and knows that judgments entered in violation of the automatic stay are void *ab initio*.

27. Despite this experience and knowledge, the Trustee commenced an adversary proceeding against Plaintiffs on November 18, 2016. *Seaver*, Doc. 1. The complaint was premised upon the First Circuit judgment vacating the district court in *AF Holdings*, and sought to avoid and recover the settlement paid from the proceeds of the sale of Debtor's homestead. *Id.*, ¶¶ 33, 39.

28. On January 10, 2017, the Trustee moved for, and was granted, a default judgment against the Plaintiffs. *Seaver*, Docs. 8, 9 & 10. Plaintiffs filed to vacate the default on procedural grounds [*Seaver*, Docs. 13 & 16]; and the Trustee opposed [*id.*, Doc. 14]. After hearing argument of counsel, the Court denied Plaintiffs' motion. *Seaver*, Doc. 18. Plaintiffs noticed their appeal from the default judgment [*Seaver II*, Docs. 1, 10 & 17]; and the Trustee opposed [*id.*, Doc. 16]. The appeal remains pending.

---

[2] Nor had the Debtor sought relief from the stay prior to the Trustee's appointment.



29. Prompted by the Trustee's claim that Plaintiff Booth Sweet violated the automatic stay [*Seaver*, Doc. 1, ¶¶ 42-46], the Debtor filed suit against Booth Sweet alleging the same. *Hansmeier v. Booth et al*, No. 17-ap-04076, Doc. 1, ¶¶ 37-50 (July 5, 2017) (hereinafter "*Booth*"). A week after filing, and before Plaintiff had answered, the Debtor moved for partial summary judgment on July 12. *Booth*, Doc. 6. Booth Sweet opposed on procedural grounds. *Id.*, Doc. 6. The Court ruled from the bench against Booth Sweet, adopting the findings of fact as proposed by the Debtor. *Id.*, Docs. 9 & 10.

30. On September 28, 2017, the Trustee presented a proposed settlement to the Court wherein control of the *Seaver* litigation would be transferred to the Debtor in exchange for a security interest in any recoverable proceeds and the dismissal of Debtor's claims against the Trustee. *Hansmeier*, Doc. 224. Plaintiffs opposed on the grounds that avoidance actions cannot be assigned by a trustee. *Id.*, Doc. 231. A hearing on the motions is to be scheduled.

### FIRST CAUSE OF ACTION
### DECLARATORY RELIEF

31. Plaintiffs hereby allege this first cause of action against the Trustee and incorporate each and every one of the paragraphs of this complaint as if the same were fully set forth herein.

32. The provisions of the Declaratory Judgment Act state, in relevant part:

> In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgement or decree and shall be reviewable as such.
>
> 28 U.S.C. § 2201.
>
> …
>
> Further necessary or proper relief based on a declaratory judgement or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgement.
>
> 28 U.S.C. § 2202.

33. Plaintiffs allege that judgment of the First Circuit in *AF Holdings II* is void *ab initio* in that it was knowingly and willfully obtained without relief from the stay during the pendency of the Debtor's bankruptcy, thus violating the provisions of 11 USC § 362(a).

5



34. The Plaintiffs' further allege that the Trustee does not have a valid default judgment in *Seaver* against Plaintiffs' and their interests. The default judgment, like the judgment of the First Circuit upon which it is based, is void and of no legal validity. The default judgment remains on appeal.

35. The Plaintiffs further allege the Trustee continues to pursue collection efforts on the default and treat the default as an asset of the Estate.

36. The allegations made by Plaintiffs, and the Trustee's actions, establish that a real and actual controversy exists as to the respective rights of the parties, in particular the validity and extent of First Circuit's judgment.

37. The Trustee's acts present a clear violation of 11 U.S.C. § 362(a) and entitle Plaintiffs to recover actual damages.

38. Furthermore, the conduct of Trustee as herein described, was so contemptible, Plaintiffs are entitled to punitive damages in an amount appropriate to punish the Trustee and to deter others from engaging in similar conduct.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

39. Plaintiffs hereby allege this second cause of action against the Trustee and incorporates each and every one of the paragraphs of this complaint as if the same were fully set forth herein.

40. The provisions of 11 U.S.C. § 362(a) state, in part:

   (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title … operates as a stay, applicable to all entities, of—

      (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

40. The automatic stay is immediately triggered upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a). Bankruptcy courts have exclusive authority to grant relief from the automatic stay under 11 U.S.C. § 362(d).

41. The Debtor appealed the judgment against him to the First Circuit on December 16, 2013. Debtor's appeal remained pending at the time he filed for bankruptcy on July 13, 2015.

6

Ex. 2

42. An appeal brought by a debtor from a judgment obtained against it is subject to the automatic stay.

43. Judgments entered in violation of the automatic stay are void *ab initio*.

44. The Trustee has never sought leave relief from the stay to allow the First Circuit to enter judgment in *AF Holdings II*. Because the First Circuit lacked jurisdiction, its judgment is void and could not serve as the basis for either the Trustee's or the Debtor's adversary proceedings against the Plaintiffs.

45. At all relevant times, the Trustee was aware of the pending appeal and of the effects of not obtaining relief from the stay.

46. Despite this knowledge, Trustee pursued litigation and collection attempts on a void claim and allowed similar actions premised on the void claim to proceed against the Plaintiffs.

47. At no point did the Trustee have a final order or judgment to rely on. As a result of the Trustee's actions, the Plaintiffs incurred unnecessary costs defending a void claim in *Seaver* and *Booth*, and in bringing this action.

48. The Trustee has knowingly and willfully abused the bankruptcy process and should be held in contempt under 11 U.S.C. § 362 and 11 U.S.C. § 105 and ordered to pay Plaintiffs' actual damages and punitive damages.

**WHEREFORE**, the Plaintiffs pray for the following damages:

1. That the Court declare that the judgment of the First Circuit in *AF Holdings II* is void and of no legal validity; that the default judgment in *Seaver* against the Plaintiffs is void and the claims be dismissed with prejudice; and that the findings of fact against Plaintiff Booth Sweet in *Booth* be stricken;

2. The awarding of actual damages to Plaintiffs incurred as the result of Trustee's acts and failures to act in an amount proven at time of trial;

3. For punitive damages in an amount sufficient to punish Trustee for his willful acts;

4. For costs of this proceeding;

5. For such other relief as the Court deems proper and necessary.

Ex. 1

Dated: October 30, 2017

Respectfully submitted,

Jason E. Sweet
Jason E. Sweet (BBO# 668596)
**BOOTH SWEET LLP**
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

*Counsel for the Plaintiffs*

Ex. 2