## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSSETS

AF HOLDINGS, LLC

      *Plaintiff,*

v.

      Case No. 1:12-cv-12105-IT

SANDIPAN CHOWDHURY,

      *Defendant.*

## NON-PARTY PAUL HANSMEIER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SANDIPAN CHOWHUDRY'S MOTION TO SUBSTITUTE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25

Non-party Paul Hansmeier ("Hansmeier") respectfully opposes Defendant

Sandipan Chowdhury's Motion to Substitute Pursuant to Federal Rule of Civil Procedure

25. ("Motion to Substitute"). [#132].

### BACKGROUND

Chowdhury has filed a motion to substitute as a debtor in the judgment entered

against AF Holdings LLC ("AF Holdings"). The relevant background is as follows.

This case was filed by AF Holdings on November 13, 2012 against Defendant

Sandipan Chowhudry. [#1]. Chowhudry's answer included a counterclaim against AF

Holdings. [#7]. Chowhudry's counterclaim was not asserted against any other person.

[*Id.*]. AF Holding's counsel withdrew on August 20, 2013 [#23], and the Clerk of Court

entered default against AF Holdings on August 29, 2013. [#26]. Chowhudry moved for

and obtained a default judgment against AF Holdings. [#28–34]. Without naming or

serving any of the following with process, Chowhudry also fraudulently obtained a

judgment against: (a) Prenda Law, Inc.; (b) Mark Lutz; (c) Paul Duffy; (d) Paul Hansmeier; and (e) John Steele. [#34]. The amount of the judgment was $64,180.80. [*Id.*].

Duffy, Hansmeier and Steele moved to vacate the default judgment on the grounds that it was void, as none of them were named as parties or served with process in this case. [#36–41]. The predecessor District Judge in this matter denied these motions to vacate. [#43]. On December 16, 2013, Duffy, Hansmeier and Steele took an appeal to the U.S. Court of Appeals for the First Circuit. [#45].

Hansmeier filed a petition for bankruptcy on July 13, 2015, in the U.S. Bankruptcy Court for the District of Minnesota. Chowdhury's counsel noticed an appearance in Hansmeier's bankruptcy. Pursuant to an order of the U.S. Bankruptcy Court for the District of Minnesota, Chowdhury's judgment was paid in full on December 15, 2015, from the proceeds of the sale of Hansmeier's home. [*See* Exhibit 1 to Hansmeier Declaration]. The judgment was fully satisfied as of that date.

The First Circuit vacated the default judgment against Duffy, Hansmeier and Steele on August 4, 2016. [#76]. The First Circuit's judgment stated that a judgment may not "be entered against those who are not made parties through proper service." [*Id.*].

On September 29, 2016, Chowdhury filed a Motion for Substitution of Parties and Entry of an Amended Judgment. [#81]. Chowdhury's motion sought to re-add Steele and Hansmeier to the judgment against AF Holdings. Chowdhury's motion argued, "Unless [Steele and Hansmeier] are substituted or added as parties, *the judgment will not be satisfied*"—even though the judgment was fully satisfied at that time. [#82 at 9]

- 2 -

(emphasis added). The Certificate of Service attached to Chowdhury's motion stated that "John Steele and Paul Hansmeier will be served copies of [his motion] pursuant to Rules 4 and 25 of the Federal Rules of Civil Procedure." [*Id.*]. Neither Steele nor Hansmeier were ever served with Chowdhury's motion. [#90, 91]. Rather, Steele and Hansmeier were alerted to the existence of Chowdhury's motion when the Clerk of Court mailed a paper copy of the Court's Notice of Hearing on Chowdhury's unserved motion. [*Id.*]. The Court denied Chowdhury's motion in an Order dated October 20, 2016, on the grounds that the motion was not served.

On January 27, 2017, the Court issued an order noting that more than ninety days had passed since the U.S. Court of Appeals for The First Circuit issued its mandate. [#92]. Accordingly, the Court ordered Chowdhury to file an amended judgment. [*Id.*]. Chowdhury did not do so; rather, Chowdhury filed a motion to extend his deadline to file an amended judgment "until three weeks after a decision" on his motion to stay, which was scheduled to be heard on March 8, 2017. [#98 at 3]. The Certificate of Service to Chowdhury's motion stated that "John Steele and Paul Hansmeier will be served copies of said documents pursuant to Rules 4 and 25 of the Federal Rules of Civil Procedure." [#98 at 4]. Chowdhury did not complete service on Hansmeier. There is no evidence in the record that Chowdhury completed service on Steele.

In its text entry dated February 3, 2017, the Court granted Chowdhury's request for an extension of time to complete service. The Court's order stated:

> The time for Defendant/Counterplaintiff Sandipan Chowdhury to serve a motion for substitution of parties is extended until three weeks after the United States Bankruptcy Court for the

> District of Minnesota rules on *the motion for relief from stay*,
> docket 191 in <u>In re Hansmeier</u>, No. 15-42460.
> Defendant/Counterplaintiff Sandipan Chowdhury shall file a
> status report on April 1, 2017, and on the first day of each
> month thereafter pending further order of this district court.

[#99] (emphasis added). The Court's order made clear that the Court was under the

impression that Chowdhury had filed a motion for relief from the automatic stay. [*Id.*].

Chowdhury filed no such motion. Chowdhury took no action to correct the Court's

understanding.

On March 8, 2017, the U.S. Bankruptcy Court for the District of Minnesota heard

two motions filed by Chowdhury. The first motion was Chowdhury's motion seeking to

stay the Chapter 7 Trustee's pending claim objections. That motion was orally withdrawn

at the hearing. The second motion was a motion brought by Chowdhury and others

requesting that the Bankruptcy Court find Hansmeier to be liable on Chowdhury's

judgment against AF Holdings in this matter. The Bankruptcy Court denied that motion.

Chowdhury failed to serve a motion for substitution of parties within three weeks of the

withdrawal of his motion seeking to stay the Chapter 7 Trustee's claim objections.

In his April 3, 2017, status report, Chowdhury indicated that the "creditors are in

the process of drafting a complaint. However, until adjudication of the adversary

proceeding, the automatic stay pursuant to 11 U.S.C. § 362 remains in effect, preventing

service upon Hansmeier." [#105]. Chowdhury's statement was incorrect. Nothing

prevented Chowdhury from filing a motion for relief from the automatic stay.

Chowdhury's status report contained no mention of his withdrawn stay motion, which

was the focus of the Court's February 3, 2017, text order—even though Chowdhury's

- 4 -

prior filing mislead the Court into believing a motion for relief from the automatic stay

was pending. [#99].

The Court filed an Order on April 5, 2017. The Court's Order made clear that its

understanding of Hansmeier's bankruptcy proceedings was as follows:

> On April 3, 2017, Chowdhury filed a Status Report of the
> Defendant, stating that "[o]n March 8, 2017, the United States
> Bankruptcy Court for the District of Minnesota denied the
> motion [for relief from stay] and instructed the creditors that
> such relief had to be brought not as a motion, but as an
> adversary proceeding." Chowdhury represents that he and
> other creditors "are in the process of drafting a complaint," but
> that he is still prevented from serving the Motion for
> Substitution of Parties and Entry of Amended Judgment upon
> Paul Hansmeier until relief from the stay is obtained.

[#106] (modification in the original). In fact, Chowdhury never filed a motion for relief

from the automatic stay in Hansmeier's bankruptcy proceeding. To be clear: the

Bankruptcy Court never instructed that Chowdhury's motion to stay—or, for that matter,

a motion for relief from the automatic stay—must be brought as an adversary proceeding

instead of a motion. In its April 5, 2017, Order, this Court also stated, "Based on

[Chowdhury's] representations":

> [T]his court will continue to stay Chowdhury's obligation to
> serve the Motion for Substitution of Parties and Entry of
> Amended Judgment. Chowdhury shall file a status report on
> May 1, 2017, to confirm whether a complaint instituting
> adversary proceedings has indeed been filed, and assuming
> such complaint has been filed, a further status report on the first
> day of each month thereafter pending further order of the court.

[#106].

Chowdhury never filed (or intended to file) a complaint instituting adversary proceedings regarding the automatic stay. Nevertheless, he lied to the Court and claimed he had. Chowdhury's May 2, 2017 status report indicated that "[t]he adversary proceeding and the underlying bankruptcy proceeding are still pending the [*sic*] United States Bankruptcy Proceeding for the District of Minnesota." [#112]. There was no adversary proceeding seeking relief from the automatic stay. On June 2, 2017, Chowdhury filed a status report once again indicating that, "[t]he adversary proceeding and the underlying bankruptcy proceeding are still pending the [*sic*] United States Bankruptcy Court for the District of Minnesota." [#114]. There was no adversary proceeding seeking relief from the automatic stay. Identical misrepresentations were made to the Court on July 7, 2017 [#115] and on September 7, 2017 [#117]. On October 24, 2017, the language in Chowdhury's status report changed. Now, Chowdhury's status report read, "[U]ntil adjudication the automatic stay pursuant to 11 U.S.C. § 362 remains in effect, preventing service upon Hansmeier." At the time this representation was made to this Court, Chowdhury had no documents on file with the Bankruptcy Court seeking to "adjudicate" the issue of relief from the automatic stay. On November 1, 2017, Chowdhury falsely stated, "Until adjudication of the objection and the adversary proceeding, the automatic stay pursuant to 11 U.S.C. § 362 remains in effect, preventing service upon Hansmeier." [#118].  Again, at the time of this statement, Chowdhury had no "objection" or "adversary proceeding" seeking relief from the automatic stay. On December 7, 2017, Chowdhury filed another status report. Once again, Chowdhury falsely represented that, "[u]ntil the bankruptcy court approves the Chapter 7 Trustee's

- 6 -

proposed settlement and resolution of the adversary proceeding, the automatic stay

pursuant to 11 U.S.C. § 362 remains in effect, preventing service upon Hansmeier."

[#119]. As before, there was no adversary proceeding seeking relief from the automatic

stay. All of the foregoing status reports contained a certificate of service claiming service

was made on Hansmeier. None of the foregoing status reports were served on Hansmeier.

There is no evidence they were served on Steele. Chowdhury was on actual notice of

Hansmeier's mailing address due to Hansmeier's obligation to keep an updated service

address on file in his bankruptcy proceedings.

On July 5, 2017, Hansmeier sued Chowdhury's counsel and one of their clients,

Paul Godfread, for knowingly submitting false claims in his bankruptcy case and for

violating the automatic stay. The U.S. Bankruptcy Court for District of Minnesota

granted Hansmeier's motion for summary judgment against Chowdhury's counsel and

Mr. Godfread, holding that these individuals, "knowingly filed false claims" in

Hansmeier's bankruptcy case—which, it should be noted, is a federal crime made all the

more serious by the sheer magnitude of the false claims (in excess of $1 million). The

Bankruptcy Court also found that Chowdhury's counsel's actions in this case constituted

a knowing violation of the automatic stay. While considering Hansmeier's motion for

summary judgment, the Bankruptcy Court reviewed the docket of this case. The

Bankruptcy Court was disturbed by Chowdhury's counsel representations to this Court

regarding Chowdhury's purported effort to seek relief from the automatic stay. The

Bankruptcy Court ordered:

- 7 -

> Within 14 days of entry of this Order, defendant Jason Sweet
> shall submit a letter to this Court informing the Court what
> adversary proceeding in the plaintiff's bankruptcy case he has
> referred to in status reports dated May 2, 2017, June 2, 2017,
> and July 7, 2017, and filed in the Massachusetts Case.

Sweet filed the letter "informing" the Court as to the adversary proceeding in

Hansmeier's bankruptcy case he was "referring" to in his status reports. In his letter,

Sweet admitted that there was no adversary proceeding seeking relief from the automatic

stay.

In his September 7, 2017, status report submitted to this Court, Chowdhury's

counsel falsely stated, "Paul Hansmeier has alleged in the Minnesota bankruptcy

proceedings that our status reports have omitted key facts." [#116]. To the contrary, the

U.S. Bankruptcy Court for the District of Minnesota raised these concerns *sua sponte*.

Sweet continued his lie, "[I]t has not been identified what these facts are or how they

would affect our Honor's compliance with the mandatory stay." [*Id.*]. To the contrary, the

Bankruptcy Court's order sought information regarding what non-existent adversary

proceeding was referenced in Chowdhury's status reports to the Court. Chowdhury's

counsel claims he was "simply attempting to inform this Court that the stay was still in

effect and that there are least two relevant proceedings enforcing application of the stay."

That is also false. Chowdhury sought and obtained an extension of time to file an

amended judgment based on his representations to this Court that he needed to file an

adversary proceeding to seek relief from the automatic stay. Based on these

representations, it appears that the Court granted Chowdhury the relief he sought.

- 8 -

Chowdhury proceeded to mislead the Court for over six months by pretending that this

non-existent adversary proceeding was filed and remained pending.

To summarize: Chowdhury and his counsel have engaged in the following

misconduct in this case:

- Fraudulently obtaining a judgment that was void because Chowdhury never served judgment debtors Duffy, Hansmeier, Steele, Prenda or Lutz with process;

- Filing a motion to re-add Hansmeier and Steele to the judgment without serving them (or anyone else) with the motion (despite having certified that the motion was served) and in violation of the automatic stay;

- Actively misleading the Court by stating, "the judgment will not be satisfied" if Steele and Hansmeier were not re-added to it even though the judgment was fully satisfied at the time of Chowdhury's misrepresentation;

- Actively misleading the Court about the pendency of a non-existent adversary proceeding in order to obtain an unwarranted extension of time to comply with the First Circuit's mandate; and

- Proceeding in this case in an effectively *ex parte* manner by failing to serve all or substantially all of the documents[1] that have been filed in this case— notwithstanding false certifications to the contrary.

This is not an exhaustive list of misconduct. For example, in an October 30, 2017, filing

submitted on Chowdhury's behalf by Chowdhury's counsel, *Chowdhury* alleged,

"Sandipan Chowdhury is an individual *believed* to reside in the state of Massachusetts."

(emphasis added).

---

[1] It should be noted that Chowdhury's counsel's conduct in this regard is by no means limited to this case. Chowdhury's counsel have attempted to improperly add Hansmeier to judgments in at least two other proceedings of which Hansmeier is aware. Both efforts were unsuccessful.

The Chapter 7 Trustee in Hansmeier's bankruptcy case sued Chowdhury and his counsel to recover the proceeds Chowdhury improperly obtained on the judgment that was vacated by the First Circuit. Hansmeier, in turn, filed a lawsuit against the Chapter 7 Trustee seeking declaratory relief on the issue of whether the funds paid over to Chowdhury were actually property of the estate. The Chapter 7 Trustee and Hansmeier settled Hansmeier's adversary proceeding. As part of the settlement, Hansmeier has assumed the burden of obtaining a restitution judgment against Chowdhury and his counsel and enforcing any restitution judgment he might obtain. Pursuant to the settlement, the estate receives the first $25,000 of any monies collected from Chowdhury and his counsel, Hansmeier receives the next $25,000 and Hansmeier and the estate split the remaining amount collected evenly.

On March 7, 2018, the U.S. Bankruptcy Court for the District of Minnesota granted Hansmeier's motion for summary judgment against Chowdhury and Booth Sweet LLP and entered judgment in the full amount of the monies that Hansmeier/the estate paid over in full satisfaction of the judgment in this case. Monies collected on the judgment must be made jointly payable to Hansmeier and the Chapter 7 Trustee.

## ARGUMENT

Chowdhury's Motion to Substitute should be denied for at least three reasons. First, this Court has not obtained personal jurisdiction over Hansmeier because Chowdhury has *still* failed to complete service on Hansmeier. Second, this Court lacks subject matter jurisdiction to hear Chowdhury's motion—at least as the motion relates to Hansmeier because the judgment is fully satisfied and because Chowdhury's motion

involves property of Hansmeier's bankruptcy estate. Third, Chowdhury's motion fails on the merits.

**I.    Chowdhury's Motion To Substitute was not properly served on Hansmeier.**

Chowdhury's Motion to Substitute was not properly served on Hansmeier. Accordingly, this Court lacks personal jurisdiction over Hansmeier.

### A.    Standard of review.

Federal Rule of Civil Procedure 25(c), "Transfer of Interest," governs Chowdhury's Motion to Substitute. Rule 25(c) states that a motion to substitute "must be served as provided in Rule 25(a)(3)." Fed. R. Civ. P. 25(c). Rule 25(a)(3), in turn, provides that service on a nonparty "must be served … as provided in Rule 4."

Rule 4(e) governs service on individuals within the United States, such as Hansmeier. Fed. R. Civ. P. 4(e). Rule 4 allows service to made via personal service. Fed. R. Civ. P. 4(e)(2). In the alternative, Rule 4 allows service in accordance state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). It is undisputed that the relevant states are Minnesota and Massachusetts. Both the Minnesota Rules of Civil Procedure and the Massachusetts Rules of Civil Procedure require personal service of process. *See* Minn. R. Civ. P. 4.03; Mass. R. Civ. P. 4(d).

### B.    Chowdhury's Motion to Substitute was not properly served on Hansmeier.

It is undisputed that Hansmeier is not a party to this case. [*See, e.g.,* #116 ("As Mr. Hansmeier notes, he is currently a non-party to this proceeding.")]. Accordingly, the

Court will not obtain jurisdiction over Hansmeier until Hansmeier is personally served with process. *See* Fed. R. Civ. P. 25(c); Fed. R. Civ. P. 4.

In January 2018, Chowdhury personally served Hansmeier with an unfiled motion. Chowdhury did not file that motion with the Court. Instead, in March, 2018, Chowdhury filed a different[2] motion with the Court and mailed the motion paperwork to Hansmeier. Chowdhury's service of an unfiled motion did not result in the Court obtaining personal jurisdiction over Hansmeier. Nor did his mailing of papers that were actually filed. *See* Fed. R. Civ. P. 25(c); Fed. R. Civ. P. 4. Chowdhury was required to file and then serve Hansmeier with his Rule 25 motion. After all, an unfiled motion is a legal nullity. *See* Order Denying Motion to Strike, No. 1:14-cv-863 (N.D. Ga. Dec. 4, 2014) ("An unfiled motion is a nullity and will not be addressed by the court.").

Hansmeier acknowledges the Court's Order requiring Chowdhury to file a proof of service before filing a motion, but Chowdhury did not comply or even substantially comply with that Order. In this instance, Chowdhury served and filed a proof of service with respect to papers that he never intended to file with the Court. Nearly a quarter-of-a-year has passed and these papers are not on file with the Court. Nothing about Chowdhury's procedures complied with the spirit or letter of the Court's order—which, ostensibly, contemplated near-contemporaneous service and filing of his Motion to Substitute.

---

[2] The motion was dated differently and contained a different page count.

Chowdhury's actions are the equivalent of serving a draft summons and complaint. Nothing about the service of a draft summons and complaint would give rise to personal jurisdiction. Under the Federal Rules of Civil Procedures, actions are commenced upon their filing. *See* Fed. R. Civ. P. 3.

Chowdhury has failed to properly call Hansmeier before the Court in accordance with the Federal Rules of Civil Procedure. There is nothing for the Court to do but to rule that Chowdhury must make proper service. As the First Circuit ruled in this very case:

> Contrary to the appellee, the fact that non-parties do not, or cannot, dispute alter ego allegations that would permit both serving them and holding them liable on the judgment does not obviate the need to call them before the court before entering judgment. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969).

[# 76].

It should be noted that Hansmeier is not avoiding service. Chowdhury's first set of papers were served on their first attempt at Hansmeier's house. Hansmeier is merely insisting that Chowdhury be held to the requirements of service under the Federal Rules of Civil Procedure. Chowdhury's counsel has attempted to add Hansmeier to judgments nationwide without completing service, including the judgment in this case under which Chowdhury fraudulently obtained over $72,000 from Hansmeier—with the lion's share of that amount going to Chowdhury's counsel. Hansmeier is well within his rights to insist that proper service be made in all cases involving Chowdhury and his counsel—lest they use lower service standards in this case to justify lack of service in other cases.

## II.    The Court lacks subject matter jurisdiction over Chowdhury's Motion to Substitute.

- 13 -

The Court lacks subject matter jurisdiction over Chowdhury's Motion to Substitute because Chowdhury's judgment against AF Holdings is fully satisfied. In addition, the U.S. Bankruptcy Court for the District of Minnesota has exclusive jurisdiction over any issues regarding restitution. Nothing prevents Chowdhury from bringing an independent post-petition cause of action against Hansmeier or anyone else.

A. **The Court lacks subject matter jurisdiction over Chowdhury's Motion to Substitute because Chowdhury's judgment against AF Holdings is fully satisfied.**

The Court lacks subject matter jurisdiction to decide Chowdhury's Motion to Substitute because Chowdhury's judgment is fully satisfied. Chowdhury's Motion to Substitute is therefore moot.

1. **Standard of review.**

Whether a plaintiff has a sufficient stake in the litigation is measured, at the commencement of an action, through the doctrine of standing. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). Whether subsequent events have dissipated the plaintiff's interest is assessed through the prism of mootness. *Becker v. FEC*, 230 F.3d 381, 386 n. 3 (1st Cir. 2000); *Oakville Dev. Corp. v. FDIC*, 986 F.2d 611, 613 (1st Cir. 1993). A case becomes moot if, at some time after the institution of the action, the parties no longer have a legally cognizable stake in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam).

Mootness goes to the question of whether a federal court has the power to adjudicate an issue. "Article III of the Constitution grants the Judicial Branch authority to adjudicate Cases and Controversies. In our system of government, courts have no

- 14 -

business deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133 (2013) (internal quotation marks omitted). "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.*

### 2. The Rule 25 substitution issue is moot because Chowdhury lacks a legally cognizable interest in the outcome.

The Rule 25 substitution issue is moot because Chowdhury lacks a legally cognizable interest in the outcome of his motion. The judgment against AF Holdings is fully satisfied. Chowdhury has received all of the relief he is entitled to in this case. It is literally impossible for the Court to grant Chowdhury any more effective relief, given that the judgment of the Court is fully satisfied. Any more requests for relief in this case are moot. *See Oakville Dev. Corp. v. FDIC,* 986 F.2d 611, 613 (1st Cir. 1993) (holding that a case is moot upon the inability of a court to provide effective relief in respect to the claim before it). Continued litigation in this case will not provide Chowdhury with anything more than he has already received. This is particularly true given the nature of Rule 25 relief. Rule 25(c) substitution is merely a "procedural vehicle not designed to create new relationships among parties to a suit." *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003). Rather, Rule 25(c) "substitution implements a discretionary determination by the trial court to facilitate the conduct of the litigation…." *Id.* There is no more litigation to be conducted. Chowdhury obtained a judgment. That judgment has been fully satisfied. Further litigation is the very definition of mootness.

- 15 -

**B.    Any issue regarding restitution is within the exclusive jurisdiction of the U.S. District Court for the District of Minnesota and (more practically speaking) the U.S. Bankruptcy Court for the District of Minnesota.**

Given that Chowdhury's judgment is fully satisfied, one might question why Chowdury is "incurring" further attorneys' fees by bringing his Rule 25(c) motion. The answer is simple: Chowdhury—and, more precisely, his counsel—does not want to give the money back. This common-sense conclusion is supported by Chowdhury's counsel's arguments at the motion hearing on Hansmeier's motion for summary judgment for restitution against Chowdhury and his counsel. At the hearing, Chowdhury's counsel made quite clear that Chowdhury's efforts in this case were a collateral attack on the now-existing judgment for restitution in Hansmeier's bankruptcy case. Chowdhury's effort to launch a collateral attack in this Court on the restitution judgment violates federal law.

Pursuant to 28 U.S.C. § 1334, the U.S. District Court for the District of Minnesota has exclusive jurisdiction over the restitution issue. It is undisputed that Chowdhury's judgment was satisfied from the property of Hansmeier's bankruptcy estate. Section 1334(e) provides that the U.S. district court in which a bankruptcy petition is filed has exclusive jurisdiction over issues regarding the "property of the estate." 28 U.S.C. § 1334. The Court may take judicial notice that Hansmeier filed his bankruptcy petition in the District of Minnesota. The Court may further take judicial notice that Chowdhury consented to the exclusive jurisdiction of the District of Minnesota by filing a claim in Hansmeier's bankruptcy case, by participating in Hansmeier's bankruptcy case, and by

voluntarily consenting to receive money from Hansmeier's bankruptcy estate.

Chowdhury could have elected to enforce his judgment outside of the bankruptcy process

and independent of monies of Hansmeier's bankruptcy estate. He did not do so. Rather,

he consented to the "exclusive jurisdiction" of the District of Minnesota, and more

practically speaking, the U.S. Bankruptcy Court for the District of Minnesota for the

issue of restitution. Chowdhury's Rule 25(c) motion is thus within the exclusive

jurisdiction of the U.S. Bankruptcy Court for the District of Minnesota.

**C.** **Nothing prevents Chowdhury from bringing a post-petition cause of action against Hansmeier or anyone else.**

As the Chief Judge for the U.S. Bankruptcy Court for the District of Minnesota

made quite clear at Hansmeier's Motion for Summary Judgment hearing against

Chowdhury and his counsel, nothing prevents Chowdhury from bringing a post-petition

cause of action against Hansmeier or anyone else. Chowdhury is freely able to sue

Hansmeier or anyone else with respect to the harm he alleged in this case.

**III.** **Chowdhury's Motion to Substitute fails on the merits.**

Even if the Court disagrees with the jurisdictional bars to Chowdhury's Motion to

Substitute, Chowdhury's Motion to Substitute nevertheless fails on the merits.

**A.** **Standard of review.**

Rule 25(c), "Substitution of Parties," states, in pertinent part:

> Transfer of Interest. If an interest is transferred, the action may
> be continued by or against the original party unless the court,
> on motion, orders the transferee to be substituted in the action
> or joined with the original party. The motion must be served as
> provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c).

**B.    Chowdhury's Motion to Substitute is associated with no evidence of a transfer from AF Holdings to Hansmeier.**

Chowdhury's Motion to Substitute is associated with no evidence of a transfer from AF Holdings to Hansmeier. The hallmark of a motion to substitute pursuant to Rule 25(c) is a transfer of interest. The Court may take judicial notice that Chowdhury's judgment against Lutz and Prenda is just as void as it was against Hansmeier, Duffy and Steele. The only question is whether Chowdhury has presented *any* evidence of a transfer of interest from AF Holdings to Hansmeier. There is none. All that Chowdhury presents are judicial opinions, which are not obviously not "evidence." *See, e.g., Getty Petroleum Marketing v. Capital Terminal Co.*, 391 F.3d 312, 322 (1st Cir. 2004) ("Judicial notice of law is the name given to the commonsense doctrine that the rules of evidence governing admissibility and proof of documents generally do not make sense to apply to statutes or judicial opinions — which are technically documents — because they are presented to the court as law, not to the jury as evidence."). Again, there is not one single document attached to Chowdhury's Motion to Substitute that could even reasonably be construed as evidence as a "transfer of interest" from AF Holdings to Hansmeier. After diligent research, Hansmeier is unaware of a single case from the beginning of time to the present day where a Rule 25(c) motion was granted in the absence of evidence of a "transfer of interest." Chowdhury's Motion to Substitute should be denied on this basis alone.

**C.    Chowdhury's Motion to Substitute is barred based on collateral estoppel.**

Chowdhury's Motion to Substitute is barred based on collateral estoppel. Chowdhury raised identical arguments (to the exact words) before the U.S. Bankruptcy Court for the District of Minnesota in an effort to avoid a restitution judgment. Chowdhury's arguments were rejected. Collateral estoppel may be applied where "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." *Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86 (1st Cir. 2007).

All of the foregoing elements are satisfied. The Court may take judicial notice that Chowdhury argued that he should not be required to make restitution on his judgment based on his (false) argument that Hansmeier is AF Holding's alter ego. The Court may further take judicial notice that the issue of Hansmeier's alter ego status was actually put into issue before the U.S. Bankruptcy Court for the District of Minnesota, that the issue of restitution was determined by a valid and binding judgment, and that the determination of the issue was essential to the judgment.

### D.    Chowdhury's collateral estoppel argument is erroneous.

Chowdhury's collateral estoppel argument is erroneous. Chowdhury's collateral estoppel argument relies heavily on the *Navasca* court's "findings." Chowdhury fails to disclose that the *Navasca* court's "opinion" was issued by a U.S. magistrate judge who concluded that he had no personal jurisdiction over Hansmeier. Yes, the *Navasca* "opinion" was issued in the admitted absence of jurisdiction and all of the *Navasca* court's "findings" are dicta. In the interest of avoiding any doubt, here is the operative

language from the *Navasca* "opinion," "Because the district court appears to lack personal jurisdiction over … Hansmeier, the undersigned cannot recommend that sanctions be imposed against [him]." Navasca's objections to the Report and Recommendation were rejected by U.S. District Judge Edward Chen. If nothing else, there was no judgment entered against Hansmeier in the *Navasca* action.

As for the *Ingenuity13* opinion cited in Chowdhury's brief, none of the elements of collateral estoppel are satisfied. Chowdhury has not come even remotely close to meeting his burden of proof of showing how the elements of collateral estoppel he seeks to assert in this case were met by virtue of the deeply-flawed *Ingenuity13* decision.

### E.    Chowdhury's evidence fails the basic standards of admissibility.

Chowdhury's evidence fails the basic standards of admissibility. Exhibits A–G to Chowdhury's Motion to Substitute are judicial opinions. As set forth above, judicial opinions are not evidence of anything aside from the existence of the opinions themselves.

Exhibit H to Chowdhury's Motion to Substitute is an application for Professional Liability Insurance for Steele Hansmeier PLLC. This document fails to meet the basic requirement of relevance of a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holding's assets.

Exhibit I is apparently the first page of a docket report in the matter of *Hard Drive Productions, Inc. v. Does*, 1:11-cv-01741 (D.D.C). Once again, this "evidence" fails the basic requirement of relevance because it has nothing to do with AF Holding's assets.

Exhibit J regards John Steele's interactions with GoDaddy.com. Once again, the "evidence" fails the basic requirement of relevance of any "transfer of interest" between AF Holdings and Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit K is a document demonstrating that attorney Paul Duffy was the President and Agent of Prenda Law, Inc. Once again, this document fails the basic requirement of relevance of a transfer between AF Holdings and Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit M shows Hansmeier's payment of Prenda Law, Inc.'s Minneapolis office payroll—a matter which Hansmeier has repeatedly testified openly about (Prenda Law did not get its payroll act together for the first 2/3 months of operation and Hansmeier extended "next-day" financing to Mr. Duffy and was paid immediately for doing so). Once again, this document fails the basic requirement of relevance of a transfer between AF Holdings and Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibits N and O relate to a law firm "Class Action Justice Institute LLC." Once again, this document fails the basic requirement of relevance of a transfer between AF Holdings and Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit P purports to be a bank account statement from Prenda Law, Inc. Once again, this document fails the basic requirement of relevance of a transfer between AF Holdings and Hansmeier because it has nothing to do with AF Holdings' assets. This document also fails the basic requirement of authentication. Chowdhury has offered no evidence to show that this is an authentic document. In fact, as a matter of public record, the trust referenced in Chowdhury's motion was established years earlier.

Exhibit Q fails the basic requirement of relevance of a transfer between AF Holdings and Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit R is a check signed by John Steele on behalf of Prenda Law in favor of Pearl Insurance dated November 8, 2011. Exhibit R fails the basic requirement of relevance of a transfer between AF Holdings and Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibits S and T purport to be bank account statements for Prenda Law, Inc. These statements fail the basic requirements of authentication and relevance to the issue of a transfer between AF Holdings and Hansmeier because they have nothing to do with AF Holdings' assets.

Exhibit U is apparently a bank account statement for John Steele. Exhibit U fails the basic requirements of authentication and relevance of a transfer of interest from AF Holdings and Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit V is a declaration submitted by Peter Hansmeier. Exhibit V fails the basic requirement of relevance of a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit W is a document which purports to be a bank statement for Media Copyright Group LLC. Exhibit W fails the basic requirements of authentication and relevance of a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit X is another declaration submitted by Peter Hansmeier. Exhibit X fails the basic requirement of relevance of a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit Y is a series of e-mails regarding malpractice insurance. Exhibit Y fails the basic requirements of authentication and relevance of a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit Z is an excerpt of an e-mail chain from Joe Perea to Paul Duffy. Exhibit Z fails the basic requirements of authentication and relevance of a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit AA is a copy of a Petition for Discipline submitted against Hansmeier. Exhibit AA fails the basic requirement of relevance of a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit BB is a Stipulation for Discipline signed by Hansmeier. Exhibit BB fails the basic requirement of relevance of a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit CC is an order implementing the Stipulation for Discipline signed by Hansmeier. Exhibit CC fails the basic requirement of relevance of a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit DD is a copy an Amended Complaint submitted against John Steele by the Illinois Attorney Registration and Disciplinary Commission. Exhibit DD fails the basic requirement of relevance of a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

- 23 -

Exhibit EE is an indictment filed by the U.S. Attorney for the District of Minnesota against Hansmeier and John Steele. Exhibit EE fails the basic requirement of relevance to a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit FF is John Steele's Plea Agreement and Sentencing Stipulations. Exhibit FF fails the basic requirement of relevance to a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit GG is a transcript of John Steele's plea agreement hearing. Exhibit GG fails the basic requirement of relevance to a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

Exhibit HH is a "Statement of Charges … Imposing Discipline by Counsel." Exhibit HH fails the basic requirement of relevance to a transfer of interest from AF Holdings to Hansmeier because it has nothing to do with AF Holdings' assets.

The Declaration of Jason E. Sweet is equally inadmissible none of the declarations have anything to do with AF Holdings' assets. Paragraph 3 of the Sweet Declaration is inadmissible because it attempts to mischaracterize the inadmissible findings of a magistrate judge who admitted he had no jurisdiction to make his findings.

Paragraph 4 of the Sweet Declaration is inadmissible because it attempts to mischaracterize the findings in a judicial decision which is not otherwise admissible.

Paragraph 5 of the Sweet Declaration is inadmissible because it attempts to mischaracterize the findings of District Judge Edward M. Chen, which are not otherwise admissible, who agreed (apparently over Navasca's objection) that the *Navasca* court

lacked jurisdiction to make the findings it did. Paragraph 6 of the Sweet Declaration is inadmissible because it attempts to mischaracterize the findings of the *Navasca* court's otherwise inadmissible findings that the court lacked jurisdiction to make any findings.

Paragraphs 7–9 of the Sweet Declaration are in admissible because they attempt to mischaracterize the findings of other courts and they otherwise have no relevance to the issue of whether there was a transfer of interest from AF Holdings to Hansmeier.

Paragraph 10 of the Sweet Declaration provides no evidence about how the documents he is presenting to the Court are in any way authentic.

Paragraph 11 of the Sweet Declaration fails for the basic reasons that Sweet lacks personal knowledge as to Paul Duffy's personal motivations and as to the relationship between Steele Hansmeier PLLC and Prenda Law, Inc and they otherwise have no relevance to the issue of whether there was a transfer of interest from AF Holdings to Hansmeier. Sweet's reference to the documents filed in other cases are inadmissible in this case.

Paragraph 12 of the Sweet Declaration is inadmissible because Sweet lacks personal knowledge of Steele Hansmeier's e-mail policy and the allegation otherwise has no relevance to the issue a transfer of interest from AF Holdings to Hansmeier.

Paragraph 13 of the Sweet Declaration is inadmissible because nothing in the attached exhibit demonstrates that Hansmeier registered the domain "prendalaw.com", nothing in the paragraph is properly authenticated, and nothing in the paragraph has any relevance to the issue of whether there was a transfer of interest between AF Holdings and Hansmeier.

Paragraph 14 of the Sweet Declaration lacks relevance to the issue of whether there was a transfer of interest between AF Holdings and Hansmeier.

Paragraph 15 of the Sweet Declaration lacks foundation because Sweet has no personal knowledge as the Peral Insurance's subjective feelings. Moreover, Paragraph 15 of the Sweet Declaration lacks relevance because there is no connection between Pearl Insurance's subjective feelings and a transfer of interest between AF Holdings and Hansmeier.

Paragraph 16 of the Sweet Declaration is inadmissible because it lacks foundation and relevance. The paragraph lacks foundation because Sweet has no knowledge about whether Hansmeier's checks covered Prenda Law Inc.'s entire payroll (which is false) or whether Hansmeier's checks simply covered Prenda Law, Inc.'s Minneapolis office payroll obligations (which is true) for a short time pursuant to a Repo financing arrangement.

Paragraph 17 of the Sweet Declaration lacks foundation and relevance. Sweet obviously has no personal knowledge of why a check was sent from the bank account of Alpha Law LLC to Class Action Justice Institute LLC. More importantly, this matter has no relevance to whether a transfer of interest was made from AF Holdings to Hansmeier.

Paragraph 18 of the Sweet Declaration is unsupported by evidence. As a matter of public record, Hansmeier was the only member of Alpha Law Firm. Hansmeier does not recall testifying as to the ownership of "Class Action." Sweet has no foundation for this statement or an arguable basis for relevance to his "testimony."

- 26 -

Paragraph 19 of the Sweet Declaration lacks foundation and relevance. Neither Nathan Wersal, Peter Hansmeier, nor Michael Dugas were ever employees of Alpha Law Firm LLC. Sweet has no personal knowledge of Alpha Law Firm's employee roster. Alpha Law Firm's employee roster has no relevance as to whether there was a transfer of interest from AF Holdings to Hansmeier.

Paragraph 20 of the Sweet Declaration is inadmissible due to lack of foundation and relevance. As a matter of public record in Hansmeier's bankruptcy case, the Mill Trust was formed years before the date cited in Sweet's fraudulent representation to the Court. Sweet lacks any personal knowledge as to the purpose and nature of that transaction. He also lacks any authenticable documents to support his assertion. None of these documents have any relevance to the issue of whether AF Holdings transferred an interest to Hansmeier.

Paragraph 21 lacks any relevance. The Trustee's beliefs are irrelevant to the issue of whether AF Holdings transferred an interest to Hansmeier.

Paragraph 22 of the Sweet Declaration is irrelevant. The identifier on a check is not relevant to whether Hansmeier received a transfer of interest from AF Holdings during this litigation.

Paragraph 23 of the Sweet Declaration is irrelevant. Whether John Steele issued a check to himself or not has zero relevance to the issue of whether Hansmeier received a transfer of interest from AF Holdings.

Paragraph 24 the Sweet Declaration is irrelevant. Whether Steele was a signatory on Prenda Law Inc.'s IOLTA accounts is irrelevant to the issue of whether Hansmeier received a transfer of interest from AF Holdings.

Paragraph 25 of the Sweet Declaration is irrelevant. John Steele's personal bank account balances have literally no relevance to the issue of whether Hansmeier received a transfer of interest from AF Holdings.

Paragraph 26 of the Sweet Declaration is irrelevant. Sweet lacks personal knowledge about what firm Prenda Law, Inc. used to identify porn pirates, such as Chowdhury. The identity of Prenda Law, Inc.'s porn-pirate identifying services is irrelevant to the issue of whether Hansmeier received a transfer of interest from AF Holdings.

Paragraph 27 of the Sweet Declaration is irrelevant. The Chicago Tribune has no personal knowledge of anything related to porn-piracy enforcement efforts. The article is irrelevant to the issue of whether Hansmeier received a transfer of interest from AF Holdings.

Paragraph 28 of the Sweet Declaration is irrelevant. As a matter of public record, Hansmeier was an owner of Media Copyright Group LLC. This undisputed factual matter has no relevance to the issue of whether Hansmeier received a transfer of interest from AF Holdings.

Paragraph 29 of the Sweet Declaration has no relevance. Sweet has no personal knowledge about the relationship between Media Copyright Group and 6881 Forensics. This Court may take judicial notice of public records and conclude that these companies

- 28 -

are independent companies. But again, this factual dispute has no relevance to the issue of whether Hansmeier received a transfer of interest from AF Holdings.

Paragraph 30 of the Sweet Declaration has no relevance. Sweet has no personal knowledge regarding who registered the domains mentioned in that paragraph. This factual dispute has no relevance to the issue of whether Hansmeier received a transfer of interest from AF Holdings.

Paragraph 31 of the Sweet Declaration has no relevance. Sweet has no personal knowledge of Hansmeier's personal e-mail accounts. In addition, this factual dispute has no relevance to the issue of whether Hansmeier received a transfer of interest from AF Holdings LLC.

Paragraph 32 of the Sweet Declaration has no relevance. None of Hansmeier's evidence bear on the issue of whether Hansmeier received a transfer of interest from AF Holdings during this case.

Paragraph 33 of the Sweet Declaration has no relevance. Hansmeier admitted to the allegations of the petition. His law license is suspended for a little over another two years. None of Hansmeier's admissions have anything to do with whether he received a transfer of interest from AF Holdings.

Paragraph 34 of the Sweet Declaration is irrelevant. Hansmeier voluntarily agreed to the suspension of his law license. Hansmeier's law licence will, at the discretion of the court, be reinstated in the next 2-plus years. Nothing in paragraph 34 of the Sweet Declaration has anything to do with whether Hansmeier received a transfer of interest from AF Holdings.

Paragraph 35 of the Sweet Declaration details the existence of a disciplinary proceeding against John Steele. None of the allegations in the disciplinary proceeding are admissible (they are just allegations) and they are not even against Hansmeier. In any event, nothing in these inadmissible allegations have anything to do with whether Hansmeier received a transfer of interest from AF Holdings.

Paragraph 36 of the Sweet Declaration has no relevance. While Hansmeier has great respect for the U.S. Attorney for the District of Minnesota and believes that U.S. attorneys play an important role in protecting the public, the reality is that U.S. Attorneys lose cases all the time. In any event, simple allegations in an indictment are subject to the presumption of truth as to the target (in this case, Hansmeier) and nothing in an indictment is evidence of anything.

Paragraph 37 of the Sweet Declaration has no relevance. Steele's admissions have no bearing on Hansmeier's receipt of a transfer of interest from AF Holdings.

Paragraph 38 of the Sweet Declaration has no relevance. Steele's admissions have no relevance to the issue of whether Hansmeier received a transfer of interest from AF Holdings.

### F.    The Court is obligated to hold an evidentiary hearing.

Based on Chowdhury's utter lack of admissible evidence, the Court would abuse its discretion if it did not hold an evidentiary hearing. Even the Honorable Judge Edward M. Chen of the U.S. District Court for the Northern District of California recognized in the *Navasca* matter that an evidentiary hearing would be required prior to substitution. If

the Court disagrees with Hansmeier's jurisdictional arguments, then Hansmeier

respectfully requests that the Court calendar an evidentiary hearing.

The Court should deny Chowdhury's motion.


Dated: April 4, 2018                    /s/ Paul R. Hansmeier
                                        Paul R. Hansmeier
                                        9272 Cortland Alcove
                                        Woodbury, MN 55125
                                        E-mail: prhansmeier@gmail.com
                                        Phone: 651-399-1583
                                        ***Pro Se***