UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF Holdings, LLC,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>Sandipan Chowdhury,<br><br>    Defendant/Counterplaintiff.<br><br>Sandipan Chowdhury,<br><br>    Counterplaintiff,<br><br>v.<br><br>John Steele and Paul Hansmeier,<br><br>    Third-Party Defendants. | Civil Action No. 12-cv-12105-IT |

**COUNTERPLAINTIFF SANDIPAN CHOWDHURY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS
MOTION FOR LEAVE TO AMEND COUNTERCLAIMS**

Defendant Sandipan Chowdhury ("Chowdhury") prevailed over Plaintiff AF Holdings, LLC ("AF") on all its claims, and on Chowdhury's counterclaims. Pursuant to Fed. R. Civ. P. 15 and the Court's January 31, 2019 Memorandum and Order [No. 152], Chowdhury requests leave to file Amended Counterclaims adding as parties Paul R. Hansmeier ("Hansmeier") and John L. Steele ("Steele"), who jointly used AF as a mere alias or alter ego.

## FACTUAL AND PROCEDURAL HISTORY

AF initiated this action alleging copyright infringement, civil conspiracy, and negligence against Chowdhury on November 13, 2012 [No. 1]. Chowdhury answered and brought counterclaims on January 4, 2013 [No. 7]. Later that month, AF moved to strike in part, and to dismiss, the counterclaims [No. 8 & 9], and Chowdhury moved to require AF to post a $60,000 bond to secure his potential recovery [No. 11].

On May 6, 2013, while those motions were pending, in a related case, AF was found to be one of several "fungible entities," formed by attorneys Steele, Hansmeier, and Paul A. Duffy ("Duffy") (together, the "Attorneys"), "for the sole purpose of litigating copyright-infringement lawsuits. … They created these entities to shield [themselves] from potential liability and give an appearance of legitimacy." Order Issuing Sanctions, *Ingenuity 13, LLC v. John Doe*, No. 12-cv-0833-ODW (C.D. Cal. May 6, 2013). The *Ingenuity 13* court entered sanctions against the three Attorneys (AF's "de facto owners and officers") and AF's counsel Prenda Law, Inc. ("Prenda") ("which was also owned and controlled by the [Attorneys]"), among others. *Id.*

In this action, AF did not appear at the June 17, 2013 motion hearing, at which its motions were denied, Chowdhury's motion for a bond was allowed as unopposed, and AF's claims were dismissed [No. 20; see No. 18]. AF failed to answer the counterclaims [see No. 21]. On August 29, 2013, the Court allowed Chowdhury's request to enter default [No. 25, 26]. On September 30, 2013, the Court allowed Chowdhury's unopposed motion for a default judgment against AF, awarding $21,393.60 in damages, trebled to $64,180.80 pursuant to Chapter 93A, with costs and attorney's fees [No. 31].

In another case, adopting as preclusive the *Ingenuity 13* court's findings that "Steele and Hansmeier are the alter egos of AF," the court found that "AF is an empty shell created by Steele and Hansmeier." *AF Holdings LLC v. Navasca*, No. 12-cv-2396 (N.D. Cal. Sept. 16, 2013) [No. 30-1 pp. 18-19]. Specifically, the *Navasca* court found that Steele and Hansmeier "share a unity of interest and ownership; they acted as attorneys for AF behind the scenes and dictated all litigation decisions; AF was undercapitalized (indeed, it had no assets as the settlement proceeds never left Steele and Hansmeier's accounts); they kept all litigation proceeds AF "earned"; and AF was a mere shell created to shield Hansmeier and Steele from liability." *Id.* p. 18.

On October 17, 2013, Chowdhury moved to have the default judgment reentered with joint and several liability imposed against AF, the Attorneys, their firm Prenda, and Mark Lutz, AF's putative owner ("Lutz") [No. 32]. The Court entered that judgment jointly and severally on October 22, 2013 [No. 34]. Hansmeier and Steele moved to set aside the default judgment, arguing they had not been personally designated as parties and served [No. 36, 38]. The Court denied the motions to set aside on December 3, 2013 [No. 43]. The Attorneys filed a joint notice of appeal on December 16, 2013 [No. 45]. Two and a half years later, the First Circuit vacated the judgment and remanded the case, holding that the Attorneys had not been properly named and served. Judgment, *AF Holdings,*

*LLC v. Chowdhury*, No. 13-255 (1st Cir. Aug. 4, 2016). On remand, on September 8, 2016, the Court vacated its December 3, 2013, order denying the motions to set aside, set aside the judgment entered on October 22, 2013, and ordered Chowdhury to file a proposed Amended Judgment within three weeks [No. 78].

On September 29, 2016, Chowdhury filed a proposed amended judgment [No. 82-2] and moved to substitute parties and for entry of an amended judgment, seeking to add or substitute Steele and Hansmeier as parties [No. 81]. On October 20, 2016, the Court denied the motion without prejudice to refiling a motion for substitution with a certificate of service showing service completed before filing [No. 92]. On January 27, 2017, the Court ordered Chowdhury to file a proposed Amended Judgment within two weeks [No. 96]. On February 2, 2017, Chowdhury moved for an extension of time to file and serve based on Hansmeier's pending bankruptcy proceedings in Minnesota, to comply with the automatic stay pursuant to 11 U.S.C. § 362 [No. 98]. The next day, the Court granted the motion, vacated its September 28, 2016 and January 27, 2017 orders ([No. 78, 96]) regarding a proposed Amended Judgment, and extended the time for Chowdhury to serve a motion for substitution until three weeks after the bankruptcy court ruled on Chowdhury's motion to stay in Hansmeier's bankruptcy proceedings [No. 99]. On April 5, 2017, the Court "continue[d] to stay Chowdhury's obligation to serve the Motion for Substitution of Parties and Entry of Amended Judgment" [No. 106].

The bankruptcy court approved Hansmeier's waiver of discharge on January 3, 2018, which terminated the automatic stay [see No. 120, 148 pp. 1-2]. Chowdhury sent a renewed motion for substitution and for entry of an amended judgment out for service upon Steele and Hansmeier on, respectively, January 24 and 26, 2018 [see No. 121, 148 p. 2]. Hansmeier was served on January 31, 2018 [No. 123]. Steele evaded service, refusing to identify himself to the process server and denying he knew a "Mr. Steele" [No. 122-3, 122-4]. The Court allowed Chowdhury's motion for service by alternate means, and his motion for substitution and motion for service by alternate means were served on Steele by certified mail on February 10, 2018, and again by first class mail on March 19, 2018 [No. 122, 127, 129, 131; see No. 124 ¶¶ 6-8].

Once service was complete, Chowdhury filed his renewed motion for substitution and for entry of an amended judgment on March 21, 2018 [No. 132]. On January 31, 2019, the Court denied the motion for substitution under rule 25(c) "without prejudice to Chowdhury promptly seeking leave to file an amended counterclaim" [No. 152]. "This ruling does not preclude Chowdhury from

promptly seeking leave to amend his cross-claim to add his new claims and parties. If leave is granted, summons will issue and the new pleading and summons will need to be served, and the individuals named will then be afforded an opportunity to defend against Chowdhury's claims." [*Id.*]

## LEGAL STANDARD

"Rule 15(a) declares that leave to amend [a pleading] 'shall be freely given when justice so requires"; this mandate is to be heeded. … If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing 3 Moore *Federal Practice* ¶¶ 15.08, 15.10 (2d ed. 1948)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*

Rule 15(a) "reflects a liberal amendment policy," and "the district court enjoys significant latitude in deciding whether to grant leave to amend." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008). "What the plaintiff knew or should have known and what he did or should have done are relevant to the question of whether justice requires leave to amend under this discretionary provision." *Leonard v. Parry*, 219 F.3d 25, 30 (1st Cir. 2000). See also Fed. R. Civ. P. 15(b)(2) ("A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.").

Under the Local Rules of the United States District Court for the District of Massachusetts, a party moving to amend a pleading to add a new party shall serve the motion upon the new party at least 14 days before the motion is filed, along with a separate document stating the date upon which the motion will be filed; and the motion to amend shall be accompanied by a certificate stating that it has been served in advance as required. L.R. 15.1(b). "Amendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party." L.R. 15.1(a).

**ARGUMENT**

I. **Steele and Hansmeier should be required to defend against the counterclaims.**

It would be a proper exercise of the Court's discretion to permit Chowdhury to amend his counterclaims and add Steele and Hansmeier as counterdefendants along with AF. The default judgment entered on Chowdhury's counterclaims on September 30, 2013 against AF still stands. But he cannot collect on the judgment from AF, an empty shell company. To give the judgment any effect, it must be adjudicated against Steele and Hansmeier, who created and controlled AF, employing it as their alter ego. They should be held accountable for AF's actions.

AF, the nominal plaintiff, was alleged in the complaint to be an offshore entity "organized and existing under the laws of the Federation of Saint Kitts and Nevis" [No. 1 p. 2]. Chowdhury's counterclaims noted the "troubling connection between Plaintiff and its counsel … [who] appear to be engaged in widespread fraud," and alleged that "Plaintiff may not even exist" and "Plaintiff's counsel may truly be the real parties in interest in this case" [No. 7 pp. 13-14]. His suspicions have been borne out in court after court and, most recently, confirmed by Steele and Hansmeier themselves in their plea agreements admitting to federal fraud charges.

The *Ingenuity 13* court found AF to be little more than a shell company, formed by the Attorneys solely to litigate their copyright infringement claims and shield themselves from potential liability [see No. 22-2 pp. 3-4]. On appeal, the Ninth Circuit confirmed that AF was a shell company set up by the Attorneys through their law firm Prenda. Memorandum, *Ingenuity 13, LLC v. John Doe*, No. 13-55859 et al. (9th Cir. June 10, 2016) [see No. 82-1 p. 5]. The Ninth Circuit found no abuse of discretion in the *Ingenuity 13* court's findings that the Attorneys were "the parties actually responsible for the abusive litigation" and "the leaders and decision-makers behind Prenda Law's national trolling scheme." *Id.* [see No. 82-1 p. 8].

More recently, Steele and Hansmeier have admitted the central elements of their scheme in plea agreements admitting to the federal fraud charges against them [see No. 133-33, 141-1]. In a March 6, 2017 plea agreement, Steele agreed to plead guilty to charges of conspiracy to commit wire fraud and mail fraud, and conspiracy to commit money laundering. Plea Agreement and Sentencing Stipulations, *United States v. John L. Steele*, Crim. No. 16-334 (D. Minn. Mar. 6, 2017) [No. 133-33 p. 1]. He admits that from 2011 through 2014, they had "executed a scheme to fraudulently obtain millions of dollars in copyright lawsuit settlements by deceiving state and federal courts throughout

the country." *Id.* p. 2. Steele admits that he and Hansmeier had caused their clients' pornographic movies to be uploaded to file-sharing websites "in order to entice people to download the movies … Thereafter, despite colluding in the purported infringement of their clients' copyrights, Steele and Hansmeier caused lawsuits to be filed disingenuously alleging that the individuals who purportedly downloaded the movie did so 'without authorization' …" *Id.* p. 4. One of the movies they caused to be uploaded, to ensnare downloaders into "fraudulent copyright infringement lawsuits," was *Sexual Obsession*—the same movie their alter ego AF accused Chowdhury of infringing in this action. *Id.* pp. 4-5.

Steele also admits that "in order to distance themselves from the copyright infringement lawsuits and any potential fallout, [he and Hansmeier] caused Prenda Law to be created … [and] often exerted *de facto* control over Prenda Law, including the primary direction of its employees and dispensation of its finances," though Duffy "nominally owned" Prenda. *Id.* pp. 6-7. He admits that they disguised their control over AF and represented to multiple courts that AF was owned by a trust managed by Lutz, their paralegal, though they knew he "was nothing more than a figurehead who agreed to pose as the owner of AF Holdings in order to help Steele and Hansmeier obscure their ownership and control over the company." *Id.* pp. 7-8. Steele further admits that they caused Lutz to sign a declaration, later filed in another AF copyright lawsuit, falsely and misleadingly declaring that Lutz had formed AF and was its only manager, and that Steele and Hansmeier had not directed, managed, or had an ownership interest in AF, and served only as its attorney—though "[i]n fact, Steele and Hansmeier created AF Holdings and were at all relevant times the *de facto* owners of and controlled AF Holdings." *Id.* p. 16.

Hansmeier, in an August 17, 2018 plea agreement, agreed to plead guilty to the same charges. *United States v. Paul R. Hansmeier*, Crim. No. 16-334 (D. Minn. Aug. 17, 2018) [No. 141-1 p. 1]. Like Steele, he admits that "in order to distance themselves from the copyright infringement lawsuits and any potential fallout, [he and Steele] caused Prenda Law to be created … [and] exerted *de facto* control over Prenda Law, including the primary direction of its employees and dispensation of its finances," though Duffy "nominally owned" Prenda. *Id.* pp. 3-4. Hansmeier further admits that he and Steele "created various entities they surreptitiously controlled, including AF Holdings, LLC," which they used in lawsuits they filed against individuals who had downloaded the movies they had uploaded to file-sharing websites. *Id.* p. 4.

Thus, based on their own admissions, Steele and Hansmeier are the proper parties to hold liable for Chowdhury's counterclaims.[1] They created AF, surreptitiously controlled AF, and were AF's *de facto* owners and officers. They caused *Sexual Obsession* to be uploaded to file-sharing websites so they could then cause fraudulent lawsuits to be filed against alleged downloaders, including this action. They received substantially all of AF's assets, as found in *Navasca*. Chowdhury's counterclaims sought relief from AF's abuse of process, copyright misuse, and unfair and deceptive conduct, all of which was Steele and Hansmeier's handiwork. They should be held accountable for the misdeeds they perpetrated under AF's name.

## II.     The motion for leave to amend the counterclaims is timely under Rule 15(a).

"[A] district court may deny leave to amend when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" *Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (quoting *Palmer v. Champion Mortg.*, 465 F. 3d 24, 30 (1st Cir. 2006)). The motion to amend the counterclaims is timely. There has been no discovery in this case, and no scheduling order has been entered. *Cf. O'Connell v. Hyatt Hotels*, 357 F.3d 152, 154-55 (1st Cir. 2004) (holding that Rule 16(b)'s "good cause" standard, not Rule 15(a)'s "freely given" standard, governs motions to amend filed after scheduling order deadlines). The motion has been brought promptly upon the Court's January 31, 2019 order, and there has been no undue delay or lack of due diligence. Chowdhury's counterclaims were allowed against AF on September 30, 2013, and ever since that judgment, he has diligently sought to give it substantive effect by having it reach the shell company's *de facto* owners Steele and Hansmeier. The Court approved Chowdhury's motion to reenter the judgment against Steele, Hansmeier, and others on October 22, 2013, and denied their motions to set aside the judgment on December 3, 2013. From that time until the Court's January 31, 2019 order, a motion to amend the counterclaim would not have been proper.

---

[1] Chowdhury had also initially named Lutz, Prenda, and Duffy as counterdefendants, but he no longer seeks to hold them liable along with Steele and Hansmeier. Steele admits that Lutz was just a figurehead who agreed to pose as AF's owner to help obscure Steele and Hansmeier's ownership and control of AF. Prenda was dissolved in July 2013. Amanda Bronstad, *After Sanctions, Law Firm In Porn Suits Dissolves*, National Law Journal (Aug. 5, 2013), https://www.law.com/nationallawjournal/almID/1202613664466. And Duffy, Prenda's nominal owner, died in August 2015. Heather Isringhausen Gvillo, *Chicago attorney Paul Duffy dies*, Madison-St.Clair Record (Aug. 13, 2015), https://madisonrecord.com/stories/510633057-chicago-attorney-paul-duffy-dies.

The Court could not have considered a motion to amend until it set aside the judgment on remand from the First Circuit in 2016. Then, in compliance with the Court's post-remand orders, Chowdhury filed a proposed amended judgment and pursued a motion to amend the judgment, but Hansmeier's bankruptcy stayed Chowdhury from proceeding against him and Steele through 2017. When the bankruptcy stay lifted on January 3, 2018, Chowdhury promptly renewed his efforts to have Steele and Hansmeier designated as parties and serve them with process. He initiated service of a motion to substitute Steele and Hansmeier as counterdefendants within weeks, overcame Steele's evasion of service, and filed the served motion on March 21, 2018. When the Court denied the motion for substitution, it was expressly without prejudice to Chowdhury "seeking leave to file an Amended Counterclaim adding new parties" [No. 152 p. 1]. Consistent with that January 31, 2019 order, his motion now seeks to do exactly that.

The Court entered the default judgment against AF on September 30, 2013 [No. 31]. On October 17, 2013, Chowdhury moved the Court to re-enter it against Steele, Hansmeier, Duffy, Lutz, and Prenda, and the Court granted the motion on October 22, 2013 [No. 32, 33, 34]. There was no basis to move to amend the judgment to name Steele and Hansmeier as new parties at that point, when they were already held jointly and severally liable. The Court reaffirmed their liability when it declined to set aside the default judgment on their motions [No. 43].

The Attorneys' appeal [No. 45] from that decision deprived the Court of jurisdiction to alter the judgment for most of the next three years, while it was pending before the First Circuit. "The First Circuit has squarely held that a notice of appeal, unless patently meritless, 'divests a district court of the authority to proceed with respect to any matter touching upon, or involved in, the appeal' (other than ancillary or peripheral matters)." *Smith v. Jenkins*, 777 F. Supp. 2d 270, 271 (D. Mass. 2011) (*quoting United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1988)). In particular, when "a motion to amend is filed *after* the entry of judgment, the district court lacks authority to consider the motion under Rule 15(a) unless and until the judgment is set aside." *Fisher v. Kadant, Inc.*, 589 F.3d 505, 508 (1st Cir. 2009).

On remand, the Court set aside the judgment (as entered against Steele, Hansmeier, Duffy, Lutz, and Prenda) on September 8, 2016 [No. 78]. A motion to amend a complaint may be granted after judgment, under Rule 15(a)'s "permissive amendment policy," once "the court has set aside the judgment." *Elliott-Lewis v. Abbott Labs., Inc.*, Civ. A. No. 14-cv-13155-IT, 2017 U.S. Dist. LEXIS 68996, *2-3 (D. Mass. May 5, 2017). When it set aside the judgment, the Court ordered Chowdhury

to "file a proposed Amended Judgment no later than September 29, 2016" [No. 78]. At that point, a motion to amend the counterclaim (rather than a motion to amend the judgment) would have been contrary to the Court's order. In compliance with the order, on September 29, 2016, Chowdhury filed a proposed amended judgment, and moved the Court to add or substitute Steele or Hansmeier as parties and enter an amended judgment against them [No. 81, 82-2].

Yet Hansmeier had filed for bankruptcy in 2015 while the appeal was pending, complicating Chowdhury's renewed efforts to proceed against him and Steele. Hansmeier's declaration, filed on October 18, 2016, stated that he was a debtor in bankruptcy in a case pending in Minnesota, and although he had not yet been served, he contended that Chowdhury's motion violated the automatic stay and he intended to proceed with an adversary proceeding against Chowdhury [No. 91].

On October 20, 2016, the Court denied the motion without prejudice, providing that "Chowdhury may file a renewed motion" upon establishing prior service to Steele and Hansmeier [No. 92]. But Hansmeier had already objected that he could not be brought into the case while his bankruptcy proceeding was pending. The bankruptcy stay prevented Chowdhury from then serving and litigating his motion to substitute to make Hansmeier a party. The Court again, on January 27, 2017, ordered Chowdhury to file a proposed Amended Judgment (again, not a motion to amend the counterclaim) [No. 96]. On February 2, 2017, he moved for an extension of time to file and serve based on the pending bankruptcy proceedings, and the Court granted the motion the next day [No. 98, 99]. On April 5, 2017, the Court further "continue[d] to stay Chowdhury's obligation to serve the Motion for Substitution of Parties and Entry of Amended Judgment" [No. 106]. Litigation of Hansmeier's bankruptcy proceeding and adversary proceedings in the bankruptcy court maintained the bankruptcy stay through 2017, preventing service upon Hansmeier [see No. 105, 112, 114, 116, 117, 118, 119, 120].

The bankruptcy stay was terminated on January 3, 2018 [see No. 120]. Chowdhury expeditiously sought to make Steele and Hansmeier as parties by serving the renewed motion to substitute that had been held in abeyance by the stay [see No. 121, 123, 148 p. 2]. When Steele delayed the process by evading service, refusing to identify himself to the process server and denying he knew a "Mr. Steele," Chowdhury promptly sought leave to serve by alternate means [No. 122, 122-3, 122-4, 127]. On March 16, 2018, the Court granted leave to serve the motion for substitution and motion for alternate service on Steele, and Chowdhury served Steele on March 19, 2018, and filed the motion for substitution two days later [No. 129, 131, 132].

The Court ultimately denied that motion on January 31, 2019 [No. 132]. The denial was without prejudice to a motion seeking leave to add Steele and Hansmeier as defendants. Chowdhury's motion for that relief follows promptly on the heels of the Court's order. Any delay has been attributable to the pendency of the appeal, the bankruptcy stay, or the motion to substitute, or Steele's evasion of service. Such delays, both justified and out of Chowdhury's control, are not grounds to deny the motion.

### III.     The motion is not brought in bad faith or with any dilatory motive.

The *Foman* Court identified "bad faith or dilatory motive on the part of the movant" as grounds to deny a motion to amend. 371 U.S. at 182. Those grounds are not present. The motion is brought in good faith and without dilatory motive. Chowdhury has the same, proper purpose in filing the motion that he has had since the judgment was entered against the shell company AF on September 30, 2013: to give that judgment real effect by making it reach AF's *de facto* owners Steele and Hansmeier.

All of AF's corporate funds were diverted to primarily to Steele and Hansmeier; Prenda collected all settlement payments from AF's fraudulent lawsuits, and so much was diverted to Steele and Hansmeier that Prenda operated at a loss [see No. 133 pp. 16-17]. Even after an evidentiary hearing and a Rule 30(b)(6) deposition with Hansmeier as AF's designated corporate representative, the *Navasca* court had "no evidence that any settlement or litigation proceeds ever reached AF," and found that AF "had no assets as the settlement proceeds never left Steele and Hansmeier's accounts" [No. 30-1 p. 18].

The judgment cannot be finally satisfied unless and until it is litigated and entered against Steele and Hansmeier in their own names. While the judgment was pending appeal in the First Circuit, Hansmeier filed for bankruptcy, and the judgment against him attached as a lien on his property. Hansmeier voluntarily consented—indeed, petitioned the bankruptcy court—to settle Chowdhury's judgment lien by a payment from the sale of his condominium in 2015 [see No. 146 pp. 10-11]. He has sought to claw it back ever since in the bankruptcy court, though his voluntary payment and affirmations of the settlement forecloses any such relief [see *id.*]. Amending the counterclaim would finally give Chowdhury an opportunity to settle the issue decisively and show that it is proper to Hansmeier and Steele personally liable for the misbehavior of their alter ego AF.

### IV. The motion is Chowdhury's first attempt to amend the counterclaim.

Leave to amend may be denied upon the movant's "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. "Whether the plaintiff, by rule or court order, had a prior opportunity to amend is one data point to be taken into account … but that circumstance does not have a talismanic significance … Everything depends on context." *Nikitine*, 715 F.3d at 390 (citations omitted).

No deficiencies have been identified in the counterclaims, on which Chowdhury prevailed over AF. No amendment to the counterclaims has been allowed, denied, or requested before Chowdhury's motion for leave to amend. Before the motion, consistent with the Court's post-remand orders, Chowdhury had instead sought an amended judgment. Now, under the circumstances, he should be permitted to litigate against the true parties in interest.

### V. Allowing the motion will not cause Hansmeier or Steele any undue prejudice.

Hansmeier and Steele will not be unfairly prejudiced by the proposed amendment. They have been fully aware since Chowdhury answered the complaint that they could be considered liable for AF's misdeeds. His counterclaim alleged that "Plaintiff may not even exist; and Plaintiff's counsel may truly be the real parties in interest in this case" [No. 7 p. 14]. When the local counsel engaged through Prenda withdrew from the case, he explained that "Prenda/AF" had been kept apprised of the counterclaims, motions, and status of the case at all material times [No. 22 pp. 1-2; *see* No. 42-1, 42-2, 42-5]. Steele and Hansmeier have admitted that they were behind AF's settlement shakedown and fraudulent litigation scheme, and Chowdhury should be allowed to hold them accountable.

### VI. Amendment would not be futile.

A futile motion to amend may be denied. *Foman*, 371 U.S. at 182. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

Chowdhury states valid claims for relief that survived AF's motion to dismiss and motion to strike [No. 8, 9, 10, 13, 20] and have already been adjudicated against AF [No. 28, 31]. Permitting Chowdhury to at last litigate the counterclaims against Steele and Hansmeier, who surreptitiously controlled AF throughout this fraudulent litigation, would be anything but futile. They have largely admitted the elements of Chowdhury's claims.

Hansmeier admits in his plea agreement that he and Steele "caused P.H. [2] to upload their clients' pornographic movies to BitTorrent file-sharing websites, including a website named the Pirate Bay in order to entice people to download the movies and make it easier to catch those who attempted to obtain the movies" [No. 141-1 p. 3]. Steele admits the same, and specifically, that they caused "P.H." to upload *Sexual Obsession* to the Pirate Bay on or about April 1, 2011 [No. 133-33 p. 4]. The Complaint alleged that Chowdhury accessed and downloaded the movie via BitTorrent, as "detected" by AF's "investigators" on May 26, 2011 [No. 1 ¶¶ 1, 8-17, 20-24, 29]—after the same investigator had seeded it online. As Steele admits, AF's copyright infringement allegations were "false and misleading because [Steele and Hansmeier] had implicitly authorized the downloading activity by placing the movie on the file-sharing website" [No. 133-33 p. 4].

So Chowdhury's first counterclaim for a declaratory judgment of non-infringement is sound. Inducing downloaders through an online honeypot is entrapment, not infringement. The second counterclaim of abuse of process is also well founded. Steele and Hansmeier, through Prenda, caused Chowdhury to be sued and served process for an ulterior purpose: to extract settlement based on fraudulent claims of pornographic copyright infringement. Steele and Hansmeier smeared Chowdhury's reputation through Prenda's website, posting the complaint online and calling him an "infringer/hacker" [No. 12-2, 12 p. 12]. Their extortive tactics put Chowdhury to significant expense defending against the frivolous claims, which is compensable as damages for abuse of process. The same facts warrant a finding of copyright misuse under Chowdhury's third counterclaim, and holding Steele and Hansmeier liable for unfair and deceptive conduct in violation of Chapter 93A under his fourth counterclaim.

There are no reasonable grounds to deny the motion for leave to amend. Leave should be freely granted when justice so requires, as it does here. Wherefore, Chowdhury requests the Court grant his motion for leave to amend.

---

[2] The "P.H." discussed in the plea agreements is evidently Hansmeier's brother Peter. His declaration, in the prior AF case that led to this lawsuit, discussing how files are seeded and shared on BitTorrent and how he identified BitTorrent downloaders, was the basis on which AF obtained Chowdhury's identifying information. Decl. of Peter Hansmeier in Support of Mot. for Leave to Take Discovery Prior to Rule 26(f) Conference, *AF Holdings, LLC v. Does 1-1,140*, No. 11-cv-01274 (D.D.C. filed July 25, 2011) [see No. 7 p. 10, No. 10 p. 4, No. 12-1].

Dated: March 14, 2019

Respectfully submitted,

s/ Jason E. Sweet
_____
Jason E. Sweet (BBO# 668596)
jsweet@boothsweet.com
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

Dan Booth (BBO# 672090)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8629
Fax: (617) 250-8883
Email: dbooth@boothsweet.com

*Counsel for Sandipan Chowdhury*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2019, the foregoing documents, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. AF Holdings' counsel withdrew in 2013 without replacement, and mail sent to its last known address has been returned as undeliverable since 2013. The foregoing documents were served on the Third-Party Defendants via first class mail prepaid to:

Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125

John Steele
18871 N. 69th Ave.
Glendale, AZ 85308

/s/ Jason Sweet

**CERTIFICATE OF COMPLIANCE**

I hereby certify that on February 28, 2019, the foregoing documents, were served 14 days in advance and with notice of filing on the Third-Party Defendants as required by L.R. 15.1. AF Holdings' counsel withdrew in 2013 without replacement, and mail sent to its last known address has been returned as undeliverable since 2013. The documents were served on the Third-Party Defendants via priority mail to:

Paul R. Hansmeier          John Steele
9272 Cortland Alcove       18871 N. 69th Ave.
Woodbury, MN 55125         Glendale, AZ 85308

/s/ Jason Sweet

**LOCAL RULE 7.1 CERTIFICATE**

Counsel states that he has complied with Rule 7.1 and L.R. 15.1. by providing the Third Party Defendants with a copy of Counterplaintiff's Motion to Amend and a copy of Counterplaintiff's First Amended Counterclaims. Undersigned and Paul Hansmeier conferred via email on February 28, 2019 regarding the motion and the amended counterclaims and were not able to agree on a resolution of the motion. Undersigned was not able to confer directly with John Steele prior to filing this motion as a street address is the only contact information available for Mr. Steele.

/s/ Jason Sweet