UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF Holdings, LLC, | ) Civil Action No. 12-cv-12105-IT |
| Plaintiff/Counterdefendant, | ) |
| v. | ) |
| Sandipan Chowdhury, | ) |
| Defendant/Counterplaintiff. | ) |
| Sandipan Chowdhury, | ) |
| Counterplaintiff, | ) |
| v. | ) |
| John Steele and Paul Hansmeier, | ) |
| Third-Party Defendants. | ) |

~~COUNTERLAIMS~~
**FIRST AMENDED COUNTERCLAIMS**

~~For its Counterclaims against Plaintiff AF Holdings, Inc. ("Plaintiff"), Defendant/Counterclaimant Sandipan Chowdhury ("Defendant") asserts as follows:~~ Pursuant to Fed. R. Civ. P. 15 and based on documents that have become available since the filing of the initial Counter Complaint, Defendant/Counterplaintiff Sandipan Chowdhury through his undersigned attorneys files this First Amended Counterclaims against AF Holdings, and against John Steele and Paul Hansmeier (collectively "Third Party Defendants") and states as follows:

~~**THE PARTIES**~~**PARTIES**

1. Defendant/~~Counterclaimant~~Counterplaintiff Sandipan Chowdhury ("~~Defendant~~Chowdhury") is an individual residing at ~~479 Moody Street, Waltham, Massachusetts.~~ 4354 America Boulevard, Unit 54D, Ashland, Massachusetts.

1

2. Plaintiff/~~Counterclaim Defendant~~ CounterdefendantAF Holdings LLC ~~is,~~was, purportedly, ~~upon available information,~~ a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis.[1] Plaintiff had no identified principal place of business.

3. Third-Party Defendant John Steele ("Steele") is an individual residing at 18871 N. 69th Ave., Glendale, Arizona.

4. Third-Party Defendant Paul Hansmeier ("Hansmeier") is an individual residing at 9272 Cortland Alcove, Woodbury, Minnesota.

### ~~JURISDICTION AND VENUE~~JURISDICTION & VENUE

5. This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1338, 1367, 2201, and 2202. The counterclaims are so related to the claims asserted by ~~Plaintiff~~AF Holdings in this action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

6. This Court has personal jurisdiction over ~~Plaintiff~~AF Holdings. ~~Plaintiff~~AF Holdings availed itself of this Court's jurisdiction by bringing this action in this District.

7. This District has specific personal jurisdiction over Defendants. Because AF Holdings was the alter ego of Steele and Hansmeier, they are considered the same entity and the jurisdictional contacts of one are the jurisdictional contacts of the others for the purpose of the due process analysis. This Court further has personal jurisdiction over Steele and Hansmeier because their fraudulent and deceptive trade practices have harmed Chowdhury in the Commonwealth of Massachusetts.

8. Venue in this District is proper over the counterclaims pursuant to 28 U.S.C. § 1391.

### ~~GENERAL BACKGROUND FOR ALL COUNTERCLAIMS~~ FACTUAL AND PROCEDURAL BACKGROUND

9. ~~Plaintiff~~AF Holdings first litigated this claim in an action it filed against 1,140 individuals, including ~~Defendant~~Chowdhury, on June 7, 2011 in the United States District Court for the District of Columbia. *AF Holdings, LLC v. Does 1-1,140*, 11-cv-01274-RBW (the "original

---

[1] The Federation of Saint Kitts and Nevis, conveniently, has very strict laws prohibiting disclosure of corporate information). "Managers and final beneficiaries are not registered anywhere, this way they have total anonymity." http://www.offshorebankshop.com/en/11-saint-kitts-and-nevis-offshore-companyform-tax-haven-limitedliability.html

action"). That action was one of a slew of John Doe lawsuits filed by ~~Plaintiff~~AF Holdings in various in United States District Courts, ~~against a total of 3,092 individuals to date,~~ in which ~~Plaintiff~~AF Holdings allege~~d~~s infringement of the copyright in a pornographic video entitled *Sexual Obsession*. ~~Three of Plaintiff's additional cases are currently pending in this judicial district.²~~

10. ~~Plaintiff~~AF Holdings ~~is~~was represented by Prenda Law, Inc. (f/k/a Steele Hansemeier PLLC).³ Each of ~~Plaintiff's~~AF Holdings' 200+ actions ~~have been~~were premised upon substantially identical, cookie-cutter complaints, and ~~have~~ involved *ex parte* applications by which ~~Plaintiff~~AF Holdings ~~seeks~~sought leave of court to issue subpoenas to Internet Service Providers, prior to a Rule 26(f) conference, to obtain information identifying alleged infringers. In support of its applications for early discovery, ~~Plaintiff~~AF Holdings ~~has~~ offered a declaration from one Peter Hansemeier,⁴ who purport~~s~~ed to be a computer expert [No. 133-23]. Generally speaking, the pleadings in all of ~~Plaintiff's~~AF Holdings' cases, including in this District, track~~ed~~ paragraph by paragraph, word for word. The only real difference between the cases ~~i~~was the IP addresses identified in the complaints.

11. ~~Defendant~~Chowdhury, claiming his innocence and not wanting to be associated with infringing a pornographic film, filed a motion in the original action to quash the subpoena by which ~~Plaintiff~~AF Holdings sought ~~Defendant~~Chowdhury's personally identifying information. ~~Defendant~~Chowdhury's motion was denied, and ~~Plaintiff~~AF Holdings obtained said information.

---

² ~~*AF Holdings, LLC v. Foster*, 12-cv-30164 (D. Mass. filed Sept. 27, 2012); *AF Holdings, LLC v. St. Louis*, 12- cv-11797, (D. Mass. filed Sept. 27, 2012); and *AF Holdings, LLC v. Grenier*, 12-cv-11843 (D. Mass. filed Oct. 3, 2012). Plaintiff's counsel, Prenda Law, consistently neglects to file Notices of Related cases when filing its multiple actions, even though many of the cases involve the same plaintiffs and copyrights as one another, such as these.~~

³ John Steele was the founding partner of Steele Hansemeier, PLLC, which was the predecessor to Prenda Law, Inc. According to Mr. Steele, he sold his client book to Prenda Law, and depending on who is asking him, he now variously describes himself as both "of counsel," to Prenda Law, or "not an attorney with any law firm~~.~~" (~~[Ex. A~~No. 7-1, pp. 11:25–12:7~~]~~). *See also* No. 133-33 pp. 6-7, 141-1 pp. 3-4.

⁴ ~~On information and belief,~~ Peter Hansemeier is the brother of John Steele's law partner Paul Hansemeier. Peter Hansemeier routinely provided (under the alias Media Copyright Group) the same kind of 'technical expert' services for Steele Hansemeier, PLLC that he ~~now provides~~went on to provide (under the alias 6881 Forensics) for Prenda Law, Inc. [*see* No. 133-23, 133-25]. Media Copyright Group was one of several sham entities Steele and Hansemeier formed and wholly owned, operated and controlled for the purpose of litigating fraudulent copyright-infringement lawsuits, such as this one [*See e.g.* No. 133-24, 133-26, 133-27, and 133-32 ¶12].

12. ~~Plaintiff~~AF Holdings later voluntarily dismissed all 1,140 individuals in the original action on February 2, 2012.

13. On November 13, 2012, ~~Plaintiff~~AF Holdings filed suit against ~~the Defendant~~Chowdhury in this court, making him one of only 68 of those alleged infringers whom ~~Plaintiff~~AF Holdings ha~~s~~d named as a defendant, much less attempted to serve with process or litigate its claims.

14. As to its standing to sue, ~~Plaintiff~~AF Holdings assert~~s~~ed that it ~~i~~wa~~s~~ "the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video~~.~~" ~~Compl.~~[No. 1 ¶ 18]. This statement is at odds with itself; one cannot have an exclusive copyright limited to a specific media or mode of reproduction and distribution.

15. ~~Plaintiff~~AF Holdings provide~~s~~d further contrary information to its standing in the Complaint. ~~Plaintiff~~AF Holdings include~~s~~d with the Complaint the "Certificate of Registration" from the United States Copyright Office for *Sexual Obsession*, which lists ~~that~~ the author and copyright claimant as Heartbreaker Films in California~~.  ECF~~ [No. 1-2]. However, the assignee signing the agreement is AF Films, LLC, which is not a party to this case. As other courts have noted:

> Plaintiff's Financial Disclosure Statement, required to be filed with the court at first appearance pursuant to Local Rule 7.1, … "certifies that there are no parents, trusts, subsidiaries and/or affiliates of said party."
>
> Plaintiff has submitted no allegation or evidence which shows any link between AF Holdings, LLC and AF Films, LLC.

*AF Holdings, LLC v. Does 1-77*, 11-cv-00383-RBS-TEM, ECF No. 6 (E.D. Va. June 14, 2011). See also *id.*, ECF No. 9 (E.D. Va. June 18, 2011); *AF Holdings, LLC v. Does 1-96*, 11-cv-03335-JSC, ECF No. 26 (N.D. Cal. Nov. 4, 2011).

16. On or around December 1, 2012, credible evidence of a deeply troubling connection between ~~Plaintiff~~AF Holdings and its counsel began to appear. ~~Plaintiff~~AF Holdings and its counsel appear~~ed~~ to be engaged in widespread fraud.

17. ~~Plaintiff~~AF Holdings ha~~s~~d, in this and other actions, identified Alan Cooper as its sole principal. As discussed in a recent filing in one of ~~Plaintiff's~~AF Holdings' cases pending in federal court in Minnesota, ~~an as-yet unexplained~~ a connection ~~has recently~~ c~~o~~ame to light with respect to this Alan Cooper. There is a man named Alan Cooper who lives in Minnesota and who, according to his ~~newly-retained~~ attorney,

> had for several years acted as a caretaker for a Minnesota property owned by an attorney by the name of John Steele. When visiting his property, Steele had on numerous occasions

> bragged to my client about a plan involving massive copyright litigation in multiple jurisdictions. He also specifically instructed my client to contact him if anyone asked about various corporations, that Cooper was to call him. When Cooper confronted Steele about that, Steele told him not to worry about it.

*AF Holdings, LLC v. Doe*, 12-cv-02687-RHK-JJG, ECF No. 11 (D. Minn. Nov. 29, 2012). See also ~~Ex. B hereto~~ No. 7-2 (Affidavit of Alan Cooper).[5]

18. ~~Plaintiff~~AF Holdings and its counsel ~~have~~ refused to clarify whether there really ~~is~~was another Alan Cooper who ~~is~~was the true principal.[6] All of these facts regarding Alan Cooper and the status of AF Holdings are highly relevant to the ~~Plaintiff's~~AF Holdings' ~~pending~~ claims against ~~the Defendant~~Chowdhury.

19. In short, it appears that ~~Plaintiff~~AF Holdings ~~does~~did not have standing to bring claims against Chowdhury~~the Defendant~~; ~~Plaintiff~~AF Holdings ~~may not~~did even exist; and ~~Plaintiff's~~AF Holdings' counsel ~~may truly be~~are the real parties in interest in this case.

### ALTER EGO LIABILITY OF THIRD PARTY DEFENDANTS

20. After AF Holdings filed suit against Chowdhury, it was established in *AF Holdings, LLC v. Navasca*, Case No. 12-cv-02396 (N.D. Cal. Sept. 16, 2013), that "Steele and Hansmeier are the alter-egos of AF … They share a unity of interest and ownership; they acted as attorneys for AF behind the scenes and dictated all litigation decisions; AF was undercapitalized (indeed, it had no assets as the settlement proceeds never left Steele and Hansmeier's accounts); they kept all litigation proceeds AF "earned"; and AF was a mere shell created to shield Hansmeier and Steele from liability" [No. 133-2, pp. *19–23 (citation omitted)]. More recently, Steele and Hansmeier have themselves admitted in plea agreements to the federal fraud charges against them that they created AF Holdings; surreptitiously controlled AF Holdings; and were AF Holdings' *de facto* owners and officers [*see* No. 133-33, 133-34, 141-1, 144-1].

---

[5] Nor is this the first time Plaintiff's counsel has been accused of using a dummy corporation to file suit. Nicholas Ranallo, Who are MCGIP (and Why are They Suing for Other People's Movies?), (Sept. 25, 2011); available at http://torrentfreak.com/who-are-mcgip-and-why-are-they-suing-for-other-people's-movies-110925/.

[6] Alan Cooper ~~is~~was also, purportedly, the sole proprietor of Ingenuity 13, LLC—another of Prenda Law's clients. See, *Ingenuity 13, LLC v. John Doe*, 12-cv-08333-ODW-JC, ECF No. 32 (C.D. Cal. Dec. 26, 2012) (order granting discovery as to identity of Alan Cooper after Plaintiff and its counsel refused to clarify the issue). Steele has now admitted that he and Hansmeier used Alan Cooper's identity, without his consent, to disguise their control over the sham entities they created, including AF Holdings [No. 133-32 p. 13].

21. Similarly, although Paul Duffy[7] "nominally owned" AF Holdings' counsel Prenda Law, Inc.[8], Steele and Hansmeier have since admitted they too caused Prenda Law to be created and exerted *de facto* control over Prenda Law, including the primary direction of its employees and dispensation of its finances [*Id.*].

22. The complaint alleged Chowdhury, via the file-sharing service BitTorrent, infringed AF Holdings' copyright in the pornographic film *Sexual Obsession* [No. 1 ¶¶ 1, 8-17, 20-24, 29]. This allegation has been acknowledged to be fraudulent. Steele and Hansmeier have admitted they implicitly authorized the alleged downloading activity by causing the film to be uploaded to BitTorrent [No. 133-33 p. 4, 141-1 p. 3]. The complaint also raised claims of civil conspiracy and negligence [No. 1 ¶¶ 53-70].

23. Chowdhury answered, denying any liability, and raising counterclaims for a declaratory judgment of non-infringement and asserting abuse of process, copyright misuse, and violation of Massachusetts General Laws Chapter 93A [No. 7, at 14–20 ¶¶ 16–59].

24. All of AF Holdings claims for copyright infringement, civil conspiracy, and negligence against Chowdhury were dismissed on June 17, 2013 [No. 18].

25. On July 10, 2013, Chowdhury requested an entry of default when AF Holdings failed to answer the counterclaims [No. 21]. AF Holdings did not oppose.

26. AF Holdings was defaulted on August 29, 2013 [No. 25, 26]. Chowdhury moved for default judgment against AF Holdings on September 13, 2013 [No. 28]. He sought as damages $21,393.60 incurred in attorney's fees, trebled to $64,180.80 pursuant to Mass. Gen. L. c. 93A [No. 7, at 18–20 ¶¶ 49–59; No. 29, at 6–7]. Chowdhury filed a supporting affidavit of counsel pursuant to Fed. R. Civ. P. 55(b)(2), itemizing and attesting to the fees incurred [No. 29-2].

27. Chowdhury's counsel also sent copies of the motion and memorandum to Steele and Hansmeier via certified mail; return receipts confirmed delivery to each [No. 42-9]. Although on notice of all proceedings, Steele and Hansmeier deliberately chose not to defend the action [*see e.g.* No. 43].

---

[7] Paul Duffy died in August 2015. Heather Isringhausen Gvillo, *Chicago attorney Paul Duffy dies*, Madison-St.Clair Record (Aug. 13, 2015), https://madisonrecord.com/stories/510633057-chicago-attorney-paul-duffy-dies.

[8] Prenda was dissolved in July 2013. Amanda Bronstad, *After Sanctions, Law Firm In Porn Suits Dissolves*, National Law Journal (Aug. 5, 2013), https://www.law.com/nationallawjournal/almID/1202613664466.

28. On September 30, 2013, Chowdhury's motion for default judgment against AF Holdings was "allowed without opposition" [No. 31]. AF Holdings did not contest or appeal from the judgment. The default judgment entered against AF Holdings still stands.

29. At all relevant times, there was a unity of interest and ownership between AF Holdings, John Steele and Paul Hansmeier.

30. Steele and Hansmeier, have admitted that AF Holdings was one of several sham entities they formed and wholly owned, operated and controlled for the sole purpose of litigating fraudulent copyright-infringement lawsuits, to shield themselves from potential liability, and give an appearance of legitimacy.

31. At all relevant times, Steele and Hansmeier, not AF Holdings, were the beneficiaries of any settlements collected on behalf of AF Holdings.

32. AF Holdings was used as a mere instrumentality for the transaction of Steele and Hansmeier's own affairs and there is such unity of interest in ownership that the separate personalities of the corporation and the owners no longer exist.

33. The alter ego relationship is supported by, among other things: (i) the diversion of funds ostensibly collected on behalf of AF Holdings but paid out directly to Steele and Hansmeier for which no apparent benefit was conferred; (ii) use of AF Holdings as a "mere shell" to conduct fraudulent copyright-infringement litigation; and (iii) the lack of any substantial operations of AF Holdings beyond its use as a shell company by Steele and Hansmeier.

34. Justice requires recognizing the substance of the relationship over the form because the corporate fiction distinguishing between AF Holdings, Steele and Hansmeier is being utilized to perpetuate a fraud or defeat a rightful claim by Chowdhury.

35. An equitable result is achieved by disregarding the corporate form and holding Steele and Hansmeier personally liable for the judgment against AF Holdings as it has been drained of assets and, without piercing the corporate veil, Chowdhury will be unable to recoup damages and monies owed.

---

### FIRST COUNTERCLAIM
#### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

---

——— **AF HOLDINGS** ———

36. ~~Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.~~Chowdhury incorporates by reference the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

37. There is an actual and justiciable controversy between the parties regarding the alleged direct copyright infringement.

38. ~~Defendant~~Chowdhury has not infringed ~~Plaintiff~~AF Holdings's alleged copyright in *Sexual Obsession*. ~~Plaintiff~~AF Holdings cannot knowingly claim otherwise.

39. Internet service providers assign numerical Internet Protocol ("IP") addresses to, among other things, the routers used by Internet subscribers to access the network.

40. An IP address does not identify the computer connecting to the router assigned that the IP address. Nor does it identify the person using that computer.

41. ~~Plaintiff's~~AF Holdings' allegation that a given IP address was used for infringing acts is not sufficient to support a claim of infringement against the Internet subscriber whose router was assigned that IP address.

42. ~~Defendant~~Chowdhury is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that he has not infringed the copyright work.

---

**SECOND COUNTERCLAIM**
**ABUSE OF PROCESS**

---

—— **AF HOLDINGS** ——

43. ~~Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.~~Chowdhury incorporates by reference the allegations contained in paragraphs 1 through 19 and paragraphs 36 through 42 as if fully set forth herein.

44. ~~Plaintiff~~AF Holdings made knowing misrepresentations in its summons filed against ~~Defendant~~Chowdhury.

45. ~~Plaintiff~~AF Holdings pleaded claims for copyright infringement despite knowing that it lacked standing to bring any such claims. ~~Plaintiff~~AF Holdings pleaded claims for statutory remedies despite knowing that those claims were barred.

46. In filing its complaint, ~~Plaintiff~~AF Holdings sought to use and did use lawfully issued process for an ulterior or illegitimate purpose.

47. ~~Plaintiff~~AF Holdings filed its original complaint against 1,140 individuals, including ~~Defendant~~Chowdhury, on June 7, 2011 in the United States District Court for the District of Columbia. ~~Plaintiff~~AF Holdings filed its dismissal of the original action against all 1,140 individuals on February 2, 2012.

48. On November 13, 2012, ~~Defendant~~Chowdhury was named as an alleged infringer in this action.

49. In the intervening months, ~~Plaintiff~~AF Holdings mailed ~~Defendant~~Chowdhury several letters urging settlement, which directed him to the website of ~~Plaintiff's~~AF Holdings' counsel Prenda Law, where the complaint against him was posted. This structure enabled ~~Plaintiff~~AF Holdings to employ the complaint for an ulterior purpose: not to initiate the process of litigation, but to forestall it, while enabling ~~Plaintiff's~~AF Holdings' attempted extortion of ~~the Defendant~~Chowdhury.

50. ~~Plaintiff~~AF Holdings confirmed that ~~Defendant~~Chowdhury's counsel would accept service in early October 2012, and sent him a formal request to waive process on December 12, 2012.

51. ~~Plaintiff~~AF Holdings willfully abused, misused and/or misapplied the process for an end other than that which it was designed to accomplish.~~–~~

52. ~~Plaintiff~~AF Holdings intentionally failed to disclose and concealed pertinent and material information regarding ~~Plaintiff's~~AF Holdings' knowledge of the falsity of certain claims, its lack of standing, and the ulterior or illegitimate purpose for which the complaints and summons were employed.

53. Specifically, ~~Plaintiff~~AF Holdings failed to disclose and concealed pertinent and material information that includes but is not limited to the following:

   a) ~~Plaintiff~~AF Holdings was not a party to the assignment, and had no standing to bring any claims;

   b) ~~Plaintiff~~AF Holdings instituted the original action without any genuine intent to proceed against any defendant therein, but rather as a vehicle to obtain discovery of the identity and contact information of ~~Defendant~~Chowdhury and others;

   c) upon receiving that information, ~~Plaintiff~~AF Holdings mailed to ~~Defendant~~Chowdhury letters threatening to pursue statutory damages and attorney's fees under the Copyright Act, without

disclosing that those remedies were categorically prohibited by the date of the alleged infringement;

d) ~~Plaintiff's~~AF Holdings' letters threatening to pursue ~~Defendant~~Chowdhury for copyright infringement did not disclose that any such claim is categorically prohibited by the terms of ~~Plaintiff's~~ AF Holdings' copyright assignment;

e) ~~Plaintiff~~AF Holdings sought to improperly coerce ~~Defendant~~Chowdhury into settling under extortionate threats of financially burdensome lawsuits and fraudulent threats of remedies that are prohibited as a matter of law; and

f) ~~Plaintiff~~AF Holdings did not seriously consider in good faith litigating claims against Defendant, but rather intended the claims to hang as a sword over ~~Defendant~~Chowdhury's head, to foster unwarranted payments to settle claims not supportable as a matter of law.

54. ~~Plaintiff's~~AF Holdings' complaints and service of process facilitated these ulterior purposes. As a direct and proximate result of the ~~Plaintiff's~~AF Holdings' conduct, ~~Defendant~~Chowdhury was forced to expend a significant amount of time and money in defending against these frivolous claims, and thereby suffered injuries, damages, or losses in an amount to be determined at trial.

——— **THIRD PARTY DEFENDANTS** ———
JOINTLY AND SEVERALLY, AND AS ALTER-EGOS OF AF HOLDINGS

55. Chowdhury incorporates by reference the allegations contained in paragraphs 1 through 8 and paragraphs 20 through 35 as if fully set forth herein.

56. Steele and Hansmeier, through AF Holdings, made knowing misrepresentations in the summons filed against Chowdhury. Steele and Hansmeier, through AF Holdings, pleaded claims for copyright infringement despite knowing that they lacked standing to bring any such claims; and claims for statutory remedies despite knowing that those claims were barred.

57. In filing its complaint, Steele and Hansmeier, through AF Holdings, sought to use and did use lawfully issued process for an ulterior or illegitimate purpose.

58. Steele and Hansmeier, through AF Holdings, intentionally failed to disclose and concealed pertinent and material information regarding their knowledge of the falsity of certain claims, lack of standing, and the ulterior or illegitimate purpose for which the complaint and summons were employed, including but not limited to the following:

a) that the action against Chowdhury was part of "a scheme to fraudulently obtain millions of dollars in copyright lawsuit settlements" [*see e.g.* No. 133-33 p. 2];

    b) that they implicitly authorized the alleged downloading activity by causing the film in this action, *Sexual Obsession*, to be uploaded to BitTorrent [No. 133-33 p. 4, 141-1 p. 3];

    c) that they sought to improperly coerce Chowdhury into settling under extortionate threats of a financially burdensome lawsuit and fraudulent threats of remedies that were prohibited as a matter of law; and

    d) that posting the complaint alleging copyright infringement of a pornographic movie and calling Chowdhury an "infringer/hacker" on the Prenda Law website served only an illegitimate, extortive tactical purpose.

59. As a direct and proximate result of Steele and Hansmeier's, conduct, Chowdhury was forced to expend a significant amount of time and money in defending against these frivolous claims, and thereby suffered substantial damages and losses.

### THIRD COUNTERCLAIM
### COPYRIGHT MISUSE

—— **AF HOLDINGS** ——

60. ~~Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.~~ Chowdhury incorporates by reference the allegations contained in paragraphs 1 through 19 and paragraphs 36 through 54 as if fully set forth herein.

61. ~~Plaintiff~~AF Holdings engaged in abusive and/or improper conduct in exploiting or enforcing its purported copyright assignment beyond any legitimate rights it may have.

62. Specifically, when it brought claims against ~~the Defendant~~Chowdhury it had no standing to bring and that threatened penalties that exaggerated and misstated the law, ~~Plaintiff~~AF Holdings misled and defrauded ~~the Defendant~~Chowdhury into paying to retain counsel and defending the claims.

63. The purported assignment is between assignor Heartbreak Films, et al and assignee AF Films, LLC. AF Films, LLC is not a party to this case.

64. Plaintiff AF Holdings, LLC has not explained this discrepancy when afforded the opportunity in other courts.

65. ~~Plaintiff~~AF Holdings threatened ~~Defendant~~Chowdhury with statutory damages of up to $150,000 and attorney's fees, though its remedy would be limited to actual damages in any case where

11

~~Plaintiff~~AF Holdings were able to prove their claims, due to ~~Plaintiff's~~AF Holdings' delay in bringing suit.

66. An assignor can transfer the ownership interest in an accrued past infringement, but the assignee only has standing to sue if the interest in the past infringement is expressly included in the assignment and the assignee also owns the actual copyrights.

67. ~~Defendant~~Chowdhury's alleged infringement (dated May 26, 2011) occurred prior to ~~Plaintiff's~~AF Holdings' assignment (dated June 12, 2011).

68. ~~Plaintiff's~~AF Holdings' copyright assignment makes no express provision assigning claims for past infringements.

69. ~~Plaintiff~~AF Holdings attempted to extend the effect or operation of that assignment beyond the scope of the statutory right by saddling ~~Defendant~~Chowdhury with a financially burdensome lawsuit, raising claims barred by the terms of the assignment and the clear provisions of the Copyright Act.

70. Even if ~~Plaintiff~~AF Holdings had a valid assignment that would support an action against ~~Defendant~~Chowdhury, it attempted to extend the effect or operation of that assignment beyond the scope of the statutory right by improperly coercing ~~Defendant~~Chowdhury with threats of statutory damages awards, attorney's fees, and financially burdensome lawsuits, regardless of the merits and its belated claim's bar on the extraordinary forms of relief that ~~Plaintiff~~AF Holdings nonetheless deceptively claimed.

71. ~~Plaintiff's~~AF Holdings' bald attempt at using its copyright assignment to expand its scope by deception and avail itself of unwarranted remedies constitutes copyright misuse.

72. As a direct and proximate result of ~~the Plaintiff's~~AF Holdings' extortion threats and false representations, and ~~Defendant~~Chowdhury's reliance on those threats and false representations, ~~Defendant~~Chowdhury suffered injuries, damages, or losses in an amount to be determined at trial.

73. ~~Defendant~~Chowdhury is entitled to declaratory relief that ~~Plaintiff's~~AF Holdings' copyright assignment is invalid and barring ~~Plaintiff~~AF Holdings from advancing any claims or claims for statutory remedies unless and until it obtains a corrected and proper assignment.

——— **THIRD PARTY DEFENDANTS** ———
JOINTLY AND SEVERALLY, AND AS ALTER-EGOS OF AF HOLDINGS

74. Chowdhury incorporates by reference the allegations contained in paragraphs 1 through 8 and paragraphs 20 through 35, and paragraphs 55 through 59 as if fully set forth herein.

75. Steele and Hansmeier, through AF Holdings, engaged in abusive and/or improper conduct in exploiting or enforcing the purported copyright in *Sexual Obsession* beyond any legitimate rights they may have had.

76. Specifically, hen claims were brought against Chowdhury, neither Steele, Hansmeier nor AF Holdings had standing to file suit. By directing the film to be uploaded to BitTorrent, they had implicitly authorized any downloading activity, actual or alleged [No. 133-33 p. 4, 141-1 p. 3]. More so, as attorneys, they were aware they had no claim.

77. Steele and Hansmeier attempted to extend the effect of their copyright beyond its statutory scope by saddling Defendant with a financially burdensome and fraudulent lawsuit; raising claims barred by the clear provisions of the Copyright Act. This bald attempt at using copyright as an extortionate means and avail themselves of unwarranted remedies constitutes copyright misuse.

78. As a direct and proximate result of the Steele and Hansmeier's misuse, and Chowdhury's reliance on those threats and false representations, he suffered substantial damages and losses.

---

### FOURTH COUNTERCLAIM
### VIOLATION OF MASSACHUSETTS GENERAL LAWS, CHAPTER 93A, § 1, ET SEQ.

---

### —— AF HOLDINGS ——

79. ~~Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.~~ Chowdhury incorporates by reference the allegations contained in paragraphs 1 through 19, paragraphs 36 through 54, and paragraphs 60 through 73 as if fully set forth herein.

80. At all relevant times, ~~Plaintiff~~AF Holdings knowingly and intentionally engaged in unfair or deceptive conduct within the meaning of Chapter 93A. ~~Plaintiff~~AF Holdings filed suit in United States District Court for the District of Massachusetts despite the knowledge that its copyright assignment (a requirement before filing claims for statutory damages or attorney's fees) had been fraudulently obtained; that it was not a party to the assignment; that certain remedies it claimed—

again, statutory damages and attorney's fees—were barred by the terms of the assignment; and that ~~Plaintiff~~AF Holdings did not intend to fully litigate most, if not all, claims.

81. ~~Plaintiff~~AF Holdings filed suit with the ulterior motive of forcing a settlement from ~~the Defendant~~Chowdhury. ~~Plaintiff~~AF Holdings then used the overtly sexual nature of the complaint as leverage against ~~the Defendant~~Chowdhury.

82. ~~Plaintiff's~~AF Holdings' unfair, unlawful, and deceptive practices occurred in the course of ~~Plaintiff's~~AF Holdings' settlement fraud and the challenged practices directly caused actual damages and injury to ~~the Defendant~~Chowdhury. ~~Defendant~~Chowdhury's injuries occurred in Massachusetts.

83. ~~Plaintiff's~~AF Holdings' misrepresentations and deceptive acts had a tendency to or were capable of deceiving ~~Defendant~~Chowdhury—which they did. ~~Defendant~~Chowdhury relied on ~~Plaintiff's~~AF Holdings' misrepresentations and deceptive acts, which acts are uncured.

84. ~~Plaintiff's~~AF Holdings' unfair and/or deceptive practices caused ~~Defendant~~Chowdhury to suffer an ascertainable loss of money; and the loss arose from ~~Plaintiff's~~AF Holdings' concealment from and failure to disclose to Defendant the true facts regarding the scope of ~~Plaintiff's~~AF Holdings' copyright assignment and/or its lack of intent to fully litigate its claims—all done with the intent to file suit in order to facilitate purported settlements of improper claims.

85. By reason of the foregoing, ~~Defendant~~Chowdhury is entitled to treble damages, punitive damages, injunctive relief, attorney fees and costs as provided by Chapter 93A.

86. Defendant also seek permanent injunctive relief as a result of ~~the Plaintiff's~~AF Holdings' ongoing violations of Chapter 93A, including an order directing ~~Plaintiff~~AF Holdings to provide ~~Defendant~~Chowdhury with all material facts relating to ~~Plaintiff's~~AF Holdings' incorporation and copyright assignment, including any and settlements received.

87. The provision of such information will afford ~~Defendant~~Chowdhury and the public the opportunity to make informed decisions regarding their rights and prevent ~~Plaintiff~~AF Holdings from further perpetrating the fraud.

88. A monetary award will fail to provide full relief to ~~the Defendant~~Chowdhury. Money damages will not compensate ~~Defendant~~Chowdhury for his current lack of pertinent information. Such information, and the ability to disseminate it, is in ~~Plaintiff's~~AF Holdings' exclusive control. Absent a court order, ~~Defendant~~Chowdhury and the public will be unable to obtain the information necessary to make informed decisions regarding their rights.

89. No thirty-day demand letter was required in this matter per § 9(3) of Chapter 93A, because ~~the Plaintiff~~ AF Holdings does not maintain a place of business or keep assets in the Commonwealth and/ or because this action is asserted by way of counterclaim.

—— **THIRD PARTY DEFENDANTS** ——
JOINTLY AND SEVERALLY, AND AS ALTER-EGOS OF AF HOLDINGS

90. Chowdhury incorporates by reference the allegations contained in paragraphs 1 through 8 and paragraphs 20 through 35, paragraphs 55 through 59, and paragraphs 74 through 78 as if fully set forth herein.

91. Because neither Steele, Hansmeier nor AF Holdings maintains a place of business or keep assets in the Commonwealth and/or because this action is asserted by way of counterclaim, no thirty-day demand letter was required in this matter per § 9(3) of Chapter 93A.

92. At all relevant times, Steele and Hansmeier knowingly and intentionally engaged in unfair or deceptive conduct within the meaning of Chapter 93A. Steele and Hansmeier, through AF Holdings, filed a fraudulent suit in this District and directed fraudulent demand letters to be sent to Chowdhury in the Commonwealth, and through Prenda Law, caused the fraudulent complaint and false allegations to posted online.

93. Steele and Hansmeier filed a fraudulent suit with the ulterior motive of forcing a settlement from Chowdhury. Steele and Hansmeier then used the overtly sexual nature of the complaint as leverage against Chowdhury.

94. Steele and Hansmeier's unfair, unlawful, and deceptive practices occurred in the course of litigation fraud, and the challenged practices directly caused actual damages and injury to Chowdhury. Chowdhury's injuries occurred in Massachusetts.

95. Steele and Hansmeier's misrepresentations and deceptive acts had a tendency to or were capable of deceiving Chowdhury—which they did. Chowdhury relied on Steele and Hansmeier's misrepresentations and deceptive acts, which acts are uncured.

96. Plaintiff's unfair and/or deceptive practices caused Chowdhury to suffer an ascertainable loss of money; and the loss arose from Steele and Hansmeier's concealment from and failure to disclose to Chowdhury the true facts regarding the scheme to fraudulently obtain a copyright lawsuit settlement from him and/or that they implicitly authorized the alleged downloading activity and lacked standing to bring claims—all done with the intent to file suit in order to facilitate purported settlements of improper claims.

97. By reason of the foregoing, Defendant is entitled to treble damages, punitive damages, injunctive relief, attorney fees and costs as provided by Chapter 93A.

## FIFTH COUNTERCLAIM
### DECLARATORY JUDGMENT — ALTER EGO LIABILITY

——— **THIRD PARTY DEFENDANTS** ———
JOINTLY AND SEVERALLY, AND AS ALTER-EGOS OF AF HOLDINGS

98. Chowdhury incorporates by reference the allegations contained in paragraphs 1 through 97 as if fully set forth herein.

99. This is a declaratory judgment action under 28 U.S.C. § 2201.

100. At all times relevant hereto, AF Holdings, Steele and Hansmeier were acting as alter egos of each other and are jointly and severally liable in this action for each other's conduct. More specifically, in their plea agreements, Steele and Hansmeier both admit:

   a) that from 2011 through 2014, they had "executed a scheme to fraudulently obtain millions of dollars in copyright lawsuit settlements by deceiving state and federal courts throughout the country" [No. 133-33 p. 2];

   b) that as part of that scheme they "created [the plaintiff] AF Holdings and were at all relevant times the *de facto* owners of and controlled AF Holdings" [*Id.* p. 16; No. 141-1 p. 4];

   c) that at all relevant times, AF Holdings was undercapitalized [*see e.g.* No. 133-2 p. 33];

   d) that at all relevant times, any proceeds collected on behalf of AF Holdings were diverted to Steele and Hansmeier's personal accounts [*id.*];

   e) that as part of that scheme they caused AF Holdings' counsel in this case, "Prenda Law to be created … [and] exerted *de facto* control over Prenda Law" [*Id.* pp. 6-7, No. 141-1 pp. 3-4];

   f) that as part of that scheme they formed and wholly owned, operated and controlled Media Copyright Group[9], the tech company used by AF Holdings to identify Chowdhury's alleged infringement [*see e.g.* No. 133-24, 133-26, 133-27, and 133-32 ¶12];

---

[9] The *Chicago Tribune* reported that Media Copyright Group was Steele's business, and that "Steele said he and a partner spent about $250,000 to develop software that tracks illegal BitTorrent sharing from an office in Minneapolis," which is where Hansmeier resides. Steve Schmadeke, Chicago lawyer leads fight against porn piracy, *Chicago Trbune* (Nov. 15, 2010), http://articles.chicagotribune.com/2010-11-15/ news/ct-met-porn-attorney-20101115_1_face-lawsuit-anti-piracy-campaign-copyright-violators.

g) that they took affirmative steps to "obscure their ownership and control over the compan[ies]" [*Id.* pp. 7-8]; and

h) that they caused *Sexual Obsession* to be uploaded to file-sharing websites so they could then cause fraudulent lawsuits to be filed against alleged downloaders, including this action [*Id.* pp. 4-5].

102. The grounds for substituting Steele and Hansmeier as parties—their alter-ego relationship with AF Holdings, and their control of its finances and litigation—need not be re-litigated because the same issues were preclusively resolved and affirmed in *Ingenuity 13* [No. 133-3, 133-7].

103. Chowdhury's counterclaims sought relief from AF Holdings' abuse of process, copyright misuse, and unfair and deceptive conduct, all of which was Steele and Hansmeier's handiwork. But he cannot collect on the judgment from AF Holdings, an empty shell company. To give the judgment any effect, it must be adjudicated against Steele and Hansmeier, who created and controlled AF Holdings, employing it as their alter ego.

104. Accordingly, any corporate distinctions between AF Holdings, Steele and Hansmeier should be disregarded by the Court. Steele and Hansmeier should be held jointly and severally liable for any judgment issued against AF Holdings and any misdeeds they perpetrated under AF Holdings's name.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter~~claimant~~plaintiff Sandipan Chowdhury respectfully requests that this Court issue judgment as follows:

A. Judgment against John Steele and Paul Hansmeier, jointly and severally, declaring them alter egos of AF Holdings and finding them liable for any judgment issued against AF Holdings and any misdeeds they perpetrated under AF Holdings's name relating back to the date of the original complaint.

B. ~~That~~Declaring ~~AF Holdings, Inc.~~AF Holdings, John Steele and Paul Hansmeier take nothing by the Complaint against Chowdhury and that the same be dismissed with prejudice;

C. ~~That~~Declaring ~~Plaintiff~~AF Holdings, John Steele and Paul Hansmeier ~~has~~ misused ~~its~~the copyright at issue and that it is unenforceable and should be invalidated;

D. Declaring that ~~Defendant/Counterclaimant~~Chowdhury is not liable for directly or indirectly infringing ~~Plaintiff's~~the copyright, conspiring to do so, or negligently allowing the same;~~–~~

17

~~Declaring that Plaintiff's copyright is unenforceable and invalid;~~

E. Awarding ~~Defendant/Counterclaimant~~Chowdhury his costs and reasonable attorneys' fees incurred this action;

F. Awarding ~~Defendant/Counterclaimant~~Chowdhury all damages that he has sustained as a consequence of ~~Counterclaim Defendant's~~AF Holdings, John Steele and Paul Hansmeier's acts complained of herein; and

G. Granting such other and further relief as the Court deems appropriate.

~~**DEMAND FOR JURY TRIAL**~~

~~Defendant/Counterclaimant Sandipan Chowdhury hereby demands a trial by jury on all counterclaims asserted in this Answer so triable.~~

Dated: ~~January 4, 2013~~

                              Respectfully,

                              _____
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

                              _____
Dan Booth (BBO# 672090)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8629
Fax: (617) 250-8883
Email: dbooth@boothsweet.com

*Counsel for Sandipan Chowdhury*