## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSSETS

AF HOLDINGS, LLC

     *Plaintiff,*

v.

     Case No. 1:12-cv-12105-IT

SANDIPAN CHOWDHURY,

     *Defendant.*

### NON-PARTY PAUL HANSMEIER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUSPEND JASON SWEET AND DAN BOOTH

Non-party Paul Hansmeier ("Hansmeier") respectfully moves the Court to suspend Jason Sweet and Dan Booth from appearing in this matter until they purge their contempt in the U.S. Bankruptcy Court for the District of Minnesota.

### BACKGROUND

Sandipan Chowdhury ("Chowdhury") obtained a judgment in this matter against Hansmeier which was later vacated by the First Circuit. While the appeal was pending Chowdhury enforced the judgment against Hansmeier from the proceeds of Hansmeier's bankruptcy estate. When the judgment was vacated the Chapter 7 Trustee sued Chowdhury and Booth Sweet LLP to recover the funds. In turn, Hansmeier sued the Chapter 7 Trustee seeking a declaration from the U.S. Bankruptcy Court for the District of Minnesota ("Bankruptcy Court") regarding what portion of the funds collected from Chowdhury were property of the estate versus property that was outside the estate. Hansmeier and the Chapter 7 Trustee settled Hansmeier's adversary proceeding. As part of the settlement, Hansmeier assumed the burden of obtaining a restitution judgment against Chowdhury and Booth Sweet LLP. Hansmeier moved for and obtained a restitution judgment. The Bankruptcy Court's order granting Hansmeier's motion for

summary judgment was affirmed on appeal to the U.S. District Court for the District of Minnesota.

Chowdhury and Booth Sweet LLP refused to voluntarily pay the restitution judgment or post security for the judgment pending appeal. Hansmeier served Chowdhury and Booth Sweet LLP with written judgment enforcement discovery. Chowdhury and Booth Sweet LLP refused to respond. Hansmeier obtained an order compelling discovery responses. Chowdhury and Booth Sweet LLP ignored that order too. The Bankruptcy Court has found Chowdhury and Booth Sweet LLP in contempt three times: on October 24, 2018 [Ex A.], on December 13, 2018 [Ex. B], and on January 9, 2019 [Ex. C]. Chowdhury and Booth Sweet LLP's contempt of the Bankruptcy Court's orders has been so complete that on January 14, 2019, the Bankruptcy Court issued a report and recommendation recommending that Chowdhury, Dan Booth and Jason Sweet be arrested and confined to coerce their compliance with the Bankruptcy Court's orders. [Ex. D]. The report and recommendation remains under advisement with the district court.

## ARGUMENT

The Court should suspend Dan Booth and Jason Sweet from appearing in this matter until they purge their contempt in the Bankruptcy Court. It is well-established that federal courts have the inherent power to suspend attorneys. *See, e.g., In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("Federal courts admit and suspend attorneys as an exercise of their inherent power."). Dan Booth and Jason Sweet should be suspended pending their purge because they are knowingly disobeying orders of a U.S. federal court. As attorneys, Dan Booth and Jason Sweet have an ethical obligation to comply with court orders. *See, e.g.,* D. Mass. Local Rule 83.6.3 (defining willful non-compliance with court orders as a form of misconduct). When attorneys refuse to comply with court orders, they undermine the integrity of the legal system and reduce the

public's confidence in the courts. Jason Sweet and Dan Booth have repeatedly been found in contempt. They should be suspended until they purge that contempt.

## CONCLUSION

The Court should grant Hansmeier's motion.


Dated: March 14, 2019                    /s/ Paul R. Hansmeier
                                         Paul R. Hansmeier
                                         9272 Cortland Alcove
                                         Woodbury, MN 55125
                                         E-mail: prhansmeier@gmail.com
                                         Phone: 651-399-1583
                                         *Pro Se*