UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETS

RECEIVED IN CLERKS OFFICE

DATE: 5\18\19

AF HOLDINGS, LLC,

    *Plaintiff,*

v.

    Case No. 1:12-cv-12105-IT

SANDIPAN CHOWDHURY,

    *Defendant.*

## NON-PARTY PAUL HANSMEIER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SANDIPAN CHOWHUDRY'S MOTION TO AMEND THE COMPLAINT

Non-party Paul Hansmeier ("Hansmeier") respectfully opposes Defendant Sandipan Chowdhury's Motion to Amend ("Motion to Amend"). [#155].

### BACKGROUND

This case was filed by AF Holdings on November 13, 2012 against Defendant Sandipan Chowhudry. [#1]. Chowhudry counterclaimed against AF Holdings. [#7]. AF Holding's counsel withdrew on August 20, 2013 [#23]. The Clerk of Court entered default against AF Holdings on August 29, 2013. [#26]. Chowhudry obtained a default judgment against AF Holdings. [#31]. Chowhudry then moved to modify the default judgment to add the following non-parties: Prenda Law, Inc.; Mark Lutz; Paul Duffy; Paul Hansmeier; and John Steele. [#32]. The Court granted that motion and an amended judgment was entered by the Clerk of Court. [#34]. The amount of the judgment was $64,180.80. [*Id.*].

Duffy, Hansmeier and Steele moved to vacate the default judgment on the grounds that it was void, as none of them were named as parties or served with process in this case. [#36–41]. The then-presiding district judge denied these motions to vacate. [#43]. On December 16, 2013, Duffy, Hansmeier and Steele took an appeal to the U.S. Court of Appeals for the First Circuit.

[#45]. The First Circuit vacated the default judgment against Duffy, Hansmeier and Steele on August 4, 2016. [#76]. The First Circuit's judgment stated that a judgment may not "be entered against those who are not made parties through proper service." [*Id.*].

On September 8, 2016, the Court issued its Order on Remand. [#78]. In that order, the Court set aside the amended judgment entered at Docket Number 34. [*Id.*]. In addition, the Court ordered Chowdhury to file a proposed amended judgment no later than September 28, 2016. [*Id.*]. On September 29, 2016, Chowdhury filed a Motion for Substitution of Parties and Entry of an Amended Judgment. [#81]. The Court denied Chowdhury's motion in an Order dated October 20, 2016, on the grounds that the motion was not served. [#92]. On March 21, 2018, Chowdhury filed a renewed motion to substitute. [#132]. The Court denied that motion. [#152]. Chowdhury is now moving to amend his complaint to add claims against non-parties Paul Hansmeier and John Steele.

## ARGUMENT

Chowdhury's motion to amend should be denied for at least three reasons. First, Chowdhury has failed to seek relief from the existing judgment. Second, the Court lacks subject matter jurisdiction over Chowdhury's proposed claims against Hansmeier. Third, Chowdhury's attempt to add non-parties to a default judgment violates the Constitutional requirements of Due Process.

## I.    **Chowdhury has failed to seek relief from the existing judgment.**

Chowdhury has failed to seek relief from the existing judgment. In the First Circuit, a party cannot amend a complaint after entry of judgment without first seeking relief from the judgment. *See Fisher v. Kadant*, 589 F. 3d 505, 509 (1st Cir. 2009) (holding that unless Rule 60 motion allowed, and judgment set aside, "the case is a dead letter, and the district court is without power to allow an amendment to the complaint because there is no complaint left to

amend."). The Court granted Chowdhury's motion for default judgment against AF Holdings on

September 30, 2013. [#31]. As Chowdhury's memorandum notes, "the default judgment entered

on Chowdhury's counterclaims on September 30, 2013 against AF still stands." [#156 at 5].

Chowdhury has not moved for relief from that judgment under Rule 60. The Court should deny

Chowdhury's motion with leave to file a motion for relief from judgment under Rule 60.

## II.    The Court lacks subject matter jurisdiction over Chowdhury's alter ego claims.

The Court lacks subject matter jurisdiction over Chowdhury's alter ego claims. In *AF*

*Holdings, LLC v. Olivas*, Civil No. 3:12-cv-01401 (JBA) (D. Conn. Sep. 24, 2014), the district

court addressed circumstances which were quite similar to those present here. In *Olivas*, for

example, the plaintiff and the defendant were represented by the same attorneys who appeared in

this case. Similar to this case, the defendant filed counterclaims and AF Holdings defaulted on

the counterclaims after its counsel withdrew. The defendant moved for default judgment and to

add Hansmeier as a judgment debtor based on the defendant's assertion that Hansmeier is an

alter ego of AF Holdings. The district court denied the motion, holding that the counterclaims

did not state a claim and that it lacked subject matter jurisdiction to consider the defendant's alter

ego claim. The district court engaged in a persuasive analysis of the subject matter jurisdiction

issue.

Citing to *Peacock v. Thomas*, 516 U.S. 349 (1996), the district court noted that district

courts could consider post-judgment veil piercing claims only if they would have had subject

matter jurisdiction to consider the claim had the claim been brought independently of the action.

The district court then analyzed the split of authority over extending *Peacock* to post-judgment

alter ego claims, and concluded the Second Circuit would extend the holding in *Peacock* to post-

judgment alter ego claims. The district court concluded by analyzing whether it would have had

- 3 -

subject matter jurisdiction to consider the defendant's alter ego request, and concluded that it would not.

The First Circuit has directly addressed this issue. In *U.S.I. Properties Corp. v. M.D. Const. Co.*, 230 F.3d 489 (1st Cir. 2000), for example, the First Circuit extended *Peacock* to a judgment creditor's post-judgment attempt to add a third party to a judgment under an alter ego claim. *Id.* at 499 ("Like piercing the corporate veil, an alter ego claim presents a substantive theory seeking to establish liability on the part of a new party not otherwise liable."). The First Circuit held that the district court lacked an independent basis for the alter ego claim because the third party defendant was non-diverse with the plaintiff.

Just as in *Olivas*, the Court lacks an independent basis for subject matter jurisdiction over Chowdhury's proposed alter ego claim against Hansmeier. An alter ego claim does not arise under federal law. The Court thus lacks original jurisdiction. There is no diversity jurisdiction because the amount in controversy is either zero (an alter ego determination is not associated with damages and the AF Holdings judgment has been fully satisfied) or below $75,000 (judgment was entered in the amount of $64,180.80); the Court thus lacks diversity jurisdiction. Just as in *Olivas*, Chowdhury has not articulated a basis for jurisdiction.

## III.   Chowdhury's attempt to add non-parties to a default judgment violates the requirements of Due Process.

Chowdhury's attempt to add non-parties to a default judgment violates the requirements of Due Process. Chowdhury's claims were asserted exclusively against AF Holdings. Chowdhury could have (but did not) assert his claims against Hansmeier. Because of Chowdhury's decision not to assert his claims against Hansmeier, Hansmeier had no reason to defend in this case. There can be no finding that Hansmeier actively participated in a defense in

this case because there was no defense in this case. The judgment against AF Holding was a default judgment.

These were the exact circumstances in *Katzir's Floor and Home Design v. M-mls.com*, 394 F.3d 1143 (9th Cir. 2004). In *Katzir*, the plaintiff obtained a default judgment against a corporation. After the default judgment was entered, the plaintiff attempted to add an owner to the judgment as an alter ego. The Ninth Circuit held that to add the owner to the judgment without allowing him to litigate the underlying claim "would patently violate due process." *Id.* at 1150.

Similarly, in *North Atlantic Distr. v. Teamsters Local Union No.* 430, 497 F. Supp. 2d 315 (D.R.I. 2007), the plaintiff obtained a default judgment and attempted to add alleged non-party alter egos to the judgment. The district court engaged in a thorough analysis of the issue, including by examining the Restatement (Second) of Judgments. The district court ultimately concluded that "the requirements of due process make it impossible" for the court to "extend a default judgment to a non-party, regardless of the non-party's relationship to the original party." *Id.* at 326.

There is no reason to reach a different result in this case. At the time he sought judgment against AF Holdings Chowdhury had already formed an opinion that Hansmeier was an alter ego of AF Holdings. After all, Chowdhury moved to amend his judgment against AF Holdings to include Hansmeier within days of obtaining a default judgment against AF Holdings. If Chowdhury wanted Hansmeier to be liable for AF Holdings' conduct, then Chowdhury should have brought claims against Hansmeier before he sought judgment against AF Holdings. Chowdhury cannot have the benefit of a judgment against Hansmeier without giving Hansmeier

notice of his claim and an opportunity to defend against it. Chowdhury can always try and sue

Hansmeier individually for the conduct alleged in his counterclaims against AF Holdings.

## CONCLUSION

The Court should deny Chowdhury's motion to amend his complaint.


Dated: March 14, 2019                    /s/ Paul R. Hansmeier
                                          Paul R. Hansmeier
                                          9272 Cortland Alcove
                                          Woodbury, MN 55125
                                          E-mail: prhansmeier@gmail.com
                                          Phone: 651-399-1583
                                          *Pro Se*