UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETS

FILED
IN CLERKS OFFICE
2019 APR -8 PM 1: 12
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| AF HOLDINGS, LLC, <br><br>*Plaintiff*, <br><br>v. <br><br>SANDIPAN CHOWDHURY, <br><br>*Defendant*. | Case No. 1:12-cv-12105-IT |

## NON-PARTY PAUL HANSMEIER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SANDIPAN CHOWHUDRY'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)(6) AND 60(D)(3)

Non-party Paul Hansmeier ("Hansmeier") respectfully opposes Defendant Sandipan Chowdhury's Motion for Relief From Judgment Pursuant to Rule 60(b)(6) and 60(d)(3). ("motion for relief from judgment"). [#161].

### BACKGROUND

This case was filed by AF Holdings on November 13, 2012 against Defendant Sandipan Chowhudry. [#1]. Chowdhury counterclaimed against AF Holdings. [#7]. AF Holding's counsel withdrew on August 20, 2013 [#23]. The Clerk of Court entered default against AF Holdings on August 29, 2013. [#26]. Chowdhury obtained a default judgment against AF Holdings. [#31]. Chowdhury then moved to modify the default judgment to add the following non-parties: Prenda Law, Inc.; Mark Lutz; Paul Duffy; Paul Hansmeier; and John Steele. [#32]. The Court granted that motion and an amended judgment was entered by the Clerk of Court. [#34]. The amount of the judgment was $64,180.80. [*Id.*].

Duffy, Hansmeier and Steele moved to vacate the default judgment on the grounds that it was void, as none of them were named as parties or served with process in this case. [#36–41].

The then-presiding district judge denied these motions to vacate. [#43]. On December 16, 2013, Duffy, Hansmeier and Steele took an appeal to the U.S. Court of Appeals for the First Circuit. [#45]. The First Circuit vacated the default judgment against Duffy, Hansmeier and Steele on August 4, 2016. [#76]. The First Circuit's judgment stated that a judgment may not "be entered against those who are not made parties through proper service." [*Id.*].

On September 8, 2016, the Court issued its Order on Remand. [#78]. In that order, the Court set aside the amended judgment entered at Docket Number 34. [*Id.*]. In addition, the Court ordered Chowdhury to file a proposed amended judgment no later than September 28, 2016. [*Id.*]. On September 29, 2016, Chowdhury filed a Motion for Substitution of Parties and Entry of an Amended Judgment. [#81]. The Court denied Chowdhury's motion in an Order dated October 20, 2016, on the grounds that the motion was not served. [#92]. On March 21, 2018, Chowdhury filed a renewed motion to substitute. [#132]. The Court denied that motion. [#152]. Chowdhury moved to amend his complaint to add claims against non-parties Paul Hansmeier and John Steele. [#155]. Hansmeier opposed that motion. Now, Chowdhury has filed a motion for relief from "[t]he Court's Judgment dated October 22, 2013 [No. 34] 2013." Dkt. 161 at 12.

## ARGUMENT

Chowdhury's motion for relief from judgment is not justiciable. Chowdhury's motion seeks to set aside the Court's judgment dated October 22, 2013, entered at Docket No. 34. In accordance with the mandate of the First Circuit, the Court set aside that judgment and ordered Chowdhury to "file a proposed Amended Judgment no later than September 29, 2016." [#78]. Chowdhury has not complied with that order by filing a proposed Amended Judgment. The judgment that Chowdhury seeks to "set aside" has been set aside, pending the entry of an amended judgment. Chowdhury's motion is not ripe until the amended judgment has been entered.

Given Chowdhury's nearly third-of-a-decade failure to comply, the Court should act on its own initiative and enter a judgment that complies with the First Circuit's mandate. At that time, Chowdhury's motion would at least not lack for ripeness.

In the alternative, the Court has the discretion to deny Chowdhury's motion on the merits. Chowdhury's motion seeks relief under Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3). Chowdhury's motion fails for three reasons: (1) lack of subject matter jurisdiction; (2) failure to establish good cause under Rule 60(b)(6); and (3) failure to establish fraud under Rule 60(d)(3).

## I. **Chowdhury's motion fails for lack of subject matter jurisdiction.**

Chowdhury's motion fails for lack of subject matter jurisdiction. Chowdhury has already obtained all of the relief he sought in his counterclaims. There is nothing left for the Court to do. In *Developer Fin. Corp. v. Chicago Title Ins. Co.*, Civil No. 10-cv-462-LM (D.N.H. Nov. 6, 2012), the plaintiff filed a complaint seeking declaratory relief, with two causes of action, and prevailed on both causes of action. The plaintiff later sought relief from the judgment pursuant to Rule 60(b)(6) to seek additional relief. The district court found it "a bit of an understatement, that '[t]he procedure to reopen by a victorious party may be rare.'" *Id.* at *4. The district court was not convinced that "'unique circumstances' .... justify such an unconventional use" of a motion for relief from a judgment. *Id.* at *5. The district court concluded that it "cannot reopen this case because there is nothing to reopen. [Movant] sought a declaratory judgment, and the court granted it ... thus their motion must be denied." *Id.*

Similarly, in *United States v. Timmons Corp.*, No. 1:03-cv-951-CFH (N.D.N.Y. Sept. 20, 2017), the United States obtained summary judgment on an environmental claim. After obtaining all of the relief it sought in the case, the United States sought to reopen the judgment via a variety of theories to pursue additional relief. The court denied the motion, concluding that the

United States failed to demonstrate that the court had "continuing jurisdiction over [the] matter, or that ... Rule 60(b), or any other statute or rule permits reopening of this action...." *Id.* at *25.

This case is no different. Chowdhury sought default judgment against AF Holdings. The Court granted Chowdhury's request and provided Chowdhury with all of the relief he sought in his counterclaims. The Court lacks subject matter jurisdiction to entertain Chowdhury's motion for relief from judgment.

## II. Chowdhury has failed to meet his burden under Rule 60(b)(6).

Chowdhury has failed to meet his burden under Rule 60(b)(6). Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). To obtain relief under Rule 60(b)(6), the movant must prove extraordinary circumstances or that the judgment may work an extreme and undue hardship. *Simon v. Navon*, 116 F.3d 1, 5 (1st Cir. 1997) (finding that a party must make a showing of exceptional circumstances that justify extraordinary relief). Courts generally find extraordinary circumstances warranting relief under Rule 60(b)(6) only where the movant was not at fault in his predicament, and was unable to take steps to prevent the judgment from which relief is sought. *See* 12 James Wm. Moore, *Moore's Federal Practice* § 60.48[3][c] (3d ed. 2005).

Chowdhury has not made a showing of extraordinary circumstances. The only reason offered by Chowdhury in support of his Rule 60(b)(6) request is that "he cannot collect on his judgment" against AF Holdings. [#161 at 5]. That is not an extraordinary circumstance. First, Chowdhury was granted all of the relief sought in his claims. It can hardly be said that Chowdhury was "unable to take steps to prevent the judgment from which relief is sought."

- 4 -

Chowdhury sought the judgment himself. Moreover, it cannot be said that Chowdhury was "not at fault in his predicament." At the time he sought judgment, Chowdhury had already formed an opinion that Hansmeier was the alter ego of AF Holdings. After all, Chowdhury moved to add Hansmeier to the judgment within days of obtaining default judgment against AF Holdings. Chowdhury could have named Hansmeier as a party and served him with process as ordinary litigants do. He did not do so. Instead, Chowdhury obtained a judgment against AF Holdings and attempted to make Hansmeier liable for that judgment without providing Hansmeier with an opportunity to defend against the merits of Chowdhury's claims. Finally, Chowdhury has not cited to and the undersigned is unaware of a case where difficulty in obtaining judgment by a prevailing party constitutes "extraordinary circumstances" under Rule 60(b)(6). Difficulty in judgment enforcement is a potential issue in any case.

Chowdhury's motion fails to establish good cause under Rule 60(b)(6).

### III. Chowdhury has failed to meet his burden under Rule 60(d)(3).

Chowdhury has failed to meet his burden under Rule 60(d)(3). Rule 60(d)(3) permits a litigant to obtain relief from a final judgment or order if he can show "fraud on the court." Fed. R. Civ. P. 60(d)(3). A moving party must at least show that the challenged outcome was actually obtained through—or at least impacted by—the alleged fraud. *Gupta v. U.S. Attorney Gen.*, No. 13-10379 (11th Cir. 2014) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246-47 (1944) (permitting a judgment to be set aside for fraud on the court where the fraud, whether or not the "primary basis" for the ruling, at the very least "did impress the Court."), *overruled on other grounds by Standard Oil Co. of Cal. v. United States*, 429 U.S. 17 (1976)).

Chowdhury cannot show fraud on the court. To meet his burden, "[Chowdhury must demonstrate, by clear and convincing evidence, that the [undersigned] has sentiently set in

motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Gillis v. Chase*, Civil Action No. 1:16-cv-11451-ADB (D. Mass. Apr. 27, 2017) (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989). Such a showing typically requires a showing that a party bribed a judge or jurors. *Id.* (citing *Jackson v. Thaler*, 348 Fed. App'x 29, 34 (5th Cir. 2009)). Chowdhury has not and could not allege facts that would give rise to such an extreme showing.

Moreover, Chowdhury has not and cannot plausibly suggest that the challenged outcome, *i.e.* judgment in his favor, was obtained by improper conduct on the part of anyone. After all, Chowdhury obtained judgment by default and in the process obtained all of the relief he sought in this case. There was no resistance to the relief Chowdhury sought.

## CONCLUSION

The Court should deny Chowdhury's motion for relief from judgment.

Dated: April 3, 2019

/s/ Paul R. Hansmeier
Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125
E-mail: prhansmeier@gmail.com
Phone: 651-399-1583
***Pro Se***