UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF HOLDINGS, LLC, <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> SANDIPAN CHOWDHURY, <br><br> Defendant/Counterplaintiff. <br> ──────────────────────── <br> SANDIPAN CHOWDHURY, <br><br> Counterplaintiff, <br><br> v. <br><br> JOHN STEELE and PAUL HANSMEIER, <br><br> Third Party Defendants. | Civil Action No. 1:12-cv-12105-IT |

**COUNTERPLAINTIFF SANDIPAN CHOWDHURY'S REPLY
IN FURTHER SUPPORT OF HIS MOTION TO VACATE**

Defendant Sandipan Chowdhury ("Chowdhury"), in further support of his motion to vacate the judgment [No. 161] and amend his counterclaims [No. 155], and in reply to Paul R. Hansmeier's ("Hansmeier") opposition to the motion [No. 164], states as follows.

**1. Vacatur is appropriate as the judgment against AF Holdings still stands.**

Hansmeier's initial contention is that the Court's order on remand [No. 78] set aside the judgment not only against himself, Steele and Duffy, but AF Holdings as well; and that until an amended judgment is entered, Chowdhury's motion to vacate is not ripe. [No. 164 at 2]. This interpretation is contrary to the plain language of the order—a fact which Hansmeier acknowledges in opposing Chowdhury's motion to amend the complaint.

> "As Chowdhury's memorandum notes, 'the default judgment entered on Chowdhury's counterclaims on September 30, 2013 against AF still stands.' Chowdhury has not moved for relief from that judgment under Rule 60. The Court should deny Chowdhury's motion with leave to file a motion for relief from judgment under Rule 60."

[No. 158 at 3].

1

Nor does such a contention account for the fact that the Court, after studied consideration, decided that the more prudent procedural path would be for Chowdhury to forego amending the judgment and amend the complaint instead [No. 152 at 5].

## 2. The Court has continuing subject matter jurisdiction over these proceedings.

Hansmeier's willingness to shift positions depending on the argument of the moment is well documented. For example, he now argues the Court lacks subject matter jurisdiction because he has already personally satisfied the judgment against AF Holdings [No. 164 at 3]—while simultaneously attempting to claw back that judgment in parallel proceedings [See e.g. *Hansmeier v. Chowdhury*, No. 19-mc-91090-IT (D. Mass. March 8, 2019)].[1]

In support, two inapposite cases are cited for the proposition that the grant of the relief requested forecloses any continuing jurisdiction of the court. The first, *United States v. Timmons Corp.*, is an unreported New York matter [No. 03-cv-951, Doc. 99 (N.D. N.Y. Sept. 20, 2017)], and not controlling upon this Court. In *Timmons*, the court therein held that the relief sought by the plaintiff 'arose out of events that unfolded post-judgment' [*Id.* at 19]. However, as shown in Chowdhury's Motion to Amend [No. 155], AF Holdings, Steele and Hansmeier functioned as a single entity at all relevant times and are their pre-judgment actions are directly responsible for harm caused Chowdhury. [See also e.g. No. 162-1].

Likewise, reliance on *Developer Fin. Corp. v. Chi. Title Ins. Co.*, is also misplaced. [No. 10-cv-462, 2012 U.S. Dist. Lexis 158844 (D.N.H. Nov. 6, 2012)]. In *Chi. Title Ins.,* the plaintiff sought, and was granted, a declaratory judgment absent a request for monetary damages. *Id.*, *5. The court reasoned that

> … the court cannot reopen this case because there is nothing to reopen. Prescott sought a declaratory judgment, and the court granted it. To be sure, the "complaint" mentioned various alleged damages, but making passing reference to damages and actually suing to recover them are two different things. Because this case included no claim for damages, reopening it is not an appropriate procedure for pursuing the relief petitioners now seek. Thus, their motion must be denied.

*Id.*

---

[1] This position is also at odds with Hansmeier's request to the court in his criminal proceedings not to issue a fine, as restitution will be paid to those that were damaged by the settlement scheme. *United States v. Hansmeier*, No. 16-CR-00334, Doc. 126 at 15 ¶ 3 (D. Minn. March 25, 2019).

Unlike *Chi. Title Ins.*, the relief sought by Chowdhury herein properly seeks to enforce and give effect to the judgment entered against AF Holdings by amending his counterclaims so that they reach Hansmeier and Steele, validating Chowdhury's execution on the judgment against Hansmeier. [See e.g. No. 162-1].

3. **Inability to collect due to a debtor's fraud qualifies as 'extraordinary circumstances' under Rule 60(b)(6).**

The First Circuit has interpreted claims of alter-ego liability against third parties to protect and collect a judgment already imposed as falling within the catchall provision of Rule 60(b)(6). *Groden v. N&D Transp. Co.*, 866 F.3d 22 (1st Cir. 2017). Simply put, Chowdhury is seeking to collect on a judgment from the person holding the proceeds he is owed. *Burgos-Yantín v. Municipality of Juana Díaz*, 909 F.3d 1, 7 (1st Cir. 2018); No. 161 at 7 ("Amending the counterclaim would finally give Chowdhury an opportunity to settle the issue decisively and show that it is proper to Hansmeier and Steele personally liable for the misbehavior of their alter ego AF.").

4. **Fraud on the court, whether or not successful, warrants accountability.**

There is no requirement that a moving party point to any successful scheme that defrauded the Court in fact. Rather, the First Circuit's formulation of the standard allows for situations where a scheme to deceive the court exists, but is ultimately unsuccessful. *See United States v. 6 Fox St.*, 480 F.3d 38, 47 (1st Cir. 2007) (characterizing as fraud upon the court an unconscionable scheme, involving an officer of the court, "calculated" to deceive the court); *Aoude v. Mobil Oil Corp.*, 892 F. 2d 1115, 1116-1118 (1st Cir. 1989). Even though Hansmeier's scheme failed to compromise the integrity of this particular Court, he must still be held accountable for his alleged misconduct nonetheless.[2]

Not only has Chowdhury repeatedly demonstrated, by clear and convincing evidence, that Hansmeier sentiently set in motion a unconscionable scheme calculated to interfere with the Court's ability to impartially adjudicate the matter [see e.g. No. 133-1 thru 133-35]; but Hansmeier himself has admitted that much of this same evidence, which also constituted the factual basis for his guilty plea, satisfies the much more rigorous reasonable doubt standard [*United States v. Hansmeier*, No. 16-CR-00334, Doc. 103 at 2 (D. Minn. Aug. 17, 2018)]. To wit, the evidence submitted shows

---

[2] By limiting his analysis of his scheme to this Court alone, Hansmeier avoids having to admit that numerous courts were in fact defrauded, including the District Court of D.C. [*AF Holdings, LLC v. Does 1-1,140*, 11-cv-01274-RBW (D.D.C. June 7, 2011)] wherein Chowdhury's identifying information was obtained, which in turn, led to the filing of this action.

Hansmeier fabricated a plaintiff; fabricated a cause of action; fabricated evidence to support that cause; and submitted false pleadings to courts premised upon these fabrications.

To the extent that Hansmeier argues his attempted fraud on the court was not so extreme as 'bribing a judge' [No. 164 at 6], he is partially correct—it was much worse.

## CONCLUSION

Plaintiff requests the following relief. The Court's Judgment dated October 22, 2013 [No. 34] be set aside or amended under Rule 60(b)(6) or alternatively Rule 60(d)(3). Further, Plaintiff requests its Motion for Leave to Amend the Counterclaims [No. 155] be granted.

Dated: May ____, 2019

Respectfully submitted,

/s/ Jason Sweet
_____
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883
jsweet@boothsweet.com